**DAVID J. STEELE, CA Bar No. 209797**
Email: djslit@cph.com
**CHRISTIE, PARKER & HALE, LLP**
3501 Jamboree Road, Suite 6000-North Tower
Newport Beach, CA  92660
Telephone: (949) 476-0757
Facsimile:  (949) 476-8640

**HOWARD A. KROLL, CA Bar No. 100981**
Email: howard.kroll@cph.com
**CHRISTIE, PARKER & HALE, LLP**
350 W. Colorado Boulevard, Suite 500
Pasadena, CA  91105
Telephone: (626) 795-9900
Facsimile:  (626) 577-8800

**SARAH B. DEUTSCH (Admitted *pro hac vice*)**
Email: sarah.b.deutsch@verizon.com
**VERIZON CORPORATE RESOURCES GROUP LLC**
1320 North Court House Road, 9th Floor
Arlington, VA  22201
Telephone: (703) 351-3044
Facsimile:  (703) 351-3670

Attorneys for Plaintiffs
VERIZON CALIFORNIA INC.
VERIZON TRADEMARK SERVICES LLC
VERIZON LICENSING COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC.; VERIZON TRADEMARK SERVICES LLC; and VERIZON LICENSING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>LEAD NETWORKS DOMAINS PRIVATE LIMITED; NARESH MALIK a/k/a NICK M.; MAHESH MALIK; KEVIN DASTE; and DOES 1-100,<br><br>Defendants. | Case No.  CV 09-00613 ABC (CWx)<br><br>**DECLARATION OF ANNE F. BRADLEY IN SUPPORT OF APPLICATION FOR FINAL DEFAULT JUDGMENT AGAINST MAHESH MALIK**<br><br>DATE:   January 10, 2011<br>TIME:   10:00 a.m.<br>CTRM:   680<br><br>**Hon. Audrey B. Collins** |

I, Anne F. Bradley, declare as follows:

1.  I am an attorney with the law firm of Christie, Parker & Hale, LLP, counsel for Plaintiffs Verizon California Inc., Verizon Trademark Services LLC, and Verizon Licensing Company ("Plaintiffs").  The matters set forth below are of my personal knowledge and, if called as a witness, I would testify competently to each of the following facts.

2.  Judgment Debtor Lead Networks Domains Private Limited ("Lead Networks") is a domain name registrar.  Lead Networks' record with the Mumbai Registrar of Companies indicates that it is located at B-304 F Proda, Y-11 Shastri Nagar, Lokhandwala Complex, Andheri(w), Mumbai, Maharashtra 400053, India.  The Company Master Details for Lead Networks are attached to this Declaration as Exhibit 1.

3.  On the "Contact Us" page of the website accessible at leadnetworks.com, Lead Networks lists both of the following addresses: 707, C-Wing, 7th Floor, Neptune Society, Lokhandwala Complex,4th Cross Road, Andheri (West), Mumbai, Maharashtra 400053, India; and B-304, Florida, Y-11, Shastri Nagar, Lokhandwala Complex, Andheri (West), Mumbai, Maharashtra 400053, India.  A printout of the "Contact Us" page from the Lead Networks website is attached to this Declaration as Exhibit 2.

4.  In the Accredited Registrar Directory, a directory provided by the Internet Corporation for Assigned Names and Numbers ("ICANN"), Lead Networks lists the following address: 707/C Neptune Apts, 4th Cross Lane Lokhandwala Complex, Andheri (West) Mumbai, Maharashtra, 400053, India.  In this same record, Lead Networks lists Mahesh@leadnetworks.in as the email contact.  A printout of the Lead Networks record from the Accredited Registrar Directory is attached to this Declaration as Exhibit 3.

5.  The registrar WHOIS record for Lead Networks, that was provided by Lead Networks to ICANN, lists the following address: B-304, florida, Y-11,

Shastri Nagar Lokhandwala Complex, Andheri (West), Mumbai, India 400053, India, and lists Mahesh Malik as the Billing Contact and the Admin Contact with the email addresses mahesh.m@leadnetworks.in and mahesh@leadnetworks.in. A printout of this registrar WHOIS record is attached to this Declaration as Exhibit 4.

6. Mahesh Malik is the Admin and Billing Contact for Lead Networks. I have received a copy of email correspondence between a trademark owner and Mahesh Malik in which Mahesh Malik identified himself as a "Director" of Lead Networks. A printout of this email is attached to this Declaration as Exhibit 5.

7. Between 2002 and 2009, Naresh Malik a/k/a Nick M. has been the listed registrant of numerous domain names that are confusingly similar to distinctive or famous trademarks. During this period, he has employed the business alias Watch My Domain that has been associated with the email addresses nick@dotnamemail.com, nick@lincwise.com, and nick@watchmydomain.com. Attached to this Declaration as Exhibit 6 is historic WHOIS information for wwwplayhousedisney.com, wwwamericanexpres.com, and wwwlouisvuitton.com showing use of all three email addresses on WHOIS records that also list Watch My Domain. Attached to this Declaration as Exhibit 7 is the historic WHOIS data for the domain name watchmydomain.com showing that it listed Naresh Malik as the registrant prior to listing Nick M.

8. Mahesh Malik and Naresh Malik a/k/a Nick M. are collectively engaged in a scheme related to cybersquatting on domain names that are mistyped trademarks. The historic WHOIS records for the domain name wwwenom.com connects Mahesh and Naresh Malik. In 2002, the registrant of wwwenom.com was Mahesh Malik and the listed email address was mahesh@leadnetworks. In 2006, the registrant was Nick M. and Watch My Domain and the listed email address was nick@lincwise.com. Both historic WHOIS records are attached to this Declaration as Exhibit 8.

9. In view of the evidence presented above, I conclude that Mahesh Malik and Naresh Malik a/k/a Nick M. are working together to operate and control Lead Networks. Collectively, Mahesh Malik, Naresh Malik a/k/a/ Nick M., and Lead Networks (the "Registrar Defendants") are engaged in a scheme to register and hide domain names that are confusingly similar to distinctive or famous trademarks. In some cases, the Registrar Defendants are themselves the registrants of the domain names, in other cases they provide these services to shield their clients from discovery and enforcement of transfer orders.

10. I have identified at least 129,262 domain names ("Lead Domain Names") that list in their WHOIS data Lead Networks as the registrar.

11. I have analyzed several randomized samples of the Lead Domain Names and conclude that the majority of Lead Domain Names are confusingly similar to famous or distinctive trademarks owned by others ("Confusingly Similar Domain Names"). A list detailing some of the Confusingly Similar Domain Names is attached to this Declaration as Exhibit 9. For the sake of brevity the list of Exhibit 9 details only one famous trademark for each letter of the alphabet.

12. The websites at many of the Confusingly Similar Domain Names display Hypertext Markup Language ("HTML") links featuring goods or services that are directly competitive with those sold or provided in connection with the famous or distinctive trademarks. Screen captures of several of the websites at the Confusingly Similar Domain Names are attached to this Declaration as Exhibit 10.

13. The links on the websites at many of the Confusingly Similar Domain Names appear to be pay-per-click links or advertisements. When Internet users click on pay-per-click links, the website operator receives payments from one or more advertisers, search engines, or affiliate programs.

14. The WHOIS records for a representative sample of the Confusingly Similar Domain names are attached to this Declaration as Exhibit 11. As Exhibit 11 shows, many of the Confusingly Similar Domain Names list as the registrant one of the following identities:

Privacy Protection
B-304,Florida, Y-11, Shastrinagar,
Lokhandwala Complex,
Andheri (West)
Mumbai
Maharashtra,400053
IN
Tel. +91.02226300138
Fax. +91.02226311820

Private Whois Escrow Domains Private Limited.
707,C-Wing,7th Floor,The Neptune Versova Society,
Lokhandwala Complex,4th Cross Road,
Andheri (West)
Mumbai
Maharashtra,400053
IN
Tel. +91.02226300138
Fax. +91.02226311820

PrivacyProtect.org
Domain Admin
P.O. Box 97
Note - All Postal Mails Rejected, visit Privacyprotect.org
Moergestel
null,5066 ZH
NL
Tel. +45.36946676

Domainproxyagent.com
Suite 1142, 233 Middleton rd, Glenside
Wellington
Wellington,6037
NZ

15. Privacy Protection and Private Whois Escrow Domain Private Limited list the same addresses used by Lead Networks in their record with the Mumbai Registrar of Companies, on their website, and in their ICANN records. Accordingly, these entities are operated and controlled by the Registrar

Defendants. As discussed below, PrivacyProtect.org appears to be used in the same manner as Privacy Protection and Private Whois Escrow Domain Private Limited in the Registrar Defendants' scheme. Accordingly, I conclude that PrivacyProtect.org is also controlled by the Registrar Defendants. Domainproxyagent.com is another purported privacy service found throughout the WHOIS data for the Lead Networks Domain Names. Accordingly, I conclude that Domainproxyagent.com is also controlled by the Registrar Defendants. The Registrar Defendants use Privacy Protection, Private Whois Escrow Domain Private Limited, PrivacyProtect.org, and Domainproxyagent.com (the "Privacy Identities") to hide the true registrants of the Lead Domain Names from discovery by trademark owners.

16. The "record created" or "creation date" in a domain name WHOIS record reflects the date that the domain name is checked out from the registry (in the case of a ".com" domain name, the registry is VeriSign, Inc.). If a domain name is subsequently deleted and re-registered by a new party, its WHOIS record will show a new "creation date." However, if the registrant name and address for a domain name are updated but the name is not deleted and re-registered, the "creation date" in the WHOIS record will not be updated.

17. The historic WHOIS records for some of the Confusingly Similar Domain Names list Naresh Malik or Nick M. as the registrant. By matching the create date on the current WHOIS record and the historic WHOIS record for each domain name, I can see that the domain name has not been deleted and registered by a new registrant. Several of the historic WHOIS records listing Naresh Malik or Nick M. as well as the current WHOIS records reflecting the same creation dates are attached to this Declaration as Exhibit 12. Accordingly, I conclude that to the extent that these domain names list one of the Privacy Identities as the registrant, Naresh Malik is the true registrant of these domain names.

18. I have identified at least two hundred thirty-eight (238) of the Lead Domain Names (the "Infringing Domain Names") that are confusingly similar to Plaintiffs' VERIZON, VZ, and VERIZON FIOS marks ("Plaintiffs' Marks"). A list detailing the Infringing Domain Names is attached to this Declaration as Exhibit 13.

19. The websites at many of the Infringing Domain Names display HTML links featuring goods or services that are directly competitive with those sold or provided in connection with Plaintiffs' Marks. Screen captures of a representative sample of the websites at the Infringing Domain Names are attached to this Declaration as Exhibit 14.

20. The links on the websites at many of the Infringing Domain Names appear to be pay-per-click links or advertisements. When Internet users click on pay-per-click links, the website operator receives payments from one or more advertisers, search engines, or affiliate programs.

21. Many of the Infringing Domain Names host websites containing links which ultimately lead to competitors of Plaintiffs. Screen captures of some of the websites as I encountered them are attached to this Declaration as Exhibit 15. For example, the domain name verizolnwireless.com is used to host links to advertisements for telecommunications products and services. See Exhibit 15, page 184. When I clicked on the "wireless phone services" link, I was directed to an additional page of sponsored links for AT&T, Sprint, and Wirefly among others. See Exhibit 15, page 185. In another example, when I visited the domain name veriazon.com, I was automatically redirected to a website located at the domain name cellphoneswebsite.com that was a page of sponsored links for Alltel and Boost Mobile among others. See Exhibit 15, page 186. Many of the Infringing Domain Names are used in a similar manner to redirect visitors through a series of web pages that ultimately leads to sponsored links for Plaintiffs' competitors.

22. The WHOIS records for a representative sample of the Infringing Domain names are attached to this Declaration as Exhibit 16. As Exhibit 16 shows, the WHOIS records for the Infringing Domain Names list as the registrant the Privacy Identities.

23. The historic WHOIS record for at least one of the Infringing Domain Names, wwwverizononline.net, lists Nararesh Malik's alias Nick M. as the registrant and one of the Nick M. email addresses discussed above: nick@watchmydomain.com. By matching the create date on the current WHOIS record and the historic WHOIS record for this domain name, I can see that the domain name has not been deleted and registered by a new registrant. The historic WHOIS record listing Nick M. as the registant well as the current WHOIS record reflecting the same creation date are attached to this Declaration as Exhibit 17. Accordingly I conclude that although this domain name lists one of the Privacy Identities as the registrant, Naresh Malik is the true registrant of this domain name.

24. Because the current WHOIS data for the Infringing Domain Names lists only the Privacy Identities as registrants, and because the historic WHOIS data is not available or does not conclusively identify the former registrant for every Infringing Domain Name, I was unable to identify the current true registrant for every Infringing Domain Name.

25. The Registrar Defendants are engaged in a scheme to hide the identities of cybersquatters from trademark owners and to assist cybersquatters in avoiding the transfer of any infringing domain name that is ordered transferred under the Internet Corporation of Assigned Names and Numbers ("ICANN") Uniform Domain Name Dispute Resolution Policy ("UDRP').

26. A UDRP complainant must submit "with respect to any challenges to a decision in the administrative proceeding canceling or transferring the domain name, to the jurisdiction of the courts in . . . either (a) the principal office

of the Registrar ... or (b) the domain-name holder's address as shown for the registration of the domain name in Registrar's Whois database at the time the complaint is submitted to the Provider." See Paragraphs 1 and 3(b)(xiii) Rules for Uniform Domain Name Dispute Resolution Policy, attached to this Declaration as Exhibit 18.

27. When an Administrative Panel decides that a respondent's domain name registration should be canceled or transferred, ICANN will wait ten (10) business days after it is informed by the applicable dispute resolution body of the Administrative Panel's decision before implementing that decision. It will then implement the decision unless it has received from the respondent during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that respondent has commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. See Paragraph 4(k) of the Uniform Domain Name Dispute Resolution Policy, attached to this Declaration as Exhibit 19.

28. Under these rules, if both the registrar and registrant of a domain name are located in the same country, the complainant is forced to submit to appeals in that jurisdiction. Because the Registrar Defendants (who are located in India) falsely report to the dispute providers that the registrants are all Indian companies, they manipulate the UDRP procedure to force trademark owners to submit to appeals in India.

29. I have collected several examples of historic WHOIS records, UDRP decisions and appeals in the Bombay High Court that demonstrate the Registrar Defendants scheme to exploit the UDRP rules and abuse its process. These examples are attached to this Declaration as Exhibits 20 - 26.

30. As one example of the scheme, Exhibit 20 shows that in 2005, the WHOIS record for the domain name comcastsports.com listed Lorna Kang as the

registrant, iHoldings.com, Inc. as the registrar, and listed May 1, 2002 as the creation date for the domain name. Then in January 2008, the domain name was transferred by the registrant from iHoldings.com Inc. to Lead Networks and the WHOIS data for the domain name was updated to list Privacy Protection as the registrant. In August 2008, Comcast filed a UDRP complaint with the World Intellectual Property Organization ("WIPO") seeking the transfer of the domain name. As a standard part of the UDRP process, WIPO asked the registrar, Lead Networks, to verify the registrant information. In response to the request, Lead Networks updated the WHOIS record for comcastsports.com to list Laksh Internet Solutions Private Limited ("Laksh") as the registrant. The creation date listed in each of these WHOIS records remained May 1, 2002, the date originally listed. In October 2008, the WIPO panel ordered the transfer of the domain name to Comcast. In November 2008, the purported registrant, Laksh, filed an appeal of the panel decision in the Bombay High Court.

31. As another example of the scheme, Exhibit 21 shows that in February 2008, the WHOIS record for the domain name bcbgmaxazaria.com listed Open Water Enterprises Limited as the registrant, Rebel.com Corp. as the registrar, and listed May 22, 2004 as the creation date for the domain name. Then in May 2008, the domain name was transferred by the registrant from Rebel.com Corp. to Lead Networks and the WHOIS data for the domain name was updated to list PrivacyProtect.org as the registrant. In June 2008, MLA Multibrand Holdings, Inc. filed a UDRP complaint with the World Intellectual Property Organization ("WIPO") seeking the transfer of the domain name. As a standard part of the UDRP process, WIPO asked the registrar, Lead Networks, to verify the registrant information. In response to the request, Lead Networks updated the WHOIS record for bcbgmaxazaria.com to list Laksh as the registrant. The creation date listed in each of these WHOIS records remained May 22, 2004, the date originally listed. In September 2008, the WIPO panel ordered the transfer of

the domain name to MLA Multibrand Holdings, Inc. Then also in September 2008, the purported registrant, Laksh, filed an appeal of the panel decision in the Bombay High Court.

32. As another example of the scheme, Exhibit 22 shows that in December 2007, the WHOIS record for the domain name firemansam.com listed Chen Xianshang as the registrant, and Moniker Online Services, Inc. as the registrar, and listed June 28, 2007 as the creation date for the domain name. Then in June 2008, the domain name was transferred by the registrant from Moniker Online Services, Inc. to Lead Networks and the WHOIS data for the domain name was updated to list PrivacyProtect.org as the registrant. In June 2008, Hit Entertainment Limited and Prism Art & Design Limited filed a UDRP complaint with the World Intellectual Property Organization ("WIPO") seeking the transfer of the domain name. As a standard part of the UDRP process, WIPO asked the registrar, Lead Networks, to verify the registrant information. In response to the request, Lead Networks updated the WHOIS record for firemansam.com to list Laksh as the registrant. The creation date listed in each of these WHOIS records remained June 28, 2007, the date originally listed. In September 2008, the WIPO panel ordered the transfer of the domain name to Hit Entertainment Limited and Prism Art & Design Limited. Then also in September 2008, the purported registrant, Laksh, filed an appeal of the panel decision in the Bombay High Court.

33. As another example of the scheme, Exhibit 23 shows that in February 2008, the WHOIS record for the domain name tntcarports.com listed Domain Administration Limited David Halstead as the registrant, and eNom, Inc. as the registrar, and listed November 15, 2002 as the creation date for the domain name. Then in August 2008, the domain name was transferred by the registrant from eNom, Inc. to Lead Networks and the WHOIS data for the domain name was updated to list Private Whois Escrow Domains Private Limited as the registrant. In October 2008, T-N-T Carports, Inc. filed a UDRP complaint with

the World Intellectual Property Organization ("WIPO") seeking the transfer of the domain name. As a standard part of the UDRP process, WIPO asked the registrar, Lead Networks, to verify the registrant information. In response to the request, Lead Networks updated the WHOIS record for tntcarports.com to list Pluto Domain Services Private Limited ("Pluto") as the registrant. The creation date listed in each of these WHOIS records remained November 15, 2002, the date originally listed. In December 2008, the WIPO panel ordered the transfer of the domain name to T-N-T Carports, Inc. Then also in September 2008, the purported registrant, Pluto, filed an appeal of the panel decision in the Bombay High Court.

34.  As another example of the scheme, Exhibit 24 shows that in December 2008, the WHOIS record for the domain name radiomariatanzania.com listed Softech ltd. as the registrant, and Name.net LLC as the registrar. Then sometime before March 2008, the domain name was transferred by the registrant from Name.net LLC to Lead Networks and the WHOIS data for the domain name was updated to list Private Whois Escrow Domains Private Limited as the registrant. In March 2008, Associazione Radio Maria filed a UDRP complaint with the World Intellectual Property Organization ("WIPO") seeking the transfer of the domain name. As a standard part of the UDRP process, WIPO asked the registrar, Lead Networks, to verify the registrant information. In response to the request, Lead Networks updated the WHOIS record radiomariatanzania.com to list Comdot Internet Services Private Limited ("Comdot") as the registrant. The creation date listed in each of these WHOIS records was February 4, 2007 prior to the date of the archived Softech ltd. data. In June 2008, the WIPO panel ordered the transfer of the domain name to Associazione Radio Maria. Then also in In June 2008, the purported registrant, Comdot, filed an appeal of the panel decision in the Bombay High Court.

35.  As another example of the scheme, Exhibit 25 shows that in

February 2007, the WHOIS record for the domain name toyotaofauburn.com listed Softech ltd. as the registrant, and Name.net LLC as the registrar. Then sometime before February 2008, the domain name was transferred by the registrant from Name.net LLC to Lead Networks and the WHOIS data for the domain name was updated to list Private Whois Escrow Domains Private Limited as the registrant. In November 2008, Toyota Motor Sales, U.S.A., Inc., filed a UDRP complaint with the National Arbitration Forum ("NAF") seeking the transfer of the domain name. As a standard part of the UDRP process, NAF asked the registrar, Lead Networks, to verify the registrant information. In response to the request, Lead Networks updated the WHOIS record radiomariatanzania.com to list Pluto as the registrant. The creation date listed in each of these WHOIS records was January 4, 2007 prior to the date of the archived Softech ltd. data. In December 2008, the NAF panel ordered the transfer of the domain name to Toyota Motor Sales, U.S.A., Inc. Then in January 2009, the purported registrant, Pluto, filed an appeal of the panel decision in the Bombay High Court.

36. In addition to the six examples described in detail in the paragraphs above, Exhibit 26 includes the Bombay High Court records for nineteen additional disputes that I identified that follow the same pattern.

37. In addition to the Privacy Identities, and Naresh Malik's aliases Nick M. and Watch My Domains, in my UDRP research, I also located several Indian companies created and controlled by the Registrar Defendants and used as India-based false registrants in the UDRP transfer order evasion scheme. These companies include at least: Comdot Internet Services Private Limited, Laksh Internet Solutions Private Limited, and Pluto Domains Services Private Limited.

38. I am convinced that Comdot Internet Services Private Limited, Laksh Internet Solutions Private Limited, and Pluto Domains Services Private Limited are all controlled by the Registrar Defendants because of their use in the

process of evading UDRP transfer orders, because they all list the same physical address in their record with the Mumbai Registrar of Companies, and because the email contacts for one of the companies is mahesh.m@dotnamemail.com and another is vanita@lincwise.com. These email addresses are particularly suspect because Nahesh Malik has used the email addresses nick@dotnamemail.com and nick@lincwise.com in connection with his registration of several domain names that are confusingly similar to distinctive or famous trademarks.

39. All of the domain names chronicled in Exhibits 20 -26 originally listed different registrants located in different regions all over the world. Then each of the registrants transferred his or her domain name to the registrar Lead Networks and listed one of the Privacy Identities as the registrant. When a UDRP complaint was filed, Lead Networks always disclosed the same three purported registrants, Comdot Internet Services Private Limited, Laksh Internet Solutions Private Limited, and Pluto Domains Services Private Limited, all Indian companies. In so doing, they ensured that each transfer order could be appealed in Indian court.

40. In Comdot's record with the Mumbai Registrar of Companies, it lists mahesh.m@dotnamemail.com as the email contact and 5/2, Starsway Society, Juhu Road, Juhu, Mumbai, Maharashtra, 400049, India as its address. The Company Master Details for Comdot are attached to this Declaration as Exhibit 27.

41. The Comdot record lists a contact email address for mahesh.m at the domain name dotnamemail.com. As discussed above, the email address nick@dotnamemail.com has been repeatedly used in connection with Nahesh Malik's domain name registrations. The historic WHOIS record for the domain name dotnamemail.com, attached to this Declaration as Exhibit 28 shows that prior to listing one of the Privacy Identities, the listed registrant was Watch My Domain and Nick M. with the email address nick@lincwise.com.

42. In Pluto's record with the Mumbai Registrar of Companies, it lists the same address as Comdot: 5/2, Starsway Society, Juhu Road, Juhu, Mumbai, Maharashtra, 400049, India as its address. This is the same physical address in the Comdot record. The Company Master Details for Pluto are attached to this Declaration as Exhibit 29.

43. In Laksh's record with the Mumbai Registrar of Companies. it lists vanita@lincwise.com as the email contact and the same address as Comdot and Pluto: 5/2, Starsway Society, Juhu Road, Juhu, Mumbai, Maharashtra, 400049, India as its address. This is the same physical address as Comdot and Pluto. The email address vanita@lincwise.com uses the same domain name as another one of Naresh Malik's registrant email addresses discussed above: nick@lincwise.com. The Company Master Details for Laksh are attached to this Declaration as Exhibit 30.

44. A comparison of the Lead Networks website accessible at the domain name leadnetworks.com and the Lincwise Internet Services website accessible at lincwise.com also demonstrates the close connection between the two purported companies. Both websites are almost identical with the only difference being the company logo. Further, both websites use the exact same language to advertise for their datacenters. Screen captures of these websites are attached to this Declaration as Exhibit 31.

45. The Registrar Defendants appear to have recently created another Indian company, Compsys Domains Solutions Private Limited that shares the same address as Comdot, Pluto and Laksh and has the same email contact as Laksh. The Company Master Details for Compsys Domains Solutions Private Limited are attached to this Declaration as Exhibit 32.

46. As Exhibits 21, 22, and 24 show, when the Registrar Defendants file their appeals in the Bombay High Court, they consistently fail to comply with U/R 986 of the High Court Rules of 1980. These deficient filings result in

substantial delay to the cases providing the registrants with additional time to monetize the domain with pay-per-click advertisements and to attempt to sell the domain names back to the trademark owners.

47. I was previously involved, on behalf of a different client, in a dispute involving two Lead Domain Names that were confusingly similar to that client's mark. In my correspondence with Private Whois Escrow Domains Private Limited, I received an offer to sell the two domain names to the trademark owner for a price significantly higher than the cost of registering the names.

48. I am also aware of reports by other trademark attorneys that after Indian lawsuits were filed, Lead Networks or the registrant demanded money from the trademark owner, either as compensation for sending a copy of the complaint to the trademark owner, or for the domain name itself.

49. I have received one report from a trademark owner that after the Registrar Defendants filed an appeal in India, they attempted to convince him that they could recommend a company, Cyber Veillance Private Limited ("Cyber Veillance"), to assist him in recovering the domain name. An email with some of the correspondence between Mahesh Malik and that trademark owner is attached to this Declaration as Exhibit 33.

50. In Cyber Veillance's record with the Mumbai Registrar of Companies it lists mahesh.m@dotnamemail.com as the email contact. I believe that Cyber Veillance was also created by Registrar Defendants as a business that would appear to assist trademark owners in obtaining the transfer of domain names, but actually extorts even more money from the trademark owners. The Company Master Details for Cyber Veillance are attached to this Declaration as Exhibit 34.

51. I recently became aware of a panel discussion at the ICANN Meeting in Lisbon, Portugal that was conducted on March 25, 2007, in which the speaker, Rob Hall, who was introduced to the panel as "a very large player in the

domain marketplace" described the Defendant Registrar's scheme in perfect detail. He said "we have a very inventive registrar out of India that's offering a service to domainers at the last traffic conference that says, look, I'm a registrar in India, I will incorporate you a registrant in India, and I will put all your domains in that registrant with our registrar, so that if anyone ever UDRPs, even if they're successful, the only court you can turn to or go to is the Indian court. And, by the way, I'll even start that action for you, they claim, and I guarantee you it'll take at least ten years to get through any Indian court. So you can continue to own and operate that domain for ten years, even if you lose a UDRP." The transcript of this meeting is attached to this Declaration as Exhibit 35 and available at www.icann.org/en/meetings/lisbon/transcript-tutorial-expiring-25mar07.htm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of December, 2010 in Pasadena, California.

_____
Anne F. Bradley

LLB IRV1120007.1-*-12/3/10 12:48 PM

# CERTIFICATE OF SERVICE

I certify that on December 3, 2010, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **DECLARATION OF ANNE F. BRADLEY IN SUPPORT OF APPLICATION FOR FINAL DEFAULT JUDGMENT AGAINST MAHESH MALIK** was served on the party(ies) in this action as follows:

**MAHESH MALIK**

**By First Class International Air Mail to:**
707/C Neptune Apts, 4th Cross Lane,
Lokhandwala Complex, Andheri (West)
Mumbai Maharashtra 400053
India

**By Email to:**
Mahesh@LeadNetworks.in

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on December 3, 2010 at Newport Beach, California.

*Linda L. Bolter*
Linda L. Bolter

CHRISTIE, PARKER & HALE, LLP