Exhibit 25

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 2 of 258    Page ID #:2984

 TrafficZ    **DomainTools**    LeaseThis.com                    Welcome        My Account

# Toyotaofauburn.com on 2007-02-27 - Domain History

« Previous                                                                Next »

**Domain:**           **toyotaofauburn.com** - Domain History

**Cache Date:**       2007-02-27

**Registrar:**        NAME.NET LLC

**Registrant Search:** Click on an email address we found in this whois record to see which other domains the registrant is associated with:

billysuesoftech@yahoo.com

---

```
Domain Name:        toyotaofauburn.com
Registrar:          Name.net LLC

REGISTRANT CONTACT
Softech ltd.
DNS Administrator (gold)
P.O. BOX 10509 APO
Grand Cayman
KY1-1005
KY
Email Address: billysuesoftech@yahoo.com

ADMINISTRATIVE CONTACT
Softech ltd.
DNS Administrator (gold)
P.O. BOX 10509 APO
Grand Cayman
KY1-1005
KY
Email Address: billysuesoftech@yahoo.com

TECHNICAL CONTACT
Softech ltd.
DNS Administrator (gold)
P.O. BOX 10509 APO
Grand Cayman
KY1-1005
KY
```

Exhibit 25
Page 458

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 3 of 258   Page ID
#:2985

```
Email Address: billysuesoftech@yahoo.com

BILLING CONTACT
Softech ltd.
DNS Administrator (gold)
P.O. BOX 10509 APO
Grand Cayman
KY1-1005
KY
Email Address: billysuesoftech@yahoo.com

0.32770000 1172593144
```

Exhibit 25
Page 459

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome        My Account



## Toyotaofauburn.com on 2008-02-16 - Domain History

« Previous                                                              Next »

| | |
|---|---|
| **Domain:** | **toyotaofauburn.com** - Domain History |
| **Cache Date:** | 2008-02-16 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: private311810032@privatewhois.in |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138


Domain Name: TOYOTAOFAUBURN.COM


Registrant:
      Private Whois Escrow Domains Private Limited.
      PRIVATE WHOIS  FOR PRIVATE311810032      (PRIVATE311810032@privatewhois.in)
      707,C-Wing,7th Floor,The Neptune Versova Society,
      Lokhandwala Complex,4th Cross Road,
      Andheri (West)
      Mumbai
      Maharashtra,400053
      IN
      Tel. +91.02226300138
      Fax. +91.02226311820


Creation Date: 04-Jan-2007
Expiration Date: 04-Jan-2010


Domain servers in listed order:
      dns21.leadnetworks.com
      dns20.leadnetworks.com


Administrative Contact:
      Private Whois Escrow Domains Private Limited.
      PRIVATE WHOIS  FOR PRIVATE311810032      (PRIVATE311810032@privatewhois.in)
      707,C-Wing,7th Floor,The Neptune Versova Society,
```

```
        Lokhandwala Complex,4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Technical Contact:
        Private Whois Escrow Domains Private Limited.
        PRIVATE WHOIS  FOR PRIVATE311810032         (PRIVATE311810032@privatewhois.in)
        707,C-Wing,7th Floor,The Neptune Versova Society,
        Lokhandwala Complex,4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Billing Contact:
        Private Whois Escrow Domains Private Limited.
        PRIVATE WHOIS  FOR PRIVATE311810032         (PRIVATE311810032@privatewhois.in)
        707,C-Wing,7th Floor,The Neptune Versova Society,
        Lokhandwala Complex,4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Status:ACTIVE
```



## NATIONAL ARBITRATION FORUM

## DECISION

Toyota Motor Sales, U.S.A., Inc. v. PLUTO DOMAIN SERVICES PRIVATE LIMITED.
Claim Number: FA0811001233396

**PARTIES**

Complainant is **Toyota Motor Sales, U.S.A., Inc**., represented by **Christine Lofgren**, of **Toyota Motor Sales, U.S.A., Inc**., California, USA.  Respondent is **PLUTO DOMAIN SERVICES PRIVATE LIMITED**, India.

**REGISTRAR AND DISPUTED DOMAIN NAME**

The domain name at issue is **<toyotaofauburn.com>**, registered with **Lead Networks Domains Pvt. Ltd**.

**PANEL**

The undersigned certifies that he has acted independently and impartially and to the best of his knowledge has no known conflict in serving as Panelist in this proceeding.

Honorable Karl V. Fink (Ret.) as Panelist.

**PROCEDURAL HISTORY**

Complainant submitted a Complaint to the National Arbitration Forum electronically on November 11, 2008; the National Arbitration Forum received a hard copy of the Complaint on November 14, 2008.

On November 18, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<toyotaofauburn.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name.  Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On November 21, 2008, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of December 11, 2008 by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@toyotaofauburn.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to the parties a Notification of Respondent Default.

On December 15, 2008, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed Honorable Karl V. Fink (Ret.)

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 7 of 258   Page ID #:2989

as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent." Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

## RELIEF SOUGHT

Complainant requests that the domain name be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS

A.  Complainant makes the following assertions:

1.  Respondent's **<toyotaofauburn.com>** domain name is confusingly similar to Complainant's TOYOTA mark.

2.  Respondent does not have any rights or legitimate interests in the **<toyotaofauburn.com>** domain name.

3.  Respondent registered and used the **<toyotaofauburn.com>** domain name in bad faith.

B.  Respondent failed to submit a Response in this proceeding.

## FINDINGS

Complainant, Toyota Motor Sales U.S.A., Inc., is a leading importer and distributor of TOYOTA automobiles throughout North America. Complainant has a number of trademark registrations with the United States Patent and Trademark Office ("USPTO") for the TOYOTA mark (i.e. Reg. 843,138 issued January 30, 1968).

Respondent registered the **<toyotaofauburn.com>** domain name on January 4, 2007. Respondent's disputed domain name resolves to a website displaying links to third-party websites in competition with Complainant. Prior to Respondent initiating WHOIS protection of its registration information, Respondent offered the disputed domain name to Complainant for $1,200.00.

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

In view of Respondent's failure to submit a response, the Panel shall decide this administrative proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e), 14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to paragraph 14(b) of the Rules. The Panel is entitled to accept all reasonable allegations and inferences set forth in the Complaint as true unless the evidence is clearly contradictory. *See Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31,

2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate to accept as true all allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

## Identical and/or Confusingly Similar

The Panel finds that Complainant has established rights in the TOYOTA mark for purposes of Policy ¶ 4(a)(i) through its trademark registration with the USPTO. *See Men's Wearhouse, Inc. v. Wick*, FA 117861 (Nat. Arb. Forum Sept. 16, 2002) ("Under U.S. trademark law, registered marks hold a presumption that they are inherently distinctive [or] have acquired secondary meaning."); *see also Innomed Techs., Inc. v. DRP Servs.*, FA 221171 (Nat. Arb. Forum Feb. 18, 2004) ("Registration of the NASAL-AIRE mark with the USPTO establishes Complainant's rights in the mark.").

Complainant alleges that Respondent's **<toyotaofauburn.com>** domain name is confusingly similar to Complainant's mark pursuant to Policy ¶ 4(a)(i).  Respondent's disputed domain name contains Complainant's mark in its entirety, adds the generic term "of," adds the geographic location "auburn," and adds the generic top-level domain ("gTLD") ".com."  The Panel finds that a disputed domain name that contains a complainant's registered mark, and adds a generic term and a geographic term fails to create a distinguishing characteristic for the disputed domain name and establishes a confusing similarity between the two.  *See Pfizer, Inc. v. Suger*, D2002-0187 (WIPO Apr. 24, 2002) (finding that because the subject domain name incorporates the VIAGRA mark in its entirety, and deviates only by the addition of the word "bomb," the domain name is rendered confusingly similar to the complainant's mark); *see also Net2phone Inc. v. Netcall SAGL*, D2000-0666 (WIPO Sept. 26, 2000) (finding that the respondent's domain name <net2phone-europe.com> is confusingly similar to the complainant's mark because "the combination of a geographic term with the mark does not prevent a domain name from being found confusingly similar").).  In addition, the Panel finds that the addition of a gTLD is irrelevant in distinguishing a disputed domain name from a mark.  *See Rollerblade, Inc. v. McCrady*, D2000-0429 (WIPO June 25, 2000) (finding that the top level of the domain name such as ".net" or ".com" does not affect the domain name for the purpose of determining whether it is identical or confusingly similar).  Therefore, the Panel finds that Respondent's disputed domain name is confusingly similar to Complainant's mark pursuant to Policy ¶ 4(a)(i).

The Panel finds that Policy ¶ 4(a)(i) has been satisfied.

## Rights or Legitimate Interests

Under Policy ¶ 4(a)(ii), Complainant initially bears the burden of demonstrating that Respondent lacks rights or legitimate interests with respect to the disputed domain name.  However, once Complainant sufficiently demonstrates a *prima facie* case, the burden shifts to Respondent to establish that it has rights or legitimate interests in connection with the disputed domain name

under Policy ¶ 4(a)(ii).  *See Do The Hustle, LLC v. Tropic Web*, D2000-0624 (WIPO Aug. 21,
2000) (holding that once the complainant asserts that the respondent has no rights or legitimate
interests with respect to the domain, the burden shifts to the respondent to provide "concrete
evidence that it has rights to or legitimate interests in the domain name at issue"); *see also
Compagnie Generale des Matieres Nucleaires v. Greenpeace Int'l*, D2001-0376 (WIPO May 14,
2001) ("Proving that the Respondent has no rights or legitimate interests in respect of the
Domain Name requires the Complainant to prove a negative. For the purposes of this sub
paragraph, however, it is sufficient for the Complainant to show a prima facie case and the
burden of proof is then shifted on to the shoulders of Respondent.  In those circumstances, the
common approach is for respondents to seek to bring themselves within one of the examples of
paragraph 4(c) or put forward some other reason why they can fairly be said to have a relevant
right or legitimate interests in respect of the domain name in question.").  The Panel finds that
Complainant has demonstrated a *prima facie* case and in the absence of a Response from
Respondent, will evaluate the evidence on record to determine whether Respondent has any
rights or legitimate interests with respect to the disputed domain name under Policy ¶ 4(c).

The evidence on record fails to demonstrate that Respondent is commonly known by the
**<toyotaofauburn.com>** domain name pursuant to Policy ¶ 4(c)(ii).  Complainant asserts that
Respondent is not authorized to use the TOYOTA mark.  Additionally, Respondent's WHOIS
information identifies Respondent as "Private Whois Escrow Domains Private Limited," and not
by the disputed domain name.  Thus, the Panel concludes that the evidence on record does not
establish that Respondent is commonly known by the **<toyotaofauburn.com>** domain name in
accord with Policy ¶ 4(c)(ii).  *See M. Shanken Commc'ns, Inc. v.
WORLDTRAVELERSONLINE.COM*, FA 740335 (Nat. Arb. Forum Aug. 3, 2006) (finding that
the respondent is not commonly known by the <cigaraficionada.com> domain name because the
WHOIS information lists the registrant of the domain name as as
"WORLDTRAVELERSONLINE.COM," and no other evidence exists in the record indicating
that the respondent is known by the domain name); *see also Compagnie de Saint Gobain v. Com-
Union Corp.*, D2000-0020 (WIPO Mar. 14, 2000) (finding no rights or legitimate interest where
the respondent was not commonly known by the mark and never applied for a license or
permission from the complainant to use the trademarked name).

Complainant contends that Respondent is using the disputed domain name to display links to
third-party websites offering automobile products in competition with Complainant.  The Panel
finds that such use of the disputed domain name is neither a *bona fide* offering of goods and
services pursuant to Policy ¶ 4(c)(i), nor a legitimate noncommercial or fair use pursuant to
Policy ¶ 4(c)(iii).  *See Glaxo Group Ltd. v. WWW Zban*, FA 203164 (Nat. Arb. Forum Dec. 1,
2003) (finding that the respondent was not using the domain name within the parameters of
Policy ¶ 4(c)(i) or (iii) because the respondent used the domain name to take advantage of the
complainant's mark by diverting Internet users to a competing commercial site); *see also
Ultimate Elecs., Inc. v. Nichols*, FA 195683 (Nat. Arb. Forum Oct. 27, 2003) (finding that the
respondent's "use of the domain name (and Complainant's mark) to sell products in competition
with Complainant demonstrates neither a bona fide offering of goods or services nor a legitimate
noncommercial or fair use of the name").

The Panel finds that Policy ¶ 4(a)(ii) has been satisfied.

## Registration and Use in Bad Faith

Respondent is using the disputed domain name to intentionally divert Internet users to the
associated website, which displays third-party links to competing websites are displayed.  In

cases such as this, the Panel may assume that Respondent is collecting click-through fees and attempting to profit by creating a likelihood of confusion between Complainant's mark and the disputed domain name.  The Panel finds that Respondent's use of the disputed domain name is evidence of bad faith registration and use pursuant to Policy ¶ 4(b)(iv).  *See Associated Newspapers Ltd. v. Domain Manager*, FA 201976 (Nat. Arb. Forum Nov. 19, 2003) ("Respondent's prior use of the <mailonsunday.com> domain name is evidence of bad faith pursuant to Policy ¶ 4(b)(iv) because the domain name provided links to Complainant's competitors and Respondent presumably commercially benefited from the misleading domain name by receiving 'click-through-fees.'"); *see also Kmart v. Khan*, FA 127708 (Nat. Arb. Forum Nov. 22, 2002) (finding that if the respondent profits from its diversionary use of the complainant's mark when the domain name resolves to commercial websites and the respondent fails to contest the complaint, it may be concluded that the respondent is using the domain name in bad faith pursuant to Policy ¶ 4(b)(iv)).

In addition, the Panel finds that Respondent's use of the disputed domain name to disrupt the business of Complainant by offering links to competitors is further evidence of bad faith registration and use pursuant to Policy ¶ 4(b)(iii).  *See Travant Solutions, Inc. v. Cole*, FA 203177 (Nat. Arb. Forum Dec. 6, 2003) ("Respondent registered and used the domain name in bad faith, pursuant to Policy ¶ 4(b)(iii), because it is operating on behalf of a competitor of Complainant . . ."); *see also Disney Enters., Inc. v. Noel*, FA 198805 (Nat. Arb. Forum Nov. 11, 2003) ("Respondent registered a domain name confusingly similar to Complainant's mark to divert Internet users to a competitor's website. It is a reasonable inference that Respondent's purpose of registration and use was to either disrupt or create confusion for Complainant's business in bad faith pursuant to Policy ¶¶ 4(b)(iii) [and] (iv).").

Lastly, Complainant presents evidence that Respondent offered to sell the **<toyotaofauburn.com>** domain name for $1,200, which is more than the out-of-pocket expenses that Respondent paid to register the disputed domain name.  The Panel finds that this offer to sell is further evidence of bad faith registration and use pursuant to Policy ¶ 4(b)(i).  *See Neiman Marcus Group, Inc. v. AchievementTec, Inc.*, FA 192316 (Nat. Arb. Forum Oct. 15, 2003) (finding the respondent's offer to sell the domain name for $2,000 sufficient evidence of bad faith registration and use under Policy ¶ 4(b)(i)); *see also Bank of Am. Corp. v. Nw. Free Cmty. Access*, FA 180704 (Nat. Arb. Forum Sept. 30, 2003) ("Respondent's general offer of the disputed domain name registration for sale establishes that the domain name was registered in bad faith under Policy ¶ 4(b)(i).").

The Panel finds that Policy ¶ 4(a)(iii) has been satisfied.

**DECISION**

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<toyotaofauburn.com>** domain name be **TRANSFERRED** from Respondent to Complainant.

Honorable Karl V. Fink (Ret.), Panelist
Dated:  December 29, 2008

[Click Here](#) to return to the main Domain Decisions Page.

Click Here to return to our Home Page

**NATIONAL ARBITRATION FORUM**

 **TrafficZ** **DomainTools** LeaseThis.com

Welcome  My Account



## Toyotaofauburn.com on 2009-01-10 - Domain History

« Previous                                                                                          Next »

| | |
|---|---|
| **Domain:** | **toyotaofauburn.com** - Domain History |
| **Cache Date:** | 2009-01-10 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@plutodomainservices.com |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.02226313093

Domain Name: TOYOTAOFAUBURN.COM

Registrant:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.         (contact@PlutoDomainServices.com)
     A to Z Business Centre, Cabin No.02
     Room No.30,Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 04-Jan-2007
Expiration Date: 04-Jan-2010

Domain servers in listed order:
     dns11.leadnetworks.com
     dns12.leadnetworks.com

Administrative Contact:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.         (contact@PlutoDomainServices.com)
     A to Z Business Centre, Cabin No.02
     Room No.30,Fatima Bibi Chawl,
```

```
      Gulshan Nagar,Behram Baug,
      Jogeshwari (W),Mumbai
      Maharashtra,400102
      IN
      Tel. +91.9322160169

Technical Contact:
      PLUTO DOMAIN SERVICES PRIVATE LIMITED.
      PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
      A to Z Business Centre, Cabin No.02
      Room No.30,Fatima Bibi Chawl,
      Gulshan Nagar,Behram Baug,
      Jogeshwari (W),Mumbai
      Maharashtra,400102
      IN
      Tel. +91.9322160169

Billing Contact:
      PLUTO DOMAIN SERVICES PRIVATE LIMITED.
      PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
      A to Z Business Centre, Cabin No.02
      Room No.30,Fatima Bibi Chawl,
      Gulshan Nagar,Behram Baug,
      Jogeshwari (W),Mumbai
      Maharashtra,400102
      IN
      Tel. +91.9322160169

Status:LOCKED
```

Exhibit 25
Page 469

Case 2:09-cv-00613-ABC-CW   Document 133-5   Filed 12/03/10   Page 14 of 258   Page ID #:2996



# High Court of Judicature at Bombay

## CASE DETAILS

***Bench:-Bombay***

| | | | |
|---|---|---|---|
| ***Lodging No.:-*** | SL/100/2009 | ***Filing Date:-*** | 14/01/2009 |

**Petitioner:-** PLUTO DOMAIN SERVICES PVT. LTD. -      **Respondent:-** TOYOTA MOTOR SALES, U.S.A. AND ANR -

**Petn.Adv.:-** ABHAY PANDE

**District:-** BOMBAY

**Bench:-** SINGLE

**Status:-** Pre-Admission          ***Category:-*** SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

***PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.***

 

Exhibit 26

 TrafficZ   **DomainTools**   LeaseThis.com             Welcome                          My Account



# Wwwbeachbody.com on 2008-01-19 - Domain History

« Previous                                                                 Next »

**Domain:**              **wwwbeachbody.com** - Domain History

**Cache Date:**          2008-01-19

**Registrar:**           **MONIKER ONLINE SERVICES, INC.**

**Registrant Search:**   Click on an email address we found in this whois record
                         to see which other domains the registrant is associated with:
                         wwwbeachbody.com@domainservice.com

```
Domain Name: WWWBEACHBODY.COM

Registrant [1215769]:
        Moniker Privacy Services
        20 SW 27th Ave.
        Suite 201
        Pompano Beach
        FL
        33069
        US

Administrative Contact [1215769]:
        Moniker Privacy Services   WWWBEACHBODY.COM@domainservice.com
        Moniker Privacy Services
        20 SW 27th Ave.
        Suite 201
        Pompano Beach
        FL
        33069
        US
        Phone: +1.9549848445
        Fax:    +1.9549699155

Billing Contact [1215769]:
        Moniker Privacy Services   WWWBEACHBODY.COM@domainservice.com
        Moniker Privacy Services
        20 SW 27th Ave.
        Suite 201
```

Exhibit 26
Page 471

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 17 of 258   Page ID
#:2999

```
                    Pompano Beach
                    FL
                    33069
                    US
                    Phone: +1.9549848445
                    Fax:   +1.9549699155


        Technical Contact [1215769]:
                    Moniker Privacy Services WWWBEACHBODY.COM@domainservice.com
                    Moniker Privacy Services
                    20 SW 27th Ave.
                    Suite 201
                    Pompano Beach
                    FL
                    33069
                    US
                    Phone: +1.9549848445
                    Fax:   +1.9549699155


        Domain servers in listed order:


                    NS1.THEDOMAINNAMESERVER.NET           64.20.52.34
                    NS2.THEDOMAINNAMESERVER.NET           66.45.231.146


                    Record created on:        2003-03-21 17:15:48.0
                    Database last updated on: 2008-01-17 20:52:02.403
                    Domain Expires on:        2010-03-21 16:15:48.0
```

Exhibit 26
Page 472

 **TrafficZ**   **DomainTools**   LeaseThis.com          Welcome                    My Account



## Wwwbeachbody.com on 2008-08-20 - Domain History

« Previous                                                    Next »

| | |
|---|---|
| **Domain:** | **wwwbeachbody.com** - Domain History |
| **Cache Date:** | 2008-08-20 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: y01p31220708@privatewhois.in |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226313093

Domain Name: WWWBEACHBODY.COM

Registrant:
      Private Whois Escrow Domains Private Limited.
      Private Whois For Y01P31220708        (Y01P31220708@privatewhois.in)
      707,C-Wing,7th Floor, The Neptune Versova Society,
      Lokhandwala Complex, 4th Cross Road,
      Andheri (West)
      Mumbai
      Maharashtra,400053
      IN
      Tel. +91.02226300138
      Fax. +91.02226311820

Creation Date: 21-Mar-2003
Expiration Date: 21-Mar-2011

Domain servers in listed order:
      ns2.optimize5000.com
      ns1.optimize5000.com

Administrative Contact:
      Private Whois Escrow Domains Private Limited.
      Private Whois For Y01P31220708        (Y01P31220708@privatewhois.in)
      707,C-Wing,7th Floor, The Neptune Versova Society,
```

Exhibit 26
Page 473

Case 2:09-cv-00613-ABC-CW   Document 122-5    Filed 12/03/10   Page 19 of 258   Page ID
#:3001

```
        Lokhandwala Complex, 4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Technical Contact:
        Private Whois Escrow Domains Private Limited.
        Private Whois For Y01P31220708          (Y01P31220708@privatewhois.in)
        707,C-Wing,7th Floor, The Neptune Versova Society,
        Lokhandwala Complex, 4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Billing Contact:
        Private Whois Escrow Domains Private Limited.
        Private Whois For Y01P31220708          (Y01P31220708@privatewhois.in)
        707,C-Wing,7th Floor, The Neptune Versova Society,
        Lokhandwala Complex, 4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Status:ACTIVE
```

Exhibit 26
Page 474

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 20 of 258    Page ID
#:3002



# WIPO Arbitration and Mediation Center

**ADMINISTRATIVE PANEL DECISION**

**Product Partners, LLC v. Laksh Internet Solutions Private Limited**

**Case No. D2008-1329**

## 1. The Parties

The Complainant is Product Partners, LLC of Beverly Hills, California, United States of America, represented by Cozen O'Connor, United States of America.

The Respondent is Laksh Internet Solutions Private Limited of Mumbai, India. The initially named Respondent was Private Whois Escrow Domains Private Limited of Mumbai, India.

## 2. The Domain Name and Registrar

The disputed domain name <wwwbeachbody.com> (the "Domain Name") is registered with Lead Networks Domains Pvt. Ltd. (the "Registrar").

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on August 29, 2008. The Respondent named in the Complaint was Private Whois Escrow Domains Private Limited, of Mumbai, India. On September 2, 2008, the Center transmitted by email to the Registrar a request for registrar verification in connection with the Domain Name. On September 5, 2008, the Registrar transmitted by email to the Center its verification response, disclosing the name of the Respondent as the registrant and providing contact information for the Domain Name (which differed from the named Respondent and contact information in the Complaint). The Center sent an email communication to the Complainant on September 5, 2008, providing the registrant and contact information disclosed by the Registrar, and inviting the Complainant to submit an amendment to the Complaint. The Complainant filed an amended Complaint on September 10, 2008, in which the Respondent was named as respondent. The Center verified that the amended Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

Exhibit 26
Page 475

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified the Respondent of the Complaint, and the proceeding commenced on September 17, 2008. In accordance with the Rules, paragraph 5(a), the due date for Response was October 7, 2008. The Respondent did not submit any response. Accordingly, the Center notified the Respondent's default on October 8, 2008.

The Center appointed Warwick Smith as the sole panelist in this matter on October 17, 2008. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

As the Respondent did not submit any Response, the Panel has checked to ensure that the Center has discharged its obligation to notify the Complaint to the Respondent. The Panel notes that the courier pack containing the amended Complaint and Notice of Commencement of Administrative Proceeding appears to have been delivered on September 19, 2008. The Panel is therefore satisfied that the Respondent has had actual notice of the Complaint.

## 4. Factual Background

The following (uncontested) facts are taken from the Complaint.

### The Complainant

The Complainant is a California-based corporation which carries on business in the field of in-home fitness and weight loss solutions. It is the registered proprietor of a number of registered trade marks in the United States of America, which consist of or contain the expression "Beachbody". By way of example, the Complainant is the proprietor of the word mark BEACH BODY in the United States of America, registered with effect from March 17, 2000 in respect of "dietary supplements and diet aids, namely vitamins and mineral supplements", in international class 5. The same registration covers "educational service, namely instruction in the use of exercise equipment and diet programs", in international class 41. The printout from the United States Patent and Trade mark Office principal register, refers to a first use in commerce date of May 10, 1999.

The Complainant is also the proprietor of a United States Federal registration for the mark BEACHBODY.COM, in respect of "meal replacement protein bars, dietary supplements and diet aids, namely vitamins and mineral supplements" (in international class 5), "educational services, namely instruction in the fields of exercise equipment and diet programs" (in international class 41), and "pre-recorded videotapes, DVDs, and CDs, featuring exercise, fitness and dietary information and instruction" (in international class 9). The application for this mark was filed on July 19, 2004, and it was registered on April 11, 2006.

The Complainant operates its flagship website at the domain name <beachbody.com>.

### The Respondent and the Domain Name

The Domain Name was registered on March 21, 2003. The Domain Name consists of what the Complainant refers to as a "link farm", also referred to as a "landing page", or a "portal site".

The Complainant produced a copy of a page from the website at the Domain Name ("the Respondent's website"), printed on August 19, 2008. The Respondent's website on that date consisted of nothing more than a landing page and search engine facility, with links to third party websites grouped by categories under the heading "Related Searches". All of the various click-on links under the "Related Searches" heading, related in one way or another to the topic of dieting and weight loss.

### Pre-commencement Correspondence

The Complainant's representatives sent a cease and desist letter to Moniker Privacy Services (which was presumably then the privacy shield provider used by the Respondent – that is not explained in the Complaint), on August 8, 2008. They referred to an earlier letter they had sent on July 25, 2008, to which they had received no reply. They referred to the Complainant's incontestable registration of the mark BEACHBODY in the United States of America, and noted that their client had recently learned of the unauthorized registration and use of the Domain Name. The Complainant's representatives demanded the immediate transfer of the Domain Name to the Complainant.

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 22 of 258    Page ID
#:3004

## 5. Parties' Contentions

### A. Complainant

The Complainant contends:

1. The Domain Name is identical or confusingly similar to the Complainant's BEACHBODY marks. The only difference is the presence in the Domain Name of the non-distinctive prefix, "www".

2. The Respondent has no rights or legitimate interests in respect of the Domain Name:

(i) There is no evidence that the Respondent has used, or prepared to use, the Domain Name (or any name corresponding to the Domain Name), in connection with any *bona fide* offering of goods or services.

(ii) Because the Respondent anonymously registered the Domain Name, and has not provided any contact information whatsoever on the Respondent's website, the Respondent (whether as an individual, business, or other organization) cannot claim to have been commonly known by the Domain Name or any similar name.

(iii) The "link farm" at the Respondent's website does not constitute a *bona fide* offering of goods or services capable of giving rise to a right or legitimate interest in the Domain Name.

3. The Domain Name was registered and is being used in bad faith:

(i) The Respondent has attempted to take commercial advantage of the Complainant's trade mark and commercial reputation, and to trade off the Complainant's goodwill. The Respondent's use of the Domain Name is likely to give rise to confusion as to an association, affiliation, or sponsorship between the Complainant and the Respondent. The Domain Name is likely to attract Internet users seeking the Complainant's services.

(ii) The Respondent's use of the Domain Name has continued in bad faith, notwithstanding the Respondent's full knowledge of the Complainant's prior rights, and the Respondent has wilfully infringed those rights.

### B. Respondent

The Respondent did not reply to the Complainant's contentions.

## 6. Discussion and Findings

### A. What the Complainant must prove – General

Under paragraph 4(a) of the Policy, a complainant has the burden of proving the following:

(i) that the disputed domain name is identical or confusingly similar to a trademark or service mark in which the complainant has rights; and

(ii) that the respondent has no rights or legitimate interests in respect of the disputed domain name; and

(iii) that the disputed domain name has been registered and is being used in bad faith.

Paragraph 15(a) of the Rules requires the panel to:

"… decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any Rules and principles of law that it deems applicable."

Exhibit 26
Page 477

Where a respondent has not submitted a response, paragraph 5(e) of the Rules requires the panel to "decide the dispute based on the complaint." Under paragraph 14(b) of the Rules, the panel may draw such inferences from a respondent's failure to comply with the Rules (e.g. by failing to file a response), as the panel considers appropriate.

## B. Identical or Confusingly Similar

The Complainant has proved this part of its Complaint. It is the registered proprietor of the marks BEACH BODY, and BEACHBODY.COM. The only difference between those trade marks and the Domain Name, is the addition of the letters "www" at the beginning of the Domain Name. Those letters are non-distinctive, and clearly designed to create confusion with the Complainant's trade marks (for the reasons which are set out in section 6.D. of this decision).

The Panel is satisfied that the Domain Name is confusingly similar to the BEACH BODY and BEACHBODY.COM trade marks in which the Complainant has rights.

## C. Rights or Legitimate Interests

Paragraph 4(c) of the Policy sets out a number of circumstances which, without limitation, may be effective for a respondent to demonstrate that it has rights to, or legitimate interests in, a disputed domain name, for the purposes of Paragraph 4(a)(ii) of the Policy. Those circumstances are:

(i) Before any notice to [the respondent] of the dispute, use by [the respondent] of, or demonstrable preparations to use, the disputed domain name or a name corresponding to the disputed domain name in connection with a *bona fide* offering of goods or services; or

(ii) Where [the respondent] (as an individual, business, or other organization) [has] been commonly known by the disputed domain name, even if [the respondent has] acquired no trade mark or service mark rights; or

(iii) Where [the respondent is] making a legitimate noncommercial or fair use of the disputed domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trade mark or service mark at issue.

If the circumstances are sufficient to constitute a *prima facie* showing by the Complainant of absence of rights or legitimate interests on the part of the Respondent, the evidentiary burden shifts to the Respondent to show, by plausible, concrete evidence, that it *does* have a right or a legitimate interest in the Domain Name.

That approach is summarized at paragraph 2.1 of the Center's online document "WIPO Overview of WIPO Panel Views on Selected UDRP Questions", as follows:

"A complainant is required to make out an initial *prima facie* case that the respondent lacks rights or legitimate interests. Once such *prima facie* case is made, respondent carries the burden of demonstrating rights or legitimate interests in the domain name. If the respondent fails to do so, a complainant is deemed to have satisfied paragraph 4(a)(ii) of the UDRP."

In this case, the Complainant has proved that the Domain Name is confusingly similar to trade marks in which it has rights. It has shown that it has not authorized the Respondent to use its trade marks (or any confusingly similar expressions), whether in a domain name or otherwise. There is nothing in the evidence to suggest that the Respondent might be entitled to claim a right or legitimate interest under paragraph 4(c)(ii) of the Policy (the "commonly known by" right or legitimate interest). In combination, those circumstances sufficiently establish a *prima facie* case, and the evidentiary onus shifts to the Respondent.

The Respondent has not filed any Response, and it has therefore failed to discharge that evidentiary onus. That default is enough for the Complainant to succeed on this part of its Complaint. The Panel notes, however, that it is difficult to imagine how the Respondent might conceivably have claimed any right or legitimate interest in respect of the Domain Name. For the reasons which are set out in section 6.D. of this decision, the Panel is satisfied that the Respondent registered and has used the Domain Name in bad faith. Bad faith registration and use are essentially inconsistent with use in connection with a *bona fide* offering of goods or services (paragraph 4(c)(i) of the Policy), and with the concept of "legitimate noncommercial or fair use" (paragraph 4(c)(iii) of the Policy).

## D. Registered and Used in Bad Faith

Paragraph 4(b) of the Policy lists a number of circumstances which, without limitation, are deemed to be evidence of the

registration and use of a domain name in bad faith. Those circumstances are:

(i) circumstances indicating that [a respondent has] registered or acquired a disputed domain name primarily for the purpose of selling, renting, or otherwise transferring the disputed domain name to the complainant or to a competitor of the complainant, for valuable consideration in excess of [the respondent's] documented out-of-pocket costs directly related to the disputed domain name; or

(ii) [the respondent has] registered the disputed domain name in order to prevent the complainant from reflecting the complainant's trade mark or service mark in a corresponding domain name, provided that [the respondent has] engaged in a pattern of such conduct; or

(iii) the respondent has registered the disputed domain name primarily for the purpose of disrupting the business of a competitor; or

(iv) by using the disputed domain name, [the respondent has] intentionally attempted to attract, for commercial gain, Internet users to [the respondent's] website or other on-line location, by creating a likelihood of confusion with the complainant's mark as to the source, sponsorship, affiliation, or endorsement of [the respondent's] website or location or of a product or service on [the respondent's] website or location.

The Panel is in no doubt that the Respondent registered and has used the Domain Name for the bad faith purpose described in paragraph 4(b)(iv) of the Policy. The Panel has reached that view for the following reasons.

1. The Complainant operates its flagship website at the domain name <beachbody.com>. It is inconceivable that anyone would have registered a domain name "[wwwdomainname].com", without first turning his or her mind to the question of who owned the domain name "[domainname].com". The fact that the Respondent's website also features links to websites offering goods or services of competitors of the Complainant, leaves little room for doubt that the Respondent was aware of the Complainant and its website at "www.beachbody.com", when the Domain Name was registered.

2. Registering a domain name commencing with the expression "www" (the abbreviation for "worldwide web" which is used as a prefix in all website addresses), is a well known cybersquatter's stratagem. It is typically designed to create confusion between the "www…." domain name and the (otherwise identical) domain name which does not have those three letters at the beginning, thereby attracting increased Internet traffic to the cybersquatter's website and providing additional profit for the cybersquatter. See for example the Panel decision in *Trustmark National Bank v. Henry Tsung*, WIPO Case No. D2004-0274, where the Panel referred with approval to the case of *Pfizer, Inc. v. Seocho and Vladimir Snezko*, WIPO Case No. D2001-1199 (a case which was concerned with the domain name <wwwpfizer.com>). In the *Pfizer* case, the Panel held that the disputed domain name is identical or confusingly similar to the marks owned by the complainant, "the only difference being that www has been inserted in front of the PFIZER mark, a practice known as typo or typosquatting, for the purpose of exploiting users' typographical mistakes when seeking Complainant's site, namely those users who erroneously omit the period between www and Pfizer."

3. The Respondent's failure to provide any contact details other than those of a privacy shield service, is consistent with the Panel's overall impression of bad faith registration and use, as is the Respondent's failure to file any Response in this proceeding.

4. Having regard to the foregoing, the Panel is satisfied that the Domain Name was registered and has been used for the bad faith purpose described in paragraph 4(b)(iv) of the Policy. The Respondent has deliberately selected a domain name which is almost identical to the Complainant's mark, for the bad faith purpose of creating confusion in an attempt to attract additional Internet traffic to the Respondent's website, thereby trading off the Complainant's goodwill in its marks.

The Complainant having proved each element of paragraph 4(a) of the Policy, the Domain Name must be transferred to the Complainant.

## 7. Decision

For all the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the domain name <wwwbeachbody.com> be transferred to the Complainant.

Exhibit 26
Page 479

Warwick Smith
Sole Panelist

Dated: October 31, 2008

Exhibit 26
Page 480

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome                                  My Account



# Wwwbeachbody.com on 2008-10-24 - Domain History

« Previous                                                                      Next »

| | |
|---|---|
| **Domain:** | **wwwbeachbody.com** -  Domain History |
| **Cache Date:** | 2008-10-24 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@lakshinternetservices.com |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226313093


Domain Name: WWWBEACHBODY.COM


Registrant:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169


Creation Date: 21-Mar-2003
Expiration Date: 21-Mar-2011


Domain servers in listed order:
     ns2.optimize5000.com
     ns1.optimize5000.com


Administrative Contact:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 27 of 258   Page ID
#:3009

```
          Jogeshwari (W),
          Mumbai
          Maharashtra,400102
          IN
          Tel. +91.9322160169


Technical Contact:
          LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
          LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
          Room No.30, Fatima Bibi Chawl,
          Gulshan Nagar,Behram Baug,
          Jogeshwari (W),
          Mumbai
          Maharashtra,400102
          IN
          Tel. +91.9322160169


Billing Contact:
          LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
          LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
          Room No.30, Fatima Bibi Chawl,
          Gulshan Nagar,Behram Baug,
          Jogeshwari (W),
          Mumbai
          Maharashtra,400102
          IN
          Tel. +91.9322160169


Status:LOCKED
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 28 of 258   Page ID
#:3010

# High Court of Judicature at Bombay

## CASE DETAILS

### Bench:-Bombay

| | | | |
|---|---|---|---|
| **Lodging No.:-** | SL/3504/2008 | **Filing Date:-** | 21/11/2008 |

**Petitioner:-** LAKSH INTERNET SOLUTIONS PVT. LTD. -   **Respondent:-** PRODUCT PARTNERS, LLC, CALIFORNIA A

**Petn.Adv.:-** ABHAY P. PANDE 

**District:-** BOMBAY

**Bench:-** SINGLE

**Status:-** Pre-Admission  **Category:-** SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

***PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.***

 **TrafficZ**  **DomainTools**  LeaseThis.com          Welcome                    My Account



# Buyambien.com on 2007-11-12 - Domain History

« Previous                                                                    Next »

**Domain:**             **buyambien.com** - Domain History

**Cache Date:**         2007-11-12

**Registrar:**          PRIVATE DOMAINS, INCORPORATED

**Registrant Search:**  Click on an email address we found in this whois record
                        to see which other domains the registrant is associated with:
                        info2@enom.com  jaylenvaughan@bigpond.com

---

```
Registration Service Provided By: eNom, Inc.
Contact: info2@eNom.com

Domain name: buyambien.com

Administrative Contact:
    -
    William Vaughan (jaylenvaughan@bigpond.com)
    +1.0732882978
    Fax: +1.0732882978
    11 Gila Place
    Springfield, WA 4300
    US

Technical Contact:
    -
    William Vaughan (jaylenvaughan@bigpond.com)
    +1.0732882978
    Fax: +1.0732882978
    11 Gila Place
    Springfield, WA 4300
    US

Registrant Contact:
    -
    William Vaughan (jaylenvaughan@bigpond.com)
    +1.0732882978
    Fax: +1.0732882978
```

```
            11 Gila Place
            Springfield, WA 4300
            US


       Status: Locked

       Name Servers:
            dns1.name-services.com
            dns2.name-services.com
            dns3.name-services.com
            dns4.name-services.com
            dns5.name-services.com


       Creation date: 07 Nov 2007 19:45:51
       Expiration date: 07 Nov 2008 19:45:51
```

Exhibit 26
Page 485





# Buyambien.com on 2008-08-11 - Domain History

« Previous                                                              Next »

| | |
|---|---|
| **Domain:** | **buyambien.com** - Domain History |
| **Cache Date:** | 2008-08-11 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: 007p17050408@privatewhois.in |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226313093

Domain Name: BUYAMBIEN.COM

Registrant:
      Private Whois Escrow Domains Private Limited.
      Private Whois For 007P17050408        (007P17050408@privatewhois.in)
      707,C-Wing,7th Floor, The Neptune Versova Society,
      Lokhandwala Complex, 4th Cross Road,
      Andheri (West)
      Mumbai
      Maharashtra,400053
      IN
      Tel. +91.02226300138
      Fax. +91.02226311820

Creation Date: 07-Nov-2007
Expiration Date: 07-Nov-2009

Domain servers in listed order:
      ns1.dsredirection.com
      ns2.dsredirection.com

Administrative Contact:
      Private Whois Escrow Domains Private Limited.
      Private Whois For 007P17050408        (007P17050408@privatewhois.in)
      707,C-Wing,7th Floor, The Neptune Versova Society,
```

```
            Lokhandwala Complex, 4th Cross Road,
            Andheri (West)
            Mumbai
            Maharashtra,400053
            IN
            Tel. +91.02226300138
            Fax. +91.02226311820


    Technical Contact:
            Private Whois Escrow Domains Private Limited.
            Private Whois For 007P17050408        (007P17050408@privatewhois.in)
            707,C-Wing,7th Floor, The Neptune Versova Society,
            Lokhandwala Complex, 4th Cross Road,
            Andheri (West)
            Mumbai
            Maharashtra,400053
            IN
            Tel. +91.02226300138
            Fax. +91.02226311820


    Billing Contact:
            Private Whois Escrow Domains Private Limited.
            Private Whois For 007P17050408        (007P17050408@privatewhois.in)
            707,C-Wing,7th Floor, The Neptune Versova Society,
            Lokhandwala Complex, 4th Cross Road,
            Andheri (West)
            Mumbai
            Maharashtra,400053
            IN
            Tel. +91.02226300138
            Fax. +91.02226311820


    Status:ACTIVE
```

Exhibit 26
Page 487



# WIPO Arbitration and Mediation Center

**ADMINISTRATIVE PANEL DECISION**

**Sanofi-Aventis v. PLUTO DOMAIN SERVICES PRIVATE LIMITED**

**Case No. D2008-1483**

### 1. The Parties

Complainant is Sanofi-Aventis, Paris, France, represented by Bird & Bird, France.

Respondent is PLUTO DOMAIN SERVICES PRIVATE LIMITED, Mumbai, Maharashtra, India.

### 2. The Domain Name and Registrar

The disputed domain name, <buyambien.com>, is registered with Lead Networks Domains Pvt. Ltd.

### 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on September 30, 2008. On October 1, 2008, the Center transmitted by email to Lead Networks Domains Pvt. Ltd. a request for registrar verification in connection with the domain name at issue. On October 7, 2008, Lead Networks Domains Pvt. Ltd. transmitted by email to the Center its verification response disclosing registrant and contact information for the disputed domain name which differed from the named Respondent and contact information in the Complaint. The Center sent an email communication to Complainant on October 8, 2008 providing the registrant and contact information disclosed by the Registrar, and inviting Complainant to submit an amendment to the Complaint. Complainant filed an amended Complaint on October 13, 2008. The Center verified that the Complaint together with the amended Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy" or "UDRP"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified Respondent of Complaint, and the proceedings commenced on October 15, 2008. In accordance with the Rules, paragraph 5(a), the due date for a Response

was November 4, 2008. Respondent did not submit any response. Accordingly, the Center notified Respondent's default on November 5, 2008.

The Center appointed Bradley A. Slutsky as the sole panelist in this matter on November 19, 2008. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

## 4. Factual Background

Complainant attached to the Complaint trademark registration records for AMBIEN from various countries throughout the world. The registration records date back to at least 1991. Some of the registrations are in the name of Complainant and some are in the name of Synthelabo, which Complainant appears to assert is Complainant's predecessor.

Respondent registered the domain name <buyambien.com> ("Respondent's domain name") on November 7, 2007. Complainant attached web page printouts to its Complaint which show that Respondent's domain name leads to a website with links to information concerning various drugs, including links to websites that purport to sell AMBIEN and competitive drugs without prescriptions.

## 5. Parties' Contentions

### A. Complainant

Complainant asserts that it is one of the largest pharmaceutical companies in the world, and that its predecessor launched the AMBIEN pharmaceutical treatment for insomnia at least as early as 1993. Complainant asserts that it has a strong presence in India, where Respondent is located. Complainant also asserts that AMBIEN is one of the leading treatments for insomnia. As noted above, Complainant has presented evidence of many trademark registrations around the world, dating back to at least 1991. Some of those trademark registrations are in the name of Sanofi-Aventis. Complainant has provided evidence that it or its apparently related companies also have registered many domain names that use the AMBIEN trademark, including <ambien.fr>; <ambien.us>; <ambien.co.uk>; <ambien.com>; <ambien.net> and <ambien.biz>. Complainant also notes that it has prevailed in many domain name disputes where domain names have incorporated the AMBIEN trademark, including *Sanofi-aventis v. Grzegorz kowalski*, WIPO Case No. D2006-0258 (July 6, 2006) (transferring <buyambienonline.info>), *Sanofi-aventis v. Artie Toothaker*, WIPO Case No. D2006-0256 (June 9, 2006) (transferring the disputed domain name at issue in this case, <buyambien.com>), *Sanofi-aventis v. Edith Van Der Linden*, WIPO Case No. D2006-0372 (April 24, 2006) (transferring <buyambien.info>) and *Sanofi-Aventis v. Webinterfaces LLC*, WIPO Case No. DWS2005-0003 (February 2, 2006) (transferring <buyambien.ws>). Complainant asserts that the disputed domain name incorporates Complainant's entire AMBIEN trademark along with the generic word "buy" and the gTLD ".com", and is therefore confusingly similar to Complainant's trademark. Complainant further asserts that the AMBIEN trademark is well known around the world, that Respondent has done nothing to disclaim any relationship with Complainant, that Complainant has not licensed Respondent to use the AMBIEN trademark, that Respondent registered the disputed domain name because of the domain name's association with Complainant, and that Respondent therefore has no right or legitimate interest in the domain name. Finally, Complainant asserts that Respondent has registered and used the disputed domain name in bad faith because Respondent's use is not authorized, Respondent must have known of Complainant's trademark rights, Respondent is using the disputed domain name to link to products that compete with AMBIEN (among other things), and Respondent is misleading Internet users into believing that Respondent's website is associated with Complainant. Complainant also asserts that the disputed domain name has been offered for sale, but Complainant presented no evidence on this last point.

### B. Respondent

The Respondent did not reply to the Complainant's contentions.

## 6. Discussion and Findings

Pursuant to Rules paragraph 15, panelists in domain name disputes "shall decide a complaint on the basis of the

statements and documents submitted and in accordance with the Policy, these Rules and any rules and principles of law that [they deem] applicable."

Under Policy paragraph 4(a), Complainant must prove the following:

(i) Respondent's domain name is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and

(ii) Respondent has no rights or legitimate interests in respect of the domain name; and

(iii) Respondent's domain name has been registered and is being used in bad faith.

## A. Identical or Confusingly Similar

Under Policy paragraph 4(a)(i), Complainant must show that the domain name at issue is "identical or confusingly similar to a trademark or service mark in which the complainant has rights".

The numerous registration certificates attached to the Complaint demonstrate that Complainant has rights in the mark AMBIEN. Respondent's domain name consists of the generic word "buy", plus Complainant's trademark "AMBIEN", plus the generic top level domain ".com". The "Ambien" portion of the disputed domain name is identical to Complainant's trademark. The addition of the word "buy" at the beginning of the disputed Respondent's domain name does not remove the confusing similarity between the disputed Respondent's domain name and Complainant's trademark. *United Consumers Club, Inc. v. Texas International Property Associates*, WIPO Case No. D2007-0987 (October 5, 2007) ("[n] umerous [UDRP] Panel decisions have established that the addition of words or letters to a mark used in a domain name does not alter the fact that the domain name is confusingly similar to the mark, 3 J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition § 23: 50 (4th ed. 1998). See *General Electric Company v. CPIC NET and Hussain Syed,* WIPO Case No.. D2001-0087 (May 2, 2001)").

Indeed, the use of an associated word such as "buy" suggests that the disputed domain name may be an authorized site from which to purchase the product from Complainant or a licensee, thereby contributing to confusion. See, e.g., *F. Hoffmann-La Roche AG v. Brian Robinson*, WIPO Case No. D2007-0659 (June 27, 2007) ("Confusing similarity is especially acute in this case where the generic term 'buy' has been tagged onto Complainant's VALIUM trademark and where that term simply relates to the availability of VALIUM-branded products on the Internet") and *Lilly ICOS LLC v. East Coast Webs, Sean Lowery*, WIPO Case No. D2004-1101 (March 16, 2005) ("Here, Respondent's addition of the descriptive word 'buy' to Complainant's CIALIS brand pharmaceutical product suggests that Respondent's web site is a source from which a consumer might purchase Complainant's CIALIS brand pharmaceutical product. The addition of 'buy' does not in any way distinguish Respondent from Complainant, and indeed suggests an affiliation, using Complainant's trademark to promote Respondent's business"). Similarly, the addition of ".com" at the end of the domain name also does not remove the confusing similarity between Respondent's domain name and Complainant's trademark; *United Consumers Club, Inc. v. Texas International Property Associates, supra*) ("The addition of the .com top level domain also does nothing to dispel the confusing similarity between Respondent's domain name and Complainant's trademark.").

Similar principles were applied by another panel to determine that this very domain name <buyambien.com> is confusingly similar to Complainant's AMBIEN trademark. *Sanofi-aventis v. Artie Toothaker, supra.* This panel agrees with that conclusion.

Accordingly, the Panel finds that the disputed domain name is confusingly similar to a trademark or service mark in which Complainant has rights, and that Policy paragraph 4(a)(i) is satisfied.

## B. Rights or Legitimate Interests

The Complainant also must demonstrate that the Respondent has "no rights or legitimate interests in respect of the domain name". Policy paragraph 4(a)(ii). "Any of the following circumstances, in particular but without limitation, if found by the Panel to be proved based on its evaluation of all evidence presented, shall demonstrate [the Respondent's] rights or legitimate interests to the domain name for purposes of Paragraph 4(a)(ii):

(i) before any notice to [Respondent] of the dispute, [Respondent's] use of, or demonstrable preparations to use, the domain name or a name corresponding to the domain name in connection with a *bona fide* offering of goods or services; or

(ii) [Respondent] (as an individual, business, or other organization) ha[s] been commonly known by the domain name,

even if [Respondent has] acquired no trademark or service mark rights; or

(iii) [Respondent is] making a legitimate noncommercial or fair use of the domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue."

Policy, paragraph 4(c).

"Ambien" does not appear to be an English word and Respondent's combination of the word "buy" with Complainant's trademark indicates that Respondent – PLUTO DOMAIN SERVICES PRIVATE LIMITED would not be commonly known as <buyambien.com>. The use of the disputed domain name <buyambien.com> in connection with a website that offers pharmaceutical drugs for sale appears to be designed to trade on the goodwill associated with Complainant's trademark. Such use is not considered a *bona fide* or a fair use under the Policy; *Hoffmann-La Roche Inc. v. Onlinetamiflu.com*, WIPO Case No. D2007-1806 (February 19, 2008) ("Screens from Respondent's website presently accessible to the Panel online show that the disputed domain name is being used to promote products of Complainant's competitors, and links to online pharmacies. The Panel therefore finds that Respondent's use of the disputed domain name demonstrates Respondent's lack of a legitimate non-commercial interest in or fair use of, the domain name"). See also *Sanofi-aventis v. Artie Toothaker*, *supra*).

Accordingly, the Panel finds that Respondent has no rights or legitimate interests in respect of the domain name, and that Policy paragraph 4(a)(ii) is satisfied.

## C. Registered and Used in Bad Faith

The Complainant also bears the burden of establishing that the "domain name has been registered and is being used in bad faith". Policy, paragraph 4(a)(iii). As set forth in the Policy, paragraph 4(b):

"[T]he following circumstances, in particular but without limitation, if found by the Panel to be present, shall be evidence of the registration and use of a domain name in bad faith:

(i) circumstances indicating that [the Respondent has] registered or [the Respondent has] acquired the domain name primarily for the purpose of selling, renting, or otherwise transferring the domain name registration to the complainant who is the owner of the trademark or service mark or to a competitor of that complainant, for valuable consideration in excess of [Respondent's] documented out-of-pocket costs directly related to the domain name; or

(ii) [Respondent has] registered the domain name in order to prevent the owner of the trademark or service mark from reflecting the mark in a corresponding domain name, provided that [Respondent has] engaged in a pattern of such conduct; or

(iii) [Respondent has] registered the domain name primarily for the purpose of disrupting the business of a competitor; or

(iv) by using the domain name, [Respondent has] intentionally attempted to attract, for commercial gain, Internet users to [Respondent's] web site or other on-line location, by creating a likelihood of confusion with the complainant's mark as to the source, sponsorship, affiliation, or endorsement of [Respondent's] web site or location or of a product or service on [Respondent's] web site or location."

Complainant asserts that Respondent is not authorized to use Complainant's AMBIEN trademark, that Respondent was aware of the trademark when it registered the disputed domain name, and that Respondent is using the disputed domain name to link Internet users to competitive products (among other things), while confusing users into believing that Respondent's website is affiliated with Complainant. The unauthorized use of Complainant's trademark to sell competitive products constitutes bad faith under paragraph 4(b)(iv) of the Policy. *Hoffmann-LaRoche Inc. v. sasha rutova*, WIPO Case No. D2008-0746 (July 8, 2008); *Sepracor Inc. v. graphicsmachine.com*, WIPO Case No. D2007-0646 (June 28, 2007); and *Sanofi-aventis v. Grzegorz kowalski*; *Sanofi-aventis v. Artie Toothaker*; *Sanofi-aventis v. Edith Van Der Linden*; *Sanofi-Aventis v. Webinterfaces LLC*, *supra*.

The factors under paragraph 4(b) of the Policy are nonexclusive. AMBIEN is a prescription drug and the materials attached to the Complaint as well as the Panel's own visit to the "www.buyambien.com" website indicate that the disputed domain name leads to online sites that purport to sell AMBIEN without a prescription. Indeed, there is an apparently rotating link on Respondent's domain name which states "Ambien without a prescription". The use of a domain name that is confusingly similar to a prescription drug, in order to sell the drug without a prescription, presents a potentially serious public health risk and is a bad faith use of the domain name. *Sepracor Inc. v. Shonkin Inc.*, WIPO Case No. D2008-1258 (October 29,

2008); *Hoffmann-La Roche Inc. v. Kevin Chang*, WIPO Case No. D2008-1344 (October 27, 2008); *Hoffmann-La Roche Inc. v. Private Whois for RX-ACCUTANE.COM / LAKSH INTERNET SOLUTIONS PRIVATE LIMITED*, WIPO Case No. D2008-0682 (July 2, 2008) ("The evidence is clear that the sales of the ACCUTANE product or competitive products were made possible by the use of the website of the Respondent associated with the domain name in dispute to reach online pharmacies, which is illegal in the U.S. and that such sales result from the confusion created by the domain name in dispute and the well known Trademark of the Complainant. These activities have been considered as causing harm to the public and the Complainant and are showing use of the domain name in bad faith").

Accordingly, the Panel finds that the disputed domain name has been registered and is being used in bad faith, and that Policy paragraph 4(a)(iii) is satisfied.

## 7. Decision

For all the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the domain name <buyambien.com> be transferred to the Complainant.

---

Bradley A. Slutsky
Sole Panelist

Dated: December 2, 2008

Exhibit 26
Page 492

 **TrafficZ**   **DomainTools**   **LeaseThis.com**        Welcome                **My Account**



# Buyambien.com on 2008-11-09 - Domain History

**« Previous**                                                           **Next »**

**Domain:**                    **buyambien.com** - **Domain History**

**Cache Date:**              2008-11-09

**Registrar:**                 **LEAD NETWORKS DOMAINS PVT. LTD.**

**Registrant Search:**    Click on an email address we found in this whois record
                              to see which other domains the registrant is associated with:
                              contact@plutodomainservices.com

---

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226313093

Domain Name: BUYAMBIEN.COM

Registrant:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.           (contact@PlutoDomainServices.com)
     A to Z Business Centre, Cabin No.02
     Room No.30,Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 07-Nov-2007
Expiration Date: 07-Nov-2009

Domain servers in listed order:
     ns1.dsredirection.com
     ns2.dsredirection.com

Administrative Contact:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.           (contact@PlutoDomainServices.com)
     A to Z Business Centre, Cabin No.02
     Room No.30,Fatima Bibi Chawl,
```

Exhibit 26
Page 493

```
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

    Technical Contact:
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
        A to Z Business Centre, Cabin No.02
        Room No.30,Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

    Billing Contact:
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
        A to Z Business Centre, Cabin No.02
        Room No.30,Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

    Status:LOCKED
```

Exhibit 26
Page 494



# High Court of Judicature at Bombay

## CASE DETAILS

### Bench:-Bombay

| *Lodging No.:-* | SL/3689/2008 | *Filing Date:-* | 15/12/2008 | *Reg. No.:-* | S/13/2009 | *Reg. Date:-* | 05/01/2009 |
|---|---|---|---|---|---|---|---|

*Petitioner:-* PLUTO DOMAIN SERVICES PVT. LTD. -      *Respondent:-* SANAFI AVENTIS AND ANR. -

*Petn.Adv.:-* ABHAY P. PANDE

*District:-* BOMBAY

*Bench:-* SINGLE

*Status:-* Pre-Admission                    *Category:-* SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgment |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

Exhibit 26
Page 495

TrafficZ   **DomainTools**   LeaseThis.com          Welcome                    My Account



## Newcastlepermanet.com on 2008-07-16 - Domain History

« Previous

**Domain:**              **newcastlepermanet.com** - Domain History

**Cache Date:**          2008-07-16

**Registrar:**           CAPITOLDOMAINS, LLC

**Registrant Search:**   Click on an email address we found in this whois record
                         to see which other domains the registrant is associated with:
                         25dd5fa1e46b9b2b94bba76536016adbfd139943@capitoldomains-privacy-service.org

```
Registrant:
     CapitolDomains LLC Privacy Service (NEWCASTLEPERMANET-COM-DOM)
     3109 Grand Avenue PMB 456
     Coconut Grove, FL 33133
     US
     +1.8013064032
     +1.8013064032
     25dd5fa1e46b9b2b94bba76536016adbfd139943@capitoldomains-privacy-service.org

     Domain Name: NEWCASTLEPERMANET.COM
     Status: PROTECTED

     Administrative Contact:
        CapitolDomains LLC Privacy Service 25dd5fa1e46b9b2b94bba76536016adbfd139943@capitoldomains-p
        3109 Grand Avenue PMB 456
        Coconut Grove, FL 33133
        US
        +1.8013064032
        Fax- +1.8013064032

     Technical Contact, Zone Contact:
        CapitolDomains LLC Privacy Service 25dd5fa1e46b9b2b94bba76536016adbfd139943@capitoldomains-p
        3109 Grand Avenue PMB 456
        Coconut Grove, FL 33133
        US
        +1.8013064032
        Fax- +1.8013064032
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 42 of 258   Page ID #:3024

```
Record last updated on 09-Jul-2008.
Record expires on 18-Sep-2008.
Record created on 18-Sep-2007.

Domain servers in listed order:
    Name Server: DNS1.MONSTERNETSERVICES.COM
    Name Server: DNS2.MONSTERNETSERVICES.COM
    Name Server: DNS3.MONSTERNETSERVICES.COM
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 43 of 258   Page ID #:3025



# WIPO Arbitration and Mediation Center

**ADMINISTRATIVE PANEL DECISION**

**Newcastle Permanent Building Society Limited v. Pluto Domain Services Private Limited**

**Case No. D2008-1468**

## 1. The Parties

The Complainant is Newcastle Permanent Building Society Limited, of Newcastle, Australia, represented by Mallesons Stephen Jaques, Australia.

The Respondent is Pluto Domain Services Private Limited, of Mumbai, Maharashtra, India.

## 2. The Domain Names and Registrar

The disputed domain names <newcastlepermanet.com> and <newcastlepermenent.com> are registered with Lead Networks Domains Pvt. Ltd.

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on September 30, 2008. On September 30, 2008, the Center transmitted by email to Lead Networks Domains Pvt. Ltd. a request for registrar verification in connection with the domain names at issue. The Center followed up with reminders to the Registrar on October 6 and 7, 2008. On October 7, 2008, Lead Networks Domains Pvt. Ltd. transmitted by email to the Center its verification response disclosing registrant and contact information for the disputed domain names which differed from the named Respondent and contact information in the Complaint. The Center sent an email communication to the Complainant on October 8, 2008, providing the registrant and contact information disclosed by the Registrar, and inviting the Complainant to submit an amendment to the Complaint. The Complainant filed an amendment to the Complaint on October 10, 2008.[1] The Center verified that the Complaint together with the amendment to the Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified the Respondent of the Complaint, and the proceedings commenced on October 13, 2008. In accordance with the Rules, paragraph 5(a), the due date for Response was November 2, 2008. The Respondent did not submit any response. Accordingly, the Center notified the Respondent's default on November 3, 2008.

The Center appointed William R. Towns as the sole panelist in this matter on November 19, 2008. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

On December 1, 2008, the Complainant filed with the Center an unsolicited supplemental statement with respect to an email communication the Complainant received from the Respondent on November 23, 2008. This is addressed further below.

## 4. Factual Background

The Complainant is a building society providing insurance and financial services, including business banking services, and is the holder of an Australian device trademark registration for NEWCASTLE PERMANENT BUSINESS BANKIN. The Complainant first registered this trademark on August 3, 2000, and has used the NEWCASTLE PERMANENT word mark in commerce since as early as 1963.[2] The marks NEWCASTLE PERMANENT BUSINESS BANKING and NEWCASTLE PERMANENT hereinafter are collectively referred for convenience either as "the NEWCASTLE PERMANENT mark" or "the Complainant's mark".

The Complainant has operated online an official website at "www.newcastlepermanent.com.au" since 1997, providing information regarding its finance and business banking products and services, and enabling the Complainant's customers to conduct online banking since January 2001. In addition to the domain name <newcastlepermanent.com.au>, the Complainant also owns registrations for the domain names <newcastlepermanent.net.au>, <newcastlepermanent.biz>, <newcastlepermanent.com>, and <newcastlepermanant.com>, all of which automatically redirect Internet users to the Complainant's official website.

The disputed domain names <newcastlepermenent.com> and <newcastlepermanet.com> were registered in August and September 2007, respectively. They currently are being used by the Respondent in connection with websites that contain advertising links to the Complainant's website as well as to third party websites offering products and services that compete directly with those of the Complainant. The record reflects that the Respondent employed a privacy service to shield its identity when registering the disputed domain names. There also is evidence in the record of the Respondent's use of robot.txt, which prevents any history of the use of the domain names from being made publicly available on the Internet Archive.

## 5. Parties' Contentions

### A. Complainant

The Complainant asserts that it is well-known in Australia as a leading supplier of banking and other financial services. According to the Complainant, it has more than 300,000 customers, and has continuously used NEWCASTLE PERMANENT either as a word mark or as part of the NEWCASTLE PERMANENT device since 1963 to distinguish its services from the goods and services of other traders. As a result the Complainant maintains that is has established significant goodwill in the mark.

The Complainant contends that the disputed domain names are confusingly similar to the Complainant's NEWCASTLE PERMANENT mark, as both domain names consist of minor and common misspellings of the word "Newcastle Permanent". According to the Complainant, the Respondent has no rights or legitimate interests in the disputed domain names, as the Respondent has not been authorized to use the Complainant's mark and is not commonly known by the disputed domain names. The Complainant contends that the Respondent is not using the domain names in connection with a *bona fide* offering of goods or services, but is instead using the domain names to redirect Internet visitors to other websites, which are in direct competition with the products and services offered by the Complainant.

The Complainant contends that the totality of the circumstances reflect the Respondent's bad faith registration and use of the disputed domain names. The Complainant argues that the Respondent has engaged in the bad faith practice of

typosquatting, and further asserts that bad faith may be inferred from the Respondent's use of a privacy protection service to shield its true identity and the employment of robot.txt to prevent investigation into the historical use of the disputed domain names. Moreover, the Complainant maintains that the Respondent's bad faith is demonstrated by the Respondent's use of the disputed domain names with website providing advertising links to third party websites related to financing services, which is the Complainant's core business.

## B. Respondent

The Respondent did not reply to the Complainant's contentions.

## 6. The Parties' Supplemental Submissions

On December 1, 2008, the Complainant filed with the Center a supplemental statement regarding an email communication the Complainant received from the Respondent on November 23, 2008. In that email, the Respondent offered to transfer the disputed domain names to the Complainant provided the Complainant reimbursed the Respondent for alleged out-of-pocket expenses in relation to the registration of the disputed domain names of USD 2110.50 each. The Complainant advises that it rejected the Respondent's offer, and further contends that the Respondent's offer is evidence of the Respondent's bad faith.

No provision in the Policy, the Rules or the Supplemental Rules authorizes supplemental filings by either a complainant or a respondent unless so requested by the Panel. Paragraph 12 of the Rules provides that the Panel may request, in its sole discretion, further statements or documents from either of the parties. The Panel notes that the Rules and relevant UDRP decisions demonstrate a decided preference for single submissions by the parties absent exceptional circumstances. See *Rollerblade, Inc. v. CBNO and Ray Redican Jr.*, WIPO Case No. D2000-0427. UDRP panels have accepted unsolicited supplemental submissions in limited circumstances, when offered to present new, pertinent evidence not reasonably available until after the party's initial submission, *Top Driver, Inc., v. Benefits Benefits*, WIPO Case No. D2002-0972; to bring new and highly relevant legal authority not previously available to the attention of the panel, *Pet Warehouse v. Pets.Com, Inc.*, WIPO Case No. D2000-0105; or to rebut arguments of the opposing party that could not reasonably have been anticipated, *Radan Corp. v. Rapazzini Winery*, WIPO Case No. D2003-0353.

Since the Respondent's offer to transfer the disputed domain names was made subsequent to the filing of the Complaint, the Panel has determined to allow the Complainant's supplement statement of December 1, 2008. The Panel notes, however, that it has not relied upon the Complainant's supplemental statement in reaching its decision herein. Accordingly, there is no compelling reason to delay and afford the (defaulting) Respondent an invitation to reply.

## 7. Discussion and Findings

## A. Scope of the Policy

The Policy is addressed to resolving disputes concerning allegations of abusive domain name registration and use. *Milwaukee Electric Tool Corporation v. Bay Verte Machinery, Inc. d/b/a The Power Tool Store*, WIPO Case No. D2002-0774. Accordingly, the jurisdiction of this Panel is limited to providing a remedy in cases of "the abusive registration of domain names", also known as "Cybersquatting". *Weber-Stephen Products Co. v. Armitage Hardware*, WIPO Case No. D2000-0187. See Final Report of the WIPO Internet Domain Name Process, paragraphs 169 and 170.

Paragraph 15(a) of the Rules provides that the Panel shall decide a complaint on the basis of statements and documents submitted and in accordance with the Policy, the Rules and any other rules or principles of law that the Panel deems applicable.

Paragraph 4(a) of the Policy requires that the Complainant prove each of the following three elements to obtain a decision that a domain name should be either cancelled or transferred:

(i) The domain name registered by the Respondent is identical or confusingly similar to a trademark or service mark in which the Complainant has rights; and

(ii) The Respondent has no rights or legitimate interests with respect to the domain name; and

Exhibit 26
Page 500

(iii) The domain name has been registered and is being used in bad faith.

Cancellation or transfer of the domain names are the sole remedies provided to the Complainant under the Policy, as set forth in paragraph 4(i).

Paragraph 4(b) of the Policy sets forth four situations under which the registration and use of a domain name is deemed to be in bad faith, but does not limit a finding of bad faith to only these situations.

Paragraph 4(c) of the Policy in turn identifies three means through which a respondent may establish rights or legitimate interests in the domain name. Although the complainant bears the ultimate burden of establishing all three elements of paragraph 4(a) of the Policy, panels have recognized that this could result in the often impossible task of proving a negative, requiring information that is primarily if not exclusively within the knowledge of the respondent. Thus, the consensus view is that paragraph 4(c) shifts the burden to the respondent to come forward with evidence of a right or legitimate interest in the domain name, once the complainant has made a *prima facie* showing. See, *e.g., Document Technologies, Inc. v. International Electronic Communications Inc.*, WIPO Case No. D2000-0270.

## B. Identical or Confusingly Similar

The Panel finds that the disputed domain names <newcastlepermanet.com> and <newcastlepermement.com> are confusingly similar to the Complainant's NEWCASTLE PERMANENT mark for purposes of paragraph 4(a)(i) of the Policy. The critical inquiry under the first element of the Policy is whether the mark and domain name, when directly compared, are identical or confusingly similar. See *Wal-Mart Stores, Inc. v. Richard MacLeod d/b/a For Sale*, WIPO Case No. D2000-0662. In this instance, the slight differences between the disputed domain names and the Complainant's NEWCASTLE PERMANENT mark appear to be the result of deliberate misspellings strongly indicative of "typosquatting" – a form of cybersquatting in which a respondent registers and uses a domain name that is a common misspelling or predictable mistyping of a distinctive mark in order to take advantage of typographical errors made by Internet users seeking the complainant's website. There are a number of UDRP panel decisions that have found confusing similarity under paragraph 4(a)(i) based on evidence of typosquatting. See *Wachovia Corporation v. American Consumers First*, WIPO Case No. D2004-0150 and *Red Bull GmbH v. Grey Design*, WIPO Case No. D2001-1035.

Accordingly, the Panel finds that the Complainant has satisfied the requirements of paragraph 4(a)(i) of the Policy.

## C. Rights or Legitimate Interests

As noted above, once the Complainant makes a *prima facie* showing under paragraph 4(a)(ii) of the Policy, paragraph 4(c) shifts the burden to the Respondent to come forward with evidence of rights or legitimate interests in a disputed domain name. The Panel is persuaded from the record of this case that a *prima facie* showing under paragraph 4(a)(ii) has been made. It is uncontested that the Respondent has not been authorized to use the Complainant's mark or to appropriate the mark for use as a domain name, and there is no indication that the Respondent has been commonly known by the disputed domain names. Nevertheless, the record reflects the Respondent's use of the disputed domain names, which are confusingly similar to the Complainant's mark, to divert Internet users to a website containing links to various third-party websites relating to financing services, which is the Complainant's core business, including websites offering products and services directly competing with those of the Complainant.

Pursuant to paragraph 4(c) of the Policy, the Respondent may establish rights to or legitimate interests in the disputed domain names by demonstrating any of the following:

(i) before any notice to it of the dispute, the respondent's use of, or demonstrable preparations to use, the domain name or a name corresponding to the domain name in connection with a *bona fide* offering of goods or services; or

(ii) the respondent has been commonly known by the domain name, even if it has acquired no trademark or service mark rights; or

(iii) the respondent is making a legitimate noncommercial or fair use of the domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue.

The Respondent has not submitted a formal response to the Complaint, and in the absence of any such submission this Panel may accept all reasonable inferences and allegations included in the Complaint as true. See *Talk City, Inc. v. Michael Robertson*, WIPO Case No. D2000-0009. In any event, the Panel has carefully reviewed the record in this case, and finds nothing therein that would bring the Respondent's registration and use of the disputed domain name within any

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 47 of 258    Page ID
#:3029

of the safe harbors of paragraph 4(c) of the Policy.

There is no indication in the record that the Respondent has ever been commonly known by the disputed domain names. Given the presence on the Respondent's website of advertising links to various third-party websites offering financial services, which is the Complainant's core business, the Respondent cannot credibly claim to be making a legitimate noncommercial or fair use of the domains name within the contemplation of paragraph 4(c)(iii) of the Policy. See *Covanta Energy Corporation v. Anthony Mitchell*, WIPO Case No. D2007-0185 ("respondent must demonstrate that the domain name is being used without intent for commercial gain in order to successfully invoke paragraph 4(c)(iii) of the Policy.").

To the contrary, the Respondent has used the disputed domain names to divert Internet users to a website featuring advertising links that appear to be keyed to the Complainant's NEWCASTLE PERMANENT mark. Such links serve no apparent purpose other than as a vehicle for generating advertising revenue. While the use of a domain name consisting of a "dictionary" word for third party advertising may be legitimate in some circumstances, (see, e.g., *The Landmark Group v. DigiMedia.com*, L.P., No. FA 285459), the Complainant's NEWCASTLE PERMANENT mark is not a "dictionary" word. Given the circumstances reflected in the record in this case, and in the absence of any reply by the Respondent to the Complaint, the Panel finds that the Respondent's use of the disputed domain name in connection with a pay-per-click website featuring advertising links keyed to the Complainant's mark does not constitute use of the disputed domain name in connection with *a bona fide* offering of goods or services within the meaning of paragraph 4(c)(i) of the Policy. See, e.g., *Sanofi-Aventis and Merrell Pharmaceuticals Inc. v. Smart Med Pharmacy*, WIPO Case No. D2006-1113. See also *HSBC Finance Corporation v. Clear Blue Sky Inc. and Domain Manager*, WIPO Case No. D2007-0062.

Accordingly, the Panel concludes that the Complainant has satisfied the requirements of paragraph 4(a)(ii) of the Policy.

## D. Registered and Used in Bad Faith

Paragraph 4(b) of the Policy states that any of the following circumstances, in particular but without limitation, shall be considered evidence of the registration and use of a domain name in bad faith:

(i) circumstances indicating that the respondent registered or acquired the domain name primarily for the purpose of selling, renting, or otherwise transferring the domain name registration to the complainant (the owner of the trademark or service mark) or to a competitor of that complainant, for valuable consideration in excess of documented out-of-pocket costs directly related to the domain name; or

(ii) circumstances indicating that the respondent registered the domain name in order to prevent the owner of the trademark or service mark from reflecting the mark in a corresponding domain name, provided that the respondent has engaged in a pattern of such conduct; or

(iii) circumstances indicating that the respondent registered the domain name primarily for the purpose of disrupting the business of a competitor; or

(iv) circumstances indicating that the respondent intentionally is using the domain name in an attempt to attract, for commercial gain, Internet users to its website or other on-line location, by creating a likelihood of confusion with the complainant's mark as to the source, sponsorship, affiliation, or endorsement of the respondent's website or location or of a product or service on its website or location.

The examples of bad faith registration and use set forth in paragraph 4(b) of the Policy are not meant to be exhaustive of all circumstances from which such bad faith may be found. See *Telstra Corporation Limited v. Nuclear Marshmallows*, WIPO Case No. D2000-0003. The overriding objective of the Policy is to "curb the abusive registration of domain names in circumstances where the registrant is seeking to profit from and exploit the trademark of another". *Match.com, LP v. Bill Zag and NWLAWS.ORG*, WIPO Case No. D2004-0230.

The Respondent's bad faith registration and use of the disputed domain names is palpable from the record in this case. It is a reasonable inference from the circumstances in the record that the Respondent knew of and had in mind the Complainant and its NEWCASTLE PERMANENT mark when registering the disputed domain names. The Panel finds that the Respondent has engaged in the abusive practice of typosquatting, deliberately seeking to divert Internet users to its websites in order to trade on the goodwill developed in the Complainant's mark. See *Medco Health Solutions, Inc. v. LaPorte Holdings, Inc.*, WIPO Case No. D2004-0800. See also *Red Bull GmbH v. Grey Design*, WIPO Case No. D2001-1035; *Playboy Enterprises International Inc. v. SAND WebNames – For Sale*, WIPO Case No. D2001-0094; *Telstra Corp. Ltd. v. Warren Bolton Consulting Pty. Ltd.*, *supra*. The Respondent's abusive registration and opportunistic use of the disputed domain names to generate advertising revenue by creating a likelihood of confusion with the Complainant's mark constitutes bad faith registration and use under paragraph 4(a)(iii) of the Policy. See, *e.g.*, *Sanofi-Aventis and Merrell*

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 48 of 258    Page ID
#:3030

*Pharmaceuticals Inc. v. Smart Med Pharmacy*, *supra.* See also *Columbia Insurance Company, Benjamin Moore v. Whois Data Shield and St Kitts Registry*, WIPO Case No. D2007-0741; *Chicago Pneumatic Tool Company LLC v. Tool Gopher*, WIPO Case No. D2007-0330. In the circumstances of this case, the Panel notes that the Respondent's use of a privacy shield in combination with robot.txt are additional factors supporting an inference of bad faith registration and use. See *The iFranchise Group v Jay Bean/MDNH, Inc./ Moniker Privacy Services [23658]*, WIPO Case No. D2007-1438 and *Bacchus Gate Corporation d/b/a International Wine Association v. CVK and Port Media, Inc.*, WIPO Case No. D2008-0321.

Accordingly, the Panel finds that the Complainant has satisfied the requirements of paragraph 4(a)(iii) of the Policy.


## 8. Decision

For all the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the domain names, <newcastlepermanet.com> and <newcastlepermenent.com>, be transferred to the Complainant.

William R. Towns
Sole Panelist

Dated: December 3, 2008

---

[1] At the time the Complaint initially was filed, the Registrar's WhoIs database listed as the registrant of the disputed domain names a privacy protection service, Private WhoIs Escrow Domains Private Limited.

[2] The Complainant also has a pending application in Australia to register the NEWCASTLE PERMANENT device mark, which the Complainant alleges it has been using continuously since 1970.

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 49 of 258    Page ID
#:3031

TrafficZ   **DomainTools**   LeaseThis.com                Welcome                                My Account



# Newcastlepermanet.com on 2008-10-03 - Domain History

« Previous                                                                    Next »

**Domain:**              **newcastlepermanet.com** - Domain History

**Cache Date:**          2008-10-03

**Registrar:**           **LEAD NETWORKS DOMAINS PVT. LTD.**

**Registrant Search:**   Click on an email address we found in this whois record
                         to see which other domains the registrant is associated with:
                         contact@plutodomainservices.com

---

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD.
Contact: +91.02226313093

Domain Name: NEWCASTLEPERMANET.COM

Registrant:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.        (contact@PlutoDomainServices.com)
     Room No.30,Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 18-Sep-2007
Expiration Date: 18-Sep-2009

Domain servers in listed order:
     ns2.idnsserver.net
     ns1.idnsserver.net

Administrative Contact:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.        (contact@PlutoDomainServices.com)
     Room No.30,Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
```

Exhibit 26
Page 504

```
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

Technical Contact:
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
        Room No.30,Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

Billing Contact:
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
        Room No.30,Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Status:LOCKED
```

Exhibit 26

Case 2:09-cv-00613-ABC-CW   Document 132-5   Filed 12/03/10   Page 51 of 258   Page ID #:3033

# High Court of Judicature at Bombay

## CASE DETAILS

### *Bench:-Bombay*

| | | | | | | |
|---|---|---|---|---|---|---|
| *Lodging No.:-* | SL/3690/2008 | *Filing Date:-* | 15/12/2008 | *Reg. No.:-* S/173/2009 | *Reg. Date:-* | 20/01/2009 |

*Petitioner:-* PLUTO DOMAIN SERVICES PVT. LTD. -  *Respondent:-* NEWCASTLE PERMANENT BUILDING SOCII

*Petn.Adv.:-* ABHAY P. PANDE 

*District:-* BOMBAY

*Bench:-* SINGLE

*Status:-* Pre-Admission     *Category:-* SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*



TrafficZ    **DomainTools**    LeaseThis.com            Welcome                    My Account

# Ninewestshoes.com on 2007-11-13 - Domain History

« Previous                                                                    Next »

**Domain:**               **ninewestshoes.com** - Domain History

**Cache Date:**           2007-11-13

**Registrar:**            LEAD NETWORKS DOMAINS PVT. LTD.

**Registrant Search:**    Click on an email address we found in this whois record
                          to see which other domains the registrant is associated with:
                          ninewestshoes.com@privatewhois.in

---

```
Registration Service Provided By: PRIVATE WHOIS
Contact: +91.02226300138

Domain Name: NINEWESTSHOES.COM

Registrant:
     Private WHOIS FOR NINEWESTSHOES.COM
     Privacy Protection        (NINEWESTSHOES.COM@privatewhois.in)
     B-304,Florida, Y-11, Shastrinagar,
     Lokhandwala Complex,
     Andheri (West)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.02226300138
     Fax. +91.02226311820

Creation Date: 15-Jun-2000
Expiration Date: 15-Jun-2008

Domain servers in listed order:
     dns12.leadnetworks.com
     dns11.leadnetworks.com

Administrative Contact:
     Private WHOIS FOR NINEWESTSHOES.COM
     Privacy Protection        (NINEWESTSHOES.COM@privatewhois.in)
     B-304,Florida, Y-11, Shastrinagar,
```

Exhibit 26
Page 507

```
                    Lokhandwala Complex,
                    Andheri (West)
                    Mumbai
                    Maharashtra,400053
                    IN
                    Tel. +91.02226300138
                    Fax. +91.02226311820


        Technical Contact:
                    Private WHOIS FOR NINEWESTSHOES.COM
                    Privacy Protection          (NINEWESTSHOES.COM@privatewhois.in)
                    B-304,Florida, Y-11, Shastrinagar,
                    Lokhandwala Complex,
                    Andheri (West)
                    Mumbai
                    Maharashtra,400053
                    IN
                    Tel. +91.02226300138
                    Fax. +91.02226311820


        Billing Contact:
                    Private WHOIS FOR NINEWESTSHOES.COM
                    Privacy Protection          (NINEWESTSHOES.COM@privatewhois.in)
                    B-304,Florida, Y-11, Shastrinagar,
                    Lokhandwala Complex,
                    Andheri (West)
                    Mumbai
                    Maharashtra,400053
                    IN
                    Tel. +91.02226300138
                    Fax. +91.02226311820


        Status:LOCKED
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 54 of 258   Page ID
#:3036



# WIPO Arbitration and Mediation Center

**ADMINISTRATIVE PANEL DECISION**

**Nine West Development Corporation v. Private Whois for Ninewestshoes.com/Comdot Internet Services Private Limited.**

**Case No. D2007-1723**

## 1. The Parties

The Complainant is Nine West Development Corporation, Wilmington, Delaware, United States of America, represented by its internal representative.

The Respondent is Private Whois for Ninewestshoes.com/Comdot Internet Services Private Limited., Mumbai, Maharashtra, India.

## 2. The Domain Name and Registrar

The disputed domain name <ninewestshoes.com> is registered with Lead Networks Domains Pvt. Ltd..

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on November 21, 2007. On November 23, 2007, the Center transmitted by email to Lead Networks Domains Pvt. Ltd. a request for registrar verification in connection with the domain name at issue. On December 5, 2007, Lead Networks Domains Pvt. Ltd. transmitted by email to the Center its verification response disclosing registrant and contact information for the domain name which differed from the named Respondent and contact information in the Complaint. The Center sent an email communication to the Complainant on December 5, 2007, providing the registrant and contact information disclosed by the Registrar, and inviting the Complainant to submit an amendment to the Complaint. The Complainant filed an amendment to the Complaint on December 5, 2007. The Center verified that the Complaint together with the amendment to the Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified the Respondent of the Complaint, and the proceedings commenced on December 7, 2007. On December 19, 2007, the Respondent contacted the Centre to

Exhibit 26
Page 509

enquire about the procedure in case it needed further time to file a response. The Centre replied by email the necessary information. Since then, there does not appear to have been any communication from the Respondent. In accordance with the Rules, paragraph 5(a), the due date for Response was December 27, 2007. The Respondent did not submit a response within that time limit. Accordingly, the Center notified the Respondent's default on December 28, 2007. The Respondent subsequently submitted a late reply by email on January 3, 2008.

The Center appointed Adam Samuel as the sole panelist in this matter on January 7, 2008. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

## 4. Factual Background

The Complainant owns a number of US trademark registrations for the marks NINE WEST and 9 WEST, going back to 1992 and 1981 respectively. The disputed domain name was registered on June 15, 2000.

## 5. Parties' Contentions

### A. Complainant

The Complainant's submissions are set out in this section. They do not necessarily reflect the views of the Panel.

The Complainant and its affiliates design, develop, manufacture and sell quality fashionable footwear, clothing and accessories under the NINE WEST and 9 WEST trademarks. Sales in 2006 of NINE WEST branded footwear exceeded $600 million.

The disputed domain name is confusingly similar to the Complainant's trade mark because it consists of that mark with only the addition of the generic word "shoes". The confusion is intensified by the fact that the Complainant is first and foremost a footwear company. The addition of the generic top level domain ".com" is of no legal significance.

The Respondent has no rights or legitimate interests with respect to the disputed domain name. The Respondent has neither used nor made any demonstrable preparations to use the domain name in connection with a *bona fide* offering of goods or services and could not do so given the fame of the Complainant's NINE WEST marks in connection with footwear. Instead, the disputed domain name resolves to a website entitled "www.ninwestshoes.biz" with various "sponsored" links of both competitors of the Complainant and the Complainant itself. The sponsored links offer online shoe shopping. The use of a domain name for a link farm does not constitute a legitimate use of the domain.

The Respondent has concealed its identity by using the Private Whois service of its registrar. The Complainant believes, though, that the Respondent is not and has never been commonly known by the name NINE WEST or anything similar. The Respondent is not affiliated with the Complainant and has not sought or obtained consent to register the domain name.

The Respondent registered the disputed domain name in bad faith to associate itself with the NINE WEST brand and to trade off the Complainant's goodwill in the latter's related trade marks. Those marks have been widely used for footwear and fashion items for nearly three decades and have acquired a worldwide reputation. It cannot reasonably be argued that the Respondent would have combined "Nine West" with "shoes" without knowing of the Complainant's reputation and its marks in the footwear industry. Registration of a well-known trademark in conjunction with link farms constitutes bad faith. The Respondent intentionally concealed its identity by using the privacy protection service of the Registrar – another indicia of bad faith.

### B. Respondent

The Respondent did not submit a reply to the Complainant's contentions until after the expiry of the deadline for responding. For reasons that will become apparent, the Panel does not have to decide whether this late response should be considered since it makes no difference to the overall result of the case.

The Respondent submits that it purchased the domain name for a client or its representative that ultimately failed to pay. They suspect that it was the Complainant who instructed it to purchase the domain name. It claims that it approached the Complainant offering to sell the domain name for its reasonable out-of-pocket expenses. The Respondent claims to be unaware of the Complainant's trademark rights. The domain name, it says, is not confusingly similar "as the complainant was claiming the same to be from their trademarks." The domain is parked by the registrar of the domain name. The Respondent's use of the registrar's whois service is common practice to prevent the receipt of spam e-mails. As the Respondent has paid money to buy and renew the domain name, it claims to have the right to the domain name. The web page to which the disputed domain name resolves is that of the registrar. The Respondent says it has gained nothing from any click-throughs, and that there is no evidence of bad faith on the part of the Respondent.

**6. Discussion and Findings**

Under the Policy, the Complainant must prove that

(i) the domain name is identical or confusingly similar to a trademark or service mark in which it has rights; and

(ii) the Respondent has no rights or legitimate interests in respect of the domain name; and

(iii) the domain name has been registered and is being used in bad faith.

**A. Identical or Confusingly Similar**

The dispute domain name consists of the Complainant's trademark NINE WEST with the addition of the word "shoes" and the generic top level domain ".com".

The Complainant's trademark NINE WEST has no particular meaning except to describe the Complainant's goods or in the unconnected world of navigation. The addition of the common generic word "shoes" to it does not remove the confusing similarity between the disputed domain name and the Complainant's trademark. Similarly, the addition of ".com" makes no difference to this.

The Panel was faced with the identical issue in *Calzaturificio Luigi Baracchino & C. S.p.A. v. Quickserf Kyriacos Kakofegitis* WIPO Case No. D2007-1489. It said:

"The disputed domain name consists of SAX and a descriptive word, "shoes." The former is identical to the Complainant's registered SAX trademark, and the latter refers to the goods in respect of which that mark is used.

It is well-established that descriptive or generic additions to a trademark, and particularly those that designate the goods or services in respect of which it is used, do not avoid confusing similarity of domain names and trademarks (See *inter alia Toyota Motor Sales USA v. Rafi Hamid dba ABC Automobile Buyer*, WIPO Case No. D2001-0032, involving 13 trademarks incorporating the word LEXUS and geographic, surnominal or generic descriptive words; and *PRL USA Holdings, Inc. v. LucasCobb*, WIPO Case No. D2006-0162, concerning the domain name <ralphlaurenpants.com>).

The Complainant's SAX trademark is both registered and used in respect of shoes. The Respondent's adoption of a domain name comprising the Complainant's trademark and a descriptive element denoting footwear is likely to give rise to confusion because it points to the field of goods in which the Complainant's mark is protected and used.

The Panel finds that the disputed domain name is confusingly similar to a trademark in which the Complainant has rights."

For the same reasons, the Panel in this case concludes that the domain name is confusingly similar to a trademark in which the Complainant has rights.

**B. Rights or Legitimate Interests**

There is no evidence that the Complainant has authorized the Respondent to use any of its trademarks. There is no evidence that the Respondent has rights or legitimate interests in the name "NINE WEST". The absence of any ordinary meaning for the word, away from the world of navigation, would suggest otherwise.

The Respondent's late submission asserts without any evidence that the Complainant may have asked it to purchase the domain name. The relevance of this submission is not apparent. One would have expected the Respondent to have kept a record of such a request and to have submitted it to the Panel. In the absence of any such evidence, this point must be ignored.

The Respondent also argues that paying for the registration and renewal of the domain name entitles it to the domain name. If that submission was correct, the Policy would have no meaning since all respondents in domain name panel cases will have paid for the registration and renewal of the domain name. See *e.g. AT&T Corp. v. Swarthmore Associates LLC,* WIPO Case No. DBIZ2002-00077 and *Pharmacia & Upjohn Company v. Peoples Revolutionary Suicide Jazz Band,* WIPO Case No. D2000-0816. The Policy must be referring here to the Respondent having a right or legitimate interest in the name used in the domain name. The Respondent has not provided any evidence of that in this case.

For these reasons, and in the absence of evidence to the contrary, the Panel concludes that the Respondent has no rights or legitimate interests in respect of the domain name in issue.

## C. Registered and Used in Bad Faith

It is unlikely that the Respondent would have registered the disputed domain name unless it was aware of the Respondent's trade mark or activity using that name and its connection with shoes. The mark has no independent meaning except as a trading name for the Complainant's products or in the completely unrelated area of navigation.

The Respondent's answer to this point is to assert that somebody, possibly the Complainant, asked it to buy the domain name but failed to pay for it. It provides no evidence of any such instructions. In the absence of any evidence of such an instruction, the Panel is unable to accept the Respondent's assertion. One would have expected the Respondent to have submitted copies of it with their response if such an instruction had existed. The Panel considers it unlikely that the Respondent purchased the domain name without knowing of the Complainant's trademark and being aware that using the domain name would involve infringing that mark. The Panel considers it likely that the Respondent selected the domain name in order to attract the Complainant's customers to its website.

The same comments apply equally to the question of whether the Respondent is or has been using the domain name in bad faith. The Respondent argues that the website to which the domain name resolves is just the registrar's parking site. It remains the case, though, that the Respondent was aware that it was maintaining a domain name in breach of the Complainant's trademark. This presumably was to attract customers of the Complainant away from the Complainant's websites and onto the Respondent's for whatever reason.

For these reasons, the Panel concludes that the Respondent has both registered and is using the domain name in issue in bad faith.

## 7. Decision

For all the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the domain name <ninewestshoes.com> be transferred to the Complainant.

Adam Samuel
Sole Panelist

Dated: January 21, 2008

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 58 of 258    Page ID
#:3040

  TrafficZ    **DomainTools**    LeaseThis.com            Welcome                        My Account

# Ninewestshoes.com on 2008-02-01 - Domain History

« Previous                                                                  Next »

| | |
|---|---|
| **Domain:** | **ninewestshoes.com** - Domain History |
| **Cache Date:** | 2008-02-01 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@comdotservices.com |

```
Registration Service Provided By: PRIVATE WHOIS
Contact: +91.02226300138

Domain Name: NINEWESTSHOES.COM

Registrant:
     COMDOT INTERNET SERVICES PRIVATE LIMITED.
     COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
     18/20 Akshay Co-Op. Soc,
     S.V. Patel Nagar,Mahada Versova,
     Andheri (W)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.000000

Creation Date: 15-Jun-2000
Expiration Date: 15-Jun-2008

Domain servers in listed order:
     dns12.leadnetworks.com
     dns11.leadnetworks.com

Administrative Contact:
     COMDOT INTERNET SERVICES PRIVATE LIMITED.
     COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
     18/20 Akshay Co-Op. Soc,
     S.V. Patel Nagar,Mahada Versova,
```

Exhibit 26
Page 513

```
        Andheri (W)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.000000

Technical Contact:
        COMDOT INTERNET SERVICES PRIVATE LIMITED.
        COMDOT INTERNET SERVICES PRIVATE LIMITED.          (contact@comdotservices.com)
        18/20 Akshay Co-Op. Soc,
        S.V. Patel Nagar,Mahada Versova,
        Andheri (W)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.000000

Billing Contact:
        COMDOT INTERNET SERVICES PRIVATE LIMITED.
        COMDOT INTERNET SERVICES PRIVATE LIMITED.          (contact@comdotservices.com)
        18/20 Akshay Co-Op. Soc,
        S.V. Patel Nagar,Mahada Versova,
        Andheri (W)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.000000


Status:LOCKED
```

# High Court of Judicature at Bombay

## CASE DETAILS

***Bench:-Bombay***

| | | | | |
|---|---|---|---|---|
| ***Lodging No.:-*** SL/373/2008 | ***Filing Date:-*** 30/01/2008 | ***Reg. No.:-*** S/571/2008 | ***Reg. Date:-*** 25/02/2008 |

***Petitioner:-*** COMDOT INTERNET SERVICES PRIVATE LII ***Respondent:-*** NINE WEST DEVELOPMENT CORPORATION

***Petn.Adv.:-*** ABHAY PANDE

***District:-*** BOMBAY

| | |
|---|---|
| ***Bench:-*** SINGLE | |
| ***Status:-*** Pre-Admission | ***Category:-*** SUITS FOR DAMAGES |
| ***Next Date:-*** 31/03/2009 | ***Stage:-*** FOR DIRECTIONS |
| ***Coram:-*** REGISTRAR(OS)/PROTHONOTARY & SR. MASTER | |
| ***Last Date:-*** 19/01/2009 | ***Stage:-*** FOR DIRECTIONS |
| ***Last Coram:-*** REGISTRAR(OS)/PROTHONOTARY & SR. MASTER | |

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |

***PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.***

 

TrafficZ   **DomainTools**   LeaseThis.com              Welcome                        My Account



# Prosche.com on 2007-11-25 - Domain History

                                                                        Next »

| | |
|---|---|
| **Domain:** | **prosche.com** - Domain History |
| **Cache Date:** | 2007-11-25 |
| **Registrar:** | LEAD NETWORKS DOMAINS PVT. LTD. |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: prosche.com@privatewhois.in |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: PROSCHE.COM

Registrant:
     Private WHOIS FOR PROSCHE.COM
     Privacy Protection          (PROSCHE.COM@privatewhois.in)
     B-304,Florida, Y-11, Shastrinagar,
     Lokhandwala Complex,
     Andheri(West)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.02226300138
     Fax. +91.02226311820

Creation Date: 15-Oct-2006
Expiration Date: 15-Oct-2008

Domain servers in listed order:
     dnsp2.powerhosting.com
     dnsp1.powerhosting.com

Administrative Contact:
     Private WHOIS FOR PROSCHE.COM
     Privacy Protection          (PROSCHE.COM@privatewhois.in)
     B-304,Florida, Y-11, Shastrinagar,
```

Exhibit 26
Page 516

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 62 of 258   Page ID
                                      #:3044

```
          Lokhandwala Complex,
          Andheri(West)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.02226300138
          Fax. +91.02226311820


    Technical Contact:
          Private WHOIS FOR PROSCHE.COM
          Privacy Protection        (PROSCHE.COM@privatewhois.in)
          B-304,Florida, Y-11, Shastrinagar,
          Lokhandwala Complex,
          Andheri(West)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.02226300138
          Fax. +91.02226311820


    Billing Contact:
          Private WHOIS FOR PROSCHE.COM
          Privacy Protection        (PROSCHE.COM@privatewhois.in)
          B-304,Florida, Y-11, Shastrinagar,
          Lokhandwala Complex,
          Andheri(West)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.02226300138
          Fax. +91.02226311820


    Status:LOCKED
```



# WIPO Arbitration and Mediation Center

**ADMINISTRATIVE PANEL DECISION**

**Dr. Ing. h.c. F. Porsche AG v. Laksh Internet Solutions Private Limited / Privacy Protection**

**Case No. D2008-0691**

## 1. The Parties

The Complainant is Dr. Ing. h.c. F. Porsche AG, of Stuttgart Germany, represented by Lichtenstein, Körner & Partners, Germany.

The Respondent is Laksh Internet Solutions Private Limited / Privacy Protection, Mumbai, Maharashtra, of India; and Florida, of United States of America.

## 2. The Domain Name and Registrar

The disputed domain name <prosche.com> is registered with Lead Networks Domains Pvt. Ltd.

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on May 2, 2008, naming Privacy Protection as the Respondent. On May 5, 2008, the Center transmitted by email to Lead Networks Domains Pvt. Ltd. a request for registrar verification in connection with the domain name at issue. On May 15, 2008, Lead Networks Domains Pvt. Ltd. transmitted by email to the Center its verification response advising that the Respondent, Laksh Internet Solutions Private Limited, is listed as the registrant and providing the contact details. In response to a notification by the Center inviting the Complainant to amend the Complaint to add information about the newly identified registrant, the Complainant filed an amendment to the Complaint on May 19, 2008. Complainant then submitted a second amendment to the Complaint on May 26, 2008. The Center verified that the Complaint together with the amendments to the Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified the newly identified Respondent and the original Respondent of the Complaint, and the proceedings commenced on May 26, 2008. In accordance with the Rules, paragraph 5(a), the due date for Response was June 15, 2008.

Exhibit 26
Page 518

The Center appointed Lawrence K. Nodine as the sole panelist in this matter on June 26, 2008. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

## 4. Factual Background

The Complainant has been a maker of sports cars for more than half a century, utilizing "Porsche" as the prominent and distinctive part in its trade name. Porsche cars and car parts are distributed and shipped worldwide, including India, through a network of official dealers. There are two Porsche dealerships in India, one in Mumbay, the other in New Delhi.

The Complainant owns numerous trademark registrations consisting of or incorporating the word "Porsche" some of which are:

German Trademark No. 643 195, registered August 26, 1953;

International Registration No. 179928, registered October 8, 1954;

Indian trademark No. 502424, registered December 16, 1988;

Indian trademark "Porsche shield" No. 1384360 registered September 13, 2005;

Indian trademark "Porsche" No. 1276898, registered 5th April 2004 (clothing, footwear, headgear included in class 25);

Indian trademark "Porsche" No. 502 423, registered January 14, 2000 (Cl. 14 watches, jewellery, keys, models of automobiles);

US Federal trademark "Porsche" No. 71-668978, registered October 1, 1956 (cars and parts thereof)

European Trademark Registration No. 000073098, priority date April 1, 1996, registered December 12, 2000 (various goods and services).

The complainant operates its principal web site at "www.porsche.com" which opens a gate to regional web sites designed to meet the needs of Internet users from specific countries or regions. The page serving users from India is located at "http://www.porsche.com/middle-east/".

The Domain Name was registered on October 15, 2006.

## 5. Parties' Contentions

### A. Complainant

With respect to paragraph 4(a)(i) of the Policy, the Complainant alleges that:

The contested domain name is confusingly similar to the Complainant's trade name and trademark PORSCHE.

The trademark and trade name PORSCHE is incorporated entirely in the contested domain name and only slightly altered to mislead users who have mistyped the name.

The fact that the disputed domain name was intentionally conceived as a typo-domain is highlighted by the links displayed on the parking website to which the domain name redirects.

With respect to paragraph 4(a)(ii) of the Policy, the Complainant alleges that:

Exhibit 26
Page 519

The Respondent has no rights or legitimate interests in respect of the Domain Name.

The Respondent is not using and has not made any preparations to use the Domain Name with a bona fide offering of goods or services.

There is not and has never been a business relationship between the parties.

The Respondent is not commonly known by the Domain Name.

The Respondent is not making non-commercial use of the Domain Name. Rather, the Respondent or its customers make profits by catching unsuspecting users and redirecting them to a parking website with paid links. It has constantly been held by panels that such use of a domain name can not constitute a legitimate interest.

With respect to paragraph 4(a)(iii) of the Policy, the Complainant alleges that:

The Respondent has registered and uses the disputed domain name in bad faith.

The Respondent has no legitimate interest in registering and using a domain name which so closely resembles a well known and prestigious trade name and trademark. The Respondent could not have been unaware of the Complainant's trade name and trademark which is among the best known trademarks in the world.

It is the prevailing view among administrative panels that the use for parking websites is in bad faith because respondents earn money by directing users to commercial third party websites whose owners have to pay commission to take part in this kind of web advertising system. Thereby Respondent profits illegitimately from the good name and reputation of the Complainant.

With regard to the respondent, being an ICANN approved registrar with a responsibility to respect and carry out a proper whois service the Complainant also cites the *Dr. Ing. h.c. F. Porsche AG v. Domains by Proxy, Inc. and Vladimir Putinov, WIPO Case No. D2004-0311* - pornsche.com

"finally the Panel cannot disregard the fact that, since the kind of service offered by the Registrar and the Respondent, which allows registrants to obtain domain names with anonymous contact information, encourages Cybersquatting, the Respondent, being informed of a trademark violation, should use best endeavours to support the UDRP system and the injured trademark owners. On the contrary, besides the attempt of Cyberflying, the Respondent covered the true owner of the Domain Name, engaged in Cybersquatting, disclosing false contact details and thus obstructing the UDRP system."

In addition, the respondent and its customer engage in a practice known as "typosquatting" which is also indicative of bad faith.

**B. Respondent**

The Respondent did not reply to the Complainant's contentions.

Because the Respondent is in default, the Panel may draw negative inferences from the Respondent's default (Rules, paragraph 14(b)). However, the Rules also require that the Complainant support its assertions with actual evidence in order to succeed in a UDRP proceeding. (Rules, paragraph 3).

**6 Discussion and Findings**

Pursuant to the Policy, the Complainant is required to prove the presence of each of the following three elements to obtain the relief it has requested: (i) the Domain Name is identical or confusingly similar to a trademark or service mark in which the Complainant has rights; (ii) the Respondent has no rights or legitimate interests in respect of the Domain Name; and (iii) the Domain Name has been registered and is being used in bad faith. (Policy, paragraph 4(a).)

**A. Identical or Confusingly Similar**

Complainant has used the PORSCHE trademark in connection with its famous sports cars for over 50 years and is the owner of numerous trademark registrations in many different countries some of which date as far back as August 26, 1953.[1] Therefore, the Panel finds that Complainant has trademark rights in the PORSCHE mark.

The Panel also finds that the domain name <prosche.com> is likely to be confused with Complainant's PORSCHE trademark because it incorporates Complainant's entire trademark, the only exception being the misspelling (reversal of the letters "o" and "r") in the Domain Name and the generic top-level domain ".com". The addition of the generic top-level domain ".com" is without legal significance when comparing the domain name at issue to Complainant's registered trademark. *The Forward Association, Inc., v. Enterprises Unlimited*, NAF Case No. FA0008000095491 ("[N]either the beginning of the URL (http://www.), nor the TLD (.com) have any source indicating significance.) Further, the reversal of the letters "o" and "r" in the disputed Domain Name <prosche.com> represents typosquatting. This close misspelling renders the Domain Name confusingly similar to Complainant's trademark. *Alta Vista Co. v. Yomtobian*, WIPO Case No. D2000-0937 (domain names <altabista.com> and <altaista.com> are confusingly similar to trademark ALTA VISTA).

Therefore, this Panel finds that the domain name <prosche.com> is identical or confusingly similar to the trademark in which the Complainant has rights in line with violation of the Policy, paragraph 4(a)(i).

**B. Rights or Legitimate Interests**

In order for the Respondent to demonstrate rights or legitimate interests in the Domain Name, it must show

(i) before any notice to you of the dispute, your use of, or demonstrable preparations to use, the domain name or a name corresponding to the domain name in connection with a bona fide offering of goods or services; or

(ii) you (as an individual, business, or other organization) have been commonly known by the domain name, even if you have acquired no trademark or service mark rights; or

(iii) you are making a legitimate non-commercial or fair use of the domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue.

With respect to 4(c)(i) of the Policy, there is no evidence that the Respondent, before any notice of the dispute, used or prepared to use the Domain Name or a name corresponding to the Domain Name in connection with a *bona fide* offering of goods or services.

With respect to 4(c)(ii) of the Policy, there is no evidence that indicates that the Respondent has ever been commonly known by the Domain Name. Further, Complainant has never licensed nor otherwise permitted the Respondent to use its PORSCHE trademark or to apply for any domain name incorporating the mark. There is no relationship between the Complainant and the Respondent.

With respect to 4(c)(iii) of the Policy, the Respondent has not made and is not making a legitimate non-commercial or fair use of the Domain Name and has not used the Domain Name, or a name corresponding to the Domain Name, in connection with a bona fide offering of goods or services. Although the website currently provides links to hotels, Annex 13 to the Complaint contains not only links for PORSCHE car dealers but also links for Dodge dealers, Buick dealers, Pontiac dealers, Cadillac dealers, Mitsubishi and Saab dealers that can be said to be in competition with Complainant.

A complainant is required to make out an initial *prima facie* case that the respondent lacks rights or legitimate interests. Once such *prima facie* case is made, the respondent carries the burden of demonstrating rights or legitimate interests in the domain name. If the respondent fails to do so, a complainant is deemed to have satisfied paragraph 4(a)(ii) of the Policy. *Morgan Freeman v. Mighty LLC*, WIPO Case No. D2005-0263; see also *Croatia Airlines d.d. v. Modern Empire Internet Ltd*, WIPO Case No. D2003-0455. *Belupo d.d. v. WACHEM d.o.o.*, WIPO Case No. D2004-0110 . The Panel finds that the aforementioned establishes a *prima facie* showing that Respondent has no rights or legitimate interests in the Domain Name at issue. Moreover, the Respondent has not rebutted such a *prima facie* showing.

The Panel accordingly finds for the Complainant under the second element of the Policy.

**C. Registered and Used in Bad Faith**

The Complainant's allegations of bad faith are not contested. It is improbable that the Respondent was unaware of the Complainant's trademark rights when it registered the disputed domain name on October 15, 2006.

In addition to the above, manifest typosquatting is sufficient to support an inference of bad faith shifting the burden to Respondent to offer contrary evidence. "The act of 'typosquatting' or registering a domain name that is a common misspelling of a mark in which the party has rights has often been recognized as evidence of bad faith registration and use. *RX America, L.L.C. v. Tony Rodolakis*, WIPO Case No. D2005-1190, *Paragon Gifts, Inc. v. Domain.Contact*, WIPO Case No. D2004-0107, *citing National Association of Professional Baseball Leagues, d/b/a Minor League Baseball v. Zuccarini*, WIPO Case No. D2002-1011.

The Panel also finds that Respondent's use of the domain name in conjunction with a web site that among other things, links not only to PORSCHE dealers but also to websites for dealers selling competing products such as CADILLAC and MITSUBISHI automobiles, is evidence of bad faith use and registration. Specifically, Respondent's conduct is covered by Policy paragraph 4(b)(iv): "by using the domain name, you have intentionally attempted to attract, for commercial gain, Internet users to your web site or other on-line location, by creating a likelihood of confusion with the Complainant's mark as to the source, sponsorship, affiliation, or endorsement of your web site or location or of a product or service on your web site or location."

Finally, the Panel finds additional evidence of bad faith use and registration in Respondent's unexplained failure to reveal its true identity after service of the UDRP complaint. When the Center sent its request for registrar verification, the Registrar did not respond by identifying the true registrant, instead, the Registrar identified another privacy service- Laksh Internet Solutions Private Limited. While panelists have often avoided drawing adverse inferences from a registrant's use of privacy services, the circumstances here justify an adverse inference of bad faith use and registration of the domain name. While there may be a legitimate basis for withholding identifying information from the WhoIs database (such as guarding against identity theft and Spam), see *WWF-World Wide Fund for Nature aka WWF International v. Moniker Online Services LLC and Gregory Ricks*, WIPO Case No. D2006-0975 (use of proxy registration service does not of itself indicate bad faith; there are many legitimate reasons for proxy registration service); *Divex Limited v. ZJ, Sam Chang and Tim NG*, WIPO Case No. D2007-0861 (privacy services may be justified by the need to avoid spam and identity theft)**,** those interests do not justify a registrant's failure to reveal its identity in response to the Center's request for verification in the context of a UDRP proceeding. *Bacchus Gate Corporation d/b/a International Wine Accessories v. CKV and Port Media, Inc.*, WIPO Case No. D2008-0321 **(**"Further, it is becoming an increasingly common practice for registrants to use these services to mask their identity from those who might wish to bring proceedings against them, whether under the UDRP or otherwise. In the circumstances, whilst the use of such a service may not by itself be sufficient to justify a finding of bad faith, the Panel accepts that, in the absence of any explanation from a respondent, it is a factor that may often point in that direction."); *HSBC Finance Corporation v. Clear Blue Sky Inc. and Domain Manager*, WIPO Case No. D2007-0062 (change of privacy service after notice of complaint indicative of bad faith).

For the reasons set forth above, the Panel finds that Respondent registered and used the disputed Domain Name in bad faith.

**7. Decision**

For all the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the domain name, <prosche.com> be transferred to the Complainant.

Lawrence K. Nodine
Sole Panelist

Dated: July 16, 2008

[1] German Trademark No. 643 195, registered 26th August, 1953;

TrafficZ   **DomainTools**   LeaseThis.com          Welcome                    My Account



## Prosche.com on 2008-08-27 - Domain History

« Previous                                                                    Next »

| | |
|---|---|
| **Domain:** | **prosche.com** - Domain History |
| **Cache Date:** | 2008-08-27 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@lakshinternetservices.com |

```
Registration Service Provided By: PRIVATE WHOIS
Contact: +91.000000000000
Website: http://www.privatewhois.in

Domain Name: PROSCHE.COM

Registrant:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.        (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 15-Oct-2006
Expiration Date: 15-Oct-2008

Domain servers in listed order:
     dns16.leadnetworks.com
     dns15.leadnetworks.com

Administrative Contact:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.        (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
```

```
       Gulshan Nagar,Behram Baug,
       Jogeshwari (W),
       Mumbai
       Maharashtra,400102
       IN
       Tel. +91.9322160169


Technical Contact:
       LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
       LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
       Room No.30, Fatima Bibi Chawl,
       Gulshan Nagar,Behram Baug,
       Jogeshwari (W),
       Mumbai
       Maharashtra,400102
       IN
       Tel. +91.9322160169


Billing Contact:
       LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
       LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
       Room No.30, Fatima Bibi Chawl,
       Gulshan Nagar,Behram Baug,
       Jogeshwari (W),
       Mumbai
       Maharashtra,400102
       IN
       Tel. +91.9322160169


Status:LOCKED
```

Exhibit 26

Case 2:09-cv-00613-ABC-CW Document 122-5 Filed 12/03/10 Page 70 of 258 Page ID #:3052

# High Court of Judicature at Bombay

## CASE DETAILS

***Bench:-Bombay***

| | | | | | | |
|---|---|---|---|---|---|---|
| ***Lodging No.:-*** | SL/2477/2008 | ***Filing Date:-*** | 07/08/2008 | ***Reg. No.:-*** S/2673/2008 | ***Reg. Date:-*** | 01/09/2008 |

***Petitioner:-*** LAKSH INTERNET SOLUTIONS PVT. LTD. -    ***Respondent:-*** DR. ING H. C. F PORSCHE AG AND ANR. -

***Petn.Adv.:-*** ABHAY P. PANDE

***District:-*** BOMBAY

***Bench:-*** SINGLE

***Status:-*** Pre-Admission      ***Category:-*** SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

***PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.***

 

Exhibit 26
Page 525

http://bombayhighcourt.nic.in/casequery_action.php?auth=bV96Yz0wMSZtX3NyPVImbV9zaWRlZmxn... 1/26/2009

 **TrafficZ**   **DomainTools**   LeaseThis.com            Welcome                        My Account



# Rusticae.com on 2007-08-21 - Domain History

« Previous                                                          Next »

**Domain:**              **rusticae.com** - Domain History

**Cache Date:**          2007-08-21

**Registrar:**           ENOM, INC.

**Registrant Search:**   Click on an email address we found in this whois record
                         to see which other domains the registrant is associated with:
                         wvaughan@dhg.mu

---

```
Registration Service Provided By: Domain Adminstration Limited
Contact: wvaughan@dhg.mu

Domain name: rusticae.com

Administrative Contact:
    Domain Adminstration Limited
    William Vaughan (wvaughan@dhg.mu)
    +61.432992632
    Fax:
    PoBox 4098
    Springfield,   4300
    AU

Technical Contact:
    Domain Adminstration Limited
    William Vaughan (wvaughan@dhg.mu)
    +61.432992632
    Fax:
    PoBox 4098
    Springfield,   4300
    AU

Registrant Contact:
    Domain Adminstration Limited
    William Vaughan (wvaughan@dhg.mu)
    +61.432992632
    Fax:
```

Exhibit 26
Page 526

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 72 of 258   Page ID
#:3054

```
     PoBox 4098
     Springfield,   4300
     AU


Status: Locked

Name Servers:
     dns1.name-services.com
     dns2.name-services.com
     dns3.name-services.com
     dns4.name-services.com
     dns5.name-services.com


Creation date: 18 Aug 2005 14:14:43
Expiration date: 18 Aug 2007 14:14:43
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 73 of 258   Page ID
#:3055



# WIPO Arbitration and Mediation Center

**ADMINISTRATIVE PANEL DECISION**

**RUSTICAE SELECCIÓN DE CALIDAD S.L. v. LAKSH INTERNET SOLUTIONS PRIVATE LIMITED**

**Case No. D2008-1119**

## 1. The Parties

The Complainant is RUSTICAE SELECCIÓN DE CALIDAD S.L., Madrid, Spain, represented by Gómez-Acebo & Pombo Abogados of Spain.

The Respondent is LAKSH INTERNET SOLUTIONS PRIVATE LIMITED, Mumbai, India.

## 2. The Domain Name and Registrar

The disputed domain name <rusticae.com> is registered with Lead Networks Domains Pvt. Ltd.

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on July 23, 2008. The named respondent was Private Whois Escrow Domain Provate Limited 001P17050408. On July 24, 2008, the Center transmitted by email to Lead Networks Domains Pvt. Ltd. a request for registrar verification in connection with the domain name at issue. On August 6, 2008, Lead Networks Domains Pvt. Ltd. transmitted by email to the Center its verification response

disclosing registrant and contact information for the disputed domain name which differed from the named respondent and contact information in the Complaint. The Center sent an email communication to the Complainant on August 8, 2008 providing the registrant and contact information disclosed by the Registrar, and inviting the Complainant to submit an amendment to the Complaint. The Complainant filed an amended Complaint on August 11, 2008. The Center verified that the Complaint together with the amendment to the Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified the Respondent of the Complaint, and the proceedings commenced on August 13, 2008. In accordance with the Rules, paragraph 5(a), the due date for Response was September 2, 2008. The Respondent did not submit any response. Accordingly, the Center notified the Respondent's default on September 3, 2008.

The Center appointed Torsten Bettinger as the sole panelist in this matter on September 16, 2008. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

## 4. Factual Background

The Complainant is a Spanish company that operates on the Internet through the web portal "www.rusticae.es", which is a portal of reference in the hotel sector.

The Complainant was constituted in 1996 and contends to be the leading quality club for "Small Charming Hotels" in Spain, which has become internationally deemed as a high quality seal in the hotel sector, comprising more than 200 hotels worldwide and having more than 27,000 registered customers.

The Complainant is the registered owner of numerous trademarks including the words RUSTICAE in various jurisdictions, inter alia

- Community trademark No. 002342301 RUSTICAE PEQUEÑOS HOTELES CON CARÁCTER & design (RUSTICAE SMALL CHARMING HOTELS) in intl. classes 35, 39 and 42;

- Community trademark No. 003836749 SUMMUM by Rusticae in intl. classes 3, 18, 25 and 43;

- Community trademark No. 004095147 SUMMUM By Rusticae in intl. classes 20, 35, 37, 41, 42 and 44;

- Community trademark No. 003159662 RUSTICAE METRÓPOLI HOTELES URBANOS CON CARÁCTER & design (RUSTICAE METROPOLIS CHARMING CITY HOTELS) in intl. classes 35, 39 and 43;

- Community trademark No. 004890703 RUSTICAE THE GOODLIFE COMPANY & design in intl. classes 35, 42 and 43; and

- Spanish trademark No. M2600701 RUSTICAE & design in intl. classes 16, 36 and 41

The Complainant is widely known internationally based on articles in numerous papers and magazines in many countries.

The disputed domain name was first registered on August 18, 2005 and is currently used in connection with a domain parking website offering links to third parties' websites including direct competitors of the Complainant.

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 75 of 258   Page ID #:3057

## 5. Parties' Contentions

### A. Complainant

The Complainant asserts that each of the elements specified in paragraph 4(a) of the Policy have been satisfied.

In reference to the element in paragraph 4(a)(i) of the Policy, the Complainant argues that the disputed domain name incorporates the distinctive part of Complainant's trademark RUSTICAE in its entirety and that therefore the domain name is identical or confusingly similar to these trademarks.

In reference to the element in paragraph 4(a)(ii) of the Policy, the Complainant contends that none of the situations described in paragraph 4(c) of the Policy can be established in this case. In support of this assertion the Complainant states that

- the Respondent is not using the domain name in a noncommercial or fair way;

- the Respondent is neither an agent nor a licensee of the Complainant and therefore has no right in the use of the Complainant's trademarks;

- the Respondent's use of the domain name for a parking website can not to be considered as a *bona fide* offering of goods and services;

- there is no evidence that the Respondent has been commonly known by the disputed domain name and the Respondent has not acquired any trademark or service mark rights in the disputed domain name.

In reference to the element in paragraph 4(a)(iii) of the Policy, the Complainant asserts that

- the Complainant's trademarks RUSTICAE are well-known in many jurisdictions in the field of selecting and rating of hotels;

- it is most likely that the Respondent was fully aware of the Complainant's RUSTICAE marks when registering the disputed domain name;

- the Respondent is trying to attract Internet users to its webpage, by creating confusion in respect of the RUSTICAE marks;

- by using the disputed domain name for a parking website Respondent is profiting by Complainant's trademark which is well-known in the hotel sector.

### B. Respondent

The Respondent did not reply to the Complainant's contentions.

## 6. Discussion and Findings

### A. Identical or Confusingly Similar

The test of confusing similarity under the Policy is confined to a comparison of the disputed domain name and the trademark alone, independent of the products for which the domain name is used or other marketing and use factors, usually considered in trademark infringement (see *Arthur Guinness Son & Co. (Dublin) Limited v. Dejan Macesic*, WIPO Case No. D2000-1698; *Ansell Healthcare Products Inc. v. Australian Therapeutics Supplies Pty., Ltd.*, WIPO Case No.

D2001-0110; *Dixons Group Plc v. Mr. Abu Abdullaah*, WIPO Case No. D2001-0843; *AT&T Corp. v. Amjad Kausar*, WIPO Case No. D2003-0327; *BWT Brands, Inc. and British American Tobacco (Brands), Inc. v. NABR*, WIPO Case No. D2001-1480; *Britannia Building Society v. Britannia Fraud Prevention*, WIPO Case No. D2001-0505).

The disputed domain name wholly incorporates the Complainant's trademark RUSTICAE except that the domain name does not comprise the figurative element nor the descriptive terms PEQUEÑOS HOTELES CON CARÁCTER

The Panel notes that it is consensus view among panelists that the assumption of confusing similarity between trademark and domain name is not refuted by the fact that the trademark contains additional figurative elements which cannot be reproduced in a domain name (*Sweeps Vacuum & Repair Center, Inc. v. Nett Corp.*, WIPO Case No. D2001-0031) or that the domain name contains elements which are purely descriptive in connection with the goods or services for which the trademark is registered.

It is also well established that the specific top level of a domain name such as ".com", ".org" or ".net" does not affect the domain name for the purpose of determining whether it is identical or confusingly similar (see *Magnum Piering, Inc. v. The Mudjackers and Garwood S. Wilson, Sr.*, WIPO Case No. D2000-1525; *Rollerblade, Inc. v. Chris McCrady*, WIPO Case No. D2000-0429).

The Panel thus finds that the domain name <rusticae.com> is confusingly similar to the RUSTICAE marks in which the Complainant has exclusive rights and that the Complainant has established the requirement of paragraph 4(a)(i) of the Policy.

## B. Rights or Legitimate Interests

Paragraph 4(a)(ii) of the Policy requires the Complainant to prove that the Respondent has no rights or legitimate interests in the disputed domain name. However, it is consensus view among panelists that if the complainant makes a *prima facie* case that the respondent has no rights or legitimate interests, and a respondent fails to show for example one of the three circumstances under paragraph 4(c) of the Policy, then, depending on the circumstances of the case, the respondent may indeed lack a legitimate interest in the domain name.

Complainant asserted that the Respondent has neither a license nor any other permission to use the Complainant's RUSTICAE marks and that Respondent's use of the domain name for a parking website is neither a *bona fide* offering of goods or services nor a legitimate non-commercial or fair use. The Panel thus finds that the Complainant has made a *prima facie* case showing that the Respondent has no rights or legitimate interests in the disputed domain name which is identical the Complainant's mark.

Respondent has not provided evidence of circumstances of the type specified in paragraph 4(c) of the Policy, or any other circumstances giving rise to a right or legitimate interest in the domain name.

Respondent is using Complainant's trademark to divert Internet users to a parking website with links to commercial websites offering goods and services which directly compete with the those of the Complainant.

Further, nothing in the record suggests that Respondent is making any other legitimate noncommercial use of the domain name or registered the domain name as a descriptive, non-source identifying domain name in order to inform about the Complainant's services or related matters.

Under these circumstances, the Panel takes the view that the Respondent has no rights or legitimate interests in the domain name and that the requirement of paragraph 4(a)(ii) is also satisfied.

## C. Registered and Used in Bad Faith

The Panel is also convinced that Respondent registered and has been using the domain name in bad faith.

The Complainant's RUSTICAE marks have been used internationally in the field of advertising and rating of hotels for many years. The Respondent has registered a domain name which consists of the Complainant's trademark RUSTICAE. As the term "rusticae" as such has no inherent connection with the advertising or rating of hotels in this Panel's view it is inconceivable that Respondent registered the disputed domain name without being aware of the Complainant's rights in its RUSTICAE marks.

The Panel finds that the domain name is also being used in bad faith under 4(b)(iv) of the Policy. Screen shots of

Exhibit 26
Page 531

Respondent's web page at "www.rusticae.com" show that use of the domain name redirects users to a parking website that provides links to third parties which compete with the Complainant. A parking website typically offers domain name holders to earn click-through-revenue for redirecting Internet users to other websites and thus capitalizing on the goodwill of the trademark which corresponds with the domain name.

This qualifies as bad faith under paragraph 4(b)(iv) in that Respondent's use of the domain name attempts to attract for commercial gain Internet users to his website by creating a likelihood of confusion with Complainants' mark as to the source, sponsorship, affiliation, or endorsement of Respondent's website.

Moreover, Respondent's default in this proceeding reinforces an inference of bad faith. If Respondent had arguments that it acquired the domain name in good faith, and had good faith bases for using the domain name, it ostensibly would have asserted them.

Accordingly, the Panel concludes that Respondent registered and used the domain name <rusticae.com> in bad faith and that also the requirement of paragraph 4(a)(iii) of the Policy has been met.

### 7. Decision

For all the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the domain name <rusticae.com> be transferred to the Complainant.

Torsten Bettinger
Sole Panelist

Dated: September 30, 2008

Exhibit 26
Page 532



TrafficZ    **DomainTools**    LeaseThis.com            Welcome                                    My Account



# Rusticae.com on 2008-08-11 - Domain History

« Previous                                                                                        Next »

**Domain:**              **rusticae.com** - Domain History

**Cache Date:**          2008-08-11

**Registrar:**           **LEAD NETWORKS DOMAINS PVT. LTD.**

**Registrant Search:**   Click on an email address we found in this whois record
                         to see which other domains the registrant is associated with:
                         contact@lakshinternetservices.com

---

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226313093


Domain Name: RUSTICAE.COM

Registrant:
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
      Room No.30, Fatima Bibi Chawl,
      Gulshan Nagar,Behram Baug,
      Jogeshwari (W),
      Mumbai
      Maharashtra,400102
      IN
      Tel. +91.9322160169


Creation Date: 18-Aug-2005
Expiration Date: 18-Aug-2010

Domain servers in listed order:
      ns2.fastpark.net
      ns1.fastpark.net


Administrative Contact:
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
      Room No.30, Fatima Bibi Chawl,
      Gulshan Nagar,Behram Baug,
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 79 of 258   Page ID #:3061

```
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Technical Contact:
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.        (contact@lakshinternetservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Billing Contact:
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.        (contact@lakshinternetservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Status:LOCKED
```

Exhibit 26
Page 534

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 80 of 258   Page ID #:3062

# High Court of Judicature at Bombay

## CASE DETAILS

### *Bench:-Bombay*

| | | | |
|---|---|---|---|
| **Lodging No.:-** | SL/3286/2008 | **Filing Date:-** | 22/10/2008 |

**Petitioner:-** LAKSH INTERNET SOLUTIONS PVT. LTD. -   **Respondent:-** RUSTICAE SELECCION DE CALIDAD S.L. AN

**Petn.Adv.:-** ABHAY P. PANDE

**District:-** BOMBAY

**Bench:-** SINGLE

**Status:-** *Pre-Admission*     **Category:-** SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

***PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.***

 

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 81 of 258    Page ID
#:3063

 TrafficZ   **DomainTools**   LeaseThis.com          Welcome                    My Account



## Rx-accutane.com on 2007-02-05 - Domain History

« Previous                                                          Next »

**Domain:**              **rx-accutane.com** - Domain History

**Cache Date:**          2007-02-05

**Registrar:**           **SLAPHAPPY DOMAINS, INC.**

**Registrant Search:**   Click on an email address we found in this whois record
                         to see which other domains the registrant is associated with:
                         amosely1@gmail.com

```
Domain Name:
    RX-ACCUTANE.COM

Administrative Contact:
    Amosely Corporation NV
    Admin Department (amosely1@gmail.com)
    +1.4163526130
    Fax: +1.11
    1117 Queen St. West, Suite 785
    Toronto, ON M6J 1J0
    CA

Technical Contact:
    Amosely Corporation NV
    Admin Department (amosely1@gmail.com)
    +1.4163526130
    Fax: +1.11
    1117 Queen St. West, Suite 785
    Toronto, ON M6J 1J0
    CA

Registrant Contact:
    Amosely Corporation NV
    Admin Department (amosely1@gmail.com)
    +1.4163526130
    Fax: +1.11
    1117 Queen St. West, Suite 785
    Toronto, ON M6J 1J0
```

Exhibit 26
Page 536

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 82 of 258   Page ID
#:3064

```
     CA

Status: Locked

Name Servers:

Creation date: 01 Feb 2007 19:32:00
Expiration date: 01 Feb 2008 19:32:00
```

Exhibit 26
Page 537

 TrafficZ   **DomainTools**   LeaseThis.com          Welcome                    My Account



# Rx-accutane.com on 2008-01-03 - Domain History

« Previous                                                              Next »

**Domain:**              **rx-accutane.com** - Domain History

**Cache Date:**          2008-01-03

**Registrar:**           LEAD NETWORKS DOMAINS PVT. LTD.

**Registrant Search:**   Click on an email address we found in this whois record
                         to see which other domains the registrant is associated with:
                         rx-accutane.com@privatewhois.in

```
Registration Service Provided By: PRIVATE WHOIS
Contact: +91.000000000000
Website: http://www.privatewhois.in

Domain Name: RX-ACCUTANE.COM

Registrant:
       PRIVATE WHOIS FOR RX-ACCUTANE.COM
       Privacy Protection        (RX-ACCUTANE.COM@privatewhois.in)
       B-304,Florida, Y-11, Shastrinagar,
       Lokhandwala Complex,
       Andheri (West)
       Mumbai
       Maharashtra,400053
       IN
       Tel. +91.02226300138
       Fax. +91.02226311820

Creation Date: 01-Feb-2007
Expiration Date: 01-Feb-2009

Domain servers in listed order:
       dns10.leadnetworks.com
       dns9.leadnetworks.com

Administrative Contact:
       PRIVATE WHOIS FOR RX-ACCUTANE.COM
       Privacy Protection        (RX-ACCUTANE.COM@privatewhois.in)
```

Exhibit 26
Page 538

```
                    B-304,Florida, Y-11, Shastrinagar,
                    Lokhandwala Complex,
                    Andheri (West)
                    Mumbai
                    Maharashtra,400053
                    IN
                    Tel. +91.02226300138
                    Fax. +91.02226311820


        Technical Contact:
                    PRIVATE WHOIS FOR RX-ACCUTANE.COM
                    Privacy Protection          (RX-ACCUTANE.COM@privatewhois.in)
                    B-304,Florida, Y-11, Shastrinagar,
                    Lokhandwala Complex,
                    Andheri (West)
                    Mumbai
                    Maharashtra,400053
                    IN
                    Tel. +91.02226300138
                    Fax. +91.02226311820


        Billing Contact:
                    PRIVATE WHOIS FOR RX-ACCUTANE.COM
                    Privacy Protection          (RX-ACCUTANE.COM@privatewhois.in)
                    B-304,Florida, Y-11, Shastrinagar,
                    Lokhandwala Complex,
                    Andheri (West)
                    Mumbai
                    Maharashtra,400053
                    IN
                    Tel. +91.02226300138
                    Fax. +91.02226311820


        Status:LOCKED
```





# WIPO Arbitration and Mediation Center

**ADMINISTRATIVE PANEL DECISION**

**Hoffmann-La Roche Inc. v. Private Whois for RX-ACCUTANE.COM / LAKSH INTERNET SOLUTIONS PRIVATE LIMITED**

**Case No. D2008-0682**

## 1. The Parties

The Complainant is Hoffmann-La Roche Inc., New Jersey, United States of America, represented by Lathrop & Gage L.C., United States of America.

The Respondent is Private Whois for RX-ACCUTANE.COM / LAKSH INTERNET SOLUTIONS PRIVATE LIMITED, LAKSH INTERNET SOLUTIONS PRIVATE LIMITED, Mumbai, India.

## 2. The Domain Name and Registrar

The domain name in dispute <rx-accutane.com> is registered with Lead Networks Domains Pvt. Ltd.

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on May 1, 2008. On May 2, 2008, the Center transmitted by email to Lead Networks Domains Pvt. Ltd. a request for registrar verification in connection with the domain name in dispute. On May 15, 2008, Lead Networks Domains Pvt. Ltd. transmitted by email to the Center its verification response disclosing registrant and contact information for the disputed domain name which differed from the named Respondent and contact information in the Complaint. The Center sent an email communication to the Complainant on May 15, 2008 providing the registrant and contact information disclosed by the Registrar, and inviting the Complainant to submit an amendment to the Complaint. The Complainant filed an amended Complaint on May 20, 2008. The Center verified that the Complaint together with the amendment to the Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified the Respondent of the Complaint, and the proceedings commenced on May 20, 2008. In accordance with the Rules, paragraph 5(a), the due date for Response was June 9, 2008. The Respondent did not submit any response. Accordingly, the Center notified the Respondent's default on June 10, 2008.

The Center appointed J. Nelson Landry as the sole panelist in this matter on June 23, 2008. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

Exhibit 26
Page 540

**4. Factual Background**

The Complainant, along with its affiliated companies, within the Roche group is one of the leading manufacturers of pharmaceutical and diagnostic products in the world. The ACCUTANE trademark of the Complainant is protected as a trademark for a dermatological preparation and is registered in the name of the Complainant in the United States Patent and Trademark Office pursuant to a first use on November 27, 1972 (herein "the Trademark" or the "Trademark ACCUTANE").

The Trademark ACCUTANE has been extensively promoted in print advertisements, medical journals, promotional materials, medical informational materials, television advertising and direct mailings. Sales of the ACCUTANE dermatological preparation in the United States of America ("U.S.") have exceeded hundreds of millions of dollars.

F. Hoffmann-La Roche AG, Roche's parent company, owns and has registered the domain name <accutane.com> and when an Internet user types the wording "accutane.com" in a web browser's URL address window he or she is directed to Roche's website located at "www.rocheusa.com/products," through which the Complainant's customers obtain information as to the ACCUTANE dermatological preparation product manufactured and sold by the Complainant.

The domain name in dispute was registered by the Respondent on February 1, 2007. After learning of the Respondent's unauthorized registration of the domain name in dispute, on February 26, 2008, the Complainant, through its counsel, sent a letter by FedEx and by email to the Respondent's addresses indicated in the WHOIS record. In this communication, the said counsel advised the Respondent that the registration of the domain name in dispute infringed the Complainant's Trademark rights and requested that the Respondent transfer the said domain name to the Complainant. The letter and the email transmitted were received by the Respondent.

The Complainant has not authorized the Respondent to use the Trademark ACCUTANE or to incorporate the Trademark into the domain name in dispute and has never granted the Respondent a license to use the ACCUTANE Trademark.

**5. Parties' Contentions**

**A. Complainant**

The Complainant represents that it is the registered owner of the Trademark and that as a result of extensive sales, advertising and promotion for its dermatological preparation in the U.S. under the Trademark ACCUTANE and the unsolicited media attention the product has acquired fame and goodwill associated with the Trademark in the U.S..

The Complainant submits that the domain name in dispute contains its entire Trademark and that the registration and use of the domain name in dispute by the Respondent creates a strong likelihood of confusion as to source, sponsorship, association or endorsement by the Complainant of the Respondent's website associated with the domain name in dispute by the Complainant. The Complainant notified the Respondent that the registration of the domain name in dispute infringed its Trademark rights and requested that the Respondent transfer the domain name in dispute to the Complainant.

The Complainant relies on numerous UDRP panel decisions in submitting that the addition of words or letters such as "rx" and ".com" to the Trademark used in the domain name in dispute does not alter the fact that the said domain name is confusingly similar to the Complainant's Trademark and that generally such a user of a Trademark may not avoid likely confusion by appropriating another's entire Trademark and adding descriptive or non-distinctive matter to it. See *J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition* § 23:50 (4th ed. 1998) and *America Online, Inc. v. Anson Chan*, WIPO Case No. D2001-0004.

According to the Complainant, the Respondent has no rights or legitimate interests in the domain name in dispute, since "accutane" is not a word, has no valid use other than in connection with the Complainant's trademark and the Complainant has not authorized the Respondent to use its Trademark ACCUTANE nor granted the Respondent a license to use the ACCUTANE Trademark. In fact, a visit to the Respondent's website, indicates clearly that neither the Respondent nor its website has been commonly known by the domain name <rx-accutane.com> pursuant to the Policy, paragraph 4(c)(ii).

The Complainant submits that the Respondent's use is not legitimate commercial use of the domain name in dispute, to the contrary it is purely disreputable because its said domain name uses the Complainant's Trademark ACCUTANE as a part of its said domain name through which the ACCUTANE product or a competitive generic form is provided to purchasers without a prescription which is an illegal sale. Such activity is infringing, and likely to confuse purchasers, may cause damage to the Complainant and possibly harm to the public. Since March 1, 2006, prescriptions for and sales and distribution of ACCUTANE and any other isotretinoin product are subject under U.S. law to the strict parameters of the iPLEDGE program, which is the only legal method through which ACCUTANE is prescribed and dispensed to patients, and

wholesalers and pharmacies must also comply with the iPLEDGE program requirements in order to distribute and dispense these pharmaceutical products. Under U.S. law, Internet pharmacies are not authorized to participate in the iPLEDGE program. These actions by the Respondent may lead a consumer to believe that the Complainant is the source of the ACCUTANE product and related information on the Respondent's website, or that the Respondent's use of ACCUTANE in the domain name in dispute and website are authorized, affiliated with, or sponsored, or owned by the Complainant.

The Complainant represents that the Respondent seeks to capitalize on the reputation associated with the Complainant's ACCUTANE Trademark furthermore, to use that recognition to divert Internet users seeking the Complainant's website to websites wholly unrelated to the Complainant since the Respondent's website has no affiliation or connection whatsoever with the Complainant and such offering for sale of the Complainant's product ACCUTANE or any isotretinoin product are not only clear indications of bad faith on the part of the Respondent, but are thus illegal under U.S. law. See *Justerini & Brooks Limited v. Juan Colmenar Rueda as Registrant "Colmenar", aka "jokolm"/"JCRco."*, WIPO Case No. D2000-1308, where the panel in evaluating the respondent's legitimate rights and interests in the domain name <justeriniandbrooks.com> considered factors such as the notoriety and distinctiveness of the trademark which is not one which another trader would legitimately choose unless the trader sought to create an impression of association with the complainant or its products, attract business from the complainant, misleadingly divert members of the public and/or damage the reputation and business of the complainant. According to the Complainant all these factors are present in this case and the same conclusion is inescapable, in that the Respondent has no rights or legitimate interests in the domain name under the Policy, paragraph 4(a)(ii).

The Complainant alleges that the Respondent is using the domain name in dispute to promote products of competitors of the Complainant and links to online pharmacies and such use demonstrates the Respondent's lack of a legitimate noncommercial interest in, or fair use of the domain name in dispute. See *Hoffmann-La Roche Inc. v. Onlinetamiflu.com*, WIPO Case No. D2007-1806; *Pfizer Inc. v. jg a/k/a/ Josh Green*, WIPO Case No. D2004-0784; *The Bear Stearns Companies Inc. v. Darryl Pope*, WIPO Case No. D2007-0593; *COMSAT Corporation v. Ronald Isaacs*, WIPO Case No. D2004-1082; *Fat Face Holdings Lt. v. Belize Domain WHOIS Service Ltd.*, WIPO Case No. D2007-0626 and *Sanofi-aventis v. Montanya Ltd.*, WIPO Case No. D2006-1079.

Furthermore the Complainant represents that the Respondent is not using the domain name in dispute in connection with a *bona fide* offering of goods or services but rather to divert Internet users seeking the Complainant's website associated with the ACCUTANE dermatological preparation product to unrelated websites which use the Complainant's famous Trademark ACCUTANE without license or authorization. These activities of the Respondent are evidence of the Respondent's intent to trade upon the reputation of the Complainant's ACCUTANE Trademark. See *Madonna Ciccone, p/k/a Madonna v. Dan Parisi and "Madonna.com"*, WIPO Case No. D2000-0847. Consequently there is no *bona fide* offering of goods or services by the Respondent. See also *America Online, Inc. v. Xianfeng Fu*, WIPO Case No. D2000-1374, wherein the panel stated that it would be unconscionable to find "a *bona fide* offering of services in a respondent's operation of (its) website using a domain name which is confusingly similar to the complainant's mark and for the same business" which is cited in *Hoffmann-La Roche Inc. v. Aneko Bohner*, WIPO Case No. D2006-0629 and *Hoffmann-La Roche Inc. v. Samuel Teodorek*, WIPO Case No. D2007-1814.

According to the Complainant, there is no evidence that the Respondent is making a legitimate noncommercial or fair use of the domain name in dispute without intent for commercial gain. Because the Respondent is trading on the Complainant's goodwill and is using the domain name in dispute to offer and sell the Complainant's ACCUTANE prescription drug or a competitive isotretinoin product without a license or authorization from the Complainant.

In contending that the Respondent acted in bad faith in registering and using the domain name in dispute, the Complainant relies on numerous facts within the evidence submitted. The true purpose of the Respondent in registering the domain name in dispute which incorporates the Complainant's Trademark ACCUTANE in its entirety is to capitalize on the reputation of the Complainant's ACCUTANE Trademark by diverting Internet users seeking the Complainant's website to the Respondent's own website through which orders for the Complainant's ACCUTANE prescription drug without a prescription are solicited, and a competitor's generic version of isotretinoin is provided. Clear evidence resides in the facts that "rx-accutane" is not a word, that the Complainant's Trademark Accutane is an invented and coined trademark that has an extremely strong worldwide reputation, there exists no relationship between the Respondent and the Complainant, and the Complainant has not given the Respondent permission to use its famous Trademark ACCUTANE, and that such sales are in clear violation of the iPLEDGE program and U.S. law. On these facts, the Complainant concludes that the Respondent was aware of the ACCUTANE Trademark, refuses to relinquish ownership of the domain name in dispute or cease diverting Internet users to a website through which competing products of competitors and/or the Complainant's ACCUTANE product or isotretinoin product are advertised and sold in violation of U.S. law when such acts of the Respondent create confusion in the marketplace and cause harm to Complainant and the public. See *America Online, Inc. v. Anson Chan*, WIPO Case No. D2001-0004.

When, according to the Complainant, the Respondent's website has no legitimate business connection with the Complainant or its ACCUTANE dermatological preparation, in the absence of permission or a license granted to use the

Exhibit 26
Page 542

Trademark ACCUTANE, such unauthorized use of the Complainant's Trademark to promote sales competing and unrelated products by the Respondent suggests either opportunistic bad faith or demonstrates bad faith use. See *Veuve Clicquot Ponsardin, Maison Fondée en 1772 v. The Polygenix Group Co.*, Case No. D2000-0163; *Hoffmann-La Roche Inc. v. Samuel Teodorek*, WIPO Case No. D2007-1814; *Pfizer Inc. v. jg a/k/a/ Josh Green*, WIPO Case No. D2004-0784; *Google, Inc. v. wwwgoogle.com and Jimmy Siavesh Behain*, WIPO Case No. D2000-1240; *Casio Keisanki Kabushiki Kaisha (Casio Computer Co., Ltd.) v. Jongchan Kim*, WIPO Case No. D2003-0400 and *Downstream Technologies, LLC v. Bartels System GmbH*, WIPO Case No. D2003-0088.

**B. Respondent**

The Respondent did not reply to the Complainant's contentions.

**6. Discussion and Findings**

Paragraph 4(a) of the Policy requires that the Complainant prove each of the following three elements in order for a domain name to be cancelled or transferred:

(i) The domain name registered by the respondent is identical or confusingly similar to a trademark or service mark in which the complainant has rights; and

(ii) The respondent has no rights or legitimate interest in respect of the domain name; and

(iii) The domain name has been registered and is being used in bad faith.

**A. Identical or Confusingly Similar**

The Complainant has clearly shown that by the use of the Trademark ACCUTANE since November 27, 1972, in association with a dermatological preparation, its registration before the United States Patent and Trademark Office and its subsequent use, promotion and advertising of the Trademark in various media, journals, television and mailings, it has rights in the Trademark which has acquired distinctiveness, fame and goodwill associated therewith in the U.S.

The Panel finds that the Complainant has rights in the Trademark ACCUTANE.

The domain name in dispute incorporates the whole of the Trademark of the Complainant. As acknowledged in earlier UDRP decisions relied upon by the Complainant which this Panel adopts, the addition of letters such as "rx" and top level domain name indicia ".com" these additions do not in any way diminish the confusion generated by the incorporation of the whole ACCUTANE Trademark in the domain name in dispute.

This Panel finds that the domain name in dispute is confusingly similar to the ACCUTANE Trademark of the Complainant within the meaning of paragraph 4(a)(i) of the Policy.

The first criterion has been met.

**B. Rights or Legitimate Interests**

The Respondent has not filed any response in this proceeding. Therefore the Panel may accept all reasonable inferences and allegations included in the Complaint as true. The Complainant has made a *prima facie* case that the Respondent lacks right or legitimate interest in the domain name in dispute by stating that the Respondent has never been known by the name Accutane or the domain name in dispute and that its use of the said domain name is not legitimate non-commercial or fair use of the domain name in dispute.

Furthermore, the Complainant has never given a license nor in any way authorized the Respondent to make use of its ACCUTANE Trademark. There is no evidence that the Respondent has ever engaged is any legitimate business under the Complainant's Trademark. To the contrary the use of the domain name in dispute by the Respondent which incorporates a famous mark indicating the intent to trade upon the reputation of the Trademark of the Complainant to divert Internet visitors to websites of competitors is not *bona fide* use of the domain name in dispute within the meaning of the Policy. The evidence adduced by the Complainant clearly shows that the sale of a competitive generic form provided to purchasers without a prescription is illegal and furthermore may cause possible harm to the public who by reason of the confusion between the domain name in dispute and the Trademark may think that the Complainant is associated with such illegal

activities.

In relying on earlier UDRP decisions, which this Panel adopts, the Complainant has demonstrated that the use by the Respondent of the domain name in dispute and links to online pharmacies to promote products of competitors of the Complainant, the Respondent lacks legitimate non-commercial interest in, or fair use of, the domain name in dispute.

The second criteria has been met.

**C. Registered and Used in Bad Faith**

Paragraph 4(b) of the Policy states circumstances which, if found, shall be evidence of the registration and use of the domain name in bad faith:

(i) circumstances indicating that you have registered or you have acquired the domain name primarily for the purpose of selling, renting, or otherwise transferring the domain name registration to the Complainant who is the owner of the trademark or service mark or to a competitor of the Complainant, for valuable consideration in excess of your documented out-of-pocket costs directly related to the domain name; or

(ii) you have registered the domain name in order to prevent the owner of the trademark or service mark from reflecting the mark in a corresponding domain name, provided that you have engaged in a pattern of such conduct; or

(iii) you have registered the domain name primarily for the purpose of disrupting the business of a competitor; or

(iv) by using the domain name, you have intentionally attempted to attract, for commercial gain, Internet users to your website or other on-line location, by creating a likelihood of confusion with the Complainant's mark as to the source, sponsorship, affiliation, or endorsement of your website or location or of a product or service on your website or location.

Considering the facts that, firstly the "rx-accutane" and "accutane" are not common words, rather the latter is a coined term used exclusively as a Trademark by the Complainant, secondly the absence of authorization by the Complainant in the use of the Trademark wholly incorporated in the domain in dispute and thirdly the nature of the products offered for sale on the online pharmacies linked to the website of the Respondent, these elements indicate to this Panel that the Respondent was most likely, if not certainly, aware of the existence of the Trademark of the Complainant when it registered the domain name in dispute confusingly similar to the Trademark of the Complainant, the Panel is convinced by the evidence adduced by the Complainant that the registration was made intentionally in an attempt to attract for financial gain Internet users to the Respondent's website by creating a likelihood of confusion with the Trademark of the Complainant as to source, affiliation or endorsement of the Respondent's website and such registration was made in bad faith.

The evidence is clear that the sales of the ACCUTANE product or competitive products were made possible by the use of the website of the Respondent associated with the domain name in dispute to reach online pharmacies, which is illegal in the U.S. and that such sales result from the confusion created by the domain name in dispute and the well known Trademark of the Complainant. These activities have been considered as causing harm to the public and the Complainant and are showing use of the domain name in bad faith as the panel held in *America Online, Inc. v. Anson Chan*, WIPO Case D2001-0004 which this Panel agrees with and adopts.

Furthermore as represented by the Complainant with the support of UDRP earlier decisions which this Panel adopts, the unauthorized use by the Respondent of the Trademark in the domain name in dispute to promote sales of competing and unrelated products demonstrate use of the domain name in dispute in bad faith. See *Hoffmann-La Roche Inc. v. Samuel Teodorek*, WIPO Case No. D2007-1814; *Casio Keisanki Kabushiki Kaisha (Casio Computer Co., Ltd.) v. Jongchan Kim*, WIPO Case No. D2003-0400 and *Downstream Technologies, LLC v. Bartels System GmbH*, WIPO Case No. D2003-0088.

The Panel finds that the domain name in dispute has been registered in bad faith and used in bad faith.

The third criterion has been met.

**7. Decision**

The Panel concludes that:

(a) the domain name <rx-accutane.com> is confusingly similar to the Complainant's Trademark;

Exhibit 26
Page 544

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 90 of 258   Page ID #:3072

(b) the Respondent has no rights or legitimate interest in the domain name in dispute;

(c) the domain name in dispute has been registered and is being used in bad faith.

Therefore, in accordance with paragraphs 4(a) and 4(i) of the Policy and 15 of the Rules, the Panel orders that the domain name <rx-accutane.com> be transferred to the Complainant.

J. Nelson Landry
Sole Panelist

Date: July 2, 2008

TrafficZ   **DomainTools**   LeaseThis.com          Welcome                    My Account



# Rx-accutane.com on 2008-08-13 - Domain History

« Previous                                                                            Next »

| | | |
|---|---|---|
| **Domain:** | **rx-accutane.com** - Domain History | |
| **Cache Date:** | 2008-08-13 | |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** | |
| **Registrant Search:** | Click on an email address we found in this whois record | |
| | to see which other domains the registrant is associated with: | |
| | contact@lakshinternetservices.com | |

```
Registration Service Provided By: PRIVATE WHOIS
Contact: +91.000000000000
Website: http://www.privatewhois.in

Domain Name: RX-ACCUTANE.COM

Registrant:
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.       (contact@lakshinternetservices.com)
      Room No.30, Fatima Bibi Chawl,
      Gulshan Nagar,Behram Baug,
      Jogeshwari (W),
      Mumbai
      Maharashtra,400102
      IN
      Tel. +91.9322160169

Creation Date: 01-Feb-2007
Expiration Date: 01-Feb-2009

Domain servers in listed order:
      dns10.leadnetworks.com
      dns9.leadnetworks.com

Administrative Contact:
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.       (contact@lakshinternetservices.com)
      Room No.30, Fatima Bibi Chawl,
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 92 of 258   Page ID
#:3074

```
        Gulshan Nagar,Behram Baug,

        Jogeshwari (W),

        Mumbai

        Maharashtra,400102

        IN

        Tel. +91.9322160169


   Technical Contact:

        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.

        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)

        Room No.30, Fatima Bibi Chawl,

        Gulshan Nagar,Behram Baug,

        Jogeshwari (W),

        Mumbai

        Maharashtra,400102

        IN

        Tel. +91.9322160169


   Billing Contact:

        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.

        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)

        Room No.30, Fatima Bibi Chawl,

        Gulshan Nagar,Behram Baug,

        Jogeshwari (W),

        Mumbai

        Maharashtra,400102

        IN

        Tel. +91.9322160169


   Status:LOCKED
```

Exhibit 26
Page 547

Case 2:09-cv-00613-ABC-CW   Document 132-5   Filed 12/03/10   Page 93 of 258   Page ID #:3075

# High Court of Judicature at Bombay

## CASE DETAILS

### *Bench:-Bombay*

| | | | | | |
|---|---|---|---|---|---|
| *Lodging No.:-* | SL/2325/2008 | *Filing Date:-* | 23/07/2008 | *Reg. No.:-* S/2541/2008 | *Reg. Date:-* 20/08/2008 |

*Petitioner:-* LAKSH INTERNET SOLUTIONS PVT. LTD. -   *Respondent:-* HOFFMANN-LA ROCHE INC. AND ANR. -

*Petn.Adv.:-* ABHAY P. PANDE

*District:-* BOMBAY

| | |
|---|---|
| *Bench:-* | SINGLE |
| *Status:-* | Pre-Admission |
| *Last Date:-* | 00/00/0000 |
| *Last Coram:-* | REGISTRAR(OS)/PROTHONOTARY & SR. MASTER |

*Category:-* SUITS FOR DAMAGES

*Stage:-* PLAINTS FOR REJECTION U/R 986 OF THE H.C.(O.S.)RULES 1980

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

TrafficZ    **DomainTools**    LeaseThis.com            Welcome                        My Account



# Sosmalus.com on 2007-10-12 - Domain History

« Previous                                                    Next »

**Domain:**                    **sosmalus.com** - Domain History

**Cache Date:**                2007-10-12

**Registrar:**                 ENOMATE INC

**Registrant Search:**         Click on an email address we found in this whois record
                               to see which other domains the registrant is associated with:
                               legal@enom.com

---

```
Domain name: sosmalus.com

Administrative Contact:
    c/o eNom, Inc. on behalf of eNom, Inc. Customer
    TBD eNom Customer TBD eNom Customer (legal@enom.com)
    +1.4252744500
    Fax: +1.4259744795
    Correspondence can be sent to:
    c/o eNom, Inc. 2002 156th Avenue NE
    Bellevue, WA 98007
    US

Technical Contact:
    c/o eNom, Inc. on behalf of eNom, Inc. Customer
    TBD eNom Customer TBD eNom Customer (legal@enom.com)
    +1.4252744500
    Fax: +1.4259744795
    Correspondence can be sent to:
    c/o eNom, Inc. 2002 156th Avenue NE
    Bellevue, WA 98007
    US

Registrant Contact:
    c/o eNom, Inc. on behalf of eNom, Inc. Customer
    TBD eNom Customer TBD eNom Customer (legal@enom.com)
    +1.4252744500
    Fax: +1.4259744795
    Correspondence can be sent to:
```

```
        c/o eNom, Inc. 2002 156th Avenue NE
        Bellevue, WA 98007
        US


Status: Active

Name Servers:
        dns1.name-services.com
        dns2.name-services.com
        dns3.name-services.com
        dns4.name-services.com
        dns5.name-services.com


Creation date: 10 Oct 2007 12:21:06
Expiration date: 10 Oct 2008 12:21:06
```

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 96 of 258    Page ID
#:3078

TrafficZ    **DomainTools**    LeaseThis.com          Welcome                    My Account



# Sosmalus.com on 2008-01-21 - Domain History

« Previous                                                      Next »

| | |
|---|---|
| **Domain:** | **sosmalus.com** - Domain History |
| **Cache Date:** | 2008-01-21 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: p3018shu0108@privatewhois.in |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: SOSMALUS.COM

Registrant:
     Private Whois Escrow Domains Private Limited.
     PRIVATE WHOIS FOR P3018shu0108          (P3018shu0108@privatewhois.in)
     707,C-Wing,7th Floor,The Neptune Versova Society,
     Lokhandwala Complex,4th Cross Road,
     Andheri (West)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.02226300138
     Fax. +91.02226311820

Creation Date: 14-Oct-2007
Expiration Date: 14-Oct-2009

Domain servers in listed order:
     ns2.idnsserver.net
     ns1.idnsserver.net

Administrative Contact:
     Private Whois Escrow Domains Private Limited.
     PRIVATE WHOIS FOR P3018shu0108          (P3018shu0108@privatewhois.in)
     707,C-Wing,7th Floor,The Neptune Versova Society,
```

Exhibit 26
Page 551

```
            Lokhandwala Complex,4th Cross Road,
            Andheri (West)
            Mumbai
            Maharashtra,400053
            IN
            Tel. +91.02226300138
            Fax. +91.02226311820


    Technical Contact:
            Private Whois Escrow Domains Private Limited.
            PRIVATE WHOIS FOR P3018shu0108        (P3018shu0108@privatewhois.in)
            707,C-Wing,7th Floor,The Neptune Versova Society,
            Lokhandwala Complex,4th Cross Road,
            Andheri (West)
            Mumbai
            Maharashtra,400053
            IN
            Tel. +91.02226300138
            Fax. +91.02226311820


    Billing Contact:
            Private Whois Escrow Domains Private Limited.
            PRIVATE WHOIS FOR P3018shu0108        (P3018shu0108@privatewhois.in)
            707,C-Wing,7th Floor,The Neptune Versova Society,
            Lokhandwala Complex,4th Cross Road,
            Andheri (West)
            Mumbai
            Maharashtra,400053
            IN
            Tel. +91.02226300138
            Fax. +91.02226311820


    Status:ACTIVE
```

Exhibit 26
Page 552

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 98 of 258   Page ID
#:3080



# WIPO Arbitration and Mediation Center

**ADMINISTRATIVE PANEL DECISION**

**JP Labalette SA v. Laksh Internet Solutions Private Limited/Private Whois Escrow Domains Private Limited**

**Case No. D2008-0817**

## 1. The Parties

The Complainant is JP Labalette SA, of Paris, France represented by Courtois Lebel, France.

The Respondent is Laksh Internet Solutions Private Limited/ Private Whois Escrow Domains Private Limited, of Mumbai, India.

## 2. The Domain Name and Registrar

The disputed domain name <sosmalus.com> is registered with Lead Networks Domains Pvt. Ltd.

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on May 27, 2008. On May 27, 2008, the Center transmitted by email to Lead Networks Domains Pvt. Ltd. a request for registrar verification in connection with the domain name at issue. On June 11, 2008, Lead Networks Domains Pvt. Ltd. transmitted by email to the Center its verification response disclosing registrant and contact information for the disputed domain name which differed from the named Respondent and contact information in the Complaint. The Center sent an email communication to the Complainant on June 11, 2008 providing the registrant and contact information disclosed by the Registrar, and inviting the Complainant to submit an amendment to the Complaint. The Complainant filed an amendment to the Complaint on June 16, 2008 and filed a further amendment to the Complaint on June 24, 2008. The Center verified that the Complaint together with the second amendment to the Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified the Respondent of the Complaint, and the proceedings commenced on July 1, 2008. In accordance with the Rules, paragraph 5(a), the due date for Response was July 21, 2008. The Respondent did not submit any response. Accordingly, the Center notified the Respondent's default on July 25, 2008.

The Center appointed John Swinson as the sole panelist in this matter on August 7, 2008. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.

**4. Factual Background**

The Complainant is a company incorporated in France. The Complainant provides insurance services (including motor insurance).

The disputed domain name was registered by the Respondent on October 14, 2007.

The website operating from the disputed domain name contains links to third party websites, grouped under a range of categories. The Panel viewed the website on numerous occasions and noted that the categories changed from time to time. On at least half of the occasions, the majority of the categories involved the word "malus" (French for loaded premium) or "assurance" (French for insurance). On the remaining occasions, the categories were largely unrelated to insurance services - for example, some other categories displayed on the website were "Accidents", "Placement", "Protection", "Trees" and "Acer". When one of these categories were chosen, the Panel was taken to a list of websites which did not always relate to the broader category heading. For example, a lot of the links related to the Beijing Olympics.

The website also contains sponsored advertising links and pop up ads and is partially in French and partially in English. On the home page, under the heading "About Us", the website states:

"We empower individuals, organizations and businesses with our unique services. Diversification being our core strategy; we specialize in **Assurance Auto**, **Assurance Auto Malus**, **Assurance Malus** and an array of other services. Our mission is to provide quality resources".

However as noted above, the written content of the website (including the "About Us" section), appears to change frequently.

There is limited information available regarding the Respondent.

**5. Parties' Contentions**

**A. Complainant**

The Complainant makes the following contentions:

The Complainant owns several registered trade marks in France, including registration no. 1624384 for SOS MALUS (word mark) registered from March 29, 1989; registration no. 99775035 SOS MALUS (device) registered from February 9, 1999; registration no. 053385115 for SOS MALUS ASSISTANCE (word) registered from October 5, 2005 and registration no. 053385114 SOS MALUS (device) registered from October 5, 2005. These trade marks are used by the Complainant in relation to insurance services.

The Complainant also owns or has rights in several domain names containing the term "sosmalus". Websites operating from these domain names promote and sell the Complainant's (or its authorised partners') insurance services.

The Complainant has previously owned the disputed domain name, from June 2005 to June 2007. The Complainant instructed its registrar to renew the disputed domain name, however the registrar failed to do so. Once it lapsed, the Respondent was able to register it.

The disputed domain name is identical to the Complainant's trade marks, and the disputed domain name does not include any other feature. As it contains the Complainant's trade mark in its entirety, there is sufficient similarity for the purposes of the Policy. Registration by the Respondent is infringement of the Complainant's trade mark rights.

The Respondent has not been authorised by the Complainant to use its trade mark, or to incorporate the mark in the

disputed domain name. To the best of the Complainant's knowledge, the Respondent has not registered the disputed domain name as a trade mark in any jurisdiction, and is not commonly known by that name.

The Complainant's trade mark is highly distinctive, and both the SOS MALUS trade mark and the Complainant are well known to the public. The Respondent registered the disputed domain name more than 15 years after the Complainant first acquired rights in SOS MALUS, and 4 years after the Complainant registered the domain name <sos-malus.com>.

The Respondent is using the disputed domain name to attract for the purpose of commercial gain, Internet users to its website. The website contains sponsored links which lead to third party sites related to insurance. The display of those links is a result of an agreement between the Respondent and Google (through the Google Adsense program.) This generates a profit for the Respondent, according to the number of clicks.

Using a domain name which is confusingly similar to a complainant's trade mark, and which leads to websites of the complainant's competitors, constitutes bad faith. Visitors to the website will incorrectly believe there is an affiliation between the links present on that website, and the Complainant and its business.

**B. Respondent**

The Respondent did not reply to the Complainant's contentions.

**6. Discussion and Findings**

According to paragraph 15(a) of the Rules: "A Panel shall decide a Complaint on the basis of the statements and documents submitted in accordance with the Policy, the Rules and any rules and principles of law that it deems applicable". Paragraph 4(a) of the Policy provides that the complainant must prove each of the following:

(i) that the disputed domain name is identical or confusingly similar to a trademark or a service in which the complainant has rights; and

(ii) that the respondent has no rights or legitimate interests in the disputed domain name; and

(iii) that the disputed domain name has been registered and is being used in bad faith.

Paragraph 4(a) of the Policy states that the burden of proof lies with the complainant to establish that all these three elements are satisfied.

As noted above, the Respondent did not file a response. A respondent is not obliged to participate in a domain name dispute proceeding, but if it were to fail to do so, facts asserted by the complainant that are not unreasonable can be regarded to be true *Reuters Limited v. Global Net 2000, Inc.*, WIPO Case No. D2000-0441. This is supported by paragraph 14(b) of the Rules, which states that the panel may draw negative inferences from the respondent's default (in failing to provide a response), provided the complainant has supported its assertions with actual evidence (paragraph 3 of the Rules).

**A. Identical or Confusingly Similar**

The Complainant has provided evidence of its registration of various SOS MALUS trade marks in France, covering services related to insurance. The earliest of these trade mark registrations (registration no. 1624384), dates back to March 29, 1989.

Registration of a trade mark can be considered *prima facie* evidence of validity, and can in turn create a rebuttable presumption that the mark is inherently distinctive (*EAuto, L.L.C. v. Triple S. Auto Parts d/b/a Kung Fu Yea Enterprises, Inc.*, WIPO Case No. D2000-0047). The Respondent has not attempted to rebut this presumption.

The disputed domain name is identical to the Complainant's SOS MALUS trade mark, and does not contain any other significant features. It is well recognised that the gTLD suffix is not relevant in a comparison of the disputed domain name and trade mark.

Accordingly, the Panel finds that the first element has been met.

**B. Rights or Legitimate Interests**

Paragraph 4(i) to (iii) of the Policy lists three ways in which a respondent can demonstrate rights or legitimate interests in a disputed domain name.

The Panel agrees with the Complainant's statements that:

(a) there is no evidence that the Respondent has ever been commonly known by the disputed domain name or applied for any trade mark in respect of SOS MALUS;

(b) the Complainant has not licensed or otherwise authorised the Respondent to use its SOS MALUS trade mark, or to apply for a domain name which incorporates its trade mark;

(c) the website operating from the disputed domain name does not constitute legitimate non-commercial or fair use, and the Respondent is not using the website for a bona fide offering of goods or services. As noted above in section 4, the content of the website changes from time to time; sometimes the overall categories are clearly related to insurance and other times they are not; and the websites listed under the broader categories do not always match the subject matter.

While parts of the website are in French (and cannot be translated by the Panel), it is clear that a significant number of links relate to motor vehicle insurance (Auto or Voiture Assurance). These links then lead to other websites, some of which offer insurance services and clearly compete with the Complainant's goods and services. Other links are completely irrelevant to the Complainant's goods and services (for example, links relating to the Beijing Olympics). Regardless, the Respondent is clearly making a commercial use of the website by use of sponsored links and advertising, and is receiving a commercial profit from the presence of these links (on a pay per click basis). Such use does not constitute a *bona fide* offering of goods or services, or a legitimate fair use.

The Complainant has presented a *prima facie* case indicating that the Respondent does not have any rights or legitimate interests in the disputed domain name. Once such *prima facie* case is made, the respondent carries the burden of demonstrating rights or legitimate interests in the domain name. If the respondent fails to do so, a complainant is deemed to have satisfied paragraph 4(a)(ii) of the Policy (see *Morgan Freeman v. Mighty LLC*, WIPO Case No. D2005-0263).

The Panel notes that the Respondent has failed to submit a Response in this proceeding. As such, the Respondent has failed to rebut the Complainant's *prima facie* case.

The second element has been met.

**C. Registered and Used in Bad Faith**

Paragraph 4(b) of the Policy lists four circumstances that, without limitation, shall be evidence of the registration and use of a domain name in bad faith. The Complainant's Complaint appears to rely primarily on subparagraph (iv), that is, by using the domain name, the Respondent has intentionally attempted to attract, for commercial gain, Internet users to its website, by creating a likelihood of confusion with the Complainant's mark as to the source, sponsorship, affiliation, or endorsement of the Respondent's website or of a product or service on its website.

As mentioned above, the website operating from the disputed domain name contains links to other third party websites and also sponsored advertisements. Some parts of the website appear in the English language, while other parts are displayed in French. While not all links on the website are relevant to insurance services, and while the links or categories change from time to time, at most times the website displays links to insurance services.

The Panel is of the view that is very likely that the Respondent knew of the Complainant's trade mark and brand. It is also possible that the Respondent was also aware that the Complainant previously owned the registration for the disputed domain name and had permitted it to lapse. The Respondent registered the domain name which was clearly going to be confused with the Complainant's trade mark (as it is identical) and has attempted to make commercial gain from the website by providing sponsored links and advertisements to competing goods and services. Some of these goods and services clearly compete with the Complainant's goods and services which is further evidence of bad faith. The Panel infers that the underlying purpose behind the Respondent's actions was to capture Internet traffic which was looking for the Complainant's website or insurance services. SOS MALUS includes a French word, and is not something that a party based in India is likely to think of independently.

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 102 of 258   Page ID #:3084

The Complainant has shown that the Respondent is using the disputed domain names to divert Internet users to a parking webpage linked to commercial websites of competitors of the Complainant in order to generate revenues on a "pay per click" basis which constitutes bad faith (see *Credit Industriel et Commercial S.A. v. Richard J.*, WIPO Case No. D2005-0569).

Accordingly, the third element has been met.

Although not raised in the Complaint, the Panel also notes that the Respondent has been a respondent to various previous UDRP decisions. For example, *Screwfix Direct Limited v LAKSH INTERNET SOLUTIONS PRIVATE LIMITED./Private Whois Escrow Domains Pvt. Ltd.* WIPO Case No. D2008-0784, (scewifx.com); *Dr. Ing. h.c. F. Porsche AG v. Laksh Internet Solutions Private Limited / Privacy Protection* WIPO Case No. D2008-0691 (prosche.com); *CanWest Mediaworks Publications Inc. v. Laksh Internet Solutions Private Limited / SA c/o FP*, WIPO Case No. D2008-0687 (theedmontonjournal.com). This may be relevant to paragraph 4(b)(ii) of the Policy, being that the Respondent has engaged in a pattern of conduct which prevents trade mark owners from reflecting their mark in a corresponding domain name, but due to the findings above, the Panel does not need to consider this ground any further.

**7. Decision**

For all the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the domain name, <sosmalus.com> be transferred to the Complainant.

John Swinson
Sole Panelist

Date: August 24, 2008

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 103 of 258    Page ID #:3085

TrafficZ    **DomainTools**    LeaseThis.com                Welcome                      My Account



# Sosmalus.com on 2008-08-02 - Domain History

« Previous                                                                         Next »

| | | |
|---|---|---|
| **Domain:** | sosmalus.com - Domain History | |
| **Cache Date:** | 2008-08-02 | |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** | |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@lakshinternetservices.com | |

```
Registration Service Provided By: PRIVATE WHOIS
Contact: +91.000000000000
Website: http://www.privatewhois.in

Domain Name: SOSMALUS.COM

Registrant:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.        (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 14-Oct-2007
Expiration Date: 14-Oct-2009

Domain servers in listed order:
     dns16.leadnetworks.com
     dns15.leadnetworks.com

Administrative Contact:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.        (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
```

Exhibit 26
Page 558

```
       Gulshan Nagar,Behram Baug,
       Jogeshwari (W),
       Mumbai
       Maharashtra,400102
       IN
       Tel. +91.9322160169


  Technical Contact:
       LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
       LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.        (contact@lakshinternetservices.com)
       Room No.30, Fatima Bibi Chawl,
       Gulshan Nagar,Behram Baug,
       Jogeshwari (W),
       Mumbai
       Maharashtra,400102
       IN
       Tel. +91.9322160169


  Billing Contact:
       LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
       LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.        (contact@lakshinternetservices.com)
       Room No.30, Fatima Bibi Chawl,
       Gulshan Nagar,Behram Baug,
       Jogeshwari (W),
       Mumbai
       Maharashtra,400102
       IN
       Tel. +91.9322160169


  Status:LOCKED
```

Case 2:09-cv-00612-ABC-CW   Document 122-5   Filed 12/03/10   Page 105 of 258   Page ID #:3087

# High Court of Judicature at Bombay

## CASE DETAILS

### *Bench:-Bombay*

| | | | | | | |
|---|---|---|---|---|---|---|
| *Lodging No.:-* | SL/2813/2008 | *Filing Date:-* | 10/09/2008 | *Reg. No.:-* | S/3137/2008 | *Reg. Date:-* 14/11/2008 |

*Petitioner:-* LAKSH INTERNET SOLUTIONS PVT. LTD. -    *Respondent:-* JP LABALETTE SA AND ANR -

*Petn.Adv.:-* ABHAY P. PANDE.

*District:-* BOMBAY

*Bench:-* SINGLE

*Status:-* Pre-Admission    *Category:-* SUITS FOR DEFAMATION

*Last Date:-* 00/00/0000    *Stage:-* PLAINTS FOR REJECTION U/R 986 OF THE H.C.(O.S.)RULES 1980

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 106 of 258    Page ID
#:3088

TrafficZ   **DomainTools**   LeaseThis.com          Welcome                    My Account



# Xenical-al.com on 2007-11-12 - Domain History

Next »

| | |
|---|---|
| **Domain:** | **xenical-al.com** - Domain History |
| **Cache Date:** | 2007-11-12 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: |
| | contact@privacyprotect.org |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: XENICAL-AL.COM

Registrant:
     PrivacyProtect.org
     Domain Admin          (contact@privacyprotect.org)
     P.O. Box 97
     All Postal Mails Rejected, visit Privacyprotect.org
     Moergestel
     null,5066 ZH
     NL
     Tel. +45.36946676

Creation Date: 27-Oct-2004
Expiration Date: 27-Oct-2008

Domain servers in listed order:
     ns1.dsredirection.com
     ns2.dsredirection.com

Administrative Contact:
     PrivacyProtect.org
     Domain Admin          (contact@privacyprotect.org)
     P.O. Box 97
     All Postal Mails Rejected, visit Privacyprotect.org
     Moergestel
```

```
                    null,5066 ZH
                    NL
                    Tel. +45.36946676


        Technical Contact:
                    PrivacyProtect.org
                    Domain Admin          (contact@privacyprotect.org)
                    P.O. Box 97
                    All Postal Mails Rejected, visit Privacyprotect.org
                    Moergestel
                    null,5066 ZH
                    NL
                    Tel. +45.36946676


        Billing Contact:
                    PrivacyProtect.org
                    Domain Admin          (contact@privacyprotect.org)
                    P.O. Box 97
                    All Postal Mails Rejected, visit Privacyprotect.org
                    Moergestel
                    null,5066 ZH
                    NL
                    Tel. +45.36946676


        Status:ACTIVE
```

Exhibit 26
Page 562

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 108 of 258   Page ID
#:3090



# WIPO Arbitration and Mediation Center

**ADMINISTRATIVE PANEL DECISION**

**F. Hoffmann-La Roche AG v. Comdot internet services private limited/ PrivacyProtect.org**

**Case No. D2007-1637**

## 1. The Parties

Complainant is F. Hoffmann-La Roche AG, Basel, Switzerland, represented internally.

Respondent is Comdot internet services private limited, Mumbai, India; PrivacyProtect.org**.**

## 2. The Domain Name and Registrar

The disputed domain name <xenical-al.com> (the "Domain Name") is registered with Lead Networks Domains Pvt. Ltd.

## 3. Procedural History

The Complaint was filed with the WIPO Arbitration and Mediation Center (the "Center") on November 7, 2007. On November 7, 2007, the Center transmitted by email to Lead Networks Domains Pvt. Ltd. a request for registrar verification in connection with the domain name at issue. On November 21, 2007, the Registrar transmitted by email to the Center its verification response disclosing underlying registrant and contact information for the disputed domain name which differed from the named Respondent and contact information in the Complaint. The Center sent an email communication to Complainant on November 22, 2007, providing the underlying registrant and contact information disclosed by the Registrar, and inviting Complainant to submit an amendment to the Complaint. The Complaint filed an amendment to the Complaint on November 23, 2007. The Center verified that the Complaint together with the amendment to the Complaint satisfied the formal requirements of the Uniform Domain Name Dispute Resolution Policy (the "Policy"), the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the "Supplemental Rules").

In accordance with the Rules, paragraphs 2(a) and 4(a), the Center formally notified the Respondent of the Complaint, and the proceedings commenced on November 26, 2007. In accordance with the Rules, paragraph 5(a), the due date for Response was December 16, 2007. Respondent did not submit any timely response. Accordingly, the Center notified the Respondent's default on December 17, 2007. However, Respondent filed a late response on December 19, 2007.

The Center appointed Flip Jan Claude Petillion as the sole panelist in this matter on December 21, 2007. The Panel finds that it was properly constituted. The Panel has submitted the Statement of Acceptance and Declaration of Impartiality and Independence, as required by the Center to ensure compliance with the Rules, paragraph 7.


**4. Factual Background**

Complainant, a company incorporated under the laws of Switzerland, holds trademark registrations on a world-wide basis for the trademark XENICAL. As an example, Complainant refers to the international registration No. 612908 and 699154. The trademark XENICAL designates an oral prescription for weight loss medication and helps obese people to lose weight and keep this weight off.

The Domain Name <xenical-al.com> was first created on October 27, 2004. Respondent is using the Domain Name for a landing page that includes advertisements for third party websites offering products similar or identical to those offered by Complainant. Among the advertisement links available on Respondent's website are those of third parties, all of which appear to compete with Complainant's products.


**5. Parties' Contentions**

**A. Complainant**

Complainant states that it uses the trademark XENICAL to promote weight loss and weight control.

Complainant alleges that the Domain Name is confusingly similar to its trademark XENICAL. Complainant asserts that the Domain Name incorporates its trademark in its entirety.

Complainant further alleges that Respondent was granted no license, permission or authorization to use the trademark XENICAL in the Domain Name, that the Domain Name clearly alludes to Complainant, and that Respondent's only reason to register and use the Domain Name is to benefit from the reputation of the trademark XENICAL and to illegitimately trade on its fame for commercial gain and profit.

Finally, Complainant alleges that Respondent has registered and is using the Domain Name in bad faith for two reasons. First, Complainant states that Respondent must have known Complainant's product and trademark XENICAL. Second, Complainant alleges that Respondent is intentionally attempting (for commercial purposes) to attract Internet users to Respondent's website, by creating a likelihood of confusion with the trademark XENICAL, which has a good reputation among doctors, and by advertising links to websites promoting and/or offering products and services. Complainant argues that Respondent is intentionally misleading the consumers and confusing them so as to attract them to other websites making them believe that the websites behind those links are associated or recommended by Complainant. As a result, Respondent may generate unjustified revenues for each click-through by on-line consumers of the sponsored links.


**B. Respondent**

Although the Complaint was properly notified to Respondent, as required by the Rules, Respondent did not file a timely Response. In the absence of a timely Response, it is appropriate to accept as true all factual supported allegations of the Complaint. See, e.g., *Ticketmaster Corporation v. Bill Hicks*, WIPO Case No. D2004-0400; *Elan Pharmaceuticals, Inc. v. Randy Haag*, WIPO Case No. D2001-0755.

The Panel notes however that the Respondent filed a late Response. Paragraph 14(a) of the Rules states as follows: "(a) In the event that a Party, in the absence of exceptional circumstances, does not comply with any of the time periods established by these Rules or the Panel, the Panel shall proceed to a decision on the complaint."

Even though the Response was filed late and the Panel need not consider it, the Panel has – so that the Respondent is given a fair opportunity to present its case – reviewed the Response, but has found no arguments or evidence that would affect the outcome of this case.

**6. Discussion and Findings**

The burden that Complainant must meet under paragraph 4(a) of the Policy is to prove:

(i) that the Domain Name is identical or confusingly similar to a trademark or service mark in which Complainant has rights, and

(ii) that Respondent has no rights or legitimate interests with respect to the Domain Name, and

(iii) that the Domain Name has been registered and is being used in bad faith.

**A. Identical or Confusingly Similar**

Complainant demonstrated that it has trademark rights in the trademark XENICAL.

The Panel refers to the Overview of WIPO Panel Views on Selected UDRP Questions ("WIPO Decision Overview"), at §1.1: "If the complainant owns a registered trademark then it satisfies the threshold requirement of having trademark rights. The location of the registered trademark and the goods and/or services it is registered for are irrelevant when finding rights in a mark."[1] The only remaining question, then, is whether the Domain Name is identical or confusingly similar to Complainant's trademark.

The Panel finds that Domain Name is confusingly similar to Complainant's trademark because the addition of a dash and the letters "al" to the trademark XENICAL does not change the fact that the Domain Name looks and reads like Complainant's XENICAL trademark.

The Panel thus finds that the Domain Name is confusingly similar to Complainant's trademark.

**B. Rights or Legitimate Interests**

The Panel has reviewed the record and the website to which the Domain Name resolves and finds that there is no indication of any right or legitimate interest by Respondent in the Domain Name.

Respondent registered the Domain Name several years after Complainant began offering products and offers a landing page that advertises competitive services. It thus appears that Respondent is seeking to confuse Internet users so that those searching for Complainant's product could mistakenly reach Respondent's website and be diverted to the websites of Complainant's competitors. This is not a legitimate use under the Policy, nor is it a *bona fide* offering of goods or services. *The Knot, Inc. v. In Knot We Trust LTD,* WIPO Case No. D2006-0340 (landing page is not a legitimate interest).

**C. Registered and Used in Bad Faith**

The same facts that support the finding that Respondent lacks rights or legitimate interests in the Domain Name also support the conclusion that Respondent is using the Domain Name in bad faith. These facts show that Respondent has intentionally sought to attract Internet users to its website by creating a likelihood of confusion with Complainant's trademarks and domain name for commercial gain. Only one sign and two letters distinguish the Domain Name from Complainant's trademark. Respondent is clearly specifically targeting Complainant's trademark and attempting to divert Internet users searching for Complainant's product to Respondent's website. Respondent is presumably profiting from this conduct in the form of click-through revenues. These facts all support a finding of bad faith registration and use under paragraph 4(b)(iv) of the Policy. *The Knot, Inc., supra*; *Airbus Deutschland Gmbh v. DOMAIN-NAME-4-SALE,* WIPO Case No. D2005-0092.

**7. Decision**

For all the foregoing reasons, in accordance with paragraphs 4(i) of the Policy and 15 of the Rules, the Panel orders that the domain name <xenical-al.com> be transferred to Complainant.

---

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 111 of 258   Page ID
#:3093

Flip Jan Claude Petillion
Sole Panelist


Dated: January 4, 2008

--------

[1] Although the *WIPO Decision Overview* is not binding precedent, it embodies a consensus of positions set forth in the opinions of several WIPO UDRP panelists during the first five years of the administration of the UDRP. See, *Fresh Intellectual Properties, Inc. v. 800Network.com, Inc.,* WIPO Case No. D2005-0061. It is prudent for panelists to follow such a consensus in order to promote consistency among UDRP decisions. See, *Howard Jarvis Taxpayers Association v. Paul McCauley*, WIPO Case No. D2004-0014. See also, *Last Minute Network Limited v. Web Domain Names*, WIPO Case No. D2007-1161.

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 112 of 258    Page ID
#:3094

TrafficZ   **DomainTools**   LeaseThis.com          Welcome                    My Account



# Xenical-al.com on 2008-02-19 - Domain History

« Previous                                                          Next »

| | |
|---|---|
| **Domain:** | **xenical-al.com** - Domain History |
| **Cache Date:** | 2008-02-19 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@comdotservices.com |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: XENICAL-AL.COM

Registrant:
      COMDOT INTERNET SERVICES PRIVATE LIMITED.
      COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
      18/20 Akshay Co-Op. Soc,
      S.V. Patel Nagar,Mahada Versova,
      Andheri (W)
      Mumbai
      Maharashtra,400053
      IN
      Tel. +91.000000

Creation Date: 27-Oct-2004
Expiration Date: 27-Oct-2008

Domain servers in listed order:
      ns1.dsredirection.com
      ns2.dsredirection.com

Administrative Contact:
      COMDOT INTERNET SERVICES PRIVATE LIMITED.
      COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
      18/20 Akshay Co-Op. Soc,
      S.V. Patel Nagar,Mahada Versova,
```

Exhibit 26
Page 567

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 113 of 258   Page ID
#:3095

```
          Andheri (W)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.000000

Technical Contact:
          COMDOT INTERNET SERVICES PRIVATE LIMITED.
          COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
          18/20 Akshay Co-Op. Soc,
          S.V. Patel Nagar,Mahada Versova,
          Andheri (W)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.000000

Billing Contact:
          COMDOT INTERNET SERVICES PRIVATE LIMITED.
          COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
          18/20 Akshay Co-Op. Soc,
          S.V. Patel Nagar,Mahada Versova,
          Andheri (W)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.000000


Status:LOCKED
```

Exhibit 26
Page 568

Case 2:09-cv-00613-ABC-CW   Document 422-5   Filed 12/03/10   Page 114 of 258   Page ID #:3096

# High Court of Judicature at Bombay

## CASE DETAILS

**Bench:-Bombay**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Lodging No.:-** | SL/252/2008 | **Filing Date:-** | 18/01/2008 | **Reg. No.:-** S/471/2008 | **Reg. Date:-** | 13/02/2008 |

**Petitioner:-** COMDOT INTERNET SERVICES PRIVATE LII    **Respondent:-** F HOFFMANN-LA ROCHE AG AND ANR -

**Petn.Adv.:-** ABHAY P. PANDE

**District:-** BOMBAY

**Bench:-** SINGLE

**Status:-** Pre-Admission    **Category:-** SUITS FOR DAMAGES

**Next Date:-** 05/03/2009    **Stage:-** FOR DIRECTIONS

**Coram:-** REGISTRAR(OS)/PROTHONOTARY & SR. MASTER

**Last Date:-** 12/12/2008    **Stage:-** FOR DIRECTIONS

**Last Coram:-** REGISTRAR(OS)/PROTHONOTARY & SR. MASTER

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

Exhibit 26
Page 569

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 115 of 258    Page ID
#:3097

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome                    My Account

# DomainTools

## Ashleyfurniturestore.com on 2007-10-15 - Domain History

Next »

| | |
|---|---|
| **Domain:** | ashleyfurniturestore.com - Domain History |
| **Cache Date:** | 2007-10-15 |
| **Registrar:** | ENOM, INC. |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: www.enom.com@startseek.com |

```
Contact: www.enom.com@startseek.com

Domain name: ashleyfurniturestore.com

Administrative Contact:

     Yu Xiaojie (www.enom.com@startseek.com)
     +86.81237992
     Fax: +86.81237992
     Nanmatou Lu 1187
     Rm 601 House 28
     Shanghai, SHANGHAI 200126
     CN

Technical Contact:

     Yu Xiaojie (www.enom.com@startseek.com)
     +86.81237992
     Fax: +86.81237992
     Nanmatou Lu 1187
     Rm 601 House 28
     Shanghai, SHANGHAI 200126
     CN

Registrant Contact:

     Yu Xiaojie (www.enom.com@startseek.com)
     +86.81237992
```

Exhibit 26
Page 570

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 116 of 258   Page ID
#:3098

```
        Fax: +86.81237992
        Nanmatou Lu 1187
        Rm 601 House 28
        Shanghai, SHANGHAI 200126
        CN


Status: Locked


Name Servers:
        ns1.aphost.com
        ns2.aphost.com


Creation date: 26 Nov 2005 19:40:45
Expiration date: 26 Nov 2009 19:40:45
```

Exhibit 26
Page 571

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 117 of 258    Page ID
#:3099

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome                    My Account

# Ashleyfurniturestore.com on 2008-06-18 - Domain History

« Previous                                                                   Next »

| | |
|---|---|
| **Domain:** | ashleyfurniturestore.com - Domain History |
| **Cache Date:** | 2008-06-18 |
| **Registrar:** | LEAD NETWORKS DOMAINS PVT. LTD. |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@privacyprotect.org |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: ASHLEYFURNITURESTORE.COM

Registrant:
     PrivacyProtect.org
     Domain Admin          (contact@privacyprotect.org)
     P.O. Box 97
     Note - All Postal Mails Rejected, visit Privacyprotect.org
     Moergestel
     null,5066 ZH
     NL
     Tel. +45.36946676

Creation Date: 26-Nov-2005
Expiration Date: 26-Nov-2010

Domain servers in listed order:
     ns1.aphost.com
     ns2.aphost.com

Administrative Contact:
     PrivacyProtect.org
     Domain Admin          (contact@privacyprotect.org)
     P.O. Box 97
     Note - All Postal Mails Rejected, visit Privacyprotect.org
     Moergestel
```

```
                    null,5066 ZH
                    NL
                    Tel. +45.36946676


Technical Contact:
                    PrivacyProtect.org
                    Domain Admin          (contact@privacyprotect.org)
                    P.O. Box 97
                    Note - All Postal Mails Rejected, visit Privacyprotect.org
                    Moergestel
                    null,5066 ZH
                    NL
                    Tel. +45.36946676


Billing Contact:
                    PrivacyProtect.org
                    Domain Admin          (contact@privacyprotect.org)
                    P.O. Box 97
                    Note - All Postal Mails Rejected, visit Privacyprotect.org
                    Moergestel
                    null,5066 ZH
                    NL
                    Tel. +45.36946676


Status:ACTIVE
```

Exhibit 26
Page 573



## NATIONAL ARBITRATION FORUM

## DECISION

Ashley Furniture Industries, Inc. v. PLUTO DOMAIN SERVICES PRIVATE LIMITED.
Claim Number: FA0809001226419

### PARTIES

Complainant is **Ashley Furniture Industries, Inc.** ("Complainant"), represented by **Tereence J. Madden**, of **Kostner, Koslo & Brovold LLC**, Wisconsin, USA.  Respondent is **PLUTO DOMAIN SERVICES PRIVATE LIMITED.** ("Respondent"), India.

### REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<ashleyfurniturestore.com>**, registered with **Lead Networks Domains Pvt. Ltd**.

### PANEL

The undersigned certifies that he or she has acted independently and impartially and to the best of his or her knowledge has no known conflict in serving as Panelist in this proceeding.

John J. Upchurch as Panelist.

### PROCEDURAL HISTORY

Complainant submitted a Complaint to the National Arbitration Forum electronically on September 25, 2008; the National Arbitration Forum received a hard copy of the Complaint on September 26, 2008.

On October 3, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<ashleyfurniturestore.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name.  Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On October 14, 2008, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of November 3, 2008 by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@ashleyfurniturestore.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to the parties a Notification of Respondent Default.

On November 6, 2008, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed John J. Upchurch as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent."  Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

**RELIEF SOUGHT**

Complainant requests that the domain name be transferred from Respondent to Complainant.

**PARTIES' CONTENTIONS**

A.  Complainant makes the following assertions:

1.  Respondent's **<ashleyfurniturestore.com>** domain name is confusingly similar to Complainant's ASHLEY FURNITURE HOMESTORES mark.

2.  Respondent does not have any rights or legitimate interests in the **<ashleyfurniturestore.com>** domain name.

3.  Respondent registered and used the **<ashleyfurniturestore.com>** domain name in bad faith.

B.  Respondent failed to submit a Response in this proceeding.

**FINDINGS**

Complainant, Ashley Furniture Industries, Inc., is a national furniture retailer.  Complainant registered its ASHLEY FURNITURE HOMESTORES mark with the United States Patent and Trademark Office ("USPTO") on August 2, 2005 (Reg. No. 2,980,669).

Respondent registered the **<ashleyfurniturestore.com>** domain name on November 26, 2005. Respondent's disputed domain name resolves to a website that contains links to third-party websites, some of which compete with Complainant's business.

**DISCUSSION**

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

In view of Respondent's failure to submit a response, the Panel shall decide this administrative proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e), 14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to paragraph 14(b) of the Rules.  The Panel is entitled to accept all reasonable allegations and inferences set forth in the Complaint as true unless the evidence is clearly contradictory.  *See Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31, 2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate to accept as true all

allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

## Identical and/or Confusingly Similar

Complainant registered its ASHLEY FURNITURE HOMESTORES mark with the USPTO on August 2, 2005.  Thus, the Panel finds Complainant has established rights in its ASHLEY FURNITURE HOMESTORES mark pursuant to Policy ¶ 4(a)(i).  *See U.S. Office of Pers. Mgmt. v. MS Tech. Inc.*, FA 198898 (Nat. Arb. Forum Dec. 9, 2003) ("[O]nce the USPTO has made a determination that a mark is registrable, by so issuing a registration, as indeed was the case here, an ICANN panel is not empowered to nor should it disturb that determination."); *see also Janus Int'l Holding Co. v. Rademacher*, D2002-0201 (WIPO Mar. 5, 2002) ("Panel decisions have held that registration of a mark is *prima facie* evidence of validity, which creates a rebuttable presumption that the mark is inherently distinctive.").

Respondent's **<ashleyfurniturestore.com>** domain name incorporates Complainant's ASHLEY FURNITURE HOMESTORES mark with the deletions of the partial word "home," two spaces and the last "s," and the addition of the generic top-level domain ".com."  The Panel finds these insignificant alterations do not differentiate Respondent's disputed domain name from Complainant's mark.  Thus, the Panel finds Respondent's disputed domain name is confusingly similar to Complainant's ASHLEY FURNITURE HOMESTORES mark pursuant to Policy ¶ 4 (a)(i).  *See Victoria's Secret v. Zuccarini*, FA 95762 (Nat. Arb. Forum Nov. 18, 2000) (finding that, by misspelling words and adding letters to words, a respondent does not create a distinct mark but nevertheless renders the domain name confusingly similar to the complainant's marks); *see also Am. Eagle Outfitters, Inc. v. Admin*, FA 473826 (Nat. Arb. Forum June 22, 2005) (finding the <americaneaglestores.com> domain name to be confusingly similar to the complainant's AMERICAN EAGLE OUTFITTERS mark).

The Panel finds Policy ¶ 4(a)(i) has been satisfied.

## Rights or Legitimate Interests

Complainant asserts Respondent lacks rights and legitimate interests in the disputed domain name.  Complainant must establish a *prima facie* case to support these assertions, and the Panel finds Complainant has done so in these proceedings.  Once Complainant has produced a sufficient *prima facie* case, the burden shifts to Respondent to prove otherwise.  Respondent failed to submit a response to these proceedings, thus the Panel may infer Respondent lacks rights and legitimate interests in the disputed domain name.  However, the Panel will examine the record to determine whether Respondent has rights or legitimate interests pursuant to Policy ¶ 4(c).  *See Compagnie Generale des Matieres Nucleaires v. Greenpeace Int'l*, D2001-0376 (WIPO May 14, 2001) ("Proving that the Respondent has no rights or legitimate interests in respect of the Domain Name requires the Complainant to prove a negative. For the purposes of this sub paragraph, however, it is sufficient for the Complainant to show a *prima facie* case and the burden of proof is then shifted on to the shoulders of Respondent.  In those circumstances,

the common approach is for respondents to seek to bring themselves within one of the examples of paragraph 4(c) or put forward some other reason why they can fairly be said to have a relevant right or legitimate interests in respect of the domain name in question."); *see also Desotec N.V. v. Jacobi Carbons AB*, D2000-1398 (WIPO Dec. 21, 2000) (finding that failing to respond allows a presumption that the complainant's allegations are true unless clearly contradicted by the evidence).

Respondent's disputed domain name resolves to a website that displays links to competing third-party websites.  The Panel finds Respondent's use of the disputed domain name is not a *bona fide* offering of goods or services pursuant to Policy ¶ 4(c)(i), or a legitimate noncommercial or fair use pursuant to Policy ¶ 4(c)(iii).  *See TM Acquisition Corp. v. Sign Guards*, FA 132439 (Nat. Arb. Forum Dec. 31, 2002) (finding that the respondent's diversionary use of the complainant's marks to send Internet users to a website which displayed a series of links, some of which linked to the complainant's competitors, was not a *bona fide* offering of goods or services); *see also Coryn Group, Inc. v. Media Insight*, FA 198959 (Nat. Arb. Forum Dec. 5, 2003) (finding that the respondent was not using the domain names for a *bona fide* offering of goods or services nor a legitimate noncommercial or fair use because the respondent used the names to divert Internet users to a website that offered services that competed with those offered by the complainant under its marks).

Complainant contends Respondent is not commonly known by the disputed domain name.  The WHOIS information and record do not suggest Respondent has ever been known by the disputed domain name.  Complainant contends it has never authorized Respondent to use its ASHLEY FURNITURE HOMESTORES mark.  Therefore, the Panel finds Respondent is not commonly known by the disputed domain name pursuant to Policy ¶ 4(c)(ii).  *See Ian Schrager Hotels, L.L.C. v. Taylor*, FA 173369 (Nat. Arb. Forum Sept. 25, 2003) (finding that without demonstrable evidence to support the assertion that a respondent is commonly known by a domain name, the assertion must be rejected); *see also Compagnie de Saint Gobain v. Com-Union Corp.*, D2000-0020 (WIPO Mar. 14, 2000) (finding no rights or legitimate interest where the respondent was not commonly known by the mark and never applied for a license or permission from the complainant to use the trademarked name).

The Panel finds Policy ¶ 4(a)(ii) has been satisfied.

## Registration and Use in Bad Faith

Respondent's disputed domain name resolves to a website that displays links to competing third-party websites.  The Panel finds Respondent's use of the disputed domain name constitutes disruption and is evidence of bad faith registration and use pursuant to Policy ¶ 4(b)(iii).  *See S. Exposure v. S. Exposure, Inc.*, FA 94864 (Nat. Arb. Forum July 18, 2000) (finding the respondent acted in bad faith by attracting Internet users to a website that competes with the complainant's business); *see also EBAY, Inc. v. MEOdesigns*, D2000-1368 (WIPO Dec. 15, 2000) (finding that the respondent registered and used the domain name <eebay.com> in bad faith where the respondent has used the domain name to promote competing auction sites).

In addition, Respondent presumably receives compensation in the form of click-through fees from its competing use of the confusingly similar disputed domain name.  The Panel finds Respondent is attempting to profit from the goodwill Complainant has established in its ASHLEY FURNITURE HOMESTORES mark.  The Panel finds Respondent's actions are evidence of bad faith registration and use pursuant to Policy ¶ 4(b)(iv).  *See Associated Newspapers Ltd. v. Domain Manager*, FA 201976 (Nat. Arb. Forum Nov. 19, 2003)

Exhibit 26
Page 577

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 123 of 258   Page ID #:3105

("Respondent's prior use of the <mailonsunday.com> domain name is evidence of bad faith pursuant to Policy ¶ 4(b)(iv) because the domain name provided links to Complainant's competitors and Respondent presumably commercially benefited from the misleading domain name by receiving 'click-through-fees.'"); *see also Am. Univ. v. Cook*, FA 208629 (Nat. Arb. Forum Dec. 22, 2003) ("Registration and use of a domain name that incorporates another's mark with the intent to deceive Internet users in regard to the source or affiliation of the domain name is evidence of bad faith.").

The Panel finds Policy ¶ 4(a)(iii) has been satisfied.

## DECISION

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<ashleyfurniturestore.com>** domain name be **TRANSFERRED** from Respondent to Complainant.

John J. Upchurch, Panelist
Dated:  November 14, 2008

## NATIONAL ARBITRATION FORUM

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome                    My Account

# Ashleyfurniturestore.com on 2008-10-15 - Domain History

« Previous                                                                                    Next »

| | |
|---|---|
| **Domain:** | **ashleyfurniturestore.com** - Domain History |
| **Cache Date:** | 2008-10-15 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@plutodomainservices.com |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226313093

Domain Name: ASHLEYFURNITURESTORE.COM

Registrant:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.        (contact@PlutoDomainServices.com)
     Room No.30,Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 26-Nov-2005
Expiration Date: 26-Nov-2010

Domain servers in listed order:
     ns1.aphost.com
     ns2.aphost.com

Administrative Contact:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.        (contact@PlutoDomainServices.com)
     Room No.30,Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
```

```
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

Technical Contact:
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
        Room No.30,Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

Billing Contact:
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
        Room No.30,Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

Status:LOCKED
```

Exhibit 26
Page 580

Case 2:09-cv-00613-ABC-CW   Document 133-5   Filed 12/03/10   Page 126 of 258   Page ID #:3108

# High Court of Judicature at Bombay

## CASE DETAILS

### Bench:-Bombay

| | | | |
|---|---|---|---|
| **Lodging No.:-** | SL/3503/2008 | **Filing Date:-** | 21/11/2008 |

**Petitioner:-** PLUTO DOMAIN SERVICES PVT. LTD. -  **Respondent:-** ASHLEY FURNITURE INDUSTRIES, INC. AN

**Petn.Adv.:-** ABHAY P. PANDE 

**District:-** BOMBAY

**Bench:-** SINGLE

**Status:-** Pre-Admission          **Category:-** SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

# High Court of Judicature at Bombay

## CASE DETAILS

### *Bench:-Bombay*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Lodging No.:-* | SL/3553/2008 | *Filing Date:-* | 01/12/2008 | *Reg. No.:-* | S/7/2009 | *Reg. Date:-* | 05/01/2009 |

*Petitioner:-* PLUTO DOMAIN SERVICES PVT. LTD. -    *Respondent:-* ASHLEY FURNITURE INDUSTRIES, INC. AN

*Petn.Adv.:-* ABHAY PANDE 

*District:-* BOMBAY

*Bench:-* SINGLE

*Status:-* Pre-Admission        *Category:-* SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 128 of 258    Page ID
#:3110

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome                    My Account



## Ashleyhomestore.com on 2001-10-19 - Domain History

Next »

| | |
|---|---|
| **Domain:** | **ashleyhomestore.com** - Domain History |
| **Cache Date:** | 2001-10-19 |
| **Registrar:** | NETWORK SOLUTIONS, INC. |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: |
| | mezistrano@aol.com   admin@com-us.net |

```
Registrant:
Jay Mezistrano
     13424 1st Avenue South
     Seattle, WA 98168
     US


     Domain Name: ASHLEYHOMESTORE.COM


     Administrative Contact:
         Mezistrano, Jay      mezistrano@AOL.COM
         13424 1st Avenue South
         Seattle , WA 98168
         206 242 6200 (FAX) 206 242 0514
     Technical Contact:
         HAGEWOOD, DAVID      admin@COM-US.NET
         COM-US.NET
         476 Highway A1A, Suite 6
         Satellite Beach, FL 32937
         407-000-0000 (FAX) 407-000-0000


     Record last updated on 19-Oct-2001
     Record expires on 09-Nov-2002
     Record created on 09-Nov-1998
     Database last updated on 11-Jan-2002 15:00:24 EST


     Domain servers in listed order:


     NS1.COM-US.NET          209.208.39.1
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 129 of 258   Page ID #:3111

```
NS2.COM-US.NET          209.208.39.254
```

Exhibit 26
Page 584

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome                        My Account



# Ashleyhomestore.com on 2008-01-29 - Domain History

« Previous                                                                Next »

**Domain:**            **ashleyhomestore.com** - Domain History

**Cache Date:**        2008-01-29

**Registrar:**         LEAD NETWORKS DOMAINS PVT. LTD.

**Registrant Search:** Click on an email address we found in this whois record
                       to see which other domains the registrant is associated with:
                       75wk12le@whois-privacy.net

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: ASHLEYHOMESTORE.COM

Registrant:
     Organisation
     User7817          (75WK12le@whois-privacy.net)
     C/O whois-privacy.net
     New Delhi
     Madhya Pradesh,110001
     IN
     Tel. +91.1185746589
     Fax. +91.1185746589

Creation Date: 09-Nov-1998
Expiration Date: 08-Nov-2011

Domain servers in listed order:
     ns2.freeredirection.net
     ns1.freeredirection.net

Administrative Contact:
     Organisation
     User7817          (75WK12le@whois-privacy.net)
     C/O whois-privacy.net
     New Delhi
     Madhya Pradesh,110001
```

Exhibit 26
Page 585

```
                    IN
                    Tel. +91.1185746589
                    Fax. +91.1185746589

        Technical Contact:
                    Organisation
                    User7817          (75WK12le@whois-privacy.net)
                    C/O whois-privacy.net
                    New Delhi
                    Madhya Pradesh,110001
                    IN
                    Tel. +91.1185746589
                    Fax. +91.1185746589

        Billing Contact:
                    Organisation
                    User7817          (75WK12le@whois-privacy.net)
                    C/O whois-privacy.net
                    New Delhi
                    Madhya Pradesh,110001
                    IN
                    Tel. +91.1185746589
                    Fax. +91.1185746589

        Status:LOCKED
```

Exhibit 26
Page 586



## NATIONAL ARBITRATION FORUM

## DECISION

Ashley Furniture Industries, Inc. v. Laksh Internet Solutions Pvt Ltd
Claim Number: FA0809001226035

### PARTIES

Complainant is **Ashley Furniture Industries, Inc.** ("Complainant"), represented by **Terrence J. Madden** of **Kostner, Koslo & Brovold LLC**, Wisconsin, USA. Respondent is **Laksh Internet Solutions Pvt Ltd** ("Respondent"), India.

### REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<ashleyhomestore.com>**, registered with **Lead Networks Domains Pvt. Ltd**.

### PANEL

The undersigned certifies that she has acted independently and impartially and that to the best of her knowledge she has no known conflict in serving as Panelist in this proceeding. Hon. Carolyn Marks Johnson sits as Panelist.

### PROCEDURAL HISTORY

Complainant submitted a Complaint to the National Arbitration Forum electronically September 23, 2008; the National Arbitration Forum received a hard copy of the Complaint September 24, 2008.

On October 3, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<ashleyhomestore.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name. Lead Networks Domains Pvt. Ltd. verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and thereby has agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On October 6, 2008, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of October 27, 2008, by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@ashleyhomestore.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to the parties a Notification of Respondent Default.

On October 29, 2008, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed Hon. Carolyn Marks Johnson to sit as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that
the National Arbitration Forum discharged its responsibility under Paragraph 2(a) of the Rules
for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably
available means calculated to achieve actual notice to Respondent."  Therefore, the Panel may
issue its decision based on the documents submitted and in accordance with the ICANN Policy,
ICANN Rules, the National Arbitration Forum's Supplemental Rules and any rules and
principles of law that the Panel deems applicable, without the benefit of any response from
Respondent.

## RELIEF SOUGHT

Complainant requests that the domain name be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS

A.  Complainant makes the following assertions:

1.   The domain name that Respondent registered, **<ashleyhomestore.com>**, is
confusingly similar to Complainant's ASHLEY HOMESTORES mark.

2.   Respondent has no rights to or legitimate interests in the **<ashleyhomestore.com>**
domain name.

3.   Respondent registered and used the **<ashleyhomestore.com>** domain name in bad
faith.

B.  Respondent failed to submit a Response in this proceeding.

## FINDINGS

Complainant, Ashley Furniture Industries, Inc., is a national furniture retailer.  Complainant filed
an application for its ASHLEY HOMESTORES mark with the United States Patent and
Trademark Office ("USPTO") November 19, 1997.  The USPTO subsequently issued the
registration for Complainant's ASHLEY HOMESTORES mark March 16, 1999 (Reg. No. 2,
231,864).

Respondent registered the **<ashleyhomestore.com>** domain name November 9, 1998.
Respondent's disputed domain name resolves to a website that contains links to third-party
websites, some of which compete with Complainant's business.

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the
statements and documents submitted in accordance with the Policy, these Rules and any rules
and principles of law that it deems applicable."

Given Respondent's failure to submit a response, the Panel shall decide this administrative
proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e),
14(a) and 15(a) of the Rules and will draw such inferences as the Panel considers appropriate
pursuant to paragraph 14(b) of the Rules.  The Panel is entitled to accept all reasonable
allegations and inferences set forth in the Complaint as true unless the evidence is clearly
contradictory.  *See Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat.
Arb. Forum July 31, 2000) (holding that the respondent's failure to respond allows all reasonable
inferences of fact in the allegations of the complaint to be deemed true); *see also Talk City, Inc.*

*v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate
to accept as true all allegations of the Complaint.").

Paragraph 4(a) of the Policy requires Complainant to prove each of the following three elements
to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical to or confusingly similar to a
     trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

## Identical to and/or Confusingly Similar

Complainant filed an application for its ASHLEY HOMESTORES mark with the USPTO on
November 19, 1997.  The application was subsequently granted; therefore the Panel finds
Complainant established rights in its ASHLEY HOMESTORES mark pursuant to Policy ¶ 4(a)
(i) dating back to November 19, 1997.  *See U.S. Office of Pers. Mgmt. v. MS Tech. Inc.*, FA
198898 (Nat. Arb. Forum Dec. 9, 2003) ("[O]nce the USPTO has made a determination that a
mark is registrable, by so issuing a registration, as indeed was the case here, an ICANN panel is
not empowered to nor should it disturb that determination."); *see also Planetary Soc'y v. Rosillo*,
D2001-1228 (WIPO Feb. 12, 2002) (holding that the effective date of the complainant's
trademark rights date back to the application's filing date).

Respondent's **<ashleyhomestore.com>** domain name incorporates Complainant's ASHLEY
HOMESTORES mark with the deletion of a space and the last "s," and the addition of the
generic top-level domain ".com."  The Panel finds these alterations do not differentiate
Respondent's disputed domain name from Complainant's mark.  Thus, the Panel finds that
Respondent's disputed domain name is confusingly similar to Complainant's ASHLEY
HOMESTORES mark pursuant to Policy ¶ 4(a)(i).  *See Victoria's Secret v. Zuccarini*, FA 95762
(Nat. Arb. Forum Nov. 18, 2000) (finding that, by misspelling words and adding letters to words,
a respondent does not create a distinct mark but nevertheless renders the domain name
confusingly similar to the complainant's marks); *see also Victoria's Secret v. Internet Inv. Firm
Trust*, FA 94344 (Nat. Arb. Forum May 9, 2000) (finding the domain name <victoriasecret.com>
to be confusingly similar to the complainant's trademark, VICTORIA'S SECRET).

The Panel finds that Complainant satisfied the elements of ICANN Policy ¶ 4(a)(i).

## Rights to or Legitimate Interests

Complainant asserts that Respondent lacks rights and legitimate interests in the disputed domain
name.  Complainant must make a *prima facie* showing to support these allegations; the Panel
finds Complainant has done so in these proceedings.  Once Complainant makes a *prima facie*
case, the burden shifts to Respondent to prove that Respondent does have rights to or legitimate
interest in the domain name containing Complainant's protected mark.  Respondent did not
respond to the notice of these proceedings and in such cases the Panel may infer that Respondent
lacks rights and legitimate interests in the disputed domain name.  However, this Panel examines
the record to determine whether the record reflects that Respondent has rights or legitimate
interests pursuant to Policy ¶ 4(c).  *See Compagnie Generale des Matieres Nucleaires v.
Greenpeace Int'l*, D2001-0376 (WIPO May 14, 2001) ("Proving that the Respondent has no
rights or legitimate interests in respect of the Domain Name requires the Complainant to prove a
negative. For the purposes of this sub paragraph, however, it is sufficient for the Complainant to

Exhibit 26
Page 589

show a *prima facie* case and the burden of proof is then shifted on to the shoulders of
Respondent.  In those circumstances, the common approach is for respondents to seek to bring
themselves within one of the examples of paragraph 4(c) or put forward some other reason why
they can fairly be said to have a relevant right or legitimate interests in respect of the domain
name in question."); *see also Desotec N.V. v. Jacobi Carbons AB*, D2000-1398 (WIPO Dec. 21,
2000) (finding that failing to respond allows a presumption that the complainant's allegations are
true unless clearly contradicted by the evidence).

Respondent's disputed domain name resolves to a website that displays links to competing third-
party websites.  The Panel finds that Respondent's use of the disputed domain name is not a
*bona fide* offering of goods or services pursuant to Policy ¶ 4(c)(i), and that it is not a legitimate,
noncommercial or fair use pursuant to Policy ¶ 4(c)(iii).  *See TM Acquisition Corp. v. Sign
Guards*, FA 132439 (Nat. Arb. Forum Dec. 31, 2002) (finding that the respondent's diversionary
use of the complainant's marks to send Internet users to a website which displayed a series of
links, some of which linked to the complainant's competitors, was not a *bona fide* offering of
goods or services); *see also Coryn Group, Inc. v. Media Insight*, FA 198959 (Nat. Arb. Forum
Dec. 5, 2003) (finding that the respondent was not using the domain names for a *bona fide*
offering of goods or services nor a legitimate noncommercial or fair use because the respondent
used the names to divert Internet users to a website that offered services that competed with
those offered by the complainant under its marks).

Complainant contends that Respondent is not commonly known by the disputed domain name.
The WHOIS information and record do not suggest that Respondent has ever been known by the
disputed domain name.  Therefore, the Panel finds that Respondent is not commonly known by
the disputed domain name pursuant to Policy ¶ 4(c)(ii).  *See Ian Schrager Hotels, L.L.C. v.
Taylor*, FA 173369 (Nat. Arb. Forum Sept. 25, 2003) (finding that without demonstrable
evidence to support the assertion that a respondent is commonly known by a domain name, the
assertion must be rejected); *see also Gallup, Inc. v. Amish Country Store*, FA 96209 (Nat. Arb.
Forum Jan. 23, 2001) (finding that the respondent does not have rights in a domain name when
the respondent is not known by the mark).

The Panel finds that Complainant satisfied the elements of ICANN Policy ¶ 4(a)(ii).

**Registration and Use in Bad Faith**

Respondent's disputed domain name resolves to a website that displays links to third-party
websites, some of which seek to directly compete with Complainant's business.  The Panel finds
that Respondent's use of the disputed domain name constitutes disruption of Complainant's
business and is evidence to support findings of bad faith registration and use pursuant to Policy ¶
4(b)(iii).  *See S. Exposure v. S. Exposure, Inc*., FA 94864 (Nat. Arb. Forum July 18, 2000)
(finding the respondent acted in bad faith by attracting Internet users to a website that competes
with the complainant's business); *see also EBAY, Inc. v. MEOdesigns*, D2000-1368 (WIPO Dec.
15, 2000) (finding that the respondent registered and used the domain name <eebay.com> in bad
faith where the respondent has used the domain name to promote competing auction sites).

In addition, Respondent presumably receives compensation in the form of click-through fees
from its competing use of the confusingly similar disputed domain name.  The Panel finds that
this is an attempt by Respondent to profit from the goodwill Complainant has established in its
ASHLEY HOMESTORES mark, evidence that also supports findings of bad faith registration
and use pursuant to Policy ¶ 4(b)(iv).  *See Associated Newspapers Ltd. v. Domain Manager*, FA
201976 (Nat. Arb. Forum Nov. 19, 2003) ("Respondent's prior use of the <mailonsunday.com>

domain name is evidence of bad faith pursuant to Policy ¶ 4(b)(iv) because the domain name
provided links to Complainant's competitors and Respondent presumably commercially
benefited from the misleading domain name by receiving 'click-through-fees.'"); *see also Am.
Univ. v. Cook*, FA 208629 (Nat. Arb. Forum Dec. 22, 2003) ("Registration and use of a domain
name that incorporates another's mark with the intent to deceive Internet users in regard to the
source or affiliation of the domain name is evidence of bad faith.").

The Panel finds that Complainant satisfied the elements of ICANN Policy ¶ 4(a)(iii).

**DECISION**

Having established all three elements required under the ICANN Policy, the Panel concludes that
relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<ashleyhomestore.com>** domain name be **TRANSFERRED**
from Respondent to Complainant.


Hon. Carolyn Marks Johnson, Panelist
Dated: November 12,  2008.


Click Here to return to the main Domain Decisions Page.


Click Here to return to our Home Page

**NATIONAL ARBITRATION FORUM**

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome        My Account



# Ashleyhomestore.com on 2008-10-02 - Domain History

« Previous                                                                Next »

| | |
|---|---|
| **Domain:** | **ashleyhomestore.com** - Domain History |
| **Cache Date:** | 2008-10-02 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@lakshinternetservices.com |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226313093


Domain Name: ASHLEYHOMESTORE.COM

Registrant:
     LAKSH INTERNET SOLUTIONS PVT LTD
     LAKSH INTERNET SOLUTIONS PVT LTD          (contact@lakshinternetservices.com)
     Bhagatsingh Nagar No.1, Kranti Chawl,
     Pragati Society, Room No. 507,
     Link Road, Goregoan (W).
     Mumbai
     Maharashtra,400104
     IN
     Tel. +91.9821394402

Creation Date: 09-Nov-1998
Expiration Date: 08-Nov-2011

Domain servers in listed order:
     ns3.dnsproserver.com
     ns2.dnsproserver.com
     ns1.dnsproserver.com

Administrative Contact:
     LAKSH INTERNET SOLUTIONS PVT LTD
     LAKSH INTERNET SOLUTIONS PVT LTD          (contact@lakshinternetservices.com)
     Bhagatsingh Nagar No.1, Kranti Chawl,
```

Exhibit 26
Page 592

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 138 of 258   Page ID
#:3120

```
        Pragati Society, Room No. 507,
        Link Road, Goregoan (W).
        Mumbai
        Maharashtra,400104
        IN
        Tel. +91.9821394402


Technical Contact:
        LAKSH INTERNET SOLUTIONS PVT LTD
        LAKSH INTERNET SOLUTIONS PVT LTD         (contact@lakshinternetservices.com)
        Bhagatsingh Nagar No.1, Kranti Chawl,
        Pragati Society, Room No. 507,
        Link Road, Goregoan (W).
        Mumbai
        Maharashtra,400104
        IN
        Tel. +91.9821394402


Billing Contact:
        LAKSH INTERNET SOLUTIONS PVT LTD
        LAKSH INTERNET SOLUTIONS PVT LTD         (contact@lakshinternetservices.com)
        Bhagatsingh Nagar No.1, Kranti Chawl,
        Pragati Society, Room No. 507,
        Link Road, Goregoan (W).
        Mumbai
        Maharashtra,400104
        IN
        Tel. +91.9821394402


Status:LOCKED
```

Case 2:09-cv-00642-ABC-CW   Document 122-5   Filed 12/03/10   Page 139 of 258   Page ID #:3121

# High Court of Judicature at Bombay

## CASE DETAILS

*Bench:-Bombay*

| | | | |
|---|---|---|---|
| *Lodging No.:-* | SL/3468/2008 | *Filing Date:-* | 18/11/2008 |

*Petitioner:-* LAKSH INTERNET SOLUTIONS PVT. LTD. -   *Respondent:-* ASHLEY FURNITURE INDUSTRIES, INC. AN

*Petn.Adv.:-* ABHAY P. PANDE

*District:-* BOMBAY

*Bench:-* SINGLE

*Status:-* Pre-Admission    *Category:-* SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

Exhibit 26
Page 594

TrafficZ    **DomainTools**    LeaseThis.com

Welcome                          My Account

# DomainTools

## Cafapress.com on 2007-09-23 - Domain History

Next »

| | |
|---|---|
| **Domain:** | **cafapress.com** - Domain History |
| **Cache Date:** | 2007-09-23 |
| **Registrar:** | CAPITOLDOMAINS, LLC |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: information@webadvertisingcorp.com |

```
Registrant:
     Web Advertising, Corp. (CAFAPRESS-COM-DOM)
     Kings Court, Bay Street
     P.O. Box N-3944
     Nassau,
     BS
     +852.30162320
     +852.30162320
     information@WebAdvertisingCorp.com

     Domain Name: CAFAPRESS.COM
     Status: PROTECTED

     Administrative Contact:
          Web Advertising, Corp. information@WebAdvertisingCorp.com
          Kings Court, Bay Street
          Main Street
          Nassau,
          BS
          +852.30162320
          Fax- +852.30162320

     Technical Contact, Zone Contact:
          Web Advertising, Corp. information@WebAdvertisingCorp.com
          Kings Court, Bay Street
          Main Street
          Nassau,
          BS
```

Exhibit 26
Page 595

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 141 of 258   Page ID
#:3123

```
             +852.30162320
             Fax- +852.30162320


      Record last updated on 24-Jul-2007.
      Record expires on 14-Jun-2008.
      Record created on 14-Jun-2005.

      Domain servers in listed order:
          Name Server: NS1.NAMESERVERMONSTER.COM
          Name Server: NS2.NAMESERVERMONSTER.COM
          Name Server: NS3.NAMESERVERMONSTER.COM
```



TrafficZ   **DomainTools**   LeaseThis.com                Welcome        My Account



## Cafapress.com on 2008-01-30 - Domain History

« Previous                                                                  Next »

| | |
|---|---|
| **Domain:** | **cafapress.com** - Domain History |
| **Cache Date:** | 2008-01-30 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: 001p30250108-15@privatewhois.in |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138


Domain Name: CAFAPRESS.COM


Registrant:
     Private Whois Escrow Domains Private Limited.
     PRIVATE WHOIS FOR 001P30250108-15        (001P30250108-15@privatewhois.in)
     707,C-Wing,7th Floor,The Neptune Versova Society,
     Lokhandwala Complex,4th Cross Road,
     Andheri (West)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.02226300138
     Fax. +91.02226311820


Creation Date: 14-Jun-2005
Expiration Date: 14-Jun-2009


Domain servers in listed order:
     ns2.idnsserver.net
     ns1.idnsserver.net


Administrative Contact:
     Private Whois Escrow Domains Private Limited.
     PRIVATE WHOIS FOR 001P30250108-15        (001P30250108-15@privatewhois.in)
     707,C-Wing,7th Floor,The Neptune Versova Society,
```

```
         Lokhandwala Complex,4th Cross Road,
         Andheri (West)
         Mumbai
         Maharashtra,400053
         IN
         Tel. +91.02226300138
         Fax. +91.02226311820


Technical Contact:
         Private Whois Escrow Domains Private Limited.
         PRIVATE WHOIS FOR 001P30250108-15        (001P30250108-15@privatewhois.in)
         707,C-Wing,7th Floor,The Neptune Versova Society,
         Lokhandwala Complex,4th Cross Road,
         Andheri (West)
         Mumbai
         Maharashtra,400053
         IN
         Tel. +91.02226300138
         Fax. +91.02226311820


Billing Contact:
         Private Whois Escrow Domains Private Limited.
         PRIVATE WHOIS FOR 001P30250108-15        (001P30250108-15@privatewhois.in)
         707,C-Wing,7th Floor,The Neptune Versova Society,
         Lokhandwala Complex,4th Cross Road,
         Andheri (West)
         Mumbai
         Maharashtra,400053
         IN
         Tel. +91.02226300138
         Fax. +91.02226311820


Status:ACTIVE
```

Exhibit 26
Page 598

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 144 of 258   Page ID #:3126



**NATIONAL ARBITRATION FORUM**

**DECISION**

CafePress.com, Inc. v. LAKSH INTERNET SOLUTIONS PRIVATE LIMITED. c/o LAKSH INTERENT SOLUTIONS PRIVATE LIMITED.
Claim Number: FA0805001190323

## PARTIES

Complainant is **CafePress.com, Inc.** ("Complainant"), represented by **Daniel Pontes**, California, USA.  Respondent is **LAKSH INTERNET SOLUTIONS PRIVATE LIMITED. c/o LAKSH INTERENT SOLUTIONS PRIVATE LIMITED.** ("Respondent").

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<cafapress.com>**, registered with **Lead Networks Domains Pvt. Ltd**.

## PANEL

The undersigned certifies that he has acted independently and impartially and to the best of his knowledge has no known conflict in serving as Panelist in this proceeding.

Bruce E. Meyerson as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to the National Arbitration Forum electronically on May 13, 2008; the National Arbitration Forum received a hard copy of the Complaint on May 14, 2008.

On June 8, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<cafapress.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the names.  Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On June 16, 2008, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of July 7, 2008 by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@cafapress.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to

Exhibit 26
Page 599

the parties a Notification of Respondent Default.

On July 10, 2008, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed Bruce E. Meyerson as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent."  Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

## RELIEF SOUGHT

Complainant requests that the domain names be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS

A.  Complainant makes the following assertions:

1.  Respondent's **<cafapress.com>** domain name is confusingly similar to Complainant's CAFEPRESS.COM mark.

2.  Respondent does not have any rights or legitimate interests in the **<cafapress.com>** domain name.

3.  Respondent registered and used the **<cafapress.com>** domain name in bad faith.

B.  Respondent failed to submit a Response in this proceeding.

## FINDINGS

Complainant, CafePress.com, Inc., is a widely recognized Internet company that allows individuals and small business to create, buy, and sell unique, customized merchandise.
 Complainant has registered the CAFEPRESS.COM mark with the United States Patent and Trademark Office ("USPTO") (Reg. No. 2,571,049 issued May 21, 2002).

Respondent registered the disputed domain name on June 14, 2005. The **<cafapress.com>** domain name currently resolves to a website that displays third-party links in direct competition with Complainant.

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

In view of Respondent's failure to submit a response, the Panel shall decide this administrative proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e),

14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to
paragraph 14(b) of the Rules.  The Panel is entitled to accept all reasonable allegations and
inferences set forth in the Complaint as true unless the evidence is clearly contradictory.  *See
Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31,
2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in
the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-
0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate to accept as true all
allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three
elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark
     or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

**Identical and/or Confusingly Similar**

The Panel finds that Complainant has registered the CAFEPRESS.COM mark with the USPTO
and therefore has established rights to the mark pursuant to Policy ¶ 4(a)(i).  *See Expedia, Inc. v.
Tan,* FA 991075 (Nat. Arb. Forum June 29, 2007) ("As the [complainant's] mark is registered
with the USPTO, [the] complainant has met the requirements of Policy ¶ 4(a)(i)."); *see also Intel
Corp. v. Macare,* FA 660685 (Nat. Arb. Forum Apr. 26, 2006) (finding that the complainant had
established rights in the PENTIUM, CENTRINO and INTEL INSIDE marks by registering the
marks with the USPTO).

Complainant contends that the **<cafapress.com>** domain name is confusingly similar to the
CAFEPRESS.COM mark.  Respondent's misspelling of the word "cafe" is insufficient to create
a distinction.  The Panel finds that this misspelling is an example of typosquatting.  Therefore,
the Panel finds that the **<cafapress.com>** domain name is confusingly similar to Complainant's
CAFEPRESS.COM mark pursuant to Policy ¶ 4(a)(i).  *See Belkin Components v. Gallant*, FA
97075 (Nat. Arb. Forum May 29, 2001) (finding the <belken.com> domain name confusingly
similar to the complainant's BELKIN mark because the name merely replaced the letter "i" in the
complainant's mark with the letter "e"); *see also Neiman Marcus Group, Inc. v. Party Night, Inc*.,
FA 114546 (Nat. Arb. Forum July 23, 2002) (finding that the <neimanmacus.com> domain name
was a simple misspelling of the complainant's NEIMAN MARCUS mark and was a classic
example of typosquatting, which was evidence that the domain name was confusingly similar to
the mark).

The Panel finds that Policy ¶ 4(a)(i) has been satisfied.

**Rights or Legitimate Interests**

Complainant has alleged Respondent does not possess rights or legitimate interests in the domain
name in dispute.  Complainant must present a *prima facie* case to support these allegations
before the burden shifts to Respondent to prove it does have rights or legitimate interests in the
disputed domain name.  The Panel finds Complainant has presented a sufficient *prima facie* case
to support its assertions and Respondent has failed to respond to these proceedings.  Therefore,
the Panel may conclude Respondent does not possess rights or legitimate interests in the disputed
domain name.  *See Do The Hustle, LLC v. Tropic Web*, D2000-0624 (WIPO Aug. 21, 2000)

Exhibit 26
Page 601

(holding that once the complainant asserts that the respondent has no rights or legitimate
interests with respect to the domain, the burden shifts to the respondent to provide "concrete
evidence that it has rights to or legitimate interests in the domain name at issue"); *see also
Broadcom Corp. v. Ibecom PLC*, FA 361190 (Nat. Arb. Forum Dec. 22, 2004) ("Respondent's
failure to respond to the Complaint functions as an implicit admission that [Respondent] lacks
rights and legitimate interests in the disputed domain name. It also allows the Panel to accept all
reasonable allegations set forth…as true."). The Panel, however, will examine the record and
determine if Respondent possesses rights or legitimate interests in the disputed domain name
pursuant to Policy ¶ 4(c).

Complainant asserts that Respondent has never been authorized to use the CAFEPRESS.COM
mark, and that Respondent is not and has never been commonly known by the disputed domain
name. Further, the WHOIS information does not indicate that Respondent is commonly known
by the disputed domain name. Thus, the Panel finds that Respondent is not commonly known by
the **<cafapress.com>** domain name pursuant to Policy ¶ 4(c)(ii). *See Tercent Inc. v. Lee Yi*, FA
139720 (Nat. Arb. Forum Feb. 10, 2003) (stating "nothing in Respondent's WHOIS information
implies that Respondent is 'commonly known by' the disputed domain name" as one factor in
determining that Policy ¶ 4(c)(ii) does not apply); *see also Gallup, Inc. v. Amish Country Store*,
FA 96209 (Nat. Arb. Forum Jan. 23, 2001) (finding that the respondent does not have rights in a
domain name when the respondent is not known by the mark).

Respondent is using the **<cafapress.com>** domain name to advertise links to third-party
competitors. The Panel finds that such use is not a *bona fide* offering of goods or services under
Policy ¶ 4(c)(i) or a legitimate noncommercial or fair use under Policy ¶ 4(c)(iii). *See DLJ Long
Term Inv. Corp. v. BargainDomainNames.com*, FA 104580 (Nat. Arb. Forum Apr. 9, 2002)
("Respondent is not using the disputed domain name in connection with a bona fide offering of
goods and services because Respondent is using the domain name to divert Internet users to
<visual.com>, where services that compete with Complainant are advertised."); *see also
Ameritrade Holdings Corp. v. Polanski*, FA 102715 (Nat. Arb. Forum Jan. 11, 2002) (finding
that the respondent's use of the disputed domain name to redirect Internet users to a financial
services website, which competed with the complainant, was not a *bona fide* offering of goods or
services).

Furthermore, the Panel finds that the **<cafapress.com>** domain name is a typosquatted version
of Complainant's mark. Under Policy ¶ 4(a)(ii), this typosquatting further indicates
Respondent's lack of rights and legitimate interests in the disputed domain name. *See IndyMac
Bank F.S.B. v. Ebeyer*, FA 175292 (Nat. Arb. Forum Sept. 19, 2003) (finding that the respondent
lacked rights and legitimate interests in the disputed domain names because it "engaged in the
practice of typosquatting by taking advantage of Internet users who attempt to access
Complainant's <indymac.com> website but mistakenly misspell Complainant's mark by typing
the letter 'x' instead of the letter 'c'"); *see also LTD Commodities LLC v. Party Night, Inc.*, FA
165155 (Nat. Arb. Forum Aug. 14, 2003) (finding that the <ltdcommadities.com>,
<ltdcommmodities.com>, and <ltdcommodaties.com> domain names were intentional
misspellings of Complainant's LTD COMMODITIES mark and this "'typosquatting' is evidence
that Respondent lacks rights or legitimate interests in the disputed domain names").

The Panel finds that Complainant has met the initial burden of showing that Respondent lacks
rights and legitimate interests, and therefore has made a *prima facie* case under Policy ¶ 4(a)(ii),
which is not refuted by any evidence in the record. Therefore, the Panel finds that Policy ¶ 4(a)
(ii) has been satisfied.

**Registration and Use in Bad Faith**

The Panel finds that Respondent's use of the **<cafapress.com>** domain name to commercially gain by advertising links to competing services constitutes bad faith registration and use under Policy ¶ 4(b)(iii).  *See Disney Enters., Inc. v. Noel*, FA 198805 (Nat. Arb. Forum Nov. 11, 2003) ("Respondent registered a domain name confusingly similar to Complainant's mark to divert Internet users to a competitor's website. It is a reasonable inference that Respondent's purpose of registration and use was to either disrupt or create confusion for Complainant's business in bad faith pursuant to Policy ¶¶ 4(b)(iii) [and] (iv)."); *see also S. Exposure v. S. Exposure, Inc.*, FA 94864 (Nat. Arb. Forum July 18, 2000) (finding the respondent acted in bad faith by attracting Internet users to a website that competes with the complainant's business).

Complainant contends that Respondent is using the **<cafapress.com>** domain name for commercial gain by advertising links to competing services, and benefiting from the likely confusion between Complainant's mark and the disputed domain name.  The Panel finds that the similarity between the disputed domain name and the CAFEPRESS.COM mark are likely to create confusion as to Complainant's source, sponsorship, affiliation, or endorsement of the website that resolves from the disputed domain name under Policy ¶ 4(b)(iv).  *See AltaVista Co. v. Krotov*, D2000-1091 (WIPO Oct. 25, 2000) (finding bad faith under Policy ¶ 4(b)(iv) where the respondent's domain name resolved to a website that offered links to third-party websites that offered services similar to the complainant's services and merely took advantage of Internet user mistakes); *see also Gardens Alive, Inc. v. D&S Linx*, FA 203126 (Nat. Arb. Forum Nov. 20, 2003) ("Respondent registered and used the <my-seasons.com> domain name in bad faith pursuant to Policy ¶¶ 4(b)(iii) and (iv) because Respondent is using a domain name that is confusingly similar to the MYSEASONS mark for commercial benefit by diverting Internet users to the <thumbgreen.com> website, which sells competing goods and services.").

Finally, the typosquatted nature of the **<cafapress.com>** domain name also indicates that Respondent registered and is using the disputed domain name in bad faith under Policy ¶ 4(a) (iii).  *See Zone Labs, Inc. v. Zuccarini*, FA 190613 (Nat. Arb. Forum Oct. 15, 2003) ("Respondent's registration and use of [the <zonelarm.com> domain name] that capitalizes on the typographical error of an Internet user is considered typosquatting. Typosquatting, itself is evidence of bad faith registration and use pursuant to Policy ¶ 4(a)(iii)."); *see also Dermalogica, Inc. v. Domains to Develop*, FA 175201 (Nat. Arb. Forum Sept. 22, 2003) (finding that the <dermatalogica.com> domain name was a "simple misspelling" of the complainant's DERMALOGICA mark which indicated typosquatting and bad faith pursuant to Policy 4 ¶ (a)(iii)).

The Panel finds that Policy ¶ 4(a)(iii) has been satisfied.

**DECISION**

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<cafapress.com>** domain name be **TRANSFERRED** from Respondent to Complainant.

Bruce E. Meyerson, Panelist
Dated:  July 24, 2008

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 149 of 258   Page ID
#:3131

Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page

**NATIONAL ARBITRATION FORUM**

Exhibit 26
Page 604

  TrafficZ   **DomainTools**   LeaseThis.com                Welcome                My Account

# Cafapress.com on 2008-06-06 - Domain History

« Previous                                                                        Next »

| | |
|---|---|
| **Domain:** | cafapress.com - Domain History |
| **Cache Date:** | 2008-06-06 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@lakshinternetservices.com |

```
Registration Service Provided By: PRIVATE WHOIS
Contact: +91.000000000000
Website: http://www.privatewhois.in

Domain Name: CAFAPRESS.COM

Registrant:
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.       (contact@lakshinternetservices.com)
      Room No.30, Fatima Bibi Chawl,
      Gulshan Nagar,Behram Baug,
      Jogeshwari (W),
      Mumbai
      Maharashtra,400102
      IN
      Tel. +91.9322160169

Creation Date: 14-Jun-2005
Expiration Date: 14-Jun-2009

Domain servers in listed order:
      dns16.leadnetworks.com
      dns15.leadnetworks.com

Administrative Contact:
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.       (contact@lakshinternetservices.com)
      Room No.30, Fatima Bibi Chawl,
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 151 of 258   Page ID
#:3133

```
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

  Technical Contact:
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.         (contact@lakshinternetservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

  Billing Contact:
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.         (contact@lakshinternetservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169

  Status:LOCKED
```

Exhibit 26
Page 606

Case 2:09-cv-00613-ABC-CW Document 122-5 Filed 12/03/10 Page 152 of 258 Page ID #:3134

# High Court of Judicature at Bombay

## CASE DETAILS

*Bench:-Bombay*

| | | | | | |
|---|---|---|---|---|---|
| *Lodging No.:-* | SL/2458/2008 | *Filing Date:-* | 06/08/2008 *Reg. No.:-* S/2672/2008 | *Reg. Date:-* | 01/09/2008 |

*Petitioner:-* LAKSH INTERNET SOLUTIONS PVT. LTD. -    *Respondent:-* CAFEPRESS.COM INC. AND ANR -

*Petn.Adv.:-* ABHAY P. PANDE.

*District:-* BOMBAY

*Bench:-* SINGLE

*Status:-* Pre-Admission     *Category:-* SUITS FOR DEFAMATION

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

TrafficZ    **DomainTools**    LeaseThis.com

Welcome

My Account

# Davidmcdavidfrisco.com on 2007-12-11 - Domain History

Next »

| | |
|---|---|
| **Domain:** | **davidmcdavidfrisco.com** - Domain History |
| **Cache Date:** | 2007-12-11 |
| **Registrar:** | CAPITOLDOMAINS, LLC |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: info@maisontropicale.com |

```
Registrant:
    MAISON TROPICALE S.A. (DAVIDMCDAVIDFRISCO-COM-DOM)
    P.O. Box 58
    The Valley, British West Indies
    AI
    +31.847261054
    +31.847261054
    info@maisontropicale.com

    Domain Name: DAVIDMCDAVIDFRISCO.COM
    Status: PROTECTED

    Administrative Contact:
        MAISON TROPICALE S.A. info@maisontropicale.com
        P.O. Box 58
        The Valley, British West Indies
        AI
        +31.847261054
        Fax- +31.847261054

    Technical Contact, Zone Contact:
        MAISON TROPICALE S.A. info@maisontropicale.com
        P.O. Box 58
        The Valley, British West Indies
        AI
        +31.847261054
        Fax- +31.847261054
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 154 of 258   Page ID
#:3136

```
Record last updated on 28-Nov-2007.
Record expires on 17-Feb-2008.
Record created on 17-Feb-2007.

Domain servers in listed order:
    Name Server: DNS1.PARKINGEXCELLENCE.COM
    Name Server: DNS2.PARKINGEXCELLENCE.COM
    Name Server: DNS3.PARKINGEXCELLENCE.COM
```

Exhibit 26
Page 609

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 155 of 258    Page ID #:3137

TrafficZ    **DomainTools**    LeaseThis.com

Welcome

My Account

# DomainTools

## Davidmcdavidfrisco.com on 2008-01-30 - Domain History

« Previous                                                                 Next »

| | |
|---|---|
| **Domain:** | **davidmcdavidfrisco.com** - Domain History |
| **Cache Date:** | 2008-01-30 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: 001p30250108-23@privatewhois.in |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138


Domain Name: DAVIDMCDAVIDFRISCO.COM


Registrant:
     Private Whois Escrow Domains Private Limited.
     PRIVATE WHOIS FOR 001P30250108-23          (001P30250108-23@privatewhois.in)
     707,C-Wing,7th Floor,The Neptune Versova Society,
     Lokhandwala Complex,4th Cross Road,
     Andheri (West)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.02226300138
     Fax. +91.02226311820


Creation Date: 17-Feb-2007
Expiration Date: 17-Feb-2009


Domain servers in listed order:
     ns2.idnsserver.net
     ns1.idnsserver.net


Administrative Contact:
     Private Whois Escrow Domains Private Limited.
     PRIVATE WHOIS FOR 001P30250108-23          (001P30250108-23@privatewhois.in)
     707,C-Wing,7th Floor,The Neptune Versova Society,
```

Exhibit 26
Page 610

```
          Lokhandwala Complex,4th Cross Road,
          Andheri (West)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.02226300138
          Fax. +91.02226311820


   Technical Contact:
          Private Whois Escrow Domains Private Limited.
          PRIVATE WHOIS FOR 001P30250108-23        (001P30250108-23@privatewhois.in)
          707,C-Wing,7th Floor,The Neptune Versova Society,
          Lokhandwala Complex,4th Cross Road,
          Andheri (West)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.02226300138
          Fax. +91.02226311820


   Billing Contact:
          Private Whois Escrow Domains Private Limited.
          PRIVATE WHOIS FOR 001P30250108-23        (001P30250108-23@privatewhois.in)
          707,C-Wing,7th Floor,The Neptune Versova Society,
          Lokhandwala Complex,4th Cross Road,
          Andheri (West)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.02226300138
          Fax. +91.02226311820


   Status:ACTIVE
```

Exhibit 26
Page 611



**NATIONAL ARBITRATION FORUM**

**DECISION**

Asbury Automotive Group Inc. v. Comdot Internet Services Private Limited
Claim Number: FA0804001178538

**PARTIES**

Complainant is **Asbury Automotive Group Inc.** ("Complainant"), represented by **Norman H. Zivin**, of **Cooper & Dunham LLP**, New York, USA.  Respondent is **Comdot Internet Services Private Limited** ("Respondent"), Indiana, USA.

**REGISTRAR AND DISPUTED DOMAIN NAME**

The domain name at issue is **<davidmcdavidfrisco.com>**, registered with **Lead Networks Domains Pvt. Ltd**.

**PANEL**

The undersigned certifies that he has acted independently and impartially and to the best of his knowledge has no known conflict in serving as Panelist in this proceeding.

James A. Carmody, Esq., as Panelist.

**PROCEDURAL HISTORY**

Complainant submitted a Complaint to the National Arbitration Forum electronically on April 16, 2008; the National Arbitration Forum received a hard copy of the Complaint on April 16, 2008.

On April 22, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<davidmcdavidfrisco.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name.  Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On April 25, 2008, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of May 15, 2008 by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@davidmcdavidfrisco.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to the parties a Notification of Respondent Default.

On May 22, 2008, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed James A. Carmody, Esq., as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent."  Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

## RELIEF SOUGHT

Complainant requests that the domain name be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS

A.  Complainant makes the following assertions:

1.  Respondent's **<davidmcdavidfrisco.com>** domain name is confusingly similar to Complainant's MCDAVID mark.

2.  Respondent does not have any rights or legitimate interests in the **<davidmcdavidfrisco.com>** domain name.

3.  Respondent registered and used the **<davidmcdavidfrisco.com>** domain name in bad faith.

B.  Respondent failed to submit a Response in this proceeding.

## FINDINGS

Complainant owns automobile dealerships doing business under the MCDAVID mark, which Complainant registered with the United States Patent and Trademark Office ("USPTO") on March 20, 2007 (Reg. No. 3,219,918) (filed April 14, 2006).  Complainant has used the MCDAVID mark for automobile dealerships since 1970.  Complainant is one of the largest automobile retailers in the United States, and operates seven dealerships in Texas under the "McDavid" and "David McDavid" trade names, including one dealership in Frisco, Texas.

Respondent registered the **<davidmcdavidfrisco.com>** domain name on February 17, 2007. The disputed domain name resolves to a website that features links to websites  advertising goods and services offered by third parties.

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

In view of Respondent's failure to submit a response, the Panel shall decide this administrative proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e), 14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to paragraph 14(b) of the Rules.  The Panel is entitled to accept all reasonable allegations and inferences set forth in the Complaint as true unless the evidence is clearly contradictory.  *See Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31, 2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in

the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate to accept as true all allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

## Identical and/or Confusingly Similar

The Panel finds that Complainant has established rights in the MCDAVID mark for purposes of Policy ¶ 4(a)(i) through its trademark registration with the USPTO.  The Panel also finds that Complainant's rights in the MCDAVID mark date back to the filing date of the registration, April 14, 2006.  *See Vivendi Universal Games v. XBNetVentures Inc.*, FA 198803 (Nat. Arb. Forum Nov. 11, 2003) ("Complainant's federal trademark registrations establish Complainant's rights in the BLIZZARD mark."); *see also Planetary Soc'y v. Rosillo*, D2001-1228 (WIPO Feb. 12, 2002) (holding that the effective date of Complainant's trademark rights date back to the application's filing date); *see also J. C. Hall Co. v. Hallmark Cards, Inc.*, 340 F.2d 960, 144 U.S.P.Q. 435 (C.C.P.A. 1965) (registration on the Principal Register is *prima facie* proof of continual use of the mark, dating back to the filing date of the application for registration).

Complainant contends that Respondent's **<davidmcdavidfrisco.com>** domain name is confusingly similar to its MCDAVID mark.  The **<davidmcdavidfrisco.com>** domain name differs from Complainant's mark in three ways: (1) the generic name "David" has been added to the beginning of the mark; (2) the geographic term "Frisco" has been added to the end of the mark; and (3) the generic top-level domain ("gTLD") ".com" has been added.  Neither the addition of a generic name with an obvious relation to Complainant's business, nor the addition of a geographic term is sufficient to distinguish a domain name from an incorporated mark, and consequently eliminate or reduce the likelihood of confusion.  The addition of a gTLD is also not a sufficiently distinguishing addition to a mark, as all domain names must contain a gTLD.  Therefore, the Panel finds that these changes do not minimize or eliminate the resulting likelihood of confusion, and so Respondent's disputed domain name is not sufficiently distinguished from Complainant's mark pursuant to Policy ¶ 4(a)(i).  *See Space Imaging LLC v. Brownell*, AF-0298 (eResolution Sept. 22, 2000) (finding confusing similarity where the respondent's domain name combines the complainant's mark with a generic term that has an obvious relationship to the complainant's business); *see also VeriSign, Inc. v. Tandon*, D2000-1216 (WIPO Nov. 16, 2000) (finding confusing similarity between the complainant's VERISIGN mark and the <verisignindia.com> and <verisignindia.net> domain names where the respondent added the word "India" to the complainant's mark); *see also Rollerblade, Inc. v. McCrady*, D2000-0429 (WIPO June 25, 2000) (finding that the top level of the domain name such as ".net" or ".com" does not affect the domain name for the purpose of determining whether it is identical or confusingly similar).

The Panel finds that Policy ¶ 4(a)(i) has been satisfied.

## Rights or Legitimate Interests

Complainant contends that Respondent lacks all rights and legitimate interests in the
**<davidmcdavidfrisco.com>** domain name. Under Policy ¶ 4(a)(ii), after the complainant makes
a *prima facie* case against the respondent, the respondent then has the burden of showing
evidence that it does have rights or legitimate interests in the disputed domain name. The Panel
finds that Complainant has made a *prima facie* case under Policy ¶ 4(a)(ii). *See Compagnie
Generale des Matieres Nucleaires v. Greenpeace Int'l*, D2001-0376 (WIPO May 14, 2001)
("Proving that the Respondent has no rights or legitimate interests in respect of the Domain
Name requires the Complainant to prove a negative. For the purposes of this sub paragraph,
however, it is sufficient for the Complainant to show a prima facie case and the burden of proof
is then shifted on to the shoulders of Respondent. In those circumstances, the common approach
is for respondents to seek to bring themselves within one of the examples of paragraph 4(c) or
put forward some other reason why they can fairly be said to have a relevant right or legitimate
interests in respect of the domain name in question."); *see also Do The Hustle, LLC v. Tropic
Web*, D2000-0624 (WIPO Aug. 21, 2000) (holding that once the complainant asserts that the
respondent has no rights or legitimate interests with respect to the domain, the burden shifts to
the respondent to provide "concrete evidence that it has rights to or legitimate interests in the
domain name at issue").

Complainant contends that Respondent is not commonly known by the
**<davidmcdavidfrisco.com>** domain name nor have they ever been the owner or licensee of the
MCDAVID mark. Respondent has been identified as "Comdot Internet Services Private
Limited," and nothing in the WHOIS record for the disputed domain name lists Respondent as
any variant on MCDAVID. This evidence, along with the fact that Respondent has failed to
show any evidence contrary to Complainant's contentions, compels the Panel to find that
Respondent is not commonly known as **<davidmcdavidfrisco.com>** pursuant to Policy ¶ 4(c)
(ii). *See Ian Schrager Hotels, L.L.C. v. Taylor*, FA 173369 (Nat. Arb. Forum Sept. 25, 2003)
(finding that without demonstrable evidence to support the assertion that a respondent is
commonly known by a domain name, the assertion must be rejected); *see also Charles Jourdan
Holding AG v. AAIM*, D2000-0403 (WIPO June 27, 2000) (finding no rights or legitimate
interests where (1) the respondent is not a licensee of the complainant; (2) the complainant's
prior rights in the domain name precede the respondent's registration; (3) the respondent is not
commonly known by the domain name in question).

Respondent maintains a website at the **<davidmcdavidfrisco.com>** domain name that features
links to websites advertising goods and services offered by third parties. Complainant contends
that Respondent benefits from these links through "click-through" fees, which are given to
Respondent by the third-party websites for every time a misdirected Internet visitor clicks on the
links. The Panel finds that this use of the **<davidmcdavidfrisco.com>** domain name is neither a
*bona fide* offering of goods or services under Policy ¶ 4(c)(i) nor a legitimate noncommercial or
fair use under Policy ¶ 4(c)(iii). *See Wells Fargo & Co. v. Lin Shun Shing*, FA 205699 (Nat.
Arb. Forum Dec. 8, 2003) (finding that using a domain name to direct Internet traffic to a
website featuring pop-up advertisements and links to various third-party websites is neither a
*bona fide* offering of goods or services under Policy ¶ 4(c)(i) nor a legitimate noncommercial or
fair use under Policy ¶ 4(c)(iii) because the registrant presumably receives compensation for
each misdirected Internet user); *see also Bank of Am. Corp. v. Nw. Free Cmty. Access*, FA
180704 (Nat. Arb. Forum Sept. 30, 2003) ("Respondent's demonstrated intent to divert Internet
users seeking Complainant's website to a website of Respondent and for Respondent's benefit is
not a bona fide offering of goods or services under Policy ¶ 4(c)(i) and it is not a legitimate
noncommercial or fair use under Policy ¶ 4(c)(iii).").

The Panel finds that Policy ¶ 4(a)(ii) has been satisfied.

Exhibit 26
Page 615

**Registration and Use in Bad Faith**

Complainant contends that Respondent is using the disputed domain name to divert Internet
customers from Complainant's website to Respondent's website that resolves from the disputed
domain name, through the confusion caused by the similarity between the MCDAVID mark and
the **<davidmcdavidfrisco.com>** domain name.  The Panel finds that Respondent's use of the
disputed domain name disrupts Complainant's business, and is evidence of registration and use
in bad faith pursuant to Policy ¶ 4(b)(iii).  *See Gardens Alive, Inc. v. D&S Linx*, FA 203126 (Nat.
Arb. Forum Nov. 20, 2003) ("Respondent registered and used the <my-seasons.com> domain
name in bad faith pursuant to Policy ¶¶ 4(b)(iii) and (iv) because Respondent is using a domain
name that is confusingly similar to the MYSEASONS mark for commercial benefit by diverting
Internet users to the <thumbgreen.com> website, which sells competing goods and services.");
*see also Am. Univ. v. Cook*, FA 208629 (Nat. Arb. Forum Dec. 22, 2003) ("Registration and use
of a domain name that incorporates another's mark with the intent to deceive Internet users in
regard to the source or affiliation of the domain name is evidence of bad faith.").

Complainant also contends that Respondent is gaining commercially through this diversion,
through click-through fees which are given to Respondent every time a misdirected Internet
visitor clicks on the links.  The Panel finds that this is an intentional use of the disputed domain
name for commercial gain through a likelihood of confusion with Complainant's mark, and so,
pursuant to Policy ¶ 4(b)(iv), this use is also evidence of registration and use in bad faith.  *See
Associated Newspapers Ltd. v. Domain Manager*, FA 201976 (Nat. Arb. Forum Nov. 19, 2003)
("Respondent's prior use of the <mailonsunday.com> domain name is evidence of bad faith
pursuant to Policy ¶ 4(b)(iv) because the domain name provided links to Complainant's
competitors and Respondent presumably commercially benefited from the misleading domain
name by receiving 'click-through-fees.'"); *see also Kmart v. Khan*, FA 127708 (Nat. Arb. Forum
Nov. 22, 2002) (finding that if the respondent profits from its diversionary use of the
complainant's mark when the domain name resolves to commercial websites and the respondent
fails to contest the complaint, it may be concluded that the respondent is using the domain name
in bad faith pursuant to Policy ¶ 4(b)(iv)).

The Panel finds that Policy ¶ 4(a)(iii) has been satisfied.

**DECISION**

Having established all three elements required under the ICANN Policy, the Panel concludes that
relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<davidmcdavidfrisco.com>** domain name be
**TRANSFERRED** from Respondent to Complainant.

James A Carmody, Esq., Panelist
Dated:  June 4, 2008

Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 162 of 258   Page ID #:3144

**NATIONAL ARBITRATION FORUM**

 TrafficZ   **DomainTools**   LeaseThis.com          Welcome              **My Account**

# Davidmcdavidfrisco.com on 2008-06-07 - Domain History

« Previous                                                                     Next »

**Domain:**              **davidmcdavidfrisco.com** - Domain History

**Cache Date:**          2008-06-07

**Registrar:**           **LEAD NETWORKS DOMAINS PVT. LTD.**

**Registrant Search:**   Click on an email address we found in this whois record
                         to see which other domains the registrant is associated with:
                         contact@comdotservices.com

---

```
Registration Service Provided By: PRIVATE WHOIS
Contact: +91.000000000000
Website: http://www.privatewhois.in

Domain Name: DAVIDMCDAVIDFRISCO.COM

Registrant:
     COMDOT INTERNET SERVICES PRIVATE LIMITED.
     COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 17-Feb-2007
Expiration Date: 17-Feb-2009

Domain servers in listed order:
     dns16.leadnetworks.com
     dns15.leadnetworks.com

Administrative Contact:
     COMDOT INTERNET SERVICES PRIVATE LIMITED.
     COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
     Room No.30, Fatima Bibi Chawl,
```

```
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Technical Contact:
        COMDOT INTERNET SERVICES PRIVATE LIMITED.
        COMDOT INTERNET SERVICES PRIVATE LIMITED.          (contact@comdotservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Billing Contact:
        COMDOT INTERNET SERVICES PRIVATE LIMITED.
        COMDOT INTERNET SERVICES PRIVATE LIMITED.          (contact@comdotservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Status:LOCKED
```

Exhibit 26
Page 619

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 165 of 258   Page ID #:3147

# High Court of Judicature at Bombay

## CASE DETAILS

### *Bench:-Bombay*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Lodging No.:-* | SL/1922/2008 | *Filing Date:-* | 13/06/2008 | *Reg. No.:-* | S/2192/2008 | *Reg. Date:-* | 17/07/2008 |

*Petitioner:-* COMDOT INTERNET SERVICES PVT.LTD. -    *Respondent:-* ASBURY AUTOMOTIVE GROUP INC. AND AI

*Petn.Adv.:-* ABHAY P. PANDE

*District:-* BOMBAY

| | |
|---|---|
| *Bench:-* | SINGLE |
| *Status:-* | Pre-Admission |
| *Last Date:-* | 00/00/0000 |

| | |
|---|---|
| *Category:-* | SUITS FOR DAMAGES |
| *Stage:-* | PLAINTS FOR REJECTION U/R 986 OF THE H.C.(O.S.)RULES 1980 |

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

Exhibit 26
Page 620

http://bombayhighcourt.nic.in/casequery_action.php?auth=bV96Yz0wMSZtX3NyPVImbV9zaWRlZmxxn...   1/25/2009

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 166 of 258    Page ID #:3148



TrafficZ   **DomainTools**   LeaseThis.com                Welcome                    My Account

# Manpowertemporaryservices.com on 2007-10-21 - Domain History

Next »

| | |
|---|---|
| **Domain:** | **manpowertemporaryservices.com** - Domain History |
| **Cache Date:** | 2007-10-21 |
| **Registrar:** | **NAMEKING.COM, INC.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: |
| | admin@fieldlakeandsky.com  info@nameking.com  abuse@nameking.com |

```
Domain Name:              manpowertemporaryservices.com

Registrant
-------------------------------------------------------------

Name:                     Admin -

Organization:             Field, Lake and Sky, LLC

Email:                    admin@fieldlakeandsky.com
Address:                  1821 Logan Ave.,

City, Province, Post Code:     Cheyenne, Wyoming, 82001
Country:                  US
Phone:                    307-221-1803

Admin Contact
-------------------------------------------------------------

Name:                     Admin -

Organization:             Field, Lake and Sky, LLC

Email:                    admin@fieldlakeandsky.com
Address:                  1821 Logan Ave.,

City, Province, Post Code:     Cheyenne, Wyoming, 82001
Country:                  US
```

Manpowertemporaryservices.com on 2007-10-21 - Domain History                Page 2 of 2
Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 167 of 258   Page ID
#:3149

```
Phone:                        307-221-1803

Billing Contact
----------------------------------------------------------

Name:                         Admin -

Organization:                 Field, Lake and Sky, LLC

Email:                        admin@fieldlakeandsky.com
Address:                      1821 Logan Ave.,

City, Province, Post Code:    Cheyenne, Wyoming, 82001
Country:                      US
Phone:                        307-221-1803

Tech Contact
----------------------------------------------------------

Name:                         Admin -

Organization:                 Field, Lake and Sky, LLC

Email:                        admin@fieldlakeandsky.com
Address:                      1821 Logan Ave.,

City, Province, Post Code:    Cheyenne, Wyoming, 82001
Country:                      US
Phone:                        307-221-1803

Creation Date:                01/22/06
Expiration Date:              01/22/09
Domain Status:                ACTIVE

Domain Servers

   ns1.proredirect.com

   ns2.proredirect.com

Registration Provided By:     NAMEKING INC.
Contact:                      info@nameking.com
Abuse Desk Email Address:     abuse@nameking.com
```

Exhibit 26
Page 622

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 168 of 258    Page ID
#:3150



TrafficZ    **DomainTools**    LeaseThis.com                Welcome                My Account



# Manpowertemporaryservices.com on 2008-08-02 - Domain History

« Previous

**Domain:**                 **manpowertemporaryservices.com** - Domain History

**Cache Date:**             2008-08-02

**Registrar:**              **LEAD NETWORKS DOMAINS PVT. LTD.**

**Registrant Search:**      Click on an email address we found in this whois record
                            to see which other domains the registrant is associated with:
                            manpowertemporaryservices.com@privatewhois.in

---

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226313093

Domain Name: MANPOWERTEMPORARYSERVICES.COM

Registrant:
    Private Whois Escrow Domains Private Limited.
    PRIVATE WHOIS  FOR MANPOWERTEMPORARYSERVICES.COM          (MANPOWERTEMPORARYSERVICES.COM@priva
    707,C-Wing,7th Floor,The Neptune Versova Society,
    Lokhandwala Complex,4th Cross Road,
    Andheri (West)
    Mumbai
    Maharashtra,400053
    IN
    Tel. +91.02226300138
    Fax. +91.02226311820

Creation Date: 22-Jan-2006
Expiration Date: 22-Jan-2010

Domain servers in listed order:
    ns2.dsredirection.com
    ns1.dsredirection.com

Administrative Contact:
    Private Whois Escrow Domains Private Limited.
    PRIVATE WHOIS  FOR MANPOWERTEMPORARYSERVICES.COM          (MANPOWERTEMPORARYSERVICES.COM@priva
    707,C-Wing,7th Floor,The Neptune Versova Society,
```

```
        Lokhandwala Complex,4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Technical Contact:
        Private Whois Escrow Domains Private Limited.
        PRIVATE WHOIS  FOR MANPOWERTEMPORARYSERVICES.COM        (MANPOWERTEMPORARYSERVICES.COM@priva
        707,C-Wing,7th Floor,The Neptune Versova Society,
        Lokhandwala Complex,4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Billing Contact:
        Private Whois Escrow Domains Private Limited.
        PRIVATE WHOIS  FOR MANPOWERTEMPORARYSERVICES.COM        (MANPOWERTEMPORARYSERVICES.COM@priva
        707,C-Wing,7th Floor,The Neptune Versova Society,
        Lokhandwala Complex,4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Status:LOCKED
```

Exhibit 26
Page 624

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 170 of 258   Page ID
#:3152



## NATIONAL ARBITRATION FORUM

## DECISION

Manpower Inc. v. PLUTO DOMAIN SERVICES PRIVATE LIMITED.
Claim Number: FA0809001225940

**PARTIES**

Complainant is **Manpower Inc.** ("Complainant"), represented by **Gary H. Saposnik**, of **IpHorgan Ltd.,** Illinois, USA.  Respondent is **PLUTO DOMAIN SERVICES PRIVATE LIMITED,** Mumbai Maharashtra, India ("Respondent").

**REGISTRAR AND DISPUTED DOMAIN NAME**

The domain name at issue is **<manpowertemporaryservices.com>**, registered with **Lead Networks Domains Pvt. Ltd**.

**PANEL**

The undersigned certifies that he or she has acted independently and impartially and to the best of his or her knowledge has no known conflict in serving as Panelist in this proceeding.

Honorable Paul A. Dorf (Ret.) as Panelist.

**PROCEDURAL HISTORY**

Complainant submitted a Complaint to the National Arbitration Forum electronically on September 22, 2008; the National Arbitration Forum received a hard copy of the Complaint on September 24, 2008.

On October 6, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<manpowertemporaryservices.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name.  Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On October 16, 2008, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of November 5, 2008 by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@manpowertemporaryservices.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to the parties a Notification of Respondent Default.

On November 10, 2008, pursuant to Complainant's request to have the dispute decided by a

Exhibit 26
Page 625

single-member Panel, the National Arbitration Forum appointed Honorable Paul A. Dorf (Ret.) as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent." Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

## RELIEF SOUGHT
Complainant requests that the domain name be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS
A. Complainant makes the following assertions:

1. Respondent's **<manpowertemporaryservices.com>** domain name is confusingly similar to Complainant's MANPOWER mark.

2. Respondent does not have any rights or legitimate interests in the **<manpowertemporaryservices.com>** domain name.

3. Respondent registered and used the **<manpowertemporaryservices.com>** domain name in bad faith.

B. Respondent failed to submit a Response in this proceeding.

## FINDINGS
Complainant is a globally recognized employment firm whose range of services include permanent, temporary, and contract employment recruitment. Complainant's world headquarters is located in Milwaukee, Wisconsin. Complainant has 4500 offices in 80 different countries.

Complainant first used the MANPOWER mark in association with employment services in 1948. The Complainant, Manpower, Inc., has five brands, two of which contain the MANPOWER mark (Manpower and Manpower Professional). Complainant maintains numerous registered marks with the United States Patent and Trademark Office ("USPTO") including the MANPOWER mark (Reg. No. 672,305 issued January 6, 1959 and Reg. No. 921,701 issued October 5, 1971).

Respondent registered the **<manpowertemporaryservices.com>** domain name January 22, 2006. The disputed domain name resolves to a search engine containing listings of employment search terms. Respondent was originally listed in the WHOIS information as Private Whois Escrow Domains Private Limited ("PWED"). Subsequent to filing of the Complaint, Respondent changed to Pluto Domain Services Private Limited.

## DISCUSSION
Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

Exhibit 26
Page 626

In view of Respondent's failure to submit a response, the Panel shall decide this administrative proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e), 14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to paragraph 14(b) of the Rules. The Panel is entitled to accept all reasonable allegations and inferences set forth in the Complaint as true unless the evidence is clearly contradictory. *See Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31, 2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate to accept as true all allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

## Identical and/or Confusingly Similar

Complainant has provided evidence of its registration of the MANPOWER mark with the USPTO. The Panel finds that this is sufficient evidence that Complainant has sufficient rights under the Policy ¶ 4(a)(i). *See Thermo Electron Corp. v. Xu*, FA 713851 (Nat. Arb. Forum July 12, 2006) (holding that the complainants established rights in marks because the marks were registered with a trademark authority); *see also Am. Int'l Group, Inc. v. Morris*, FA 569033 (Nat. Arb. Forum Dec. 6, 2005) ("Complainant has established rights in the AIG mark through registration of the mark with several trademark authorities throughout the world, including the United States Patent and Trademark office ('USPTO')… .").

Respondent's disputed **<manpowertemporaryservices.com>** domain name contains Complainant's MANPOWER mark, along with two generic terms associated with Complainant's business, and the generic top-level domain ".com." The Panel notes that generic top-level domains are considered irrelevant under Policy ¶ 4(a)(i). Moreover, the generic words "temporary" and "services" fail to connote any significant distinction, as Complainant's mark is associated with these words through Complainant's business. Therefore, the Panel finds that the disputed domain name is confusingly similar to Complainant's MANPOWER mark under Policy ¶ 4(a)(i). *See Rollerblade, Inc. v. McCrady*, D2000-0429 (WIPO June 25, 2000) (finding that the top level of the domain name such as ".net" or ".com" does not affect the domain name for the purpose of determining whether it is identical or confusingly similar); *see also Sony Kabushiki Kaisha v. Inja, Kil*, D2000-1409 (WIPO Dec. 9, 2000) (finding that "[n]either the addition of an ordinary descriptive word . . . nor the suffix '.com' detract from the overall impression of the dominant part of the name in each case, namely the trademark SONY" and thus Policy ¶ 4(a)(i) is satisfied).

The Panel finds that Policy ¶ 4(a)(i) has been satisfied.

## Rights or Legitimate Interests

Complainant alleges that Respondent lacks rights and legitimate interests in the disputed domain

name under Policy ¶ 4(a)(ii).  The Panel finds that Complainant has asserted a sufficient *prima facie* case supporting this allegation, and therefore the burden shifts to the Respondent to provide evidence of its rights or legitimate interests in the disputed domain name.  *See Compagnie Generale des Matieres Nucleaires v. Greenpeace Int'l*, D2001-0376 (WIPO May 14, 2001) ("[I]t is sufficient for the Complainant to show a *prima facie* case and the burden of proof is then shifted on to the shoulders of Respondent."); *see also Do The Hustle, LLC v. Tropic Web*, D2000-0624 (WIPO Aug. 21, 2000) (holding that, where the complainant has asserted that the respondent has no rights or legitimate interests with respect to the domain name, it is incumbent on the respondent to come forward with concrete evidence rebutting this assertion because this information is "uniquely within the knowledge and control of the respondent").

Respondent's disputed domain name resolves to a website featuring a search engine and links for third-parties.  Respondent presumably receives referral fees for this advertisement placement.  The Panel finds that Respondent is not making a *bona fide* offering of goods or services under Policy ¶ 4(c)(i) or a legitimate noncommercial or fair use under Policy ¶ 4(c)(iii).  *See Summit Group, LLC v. LSO, Ltd.*, FA 758981 (Nat. Arb. Forum Sept. 14, 2006) (finding that a respondent's use of a complainant's LIFESTYLE LOUNGE mark to redirect Internet users to that respondent's website for commercial gain does not constitute either a *bona fide* offering of goods or services pursuant to Policy ¶ 4(c)(i), or a legitimate noncommercial or fair use pursuant to Policy ¶ 4(c)(iii)); *see also Disney Enters., Inc. v. Kamble*, FA 918556 (Nat. Arb. Forum Mar. 27, 2007) (holding that the operation of a pay-per-click website at a contested domain name was not a *bona fide* offering of goods or services under Policy ¶ 4(c)(i) or a legitimate noncommercial or fair use under Policy ¶ 4(c)(iii)).

There is no evidence to suggest that Respondent is commonly known by the disputed domain name.  The WHOIS information lists Respondent as "Private Whois Escrow Domains Private Limited."  The Panel concludes that Respondent is not commonly known by the disputed domain name within the meaning of Policy ¶ 4(c)(ii).  *See M. Shanken Commc'ns v. WORLDTRAVELERSONLINE.COM*, FA 740335 (Nat. Arb. Forum Aug. 3, 2006) (finding that a respondent was not commonly known by the <cigaraficionada.com> domain name under Policy ¶ 4(c)(ii) based on the WHOIS information and other evidence in the record); *see also St. Lawrence Univ. v. Nextnet Tech*, FA 881234 (Nat. Arb. Forum Feb. 21, 2007) (concluding a respondent had no rights or legitimate interests in a disputed domain name where there was no evidence in the record indicating that that respondent was commonly known by that domain name).

The Panel finds that Policy ¶ 4(a)(ii) has been satisfied.

**<u>Registration and Use in Bad Faith</u>**

Respondent's disputed domain name resolves to a search engine with a listing of search terms.  These links click through to Complainant's competitors, thus suggesting that Respondent registered the disputed domain name intending to disrupt Complainant's business.  The Panel finds that this is evidence of bad faith registration and use under Policy ¶ 4(b)(iii).  *See Surface Prot. Indus., Inc. v. Webposters*, D2000-1613 (WIPO Feb. 5, 2001) (finding that, given the competitive relationship between the complainant and the respondent, the respondent likely registered the contested domain name with the intent to disrupt the complainant's business and create user confusion); *see also Disney Enters., Inc. v. Noel*, FA 198805 (Nat. Arb. Forum Nov. 11, 2003) ("Respondent registered a domain name confusingly similar to Complainant's mark to divert Internet users to a competitor's website. It is a reasonable inference that Respondent's purpose of registration and use was to either disrupt or create confusion for Complainant's

business in bad faith pursuant to Policy ¶¶ 4(b)(iii) [and] (iv).").

The Respondent has created a likelihood of confusion as to Complainant's possible association with or sponsorship of the disputed domain name for commercial gain.  It follows that Respondent has engaged in bad faith registration and use of the disputed domain name under Policy ¶ 4(b)(iv). *See Allianz of Am. Corp. v. Bond*, FA 680624 (Nat. Arb. Forum June 2, 2006) (finding bad faith registration and use of a domain under Policy ¶ 4(b)(iv) where a respondent was diverting Internet users searching for a complainant to its own website, likely profiting from this activity); *see also T-Mobile USA, Inc. v. utahhealth*, FA 697821 (Nat. Arb. Forum June 7, 2006) (holding that the registration and use of a domain name confusingly similar to a complainant's mark to direct Internet traffic to a commercial "links page" in order to profit from click-through fees or other revenue sources constitutes bad faith under Policy ¶ 4(b)(iv)).

The Panel finds that Policy ¶ 4(a)(iii) has been satisfied.


**DECISION**

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<manpowertemporaryservices.com>** domain name be **TRANSFERRED** from Respondent to Complainant.

_____


Honorable Paul A. Dorf (Ret.) Panelist
Dated:  November 24, 2008


Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page

**NATIONAL ARBITRATION FORUM**

TrafficZ   **DomainTools**   LeaseThis.com                    Welcome                    My Account



## Manpowertemporaryservices.com on 2008-10-10 - Domain History

« Previous                                                                     Next »

| | |
|---|---|
| **Domain:** | **manpowertemporaryservices.com** - Domain History |
| **Cache Date:** | 2008-10-10 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@plutodomainservices.com |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.02226313093

Domain Name: MANPOWERTEMPORARYSERVICES.COM

Registrant:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.        (contact@PlutoDomainServices.com)
     Room No.30,Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 22-Jan-2006
Expiration Date: 22-Jan-2010

Domain servers in listed order:
     ns2.dsredirection.com
     ns1.dsredirection.com

Administrative Contact:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.        (contact@PlutoDomainServices.com)
     Room No.30,Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
```

Exhibit 26
Page 630

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 176 of 258   Page ID
#:3158

```
          Jogeshwari (W),
          Mumbai
          Maharashtra,400102
          IN
          Tel. +91.9322160169


     Technical Contact:
          PLUTO DOMAIN SERVICES PRIVATE LIMITED.
          PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
          Room No.30,Fatima Bibi Chawl,
          Gulshan Nagar,Behram Baug,
          Jogeshwari (W),
          Mumbai
          Maharashtra,400102
          IN
          Tel. +91.9322160169


     Billing Contact:
          PLUTO DOMAIN SERVICES PRIVATE LIMITED.
          PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
          Room No.30,Fatima Bibi Chawl,
          Gulshan Nagar,Behram Baug,
          Jogeshwari (W),
          Mumbai
          Maharashtra,400102
          IN
          Tel. +91.9322160169


     Status:LOCKED
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 177 of 258   Page ID #:3159

# High Court of Judicature at Bombay

## CASE DETAILS

***Bench:-Bombay***

| | | | |
|---|---|---|---|
| **Lodging No.:-** | SL/3609/2008 | **Filing Date:-** | 06/12/2008 |

**Petitioner:-** PLUTO DOMAIN SERVICES PVT. LTD. -     **Respondent:-** MANPOWER INC. MILWAUKEE, WI AND ANR

**Petn.Adv.:-** ABHAY P. PANDE

**District:-** BOMBAY

**Bench:-** SINGLE

**Status:-** Pre-Admission          **Category:-** SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

 TrafficZ   **DomainTools**   LeaseThis.com              Welcome              My Account



# Accoutemps.com on 2007-07-24 - Domain History

Next »

| | |
|---|---|
| **Domain:** | accoutemps.com - Domain History |
| **Cache Date:** | 2007-07-24 |
| **Registrar:** | ENOM, INC. |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: wvaughan@dhg.mu   domainadminltd@hotmail.com |

```
Registration Service Provided By: Domain Adminstration Limited
Contact: wvaughan@dhg.mu


Domain name: accoutemps.com

Registrant Contact:
    Domain Administration Limited
    David Halstead (domainadminltd@hotmail.com)
    +64.93610021
    Fax:
    PO Box 37410
    Parnell Auckland,   NZ 1033
    NZ


Administrative Contact:
    Domain Administration Limited
    David Halstead (domainadminltd@hotmail.com)
    +64.93610021
    Fax:
    PO Box 37410
    Parnell Auckland,   NZ 1033
    NZ


Technical Contact:
    Domain Administration Limited
    David Halstead (domainadminltd@hotmail.com)
    +64.93610021
    Fax:
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 179 of 258   Page ID
#:3161

```
        PO Box 37410
        Parnell Auckland,  NZ 1033
        NZ


Status: Locked


Name Servers:
      ns1.hitfarm.com
      ns2.hitfarm.com


Creation date: 26 Nov 2001 17:06:56
Expiration date: 26 Nov 2007 17:06:56
```

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome                        My Account



## Accoutemps.com on 2008-05-31 - Domain History

« Previous                                                        Next »

**Domain:**                 accoutemps.com  -  Domain History

**Cache Date:**            2008-05-31

**Registrar:**             **LEAD NETWORKS DOMAINS PVT. LTD.**

**Registrant Search:**     Click on an email address we found in this whois record
                           to see which other domains the registrant is associated with:
                           007p17050408@privatewhois.in

---

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: ACCOUTEMPS.COM

Registrant:
      Private Whois Escrow Domains Private Limited.
      Private Whois For 007P17050408        (007P17050408@privatewhois.in)
      707,C-Wing,7th Floor, The Neptune Versova Society,
      Lokhandwala Complex, 4th Cross Road,
      Andheri (West)
      Mumbai
      Maharashtra,400053
      IN
      Tel. +91.02226300138
      Fax. +91.02226311820

Creation Date: 26-Nov-2001
Expiration Date: 26-Nov-2010

Domain servers in listed order:
      ns2.hitfarm.com
      ns1.hitfarm.com

Administrative Contact:
      Private Whois Escrow Domains Private Limited.
      Private Whois For 007P17050408        (007P17050408@privatewhois.in)
      707,C-Wing,7th Floor, The Neptune Versova Society,
```

Exhibit 26
Page 635

```
            Lokhandwala Complex, 4th Cross Road,
            Andheri (West)
            Mumbai
            Maharashtra,400053
            IN
            Tel. +91.02226300138
            Fax. +91.02226311820


    Technical Contact:
            Private Whois Escrow Domains Private Limited.
            Private Whois For 007P17050408          (007P17050408@privatewhois.in)
            707,C-Wing,7th Floor, The Neptune Versova Society,
            Lokhandwala Complex, 4th Cross Road,
            Andheri (West)
            Mumbai
            Maharashtra,400053
            IN
            Tel. +91.02226300138
            Fax. +91.02226311820


    Billing Contact:
            Private Whois Escrow Domains Private Limited.
            Private Whois For 007P17050408          (007P17050408@privatewhois.in)
            707,C-Wing,7th Floor, The Neptune Versova Society,
            Lokhandwala Complex, 4th Cross Road,
            Andheri (West)
            Mumbai
            Maharashtra,400053
            IN
            Tel. +91.02226300138
            Fax. +91.02226311820


    Status:ACTIVE
```

Exhibit 26
Page 636

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 182 of 258   Page ID
#:3164



**NATIONAL ARBITRATION FORUM**

**DECISION**

Robert Half International Inc. v. LAKSH INTERNET SOLUTIONS PRIVATE LIMITED
Claim Number: FA0807001213844

**PARTIES**

Complainant is **Robert Half International Inc.** ("Complainant"), represented by **Britton Payne**, of **Foley & Lardner LLP**, New York, USA.  Respondent is **LAKSH INTERNET SOLUTIONS PRIVATE LIMITED** ("Respondent"), India.

**REGISTRAR AND DISPUTED DOMAIN NAME**

The domain name at issue is **<accoutemps.com>**, registered with **Lead Networks Domains Pvt. Ltd**.

**PANEL**

The undersigned certifies that he or she has acted independently and impartially and to the best of his or her knowledge has no known conflict in serving as Panelist in this proceeding.

James A Crary as Panelist.

**PROCEDURAL HISTORY**

Complainant submitted a Complaint to the National Arbitration Forum electronically on July 3, 2008; the National Arbitration Forum received a hard copy of the Complaint on July 7, 2008.

On July 28, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<accoutemps.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name.  Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On August 6, 2008, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of August 26, 2008 by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@accoutemps.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to the parties a Notification of Respondent Default.

On  September 04, 2008, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed James A. Crary as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent."  Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

**RELIEF SOUGHT**

Complainant requests that the domain name be transferred from Respondent to Complainant.

**PARTIES' CONTENTIONS**

A.  Complainant makes the following assertions:

1.  Respondent's **<accoutemps.com>** domain name is confusingly similar to Complainant's ACCOUNTEMPS mark.

2.  Respondent does not have any rights or legitimate interests in the **<accoutemps.com>** domain name.

3.  Respondent registered and used the **<accoutemps.com>** domain name in bad faith.

B.  Respondent failed to submit a Response in this proceeding.

**FINDINGS**

Complainant, Robert Half International Inc., has provided employment and staffing services throughout the United States since 1948.  One of Complainant's principal divisions is the world's largest specialized temporary staffing company for accounting and finance professionals.  During 2007, Complainant's total worldwide revenues for services rendered under the ACCOUNTEMPS mark (Reg. No. 1,009,244 issued April 22, 1975 with the United States Patent and Trademark Office ("USPTO")) exceeded $1.7 billion.  Complainant maintains an Internet presence through the <accountemps.com> domain name.

Respondent registered the **<accoutemps.com>** domain name on November 26, 2001, and is currently using the disputed domain name to resolve to a website that advertises links for Complainant's direct competitors.

Respondent has been the respondent in several other UDRP decisions wherein the disputed domain names were transferred to the respective complainants in those cases.  *See, e.g.*, *CafePress.com, Inc. v. LAKSH INTERNET SOLUTIONS PRIVATE LTD.*, FA 1190323 (Nat. Arb. Forum Jul. 24, 2008); *see also Baylor Univ. v. Laksh Internet Solutions Private Ltd.*, FA 1189976 (Nat. Arb. Forum Jul. 24, 2008).

**DISCUSSION**

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

In view of Respondent's failure to submit a response, the Panel shall decide this administrative proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e),

14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to paragraph 14(b) of the Rules.  The Panel is entitled to accept all reasonable allegations and inferences set forth in the Complaint as true unless the evidence is clearly contradictory.  *See Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31, 2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate to accept as true all allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

## Identical and/or Confusingly Similar

Complainant has established rights in the ACCOUNTEMPS mark through registration with the USPTO pursuant to Policy ¶ 4(a)(i).  *See Innomed Techs., Inc. v. DRP Servs.*, FA 221171 (Nat. Arb. Forum Feb. 18, 2004) ("Registration of the NASAL-AIRE mark with the USPTO establishes Complainant's rights in the mark."); *see also Vivendi Universal Games v. XBNetVentures Inc.*, FA 198803 (Nat. Arb. Forum Nov. 11, 2003) ("Complainant's federal trademark registrations establish Complainant's rights in the BLIZZARD mark.").

Respondent's **<accoutemps.com>** domain name omits the "n" in the ACCOUNTEMPS mark, and merely adds the generic top-level domain ".com."  The Panel finds that neither of these alterations sufficiently distinguishes the disputed domain name from the mark under Policy ¶ 4 (a)(i).  Additions of top-level domains are irrelevant under a Policy analysis.  Moreover, the omission of a letter from a mark to capitalize on the typographical errors of Internet users fails to provide sufficient distinction.  Therefore, the Panel finds that the disputed domain name is confusingly similar to Complainant's mark under Policy ¶ 4(a)(i).  *See Trip Network Inc. v. Alviera*, FA 914943 (Nat. Arb. Forum Mar. 27, 2007) (concluding that the addition of a gTLD, whether it be ".com," ".net," ".biz," or ".org," is irrelevant to a Policy ¶ 4(a)(i) analysis); *see also Victoria's Secret v. Zuccarini*, FA 95762 (Nat. Arb. Forum Nov. 18, 2000) (finding that, by misspelling words and adding letters to words, a respondent does not create a distinct mark but nevertheless renders the domain name confusingly similar to the complainant's marks).

The Panel finds that Policy ¶ 4(a)(i) has been satisfied.

## Rights or Legitimate Interests

Complainant has asserted that Respondent lacks rights and legitimate interests in the disputed domain name.  Complainant must successfully assert a sufficient *prima facie* case supporting its allegations before Respondent receives the burden of demonstrating its rights or legitimate interests.  The Panel finds that Complainant has met its burden, and therefore Respondent must demonstrate its rights or legitimate interests under Policy ¶ 4(c).  *See G.D. Searle v. Martin Mktg.*, FA 118277 (Nat. Arb. Forum Oct. 1, 2002) ("Because Complainant's Submission constitutes a *prima facie* case under the Policy, the burden effectively shifts to Respondent. Respondent's failure to respond means that Respondent has not presented any circumstances that

would promote its rights or legitimate interests in the subject domain name under Policy ¶ 4(a)
(ii).”); *see also Clerical Med. Inv. Group Ltd. v. Clericalmedical.com*, D2000-1228 (WIPO Nov.
28, 2000) (finding that, under certain circumstances, the mere assertion by the complainant that
the respondent has no right or legitimate interest is sufficient to shift the burden of proof to the
respondent to demonstrate that such a right or legitimate interest does exist).

There is no evidence before the Panel that allows the conclusion that Respondent is commonly
known by the disputed domain name.  The WHOIS information lists Respondent as “LAKSH
INTERNET SOLUTIONS PRIVATE LIMITED,” and Respondent has failed to provide contrary
evidence.  Therefore, the Panel finds that Respondent is not commonly known by the disputed
domain name under Policy ¶ 4(c)(ii).  *See St. Lawrence Univ. v. Nextnet Tech*, FA 881234 (Nat.
Arb. Forum Feb. 21, 2007) (concluding a respondent has no rights or legitimate interests in a
disputed domain name where there is no evidence in the record indicating that the respondent is
commonly known by the disputed domain name); *see also Ian Schrager Hotels, L.L.C. v. Taylor*,
FA 173369 (Nat. Arb. Forum Sept. 25, 2003) (finding that without demonstrable evidence to
support the assertion that a respondent is commonly known by a domain name, the assertion
must be rejected).

Respondent’s disputed domain name resolves to a website that displays links and advertisements
for Complainant’s direct competitors.  Complainant alleges, and the Panel so infers, that
Respondent receives commercial benefit through the receipt of referral fees for the
advertisements listed.  The Panel finds that Respondent has not created a *bona fide* offering of
goods or services under Policy ¶ 4(c)(i) or a legitimate noncommercial or fair use under Policy ¶
4(c)(iii).  *See Summit Group, LLC v. LSO, Ltd.*, FA 758981 (Nat. Arb. Forum Sept. 14, 2006)
(finding that the respondent’s use of the complainant’s LIFESTYLE LOUNGE mark to redirect
Internet users to respondent’s own website for commercial gain does not constitute either a *bona
fide* offering of goods or services pursuant to Policy ¶ 4(c)(i), or a legitimate noncommercial or
fair use pursuant to Policy ¶ 4(c)(iii)); *see also ALPITOUR S.p.A. v. balata inc*, FA 888649 (Nat.
Arb. Forum Feb. 27, 2007) (finding that “using the confusingly similar <viaggidea.com> domain
name to operate a website that features links to various commercial websites from which
Respondent presumably receives referral fees….is neither a *bona fide* offering of goods or
services pursuant to Policy ¶ 4(c)(i) nor a legitimate non-commercial or fair use pursuant to
Policy ¶ 4(c)(iii).”).

Respondent’s confusingly similar disputed domain name incorporates Complainant’s mark while
merely omitting the “n.”  The practice of registering domain names with such typographical
errors is intentional, in that the registrant seeks to divert Internet users committing the same
errors to the website operated or chosen by Respondent.  The example in this case is textbook:
Internet users omitting the letter “n” will be redirected away from their presumed destination,
and unceremoniously rerouted to Respondent’s website, which is designed solely and primarily
to confront the confounded Internet users with the competitive advertisements.  The Panel finds
that Respondent’s use of typosquatting in the instant case constitutes evidence that Respondent
lacks rights and legitimate interests in the disputed domain name under Policy ¶ 4(a)(ii).  *See
IndyMac Bank F.S.B. v. Ebeyer*, FA 175292 (Nat. Arb. Forum Sept. 19, 2003) (finding that the
respondent lacked rights and legitimate interests in the disputed domain names because it
“engaged in the practice of typosquatting by taking advantage of Internet users who attempt to
access Complainant’s <indymac.com> website but mistakenly misspell Complainant’s mark by
typing the letter ‘x’ instead of the letter ‘c’”); *see also LTD Commodities LLC v. Party Night,
Inc*., FA 165155 (Nat. Arb. Forum Aug. 14, 2003) (finding that the <ltdcommadities.com>,
<ltdcommmodities.com>, and <ltdcommodaties.com> domain names were intentional
misspellings of Complainant's LTD COMMODITIES mark and this “‘typosquatting’ is evidence

that Respondent lacks rights or legitimate interests in the disputed domain names").

The Panel finds that Policy ¶ 4(a)(ii) has been satisfied.

## Registration and Use in Bad Faith

Respondent has been the respondent in several other UDRP decisions wherein the disputed domain names were transferred to the respective complainants in those cases. *See, e.g.*, *CafePress.com, Inc. v. LAKSH INTERNET SOLUTIONS PRIVATE LTD.*, FA 1190323 (Nat. Arb. Forum Jul. 24, 2008); *see also Baylor Univ. v. Laksh Internet Solutions Private Ltd.*, FA 1189976 (Nat. Arb. Forum Jul. 24, 2008). The Panel finds that this demonstrates a pattern of bad faith registration and use under Policy ¶ 4(b)(ii). *See Arai Helmet Americas, Inc. v. Goldmark*, D2004-1028 (WIPO Jan. 22, 2005 (finding that "Respondent has registered the disputed domain name, <aria.com>, to prevent Complainant from registering it" and taking notice of another Policy proceeding against the respondent to find that "this is part of a pattern of such registrations"); *see also Westcoast Contempo Fashions Ltd. v. Manila Indus., Inc.*, FA 814312 (Nat. Arb. Forum Nov. 29, 2006) (finding bad faith registration and use pursuant to Policy ¶ 4(b)(ii) where the respondent had been subject to numerous UDRP proceedings where panels ordered the transfer of disputed domain names containing the trademarks of the complainants).

The Panel finds that Respondent's use of the disputed domain name to host a website with advertisements for third-parties in direct competition with Complainant constitutes disruption of Complainant's business, which therefore demonstrates Respondent's bad faith registration and use under Policy ¶ 4(b)(iii). *See Tesco Pers. Fin. Ltd. v. Domain Mgmt. Servs.*, FA 877982 (Nat. Arb. Forum Feb. 13, 2007) (concluding that the use of a confusingly similar domain name to attract Internet users to a directory website containing commercial links to the websites of a complainant's competitors represents bad faith registration and use under Policy ¶ 4(b)(iii)); *see also Classic Metal Roofs, LLC v. Interlock Indus., Ltd.*, FA 724554 (Nat. Arb. Forum Aug. 1, 2006) (finding that the respondent registered and used the <classicmetalroofing.com> domain name in bad faith pursuant to Policy ¶ 4(b)(iii) by redirecting Internet users to the respondent's competing website).

The Panel also finds that Respondent has intentionally attempted to attract Internet users for commercial gain via the confusingly similar disputed domain name and corresponding website, which features click-through advertisements. The Panel also finds that this constitutes bad faith registration and use on the part of Respondent under Policy ¶ 4(b)(iv). *See Zee TV USA, Inc. v. Siddiqi*, FA 721969 (Nat. Arb. Forum July 18, 2006) (finding that the respondent engaged in bad faith registration and use by using a domain name that was confusingly similar to the complainant's mark to offer links to third-party websites that offered services similar to those offered by the complainant); *see also Allianz of Am. Corp. v. Bond*, FA 680624 (Nat. Arb. Forum June 2, 2006) (finding bad faith registration and use under Policy ¶ 4(b)(iv) where the respondent was diverting Internet users searching for the complainant to its own website and likely profiting).

Finally, the Panel finds that Respondent's engagement in typosquatting evidences Respondent's bad faith registration and use under Policy ¶ 4(a)(iii). *See Zone Labs, Inc. v. Zuccarini*, FA 190613 (Nat. Arb. Forum Oct. 15, 2003) ("Respondent's registration and use of [the <zonelarm.com> domain name] that capitalizes on the typographical error of an Internet user is considered typosquatting. Typosquatting, itself is evidence of bad faith registration and use pursuant to Policy ¶ 4(a)(iii)."); *see also Dermalogica, Inc. v. Domains to Develop*, FA 175201

Exhibit 26
Page 641

(Nat. Arb. Forum Sept. 22, 2003) (finding that the <dermatalogica.com> domain name was a "simple misspelling" of the complainant's DERMALOGICA mark which indicated typosquatting and bad faith pursuant to Policy 4 ¶ (a)(iii)).

The Panel finds that Policy ¶ 4(a)(iii) has been satisfied.

**DECISION**

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<accoutemps.com>** domain name be **TRANSFERRED** from Respondent to Complainant.

James A Crary, Panelist
Dated:  September 18, 2008

Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page

**NATIONAL ARBITRATION FORUM**

 **TrafficZ**   **DomainTools**   LeaseThis.com    Welcome  **My Account**



## Accoutemps.com on 2008-08-17 - Domain History

« Previous                                                   Next »

**Domain:**            **accoutemps.com** - Domain History

**Cache Date:**        2008-08-17

**Registrar:**         **LEAD NETWORKS DOMAINS PVT. LTD.**

**Registrant Search:** Click on an email address we found in this whois record
                       to see which other domains the registrant is associated with:
                       contact@lakshinternetservices.com

---

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226313093


Domain Name: ACCOUTEMPS.COM

Registrant:
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
      Room No.30, Fatima Bibi Chawl,
      Gulshan Nagar,Behram Baug,
      Jogeshwari (W),
      Mumbai
      Maharashtra,400102
      IN
      Tel. +91.9322160169


Creation Date: 26-Nov-2001
Expiration Date: 26-Nov-2010

Domain servers in listed order:
      ns2.hitfarm.com
      ns1.hitfarm.com


Administrative Contact:
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
      LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
      Room No.30, Fatima Bibi Chawl,
      Gulshan Nagar,Behram Baug,
```

Exhibit 26
Page 643

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 189 of 258   Page ID
#:3171

```
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169


Technical Contact:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.         (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169


Billing Contact:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.         (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169


Status:LOCKED
```



# High Court of Judicature at Bomba

## CASE DETAILS

### *Bench:-Bombay*

| | | | |
|---|---|---|---|
| *Lodging No.:-* | SL/3049/2008 | *Filing Date:-* | 30/09/2008 |

| | | |
|---|---|---|
| *Petitioner:-* | LAKSH INTERNET SOLUTIONS PVT. LTD. - | *Respondent:-* ROBERT HALF INTERNATIO |
| *Petn.Adv.:-* | ABHAY P. PANDE | |
| *District:-* | BOMBAY | |

| | | | |
|---|---|---|---|
| *Bench:-* | SINGLE | | |
| *Status:-* | Pre-Admission | *Category:-* | SUITS FOR DEFAMATION |
| *Last Date:-* | 13/01/2009 | *Stage:-* | PLAINTS FOR REJECTION U/R 986 OF THE H.C.(O.S.)RULES 1980 |
| *Last Coram:-* | REGISTRAR(OS)/PROTHONOTARY & SR. MASTER | | |

| Office Information | Connected Matters | Application cases | Listing Dates |
|---|---|---|---|

***PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.***

 

TrafficZ    **DomainTools**    LeaseThis.com        Welcome                    My Account

# DomainTools

## Ashleyfurnitureoutlet.com on 2008-03-01 - Domain History

« Previous                                                                    Next »

**Domain:**            **ashleyfurnitureoutlet.com** - Domain History

**Cache Date:**        2008-03-01

**Registrar:**         INNERWISE, INC. D/B/A ITSYOURDOMAIN.COM

**Registrant Search:** Click on an email address we found in this whois record
                       to see which other domains the registrant is associated with:
                       wvaughan@dhg.mu

---

```
Domain: ashleyfurnitureoutlet.com
Registration provider: ItsYourDomain.com

 Registrant
   William Vaughan
   smtm investments ltd
   wvaughan@dhg.mu
   Po Box 4098
   Springfield, Qld 4300 AU
   +61.731204358
    (FAX)


  Administrative
   William Vaughan
   smtm investments ltd
   wvaughan@dhg.mu
   Po Box 4098
   Springfield, Qld 4300 AU
   +61.731204358
    (FAX)


  Billing
   William Vaughan
   smtm investments ltd
   wvaughan@dhg.mu
   Po Box 4098
   Springfield, Qld 4300 AU
   +61.731204358
```

Exhibit 26
Page 646

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 192 of 258   Page ID #:3174

```
     (FAX)


Technical
   William Vaughan
   smtm investments ltd
   wvaughan@dhg.mu
   Po Box 4098
   Springfield, Qld 4300 AU
   +61.731204358
     (FAX)


Record created on December 08, 2004
Record last updated on February 28, 2008
Record expires on December 08, 2008


Domain Name Servers:
   NS1.TRAFFICZ.COM
   NS2.TRAFFICZ.COM
```

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 193 of 258    Page ID #:3175

 TrafficZ   **DomainTools**   LeaseThis.com        Welcome        My Account



# Ashleyfurnitureoutlet.com on 2008-05-31 - Domain History

« Previous                                                        Next »

| | |
|---|---|
| **Domain:** | **ashleyfurnitureoutlet.com** - Domain History |
| **Cache Date:** | 2008-05-31 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: 002p17070408@privatewhois.in |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138


Domain Name: ASHLEYFURNITUREOUTLET.COM

Registrant:
     Private Whois Escrow Domains Private Limited.
     Private Whois For 002P17070408        (002P17070408@privatewhois.in)
     707,C-Wing,7th Floor, The Neptune Versova Society,
     Lokhandwala Complex, 4th Cross Road,
     Andheri (West)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.02226300138
     Fax. +91.02226311820


Creation Date: 08-Dec-2004
Expiration Date: 08-Dec-2009

Domain servers in listed order:
     ns2.hitfarm.com
     ns1.hitfarm.com


Administrative Contact:
     Private Whois Escrow Domains Private Limited.
     Private Whois For 002P17070408        (002P17070408@privatewhois.in)
     707,C-Wing,7th Floor, The Neptune Versova Society,
```

Exhibit 26
Page 648

```
                Lokhandwala Complex, 4th Cross Road,
                Andheri (West)
                Mumbai
                Maharashtra,400053
                IN
                Tel. +91.02226300138
                Fax. +91.02226311820


        Technical Contact:
                Private Whois Escrow Domains Private Limited.
                Private Whois For 002P17070408        (002P17070408@privatewhois.in)
                707,C-Wing,7th Floor, The Neptune Versova Society,
                Lokhandwala Complex, 4th Cross Road,
                Andheri (West)
                Mumbai
                Maharashtra,400053
                IN
                Tel. +91.02226300138
                Fax. +91.02226311820


        Billing Contact:
                Private Whois Escrow Domains Private Limited.
                Private Whois For 002P17070408        (002P17070408@privatewhois.in)
                707,C-Wing,7th Floor, The Neptune Versova Society,
                Lokhandwala Complex, 4th Cross Road,
                Andheri (West)
                Mumbai
                Maharashtra,400053
                IN
                Tel. +91.02226300138
                Fax. +91.02226311820


        Status:ACTIVE
```

Exhibit 26
Page 649



## NATIONAL ARBITRATION FORUM

## DECISION

Ashley Furniture Industries, Inc v. Pluto Domain Services Private Limited
Claim Number: FA0810001227159

## PARTIES

Complainant is **Ashley Furniture Industries, Inc** ("Complainant"), represented by **Terrence J. Madden**, of **Kostner, Koslo & Brovold LLC**, Wisconsin, USA. Respondent is **Pluto Domain Services Private Limited** ("Respondent"), Indiana, USA.

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<ashleyfurnitureoutlet.com>**, registered with **Lead Networks Domains Pvt. Ltd**.

## PANEL

The undersigned certifies that he has acted independently and impartially and to the best of his knowledge has no known conflict in serving as Panelist in this proceeding.

Judge Ralph Yachnin as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to the National Arbitration Forum electronically on September 30, 2008; the National Arbitration Forum received a hard copy of the Complaint on October 1, 2008.

On October 7, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<ashleyfurnitureoutlet.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name. Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On October 15, 2008, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of November 4, 2008 by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@ashleyfurnitureoutlet.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to the parties a Notification of Respondent Default.

On November 7, 2008, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed Judge Ralph Yachnin as

Exhibit 26
Page 650

Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that
the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the
Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ
reasonably available means calculated to achieve actual notice to Respondent."  Therefore, the
Panel may issue its decision based on the documents submitted and in accordance with the
ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any
rules and principles of law that the Panel deems applicable, without the benefit of any response
from Respondent.

## RELIEF SOUGHT
Complainant requests that the domain name be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS
A.  Complainant makes the following assertions:

1.  Respondent's **<ashleyfurnitureoutlet.com>** domain name is confusingly similar to
Complainant's A ASHLEY FURNITURE mark.

2.  Respondent does not have any rights or legitimate interests in the
**<ashleyfurnitureoutlet.com>** domain name.

3.  Respondent registered and used the **<ashleyfurnitureoutlet.com>** domain name in
bad faith.

B.  Respondent failed to submit a Response in this proceeding.

## FINDINGS
Complainant sells furniture and furniture-related accessories through its retail stores.
Complainant markets its furniture products under the A ASHLEY FURNITURE mark, which
Complainant registered with the United States Patent and Trademark Office ("USPTO") on
October 19, 2004 (Reg. No. 2,894,665).

Respondent registered the **<ashleyfurnitureoutlet.com>** domain name on December 1, 2004.
The disputed domain name resolves to a website containing links to third-party websites that
offer products that compete with Complainant's business.

## DISCUSSION
Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the
statements and documents submitted in accordance with the Policy, these Rules and any rules
and principles of law that it deems applicable."

In view of Respondent's failure to submit a response, the Panel shall decide this administrative
proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e),
14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to
paragraph 14(b) of the Rules. The Panel is entitled to accept all reasonable allegations and
inferences set forth in the Complaint as true unless the evidence is clearly contradictory.  *See
Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31,
2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in
the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-

0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate to accept as true all allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

## Identical and/or Confusingly Similar

The Panel finds that Complainant has established rights in the A ASHLEY FURNITURE mark for purposes of Policy ¶ 4(a)(i) through its trademark registration with the USPTO.  *See Janus Int'l Holding Co. v. Rademacher*, D2002-0201 (WIPO Mar. 5, 2002) ("Panel decisions have held that registration of a mark is *prima facie* evidence of validity, which creates a rebuttable presumption that the mark is inherently distinctive."); *see also U.S. Office of Pers. Mgmt. v. MS Tech. Inc.*, FA 198898 (Nat. Arb. Forum Dec. 9, 2003) ("[O]nce the USPTO has made a determination that a mark is registrable, by so issuing a registration, as indeed was the case here, an ICANN panel is not empowered to nor should it disturb that determination.").

Complainant contends that Respondent's **<ashleyfurnitureoutlet.com>** domain name is confusingly similar to its A ASHLEY FURNITURE mark.  The **<ashleyfurnitureoutlet.com>** domain name differs from Complainant's mark in four ways: (1) the letter "A" has been removed from the beginning of the mark; (2) the space between "ASHLEY" and "FURNITURE" has been removed; (3) the descriptive term "outlet" has been added to the end of the mark; and (4) the generic top-level domain ("gTLD") ".com" has been added to the end of the mark.  Under Policy ¶ 4(a)(i), removing single letters and spaces does not distinguish a domain name from a mark, nor does adding descriptive terms.  *See Down E. Enter. Inc. v. Countywide Commc'ns*, FA 96613 (Nat. Arb. Forum Apr. 5, 2001) (finding the domain name <downeastmagazine.com> confusingly similar to the complainant's common law mark DOWN EAST, THE MAGAZINE OF MAINE); *see also State Farm Mut. Auto. Ins. Co. v. Try Harder & Co.*, FA 94730 (Nat. Arb. Forum June 15, 2000) (finding that the domain name <statfarm.com> is confusingly similar to the complainant's STATE FARM mark); *see also L.L. Bean, Inc. v. ShopStarNetwork*, FA 95404 (Nat. Arb. Forum Sept. 14, 2000) (finding that combining the generic word "shop" with the complainant's registered mark "llbean" does not circumvent the complainant's rights in the mark nor avoid the confusing similarity aspect of the ICANN Policy).  Furthermore, the addition of a gTLD does nothing to distinguish a domain name from a mark, because all domain names must include a TLD.  *See Isleworth Land Co. v. Lost in Space*, SA, FA 117330 (Nat. Arb. Forum Sept. 27, 2002) ( "[I]t is a well established principle that generic top-level domains are irrelevant when conducting a Policy ¶ 4(a)(i) analysis.").  Therefore, the Panel finds that the disputed domain name is not sufficiently distinguished from, and is in fact confusingly similar to, Complainant's STATE FARM mark pursuant to Policy ¶ 4(a)(i).

The Panel finds that Policy ¶ 4(a)(i) has been satisfied.

## Rights or Legitimate Interests

Complainant contends that Respondent lacks all rights and legitimate interests in the **<ashleyfurnitureoutlet.com>** domain name.  Under Policy ¶ 4(a)(ii), after a complainant makes

a *prima facie* case against a respondent, the respondent then has the burden of showing evidence that it does have rights or legitimate interests in the disputed domain name.  The Panel finds that Complainant has made a *prima facie* case under Policy ¶ 4(a)(ii), and that the burden is now on Respondent to show evidence that it does have rights or legitimate interests in the disputed domain name.  *See Clerical Med. Inv. Group Ltd. v. Clericalmedical.com*, D2000-1228 (WIPO Nov. 28, 2000) (finding that, under certain circumstances, the mere assertion by the complainant that the respondent has no right or legitimate interest is sufficient to shift the burden of proof to the respondent to demonstrate that such a right or legitimate interest does exist); *see also Do The Hustle, LLC v. Tropic Web*, D2000-0624 (WIPO Aug. 21, 2000) (holding that once the complainant asserts that the respondent has no rights or legitimate interests with respect to the domain, the burden shifts to the respondent to provide "concrete evidence that it has rights to or legitimate interests in the domain name at issue").

Complainant contends that Respondent is not commonly known by the **<ashleyfurnitureoutlet.com>** domain name nor has it ever been the owner or licensee of the A ASHLEY FURNITURE mark.  The WHOIS record for the disputed domain name lists Respondent as "Pluto Domain Services Private Limited;" what's more, Respondent has not shown any evidence contrary to Complainant's contentions that Respondent is not known by any variant on the A ASHLEY FURNITURE mark.  The Panel therefore finds that Respondent is not commonly known by the **<ashleyfurnitureoutlet.com>** domain name pursuant to Policy ¶ 4(c)(ii).  *See Am. W. Airlines, Inc. v. Paik*, FA 206396 (Nat. Arb. Forum Dec. 22, 2003) ("Respondent has registered the domain name under the name 'Ilyoup Paik a/k/a David Sanders.'  Given the WHOIS domain name registration information, Respondent is not commonly known by the [<awvacations.com>] domain name."); *see also Compagnie de Saint Gobain v. Com-Union Corp*., D2000-0020 (WIPO Mar. 14, 2000) (finding no rights or legitimate interest where the respondent was not commonly known by the mark and never applied for a license or permission from the complainant to use the trademarked name).

Respondent is using the **<ashleyfurnitureoutlet.com>** domain name to host a website that features links to third-party websites offering products that compete with Complainant's business.  Complainant contends that Respondent receives "click-through" fees from those third-party websites, and therefore commercially benefits from the use of the disputed domain name.  The Panel finds that this use by Respondent of the **<ashleyfurnitureoutlet.com>** domain name is neither a *bona fide* offering of goods or services under Policy ¶ 4(c)(i) nor a legitimate noncommercial or fair use under Policy ¶ 4(c)(iii).  *See Glaxo Group Ltd. v. WWW Zban*, FA 203164 (Nat. Arb. Forum Dec. 1, 2003) (finding that the respondent was not using the domain name within the parameters of Policy ¶ 4(c)(i) or (iii) because the respondent used the domain name to take advantage of the complainant's mark by diverting Internet users to a competing commercial site); *see also Ameritrade Holdings Corp. v. Polanski*, FA 102715 (Nat. Arb. Forum Jan. 11, 2002) (finding that the respondent's use of the disputed domain name to redirect Internet users to a financial services website, which competed with the complainant, was not a *bona fide* offering of goods or services).

The Panel finds that Policy ¶ 4(a)(ii) has been satisfied.

## Registration and Use in Bad Faith

Complainant contends that Respondent is using the **<ashleyfurnitureoutlet.com>** domain name to divert Internet customers from Complainant's website to Respondent's websites that resolve from the disputed domain name, through the confusion caused by the similarity of the A ASHLEY FURNITURE mark and the **<ashleyfurnitureoutlet.com>** domain name.

Complainant also contends that Respondent is intentionally disrupting Complainant's business by diverting confused customers to third-party websites that offer products competing with Complainant's business. The Panel finds that Respondent did disrupt Complainant's business, and therefore did register and use the disputed domain name in bad faith pursuant to Policy ¶ 4 (b)(iii). *See Disney Enters., Inc. v. Noel*, FA 198805 (Nat. Arb. Forum Nov. 11, 2003) ("Respondent registered a domain name confusingly similar to Complainant's mark to divert Internet users to a competitor's website. It is a reasonable inference that Respondent's purpose of registration and use was to either disrupt or create confusion for Complainant's business in bad faith pursuant to Policy ¶¶ 4(b)(iii) [and] (iv)."); *see also EthnicGrocer.com, Inc. v. Latingrocer.com*, FA 94384 (Nat. Arb. Forum July 7, 2000) (finding bad faith where the respondent's sites pass users through to the respondent's competing business).

Complainant also contends that Respondent is gaining commercially from this diversion, through the click-through fees that Respondent is receiving from the third-party websites. The Panel agrees and finds that Respondent is intentionally using the disputed domain name for commercial gain through creating a likelihood of confusion with Complainant's mark, and so, pursuant to Policy ¶ 4(b)(iv), this use is also evidence of Respondent's registration and use in bad faith. *See H-D Michigan, Inc. v. Petersons Auto.*, FA 135608 (Nat. Arb. Forum Jan. 8, 2003) (finding that the disputed domain name was registered and used in bad faith pursuant to Policy ¶ 4(b)(iv) through the respondent's registration and use of the infringing domain name to intentionally attempt to attract Internet users to its fraudulent website by using the complainant's famous marks and likeness); *see also Associated Newspapers Ltd. v. Domain Manager*, FA 201976 (Nat. Arb. Forum Nov. 19, 2003) ("Respondent's prior use of the <mailonsunday.com> domain name is evidence of bad faith pursuant to Policy ¶ 4(b)(iv) because the domain name provided links to Complainant's competitors and Respondent presumably commercially benefited from the misleading domain name by receiving 'click-through-fees.'").

The Panel finds that Policy ¶ 4(a)(iii) has been satisfied.

## DECISION

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<ashleyfurnitureoutlet.com>** domain name be **TRANSFERRED** from Respondent to Complainant.

Hon. Ralph Yachnin, Panelist
Justice, Supreme Court, NY (Ret.)

Dated: November 18, 2008

Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page.

**NATIONAL ARBITRATION FORUM**

TrafficZ   **DomainTools**   LeaseThis.com                Welcome           My Account



# Ashleyfurnitureoutlet.com on 2008-12-13 - Domain History

« Previous                                                                   Next »

| | |
|---|---|
| **Domain:** | **ashleyfurnitureoutlet.com** - Domain History |
| **Cache Date:** | 2008-12-13 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@plutodomainservices.com |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226313093

Domain Name: ASHLEYFURNITUREOUTLET.COM

Registrant:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
     A to Z Business Centre, Cabin No.02
     Room No.30,Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 08-Dec-2004
Expiration Date: 08-Dec-2009

Domain servers in listed order:
     ns2.hitfarm.com
     ns1.hitfarm.com

Administrative Contact:
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.
     PLUTO DOMAIN SERVICES PRIVATE LIMITED.          (contact@PlutoDomainServices.com)
     A to Z Business Centre, Cabin No.02
     Room No.30,Fatima Bibi Chawl,
```

Exhibit 26
Page 655

```
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Technical Contact:
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.        (contact@PlutoDomainServices.com)
        A to Z Business Centre, Cabin No.02
        Room No.30,Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Billing Contact:
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.
        PLUTO DOMAIN SERVICES PRIVATE LIMITED.        (contact@PlutoDomainServices.com)
        A to Z Business Centre, Cabin No.02
        Room No.30,Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Status:LOCKED
```

Exhibit 26
Page 656

Case 2:09-cv-00643-ABC-CW Document 122-5 Filed 12/03/10 Page 202 of 258 Page ID #:3184

# High Court of Judicature at Bombay

## CASE DETAILS

*Bench:-Bombay*

| | | | |
|---|---|---|---|
| **Lodging No.:-** | SL/3503/2008 | **Filing Date:-** | 21/11/2008 |

**Petitioner:-** PLUTO DOMAIN SERVICES PVT. LTD. -     **Respondent:-** ASHLEY FURNITURE INDUSTRIES, INC. AN

**Petn.Adv.:-** ABHAY P. PANDE

**District:-** BOMBAY

**Bench:-** SINGLE

**Status:-** Pre-Admission     **Category:-** SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

Case 2:09-cv-00642-ABC-CW Document 122-5 Filed 12/03/10 Page 203 of 258 Page ID #:3185

# High Court of Judicature at Bombay

## CASE DETAILS

***Bench:-Bombay***

| | | | | | | |
|---|---|---|---|---|---|---|
| **Lodging No.:-** | SL/3553/2008 | **Filing Date:-** | 01/12/2008 | **Reg. No.:-** S/7/2009 | **Reg. Date:-** | 05/01/2009 |

**Petitioner:-** PLUTO DOMAIN SERVICES PVT. LTD. -    **Respondent:-** ASHLEY FURNITURE INDUSTRIES, INC. ANI

**Petn.Adv.:-** ABHAY PANDE 

**District:-** BOMBAY

**Bench:-** SINGLE

**Status:-** Pre-Admission          **Category:-** SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

Exhibit 26
Page 658

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 204 of 258    Page ID
                                    #:3186

TrafficZ   **DomainTools**   LeaseThis.com          Welcome             My Account



## Bankofamericaworldpoint.com on 2007-12-14 - Domain History

Next »

| | |
|---|---|
| **Domain:** | **bankofamericaworldpoint.com** - Domain History |
| **Cache Date:** | 2007-12-14 |
| **Registrar:** | LEAD NETWORKS DOMAINS PVT. LTD. |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: bankofamericaworldpoint.com@privatewhois.in |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: BANKOFAMERICAWORLDPOINT.COM

Registrant:
     PRIVATE WHOIS FOR BANKOFAMERICAWORLDPOINT.COM
     Privacy Protection      (BANKOFAMERICAWORLDPOINT.COM@privatewhois.in)
     B-304,Florida, Y-11, Shastrinagar,
     Lokhandwala Complex,
     Andheri (West)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.02226300138
     Fax. +91.02226311820

Creation Date: 10-Mar-2007
Expiration Date: 10-Mar-2009

Domain servers in listed order:
     dnsp2.powerhosting.com
     dnsp1.powerhosting.com

Administrative Contact:
     PRIVATE WHOIS FOR BANKOFAMERICAWORLDPOINT.COM
     Privacy Protection      (BANKOFAMERICAWORLDPOINT.COM@privatewhois.in)
     B-304,Florida, Y-11, Shastrinagar,
```

Exhibit 26
Page 659

```
          Lokhandwala Complex,
          Andheri (West)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.02226300138
          Fax. +91.02226311820


Technical Contact:
          PRIVATE WHOIS FOR BANKOFAMERICAWORLDPOINT.COM
          Privacy Protection          (BANKOFAMERICAWORLDPOINT.COM@privatewhois.in)
          B-304,Florida, Y-11, Shastrinagar,
          Lokhandwala Complex,
          Andheri (West)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.02226300138
          Fax. +91.02226311820


Billing Contact:
          PRIVATE WHOIS FOR BANKOFAMERICAWORLDPOINT.COM
          Privacy Protection          (BANKOFAMERICAWORLDPOINT.COM@privatewhois.in)
          B-304,Florida, Y-11, Shastrinagar,
          Lokhandwala Complex,
          Andheri (West)
          Mumbai
          Maharashtra,400053
          IN
          Tel. +91.02226300138
          Fax. +91.02226311820


Status:LOCKED
```

Exhibit 26
Page 660



**NATIONAL ARBITRATION FORUM**

**DECISION**

Bank of America Corporation and FIA Card Services, National Association v. Laksh Internet Solutions
Private Limited
Claim Number: FA0809001224032

## PARTIES

Complainant is **Bank of America Corporation** and **FIA Card Services, National Association**
( "Complainants"), represented by **Melissa G. Ferrario**, of **Womble Carlyle Sandridge &
Rice, PLLC**, North Carolina, USA.  Respondent is **Laksh Internet Solutions Private Limited**
("Respondent"), India.

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<bankofamericaworldpoint.com>**, registered with **Lead
Networks Domains Pvt. Ltd**.

## PANEL

The undersigned certifies that he has acted independently and impartially and to the best of his
knowledge has no known conflict in serving as Panelist in this proceeding.

Judge Ralph Yachnin as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to the National Arbitration Forum electronically on
September 10, 2008; the National Arbitration Forum received a hard copy of the Complaint on
September 11, 2008.

On September 16, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National
Arbitration Forum that the **<bankofamericaworldpoint.com>** domain name is registered with
Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name.
Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks
Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name
disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute
Resolution Policy (the "Policy").

On September 26, 2008, a Notification of Complaint and Commencement of Administrative
Proceeding (the "Commencement Notification"), setting a deadline of October 16, 2008 by
which Respondent could file a response to the Complaint, was transmitted to Respondent via e-
mail, post and fax, to all entities and persons listed on Respondent's registration as technical,
administrative and billing contacts, and to postmaster@bankofamericaworldpoint.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to
the parties a Notification of Respondent Default.

On October 22, 2008, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed Judge Ralph Yachnin as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent." Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

## RELIEF SOUGHT

Complainant requests that the domain name be transferred from Respondent to Complainant, Bank of America Corporation.

## PARTIES' CONTENTIONS

A.  Complainant makes the following assertions:

1.   Respondent's <bankofamericaworldpoint.com> domain name is confusingly similar to Complainant Bank of America Corporation's BANK OF AMERICA mark and Complainant FIA Card Services, National Association's WORLD POINTS mark.

2.   Respondent does not have any rights or legitimate interests in the <bankofamericaworldpoint.com> domain name.

3.   Respondent registered and used the <bankofamericaworldpoint.com> domain name in bad faith.

B.  Respondent failed to submit a Response in this proceeding.

## FINDINGS

Complainant, Bank of America Corporation, owns the BANK OF AMERICA trademark (Reg. No. 853,860 issued July 30, 1968 by the United States Patent and Trademark Office ("USPTO")).  Complainant uses its mark in its banking and financial services operations.

Complainant, FIA Card Services, National Association, owns the WORLD POINTS trademark (Reg. No. 2,896,210 issued Oct. 19, 2004 by the USPTO).  Complainant, which is owned by Complainant Bank of America Corporation, uses its mark in connection with its own banking and financial services.

Respondent registered the disputed domain name on March 10, 2007, and is currently using the disputed domain name to resolve to a website that contains a search engine and third-party links and advertisements, some of which lead to Complainants' direct competitors.  Respondent also offered to sell the disputed domain name to Complainants for US $1,210.50.

Respondent has been the respondent in other UDRP proceedings in which the disputed domain names were transferred from Respondent to the respective complainants in those cases.  *See, e.g.*, *Robert Half Int'l Inc. v. LAKSH INTERNET SOLUTIONS PRIVATE LIMITED*, FA 1213844 (Nat. Arb. Forum Sept. 18, 2008); *see also HLT Domestic IP LLC v. Laksh Internet Solutions Private Limited*, FA 1214860 (Nat. Arb. Forum Sept. 9, 2008).

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

In view of Respondent's failure to submit a response, the Panel shall decide this administrative proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e), 14(a) and 15(a) of the Rules and draw such inferences as it considers appropriate pursuant to paragraph 14(b) of the Rules.  The Panel is entitled to accept all reasonable allegations and inferences set forth in the Complaint as true unless the evidence is clearly contradictory.  *See Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31, 2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate to accept as true all allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

### Identical and/or Confusingly Similar

Complainants have established its rights in the BANK OF AMERICA and WORLD POINTS marks pursuant to Policy ¶ 4(a)(i) through registration of the marks with the USPTO.  *See Innomed Techs., Inc. v. DRP Servs.*, FA 221171 (Nat. Arb. Forum Feb. 18, 2004) ("Registration of the NASAL-AIRE mark with the USPTO establishes Complainant's rights in the mark."); *see also Vivendi Universal Games v. XBNetVentures Inc.*, FA 198803 (Nat. Arb. Forum Nov. 11, 2003) ("Complainant's federal trademark registrations establish Complainant's rights in the BLIZZARD mark.").

Respondent's **<bankofamericaworldpoint.com>** domain name includes Complainants' entire BANK OF AMERICA mark, and the WORLD POINTS mark, while omitting the "s" from POINTS, and adding the generic top-level domain ".com."  The Panel finds that neither difference creates any meaningful distinction, and that therefore the disputed domain name is confusingly similar to the marks under Policy ¶ 4(a)(i).  *See Rollerblade, Inc. v. McCrady*, D2000-0429 (WIPO June 25, 2000) (finding that the top level of the domain name such as ".net" or ".com" does not affect the domain name for the purpose of determining whether it is identical or confusingly similar); *see also Dow Jones & Co., Inc. v. Powerclick, Inc.*, D2000-1259 (WIPO Dec. 1, 2000) (holding that the deliberate introduction of errors or changes, such as the addition of a fourth "w" or the omission of periods or other such "generic" typos do not change respondent's infringement on a core trademark held by the complainant).

The Panel finds that Policy ¶ 4(a)(i) has been satisfied.

### Rights or Legitimate Interests

Complainants retains the initial burden in asserting a sufficient *prima facie* case supporting its allegations. Complainants have asserted that Respondent lacks rights and legitimate interests in the disputed domain name under Policy ¶ 4(a)(ii). Based on the Complaint at hand, the Panel finds that Complainants have successfully discharged their duties under this burden, and therefore Respondent is given the task of demonstrating its rights or legitimate interests in the disputed domain name. *See G.D. Searle v. Martin Mktg.*, FA 118277 (Nat. Arb. Forum Oct. 1, 2002) ("Because Complainant's Submission constitutes a *prima facie* case under the Policy, the burden effectively shifts to Respondent. Respondent's failure to respond means that Respondent has not presented any circumstances that would promote its rights or legitimate interests in the subject domain name under Policy ¶ 4(a)(ii)."); *see also Do The Hustle, LLC v. Tropic Web*, D2000-0624 (WIPO Aug. 21, 2000) (holding that once the complainant asserts that the respondent has no rights or legitimate interests with respect to the domain, the burden shifts to the respondent to provide "concrete evidence that it has rights to or legitimate interests in the domain name at issue").

Complainants contend that Respondent is not commonly known by the disputed domain name. The Panel takes significant note of the fact that Respondent has failed to tender any response in this case. Implicit in this failure is Respondent's overt lack of evidence that could be potentially construed in favor of Respondent. What this Panel is therefore destined to scrutinize is left within the Complaint and the WHOIS domain name registration information, neither of which favor Respondent. Moreover, the Panel is bereft of a showing of license, permission, or authority on behalf of Respondent to use Complainants' marks in any fashion. The Panel therefore finds that Respondent lacks rights and legitimate interests in the disputed domain name under Policy ¶ 4(c)(ii). *See Ian Schrager Hotels, L.L.C. v. Taylor*, FA 173369 (Nat. Arb. Forum Sept. 25, 2003) (finding that without demonstrable evidence to support the assertion that a respondent is commonly known by a domain name, the assertion must be rejected); *see also Compagnie de Saint Gobain v. Com-Union Corp.*, D2000-0020 (WIPO Mar. 14, 2000) (finding no rights or legitimate interest where the respondent was not commonly known by the mark and never applied for a license or permission from the complainant to use the trademarked name); *see also Wells Fargo & Co. v. Onlyne Corp. Services11, Inc.*, FA 198969 (Nat. Arb. Forum Nov. 17, 2003) ("Given the WHOIS contact information for the disputed domain [name], one can infer that Respondent, Onlyne Corporate Services11, is not commonly known by the name 'welsfargo' in any derivation.").

Respondent's disputed domain name resolves to a website whose sole feature appears to be to display third-party advertisements and links. Some of these links lead Internet users to Complainants' competitors. The Panel will not conclude that a respondent's use of a confusingly similar disputed domain name to parade a list of third-party advertisements demonstrates in any way, shape, or form rights or legitimate interests in the disputed domain name. Such use is not a *bona fide* offering of goods or services under Policy ¶ 4(c)(i), since Complainants' marks are clearly the tools used by Respondent to garner attention to the corresponding website. Moreover, Respondent presumably receives referral fees of some sort for the placement of these advertisements on the corresponding website. Thus the disputed domain name does not represent a legitimate noncommercial or fair use under Policy ¶ 4(c)(iii). The Panel therefore finds that Respondent lacks rights and legitimate interests in the disputed domain name under Policy ¶¶ 4(c)(i) and (iii). *See Bank of Am. Corp. v. Nw. Free Cmty. Access*, FA 180704 (Nat. Arb. Forum Sept. 30, 2003) ("Respondent's demonstrated intent to divert Internet users seeking Complainant's website to a website of Respondent and for Respondent's benefit is not a bona fide offering of goods or services under Policy ¶ 4(c)(i) and it is not a legitimate noncommercial or fair use under Policy ¶ 4(c)(iii)."); *see also Computer Doctor Franchise Sys., Inc. v. Computer Doctor*, FA 95396 (Nat. Arb. Forum Sept. 8, 2000) (finding that the respondent's website, which

is blank but for links to other websites, is not a legitimate use of the domain names).

Respondent has offered to sell Complainants the disputed domain name for US $1,210.50. The
Panel finds that this willingness to sell the disputed domain name for a price well in-excess of
the out-of-pocket registration costs evidences Respondent's lack of rights and legitimate interests
under Policy ¶ 4(a)(ii). *See George Weston Bakeries Inc. v. McBroom*, FA 933276 (Nat. Arb.
Forum Apr. 25, 2007) (holding that where a respondent makes a "disproportionate" offer to sell
its domain name registration to the complainant for more than its out-of-pocket registration
costs, there is additional evidence that the respondent lacks rights and legitimate interests in the
disputed domain name); *see also Vance Int'l, Inc. v. Abend*, FA 970871 (Nat. Arb. Forum June 8,
2007) ("UDRP precedent is clear that auctioning domains does not constitute a *bona fide*
offering of goods and services or a legitimate noncommercial or fair use of domains.").

The Panel finds that Policy ¶ 4(a)(ii) has been satisfied.


**Registration and Use in Bad Faith**

The Panel finds that Respondent's offer to sell the disputed domain name for an amount
disproportionate to its registration costs constitutes bad faith registration and use under Policy ¶
4(b)(i). *See Neiman Marcus Group, Inc. v. AchievementTec, Inc.*, FA 192316 (Nat. Arb. Forum
Oct. 15, 2003) (finding the respondent's offer to sell the domain name for $2,000 sufficient
evidence of bad faith registration and use under Policy ¶ 4(b)(i)); *see also Bank of Am. Corp. v.
Nw. Free Cmty. Access*, FA 180704 (Nat. Arb. Forum Sept. 30, 2003) ("Respondent's general
offer of the disputed domain name registration for sale establishes that the domain name was
registered in bad faith under Policy ¶ 4(b)(i).").

Respondent been been the respondent in other UDRP proceedings in which the disputed domain
names were transferred from Respondent to the respective complainants in those cases. *See, e.g.*,
*Robert Half Int'l Inc. v. LAKSH INTERNET SOLUTIONS PRIVATE LIMITED*, FA 1213844
(Nat. Arb. Forum Sept. 18, 2008); *see also HLT Domestic IP LLC v. Laksh Internet Solutions
Private Limited*, FA 1214860 (Nat. Arb. Forum Sept. 9, 2008). The Panel finds that Respondent
has engaged in a pattern of bad faith registration and use under Policy ¶ 4(b)(ii). *See Armstrong
Holdings, Inc. v. JAZ Assocs.*, FA 95234 (Nat. Arb. Forum Aug. 17, 2000) (finding that the
respondent violated Policy ¶ 4(b)(ii) by registering multiple domain names that infringe upon
others' famous and registered trademarks); *see also Australian Stock Exch. v. Cmty. Internet
(Australia) Pty Ltd*, D2000-1384 (WIPO Nov. 30, 2000) (finding bad faith under Policy ¶ 4(b)(ii)
where the respondent registered multiple infringing domain names containing the trademarks or
service marks of other widely known Australian businesses).

The Panel finds that Respondent's use of the disputed domain name to host third-party
advertisements competitive with Complainants was intended primarily to disrupt Complainants'
business. As such, the Panel finds Respondent to have engaged in bad faith registration and use
under Policy ¶ 4(b)(iii). *See Tesco Pers. Fin. Ltd. v. Domain Mgmt. Servs.*, FA 877982 (Nat.
Arb. Forum Feb. 13, 2007) (concluding that the use of a confusingly similar domain name to
attract Internet users to a directory website containing commercial links to the websites of a
complainant's competitors represents bad faith registration and use under Policy ¶ 4(b)(iii)); *see
also David Hall Rare Coins v. Tex. Int'l Prop. Assocs.*, FA 915206 (Nat. Arb. Forum Apr. 9,
2007) (finding that the respondent registered and used the disputed domain name in bad faith
pursuant to Policy ¶ 4(b)(iii) because respondent used the disputed domain name to advertise
goods and services of complainant's competitors, thereby disrupting the complainant's business).

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 211 of 258   Page ID #:3193

Respondent presumably receives commercial benefit through the receipt of referral fees. Thus, the Panel finds that Respondent's use of the confusingly similar domain name has created a likelihood of confusion for Respondent's monetary benefit as to the Complainants' source and endorsement of the disputed domain name and corresponding website, which constitutes bad faith registration and use under Policy ¶ 4(b)(iv). *See Univ. of Houston Sys. v. Salvia Corp.*, FA 637920 (Nat. Arb. Forum Mar. 21, 2006) ("Respondent is using the disputed domain name to operate a website which features links to competing and non-competing commercial websites from which Respondent presumably receives referral fees. Such use for Respondent's own commercial gain is evidence of bad faith registration and use pursuant to Policy ¶ 4(b)(iv)."); *see also AOL LLC v. AIM Profiles*, FA 964479 (Nat. Arb. Forum May 20, 2007) (finding that the respondent registered and used the disputed domain name in bad faith pursuant to Policy ¶ 4(b)(iv) because the respondent was commercially gaining from the likelihood of confusion between the complainant's AIM mark and the competing instant messaging products and services advertised on the respondent's website which resolved from the disputed domain name).

The Panel finds that Policy ¶ 4(a)(iii) has been satisfied.

**DECISION**

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<bankofamericaworldpoint.com>** domain name be **TRANSFERRED** from Respondent to Complainant Bank of America Corporation.

Hon. Ralph Yachnin, Panelist
Justice, Supreme Court, NY (Ret.)

Dated:  November 5, 2008

Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page

**NATIONAL ARBITRATION FORUM**

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 212 of 258    Page ID
#:3194

TrafficZ    **DomainTools**    LeaseThis.com                Welcome        My Account



## Bankofamericaworldpoint.com on 2008-10-08 - Domain History

« Previous                                                                        Next »

| | |
|---|---|
| **Domain:** | **bankofamericaworldpoint.com** - Domain History |
| **Cache Date:** | 2008-10-08 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@lakshinternetservices.com |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.02226313093

Domain Name: BANKOFAMERICAWORLDPOINT.COM

Registrant:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED        (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 10-Mar-2007
Expiration Date: 10-Mar-2009

Domain servers in listed order:
     dns16.leadnetworks.com
     dns15.leadnetworks.com

Administrative Contact:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED        (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
```

Bankofamericaworldpoint.com on 2008-10-08 - Domain History                    Page 2 of 2
Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 213 of 258   Page ID
#:3195

```
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Technical Contact:
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED          (contact@lakshinternetservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Billing Contact:
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED          (contact@lakshinternetservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Status:ACTIVE
```

Case 2:09-cv-00643-ABC-CW   Document 122-5   Filed 12/03/10   Page 214 of 258   Page ID #:3196

# High Court of Judicature at Bombay

## CASE DETAILS

### *Bench:-Bombay*

| | | | |
|---|---|---|---|
| *Lodging No.:-* | SL/3467/2008 | *Filing Date:-* | 18/11/2008 |

*Petitioner:-* LAKSH INTERNET SOLUTIONS PVT. LTD. -    *Respondent:-* BANK OF AMERICA AND 2 ORS. -

*Petn.Adv.:-* ABHAY P. PANDE

*District:-* BOMBAY

*Bench:-* SINGLE

*Status:-* Pre-Admission          *Category:-* SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 215 of 258    Page ID
#:3197

TrafficZ    **DomainTools**    LeaseThis.com                Welcome                        My Account

# Baylormedicalhospital.com on 2007-03-13 - Domain History

Next »

| | |
|---|---|
| **Domain:** | **baylormedicalhospital.com** - Domain History |
| **Cache Date:** | 2007-03-13 |
| **Registrar:** | **CAPITOLDOMAINS, LLC** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: websites@caribbeanonlineinternational.com |

```
Registrant:
    Caribbean Online International Ltd. (BAYLORMEDICALHOSPITAL-COM-DOM)
    Kings Court, Bay Street
    P.O. Box N-3944
    Nassau,
    BS
    +852.30145315
    +852.30145315
    websites@caribbeanonlineinternational.com

    Domain Name: BAYLORMEDICALHOSPITAL.COM
    Status: PROTECTED

Administrative Contact:
    Caribbean Online International Ltd. websites@caribbeanonlineinternational.com
    Kings Court, Bay Street
    P.O. Box N-3944
    Nassau,
    BS
    +852.30145315
    Fax- +852.30145315

Technical Contact, Zone Contact:
    Caribbean Online International Ltd. websites@caribbeanonlineinternational.com
    Kings Court, Bay Street
    P.O. Box N-3944
    Nassau,
    BS
```

Exhibit 26
Page 670

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 216 of 258   Page ID
#:3198

```
        +852.30145315
        Fax- +852.30145315


Record last updated on 08-Oct-2006.
Record expires on 10-Jul-2007.
Record created on 10-Jul-2006.


Domain servers in listed order:
    Name Server: NS1.NAMESERVERMONSTER.COM
    Name Server: NS2.NAMESERVERMONSTER.COM
    Name Server: NS3.NAMESERVERMONSTER.COM
```

Exhibit 26

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 217 of 258    Page ID
#:3199




# Baylormedicalhospital.com on 2008-01-28 - Domain History

« Previous                                                          Next »

| | |
|---|---|
| **Domain:** | **baylormedicalhospital.com** - Domain History |
| **Cache Date:** | 2008-01-28 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: <br> 001p30250108-9@privatewhois.in |

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: BAYLORMEDICALHOSPITAL.COM

Registrant:
     Private Whois Escrow Domains Private Limited.
     PRIVATE WHOIS FOR 001P30250108-9         (001P30250108-9@privatewhois.in)
     707,C-Wing,7th Floor,The Neptune Versova Society,
     Lokhandwala Complex,4th Cross Road,
     Andheri (West)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.02226300138
     Fax. +91.02226311820

Creation Date: 10-Jul-2006
Expiration Date: 10-Jul-2009

Domain servers in listed order:
     ns1.nameservermonster.com
     ns3.nameservermonster.com
     ns2.nameservermonster.com

Administrative Contact:
     Private Whois Escrow Domains Private Limited.
     PRIVATE WHOIS FOR 001P30250108-9         (001P30250108-9@privatewhois.in)
```

Exhibit 26
Page 672

```
        707,C-Wing,7th Floor,The Neptune Versova Society,
        Lokhandwala Complex,4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Technical Contact:
        Private Whois Escrow Domains Private Limited.
        PRIVATE WHOIS FOR 001P30250108-9          (001P30250108-9@privatewhois.in)
        707,C-Wing,7th Floor,The Neptune Versova Society,
        Lokhandwala Complex,4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Billing Contact:
        Private Whois Escrow Domains Private Limited.
        PRIVATE WHOIS FOR 001P30250108-9          (001P30250108-9@privatewhois.in)
        707,C-Wing,7th Floor,The Neptune Versova Society,
        Lokhandwala Complex,4th Cross Road,
        Andheri (West)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.02226300138
        Fax. +91.02226311820


Status:ACTIVE
```

Exhibit 26
Page 673

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 219 of 258   Page ID
#:3201



**NATIONAL ARBITRATION FORUM**

**DECISION**

Baylor University v. Laksh Internet Solutions Private Limited
Claim Number: FA0805001189976

## PARTIES

Complainant is **Baylor University** ("Complainant"), represented by **Wendy C. Larson**, Texas, USA.  Respondent is **Laksh Internet Solutions Private Limited** ("Respondent"), India.

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<baylormedicalhospital.com>**, registered with **Lead Networks Domains Pvt. Ltd**.

## PANEL

The undersigned certifies that he or she has acted independently and impartially and to the best of his or her knowledge has no known conflict in serving as Panelist in this proceeding.

Sandra J. Franklin as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to the National Arbitration Forum electronically on May 12, 2008; the National Arbitration Forum received a hard copy of the Complaint on May 13, 2008.

On May 29, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<baylormedicalhospital.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name.  Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On June 4, 2008, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of June 24, 2008
by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@baylormedicalhospital.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to the parties a Notification of Respondent Default.

On June 26, 2008, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed Sandra J. Franklin as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that

the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the
Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ
reasonably available means calculated to achieve actual notice to Respondent."  Therefore, the
Panel may issue its decision based on the documents submitted and in accordance with the
ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any
rules and principles of law that the Panel deems applicable, without the benefit of any response
from Respondent.

## RELIEF SOUGHT

Complainant requests that the domain name be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS

A.  Complainant makes the following assertions:

1.  Respondent's **<baylormedicalhospital.com>** domain name is confusingly similar to
    Complainant's BAYLOR UNIVERSITY MEDICAL CENTER and BAYLOR marks.

2.  Respondent does not have any rights or legitimate interests in the
    **<baylormedicalhospital.com>** domain name.

3.  Respondent registered and used the **<baylormedicalhospital.com>** domain name in
    bad faith.

B.  Respondent failed to submit a Response in this proceeding.

## FINDINGS

Complainant has registered the BAYLOR UNIVERSITY MEDICAL CENTER mark with the
United States Patent and Trademark Office ("USPTO") for education services related to the
training of medical personnel and for the provision of health care services to the general public.
(Reg. No. 1,670,564 issued December 31, 1991).  Complainant has operated a system of
hospitals and medical centers under the BAYLOR mark since at least 1959.  Complainant's
BAYLOR mark is also registered with the USPTO for education services in connection with
Baylor University.  (Reg. No. 1,465,910 issued Nov. 17, 1987).

Respondent's **<baylormedicalhospital.com>** domain name was registered on July 10, 2006.  It
currently resolves to a parked web page, displaying various links related to hospitals and
healthcare services unrelated to but in competition with Complainant.  Additionally, when
confronted by Complainant, Respondent demanded US $769, and threatened a suit in India if
Complainant sought transfer of the disputed domain name.

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the
statements and documents submitted in accordance with the Policy, these Rules and any rules
and principles of law that it deems applicable."

In view of Respondent's failure to submit a response, the Panel shall decide this administrative
proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e),
14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to
paragraph 14(b) of the Rules.  The Panel is entitled to accept all reasonable allegations and
inferences set forth in the Complaint as true unless the evidence is clearly contradictory.  *See
Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31,

2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate to accept as true all allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

### Identical and/or Confusingly Similar

Complainant has sufficiently established rights in the BAYLOR UNIVERSITY MEDICAL CENTER and BAYLOR marks through registration with the USPTO pursuant to Policy ¶ 4(a)(i).  *See U.S. Office of Pers. Mgmt. v. MS Tech. Inc.*, FA 198898 (Nat. Arb. Forum Dec. 9, 2003) ("[O]nce the USPTO has made a determination that a mark is registrable, by so issuing a registration, as indeed was the case here, an ICANN panel is not empowered to nor should it disturb that determination."); *see also KCTS Television Inc. v. Get-on-the-Web Ltd.*, D2001-0154 (WIPO Apr. 20, 2001) (holding that it does not matter for the purpose of paragraph 4(a)(i) of the Policy whether the complainant's mark is registered in a country other than that of the respondent's place of business).

Respondent's **<baylormedicalhospital.com>** domain name contains Complainant's BAYLOR mark in its entirety.  This mark is followed by the descriptive phrase "medical hospital" which not only describes the educational services offered under the BAYLOR mark, but closely corresponds to the BAYLOR UNIVERSITY MEDICAL CENTER mark and its related healthcare services.  Also, the generic top-level domain ("gTLD") ".com" is included in the disputed domain name.  The use of a descriptive phrase, along with a complainant's mark, which relates directly to the products or services offered under that mark, do not distinguish a disputed domain name from said mark.  Further, it is well established that the inclusion of a gTLD is irrelevant in a Policy ¶ 4(a)(i) analysis.  On these grounds, the Panel finds that the **<baylormedicalhospital.com>** domain name is confusingly similar to Complainant's BAYLOR and BAYLOR UNIVERSITY MEDICAL CENTER marks pursuant to Policy ¶ 4(a)(i).  *See Oki Data Ams., Inc. v. ASD, Inc.*, D2001-0903 (WIPO Nov. 6, 2001) ("[T]he fact that a domain name wholly incorporates a Complainant's registered mark is sufficient to establish identity [sic] or confusing similarity for purposes of the Policy despite the addition of other words to such marks"); *see also Space Imaging LLC v. Brownell*, AF-0298 (eResolution Sept. 22, 2000) (finding confusing similarity where the respondent's domain name combines the complainant's mark with a generic term that has an obvious relationship to the complainant's business); *see also Rollerblade, Inc. v. McCrady*, D2000-0429 (WIPO June 25, 2000) (finding that the top level of the domain name such as ".net" or ".com" does not affect the domain name for the purpose of determining whether it is identical or confusingly similar).

The Panel concludes that Complainant has sufficiently established Policy ¶ 4(a)(i).

### Rights or Legitimate Interests

Under Policy ¶ 4(a)(ii), Complainant must first establish a *prima facie* case that Respondent has

Exhibit 26
Page 676

no rights or legitimate interests in the disputed domain name. *See TotalFinaElf E&P USA, Inc. v. Farnes*, FA 117028 (Nat. Arb. Forum Sept. 16, 2002) ("In order to bring a claim under the Policy, Complainant must first establish a prima facie case. Complainant's [initial burden] is to provide proof of valid, subsisting rights in a mark that is similar or identical to the domain name in question."). The Panel finds that Complainant has demonstrated a *prima facie* case and that the burden is accordingly shifted to Respondent to show that it does have rights or legitimate interest in the **<baylormedicalhospital.com>** domain name. *See Do The Hustle, LLC v. Tropic Web*, D2000-0624 (WIPO Aug. 21, 2000) (holding that, where the complainant has asserted that the respondent has no rights or legitimate interests with respect to the domain name, it is incumbent on the respondent to come forward with concrete evidence rebutting this assertion because this information is "uniquely within the knowledge and control of the respondent").

Respondent has failed to submit a response to the Complaint. Therefore, the Panel may presume that Respondent has no rights or legitimate interest in the disputed domain name, but will nonetheless examine the record in consideration of the factors listed under Policy ¶ 4(c). *See Desotec N.V. v. Jacobi Carbons AB*, D2000-1398 (WIPO Dec. 21, 2000) (finding that failing to respond allows a presumption that the complainant's allegations are true unless clearly contradicted by the evidence; *see also Broadcom Corp. v. Ibecom PLC*, FA 361190 (Nat. Arb. Forum Dec. 22, 2004) ("Respondent's failure to respond to the Complaint functions as an implicit admission that [Respondent] lacks rights and legitimate interests in the disputed domain name. It also allows the Panel to accept all reasonable allegations set forth…as true.").

Nothing in the record indicates that Respondent is or ever was commonly known by the **<baylormedicalhospital.com>** domain name. Moreover, Respondent's WHOIS registration name, "Laksh Internet Solutions Private Limited," bears no relation to the disputed domain name. Absent any additional evidence, the Panel finds that Respondent is not or ever was commonly known by the disputed domain name pursuant to Policy ¶ 4(c)(ii). *See Coppertown Drive-Thru Sys., LLC v. Snowden*, FA 715089 (Nat. Arb. Forum July 17, 2006) (concluding that the respondent was not commonly known by the <coppertown.com> domain name where there was no evidence in the record, including the WHOIS information, suggesting that the respondent was commonly known by the disputed domain name); *see also Wells Fargo & Co. v. Onlyne Corp. Services11, Inc.*, FA 198969 (Nat. Arb. Forum Nov. 17, 2003) ("Given the WHOIS contact information for the disputed domain [name], one can infer that Respondent, Onlyne Corporate Services11, is not commonly known by the name 'welsfargo' in any derivation.").

The **<baylormedicalhospital.com>** domain name resolves to a parked web page featuring various links to healthcare providers and services. Many of these links are to third-parties who operate in direct competition with Complainant. The Panel finds that this use of the disputed domain name is neither a *bona fide* offering of goods or services pursuant to Policy ¶ 4(c)(i) nor a legitimate noncommercial or fair use pursuant to Policy ¶ 4(c)(iii). *See Seiko Kabushiki Kaisha v. CS into Tech*, FA 198795 (Nat. Arb. Forum Dec. 6, 2003) ("Diverting customers, who are looking for products relating to the famous SEIKO mark, to a website unrelated to the mark is not a bona fide offering of goods or services under Policy ¶ 4(c)(i), nor does it represent a noncommercial or fair use under Policy ¶ 4(c)(iii)."); *see also Gardens Alive, Inc. v. D&S Linx*, FA 203126 (Nat. Arb. Forum Nov. 20, 2003) (finding that the respondent used a domain name for commercial benefit by diverting Internet users to a website that sold goods and services similar to those offered by the complainant and thus, was not using the name in connection with a *bona fide* offering of goods or services nor a legitimate noncommercial or fair use).

Respondent is willing to sell the **<baylormedicalhospital.com>** domain name. The Panel finds this to be further evidence that Respondent has no rights or legitimate interest in the disputed

domain name pursuant to Policy ¶ 4(a)(ii).  *See Mothers Against Drunk Driving v. Hyun-Jun Shin*, FA 154098 (Nat. Arb. Forum May 27, 2003) (holding that under the circumstances, the respondent's apparent willingness to dispose of its rights in the disputed domain name suggested that it lacked rights or legitimate interests in the domain name); *see also Am. Nat'l Red Cross v. Domains*, FA 143684 (Nat. Arb. Forum Mar. 4, 2003) ("Respondent's lack of rights and legitimate interests in the domain name is further evidenced by Respondent's attempt to sell its domain name registration to Complainant, the rightful holder of the RED CROSS mark.").

The Panel concludes that Complainant has sufficiently established Policy ¶ 4(a)(ii).

**Registration and Use in Bad Faith**

Upon confrontation by Complainant, Respondent demanded $769 for the disputed domain name and in the alternative threatened suit in Indian courts.  The Panel finds that this offer to sell the disputed domain name for a certain value demonstrates Respondent's willingness to part with the **<baylormedicalhospital.com>** domain name and thus establishes that Respondent registered and is using the disputed domain name in bad faith pursuant to Policy ¶ 4(b)(i).  *See Bank of Am. Corp. v. Nw. Free Cmty. Access*, FA 180704 (Nat. Arb. Forum Sept. 30, 2003) ("Respondent's general offer of the disputed domain name registration for sale establishes that the domain name was registered in bad faith under Policy ¶ 4(b)(i)."); *see also Prudential Ins. Co. of Am. v. TPB Fin.*, FA 105218 (Nat. Arb. Forum Apr. 8, 2002) (finding bad faith registration and use pursuant to Policy ¶ 4(b)(i) where the respondent offered to sell the domain name for $900, specifically noting that it would cost the complainant more to enforce its rights legally than to succumb to the respondent's attempted extortion).

Moreover, the **<baylormedicalhospital.com>** domain name resolves to a website featuring various links unrelated to Complainant. Many of these links redirect Internet users to third-parties who offer products and services in direct competition with those offered under Complainant's BAYLOR and BAYLOR UNIVERSITY MEDICAL CENTER marks.  The Panel finds this disruptive activity to be additional evidence of Respondent's bad faith registration and use pursuant to Policy ¶ 4(b)(iii).  *See Tesco Pers. Fin. Ltd. v. Domain Mgmt. Servs.*, FA 877982 (Nat. Arb. Forum Feb. 13, 2007) (concluding that the use of a confusingly similar domain name to attract Internet users to a directory website containing commercial links to the websites of a complainant's competitors represents bad faith registration and use under Policy ¶ 4(b)(iii)); *see also Disney Enters., Inc. v. Noel*, FA 198805 (Nat. Arb. Forum Nov. 11, 2003) ("Respondent registered a domain name confusingly similar to Complainant's mark to divert Internet users to a competitor's website. It is a reasonable inference that Respondent's purpose of registration and use was to either disrupt or create confusion for Complainant's business in bad faith pursuant to Policy ¶¶ 4(b)(iii) [and] (iv).").

Finally, the Panel presumes that Respondent is commercially benefiting by click-through fees for each misdirected Internet user who clicks upon the various links displayed on the web page resolving from the disputed domain name.  The Panel finds this financial benefit to Respondent to be further evidence of Respondent's bad faith registration and use of the **<baylormedicalhospital.com>** domain name pursuant to Policy ¶ 4(b)(iv).  *See Maricopa Cmty. Coll. Dist. v. College.com, LLC*, FA 536190 (Nat. Arb. Forum Sept. 22, 2005) ("The Panel infers that Respondent receives click-through fees for diverting Internet users to a competing website. Because Respondent's domain name is identical to Complainant's PHOENIX COLLEGE mark, Internet users accessing Respondent's domain name may become confused as to Complainant's affiliation with the resulting website. Thus, Respondent's use of the <phoenixcollege.com> domain name constitutes bad faith registration and use pursuant to Policy ¶ 4(b)(iv)."); *see also*

*Associated Newspapers Ltd. v. Domain Manager*, FA 201976 (Nat. Arb. Forum Nov. 19, 2003) ("Respondent's prior use of the <mailonsunday.com> domain name is evidence of bad faith pursuant to Policy ¶ 4(b)(iv) because the domain name provided links to Complainant's competitors and Respondent presumably commercially benefited from the misleading domain name by receiving 'click-through-fees.'").

The Panel concludes that Complainant has sufficiently established Policy ¶ 4(a)(iii).

**DECISION**

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<baylormedicalhospital.com>** domain name be **TRANSFERRED** from Respondent to Complainant.

Sandra J. Franklin, Panelist
Dated:  July 10, 2008

Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page

**NATIONAL ARBITRATION FORUM**

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 225 of 258    Page ID
#:3207

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome        My Account



# Baylormedicalhospital.com on 2008-05-29 - Domain History

« Previous                                                                 Next »

| | |
|---|---|
| **Domain:** | **baylormedicalhospital.com** - Domain History |
| **Cache Date:** | 2008-05-29 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@lakshinternetservices.com |

```
Registration Service Provided By: PRIVATE WHOIS
Contact: +91.000000000000
Website: http://www.privatewhois.in

Domain Name: BAYLORMEDICALHOSPITAL.COM

Registrant:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.        (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 10-Jul-2006
Expiration Date: 10-Jul-2009

Domain servers in listed order:
     ns2.idnsserver.net
     ns1.idnsserver.net

Administrative Contact:
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
     LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.        (contact@lakshinternetservices.com)
     Room No.30, Fatima Bibi Chawl,
```

```
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


   Technical Contact:
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


   Billing Contact:
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.
        LAKSH INTERNET SOLUTIONS PRIVATE LIMITED.          (contact@lakshinternetservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


   Status:LOCKED
```

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 227 of 258   Page ID #:3209

# High Court of Judicature at Bombay

## CASE DETAILS

*Bench:-Bombay*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Lodging No.:-* | SL/2324/2008 | *Filing Date:-* | 23/07/2008 | *Reg. No.:-* | S/2540/2008 | *Reg. Date:-* | 20/08/2008 |

*Petitioner:-* LAKSH INTERNET SOLUTIONS PVT. LTD. -     *Respondent:-* BAYLOR UNIVERSITY AND ANR. -

*Petn.Adv.:-* ABHAY P. PANDE.

*District:-* BOMBAY

| | |
|---|---|
| *Bench:-* | SINGLE |
| *Status:-* | Pre-Admission |
| *Last Date:-* | 00/00/0000 |
| *Last Coram:-* | REGISTRAR(OS)/PROTHONOTARY & SR. MASTER |

| | | |
|---|---|---|
| *Category:-* | SUITS FOR DAMAGES | |
| *Stage:-* | PLAINTS FOR REJECTION U/R 986 OF THE H.C.(O.S.)RULES 1980 | |

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 



TrafficZ    **DomainTools**    LeaseThis.com                  Welcome                        My Account

# Sperryshoes.com on 2007-06-21 - Domain History

Next »

| | |
|---|---|
| **Domain:** | **sperryshoes.com** - Domain History |
| **Cache Date:** | 2007-06-21 |
| **Registrar:** | INNERWISE, INC. D/B/A ITSYOURDOMAIN.COM |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: jgb@tennlaw.com |

```
Domain: sperryshoes.com
Registration provider: ItsYourDomain.com

 Registrant
    c/o JGB Escrow
    Technology Services Limited
    jgb@tennlaw.com
    PO Box 1990
    Knoxville, TN 37901 US
    +1.8655255300
      (FAX)

 Administrative
    co JGB Escrow
    Technology Services Limited
    jgb@tennlaw.com
    PO Box 1990
    Knoxville, TN 37901 US
    +1.8655255300
      (FAX)

 Billing
    co JGB Escrow
    Technology Services Limited
    jgb@tennlaw.com
    PO Box 1990
    Knoxville, TN 37901 US
    +1.8655255300
```

Exhibit 26
Page 683

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 229 of 258   Page ID
#:3211

```
         (FAX)


Technical
   co JGB Escrow
   Technology Services Limited
   jgb@tennlaw.com
   PO Box 1990
   Knoxville, TN 37901 US
   +1.8655255300
     (FAX)


Record created on September 29, 2000
Record last updated on June 08, 2007
Record expires on September 29, 2007

Domain Name Servers:
   NS1.DSREDIRECTION.COM
   NS2.DSREDIRECTION.COM
```

Exhibit 26
Page 684

TrafficZ   **DomainTools**   LeaseThis.com                    Welcome                My Account

# Sperryshoes.com on 2007-09-18 - Domain History

« Previous                                                                    Next »

**Domain:**              **sperryshoes.com** - Domain History
**Cache Date:**          2007-09-18
**Registrar:**           **LEAD NETWORKS DOMAINS PVT. LTD.**
**Registrant Search:**   Click on an email address we found in this whois record
                         to see which other domains the registrant is associated with:
                         contact@privacyprotect.org

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: SPERRYSHOES.COM

Registrant:
     PrivacyProtect.org
     Domain Admin          (contact@privacyprotect.org)
     P.O. Box 65
     All Postal Mails Rejected, visit Privacyprotect.org
     Monster
     null,2680 AB
     NL
     Tel. +45.36946676

Creation Date: 29-Sep-2000
Expiration Date: 29-Sep-2008

Domain servers in listed order:
     ns1.freeredirection.net
     ns2.freeredirection.net

Administrative Contact:
     PrivacyProtect.org
     Domain Admin          (contact@privacyprotect.org)
     P.O. Box 65
     All Postal Mails Rejected, visit Privacyprotect.org
     Monster
```

```
              null,2680 AB
              NL
              Tel. +45.36946676


Technical Contact:
              PrivacyProtect.org
              Domain Admin          (contact@privacyprotect.org)
              P.O. Box 65
              All Postal Mails Rejected, visit Privacyprotect.org
              Monster
              null,2680 AB
              NL
              Tel. +45.36946676


Billing Contact:
              PrivacyProtect.org
              Domain Admin          (contact@privacyprotect.org)
              P.O. Box 65
              All Postal Mails Rejected, visit Privacyprotect.org
              Monster
              null,2680 AB
              NL
              Tel. +45.36946676


Status:LOCKED
```

Exhibit 26

Page 686



## NATIONAL ARBITRATION FORUM

## DECISION

SR Holdings, Inc. v. Comdot Internet Services Private Limited
Claim Number: FA0709001079862

## PARTIES

Complainant is **SR Holdings, Inc.** ("Complainant"), represented by **Linda M. Novak**, of **Fish & Richardson P.C.**, 1717 Main Street, Suite 5000, Dallas, TX 75201.  Respondent is **Comdot Internet Services Private Limited.** ("Respondent"), 18/20 Akshay Co-Op. Soc, S.V. Patel Nagar, Mahada Versova, Andheri (W), Mumbai Maharashtra, 000000 IN.

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<sperryshoes.com>**, registered with **Lead Networks Domains Pvt. Ltd.**

## PANEL

The undersigned certifies that he has acted independently and impartially and to the best of his knowledge has no known conflict in serving as Panelist in this proceeding.

Bruce E. Meyerson as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to the National Arbitration Forum electronically on September 17, 2007; the National Arbitration Forum received a hard copy of the Complaint on September 18, 2007.

On October 15, 2007, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<sperryshoes.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name.  Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On October 23, 2007, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of November 13, 2007 by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@sperryshoes.com by e-mail.

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 233 of 258   Page ID
#:3215

Having received no timely response from Respondent, the National Arbitration Forum transmitted to the parties a Notification of Respondent Default.

On November 17, 2007, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed Bruce E. Meyerson as Panelist.

After the deadline, Respondent did respond to the Complaint. Although the National Arbitration Forum does not consider the Response to be in compliance with Paragraph 5 of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules"), it will nevertheless be considered. Complaint thereafter filed an Additional Submission. In light of the Panel's ruling in this matter it is unnecessary to consider Complainant's Additional Submission.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the Rules "to employ reasonably available means calculated to achieve actual notice to Respondent." Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

**RELIEF SOUGHT**

Complainant requests that the domain name be transferred from Respondent to Complainant.

**PARTIES' CONTENTIONS**

A. Complainant makes the following assertions:

1. Respondent's **<sperryshoes.com>** domain name is confusingly similar to Complainant's SPERRY mark.

2. Respondent does not have any rights or legitimate interests in the **<sperryshoes.com>** domain name.

3. Respondent registered and used the **<sperryshoes.com>** domain name in bad faith.

B. Respondent failed to submit a timely Response in this proceeding. Respondent's arguments will nevertheless be considered where appropriate to do so.

**FINDINGS**

Complainant has continuously used the SPERRY mark since as early as 1939 in connection with shoes, footwear, shirts, and retail footwear services. It currently holds registration of the SPERRY mark with the United States Patent and Trademark Office ("USPTO") (Reg. No. 732,519 issued June 5, 1962).

Respondent's **<sperryshoes.com>** domain name was registered on September 29, 2000 and resolves to a web directory featuring links to various third-parties, some of which offer products and services in competition with those offered under Complainant's mark.

**DISCUSSION**

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the
statements and documents submitted in accordance with the Policy, these Rules and any rules
and principles of law that it deems applicable."

In view of Respondent's failure to submit a timely response, the Panel shall decide this
administrative proceeding on the basis of Complainant's undisputed representations pursuant to
paragraphs 5(e), 14(a) and 15(a) of the Rules and draw such inferences it considers appropriate
pursuant to paragraph 14(b) of the Rules.  The Panel is entitled to accept all reasonable
allegations and inferences set forth in the Complaint as true unless the evidence is clearly
contradictory.  *See Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat.
Arb. Forum July 31, 2000) (holding that the respondent's failure to respond allows all reasonable
inferences of fact in the allegations of the complaint to be deemed true); *see also Talk City, Inc.
v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate
to accept as true all allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three
elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark
     or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

**Identical and/or Confusingly Similar**

Complainant has sufficiently established its rights in the SPERRY mark through registration
with the USPTO pursuant to Policy ¶ 4(a)(i).  *See Innomed Techs., Inc. v. DRP Servs.*, FA
221171 (Nat. Arb. Forum Feb. 18, 2004) ("Registration of the NASAL-AIRE mark with the
USPTO establishes Complainant's rights in the mark."); *see also U.S. Office of Pers. Mgmt. v.
MS Tech. Inc.*, FA 198898 (Nat. Arb. Forum Dec. 9, 2003) ("[O]nce the USPTO has made a
determination that a mark is registrable, by so issuing a registration, as indeed was the case here,
an ICANN panel is not empowered to nor should it disturb that determination."); *see also
Koninklijke KPN N.V. v. Telepathy Inc.*, D2001-0217 (WIPO May 7, 2001) (finding that the
Policy does not require that the mark be registered in the country in which the respondent
operates; therefore it is sufficient that the complainant can demonstrate a mark in some
jurisdiction).

Respondent's **<sperryshoes.com>** domain name contains Complainant's SPERRY mark in its
entirety and then includes the generic term "shoes," which has an obvious relationship to the
products offered under Complainant's mark.  The disputed domain name also includes the
generic top-level domain ("gTLD") ".com."  The inclusion of a gTLD and a generic descriptive
term does not distinguish a disputed domain name from a mark under the Policy.  As a result, the
Panel finds that pursuant to Policy ¶ 4(a)(i), Respondent's **<sperryshoes.com>** domain name is
confusingly similar to Complainant's SPERRY mark.  *See Rollerblade, Inc. v. McCrady*, D2000-
0429 (WIPO June 25, 2000) (finding that the top level of the domain name such as ".net" or
".com" does not affect the domain name for the purpose of determining whether it is identical or
confusingly similar); *see also Brown & Bigelow, Inc. v. Rodela*, FA 96466 (Nat. Arb. Forum
Mar. 5, 2001) (finding that the <hoylecasino.net> domain name is confusingly similar to the
complainant's HOYLE mark, and that the addition of "casino," a generic word describing the
type of business in which the complainant is engaged, does not take the disputed domain name

out of the realm of confusing similarity).

The Panel concludes that Complainant has satisfied Policy ¶ 4(a)(i).[1]

**Rights or Legitimate Interests**

Under Policy ¶ 4(a)(ii), Complainant must first establish a *prima facie* case that Respondent has no rights or legitimate interests in the disputed domain name. *See VeriSign Inc. v. VeneSign C.A.*, D2000-0303 (WIPO June 28, 2000) ("Respondent's default, however, does not lead to an automatic ruling for Complainant. Complainant still must establish a prima facie case showing that under the Uniform Domain Name Dispute Resolution Policy it is entitled to a transfer of the domain name."). The Panel finds that Complainant has established a *prima facie* case and that the burden is thus shifted to Respondent to show that it does have rights or legitimate interests in the disputed domain name. *See G.D. Searle v. Martin Mktg.*, FA 118277 (Nat. Arb. Forum Oct. 1, 2002) ("Because Complainant's Submission constitutes a *prima facie* case under the Policy, the burden effectively shifts to Respondent."); *see also Do The Hustle, LLC v. Tropic Web*, D2000-0624 (WIPO Aug. 21, 2000) (holding that, where the complainant has asserted that the respondent has no rights or legitimate interests with respect to the domain name, it is incumbent on the respondent to come forward with concrete evidence rebutting this assertion because this information is "uniquely within the knowledge and control of the respondent").

No timely Response has been submitted to the Complaint. Accordingly, the Panel presumes that Respondent has no rights or legitimate interests, but will still examine the record in consideration of the factors listed under Policy ¶ 4(c). *See G.D. Searle v. Martin Mktg.*, FA 118277 (Nat. Arb. Forum Oct. 1, 2002) ("Respondent's failure to respond means that Respondent has not presented any circumstances that would promote its rights or legitimate interests in the subject domain name under Policy ¶ 4(a)(ii)."); *see also Canadian Imperial Bank of Commerce v. D3M Virtual Reality Inc.*, AF-0336 (eResolution Sept. 23, 2000) (finding no rights or legitimate interests where no such right or interest was immediately apparent to the panel and the respondent did not come forward to suggest any right or interest it may have possessed).

Neither Respondent's WHOIS information nor anything else in the record gives any indication that Respondent is or ever was commonly known by the disputed domain name. Moreover, Complainant has not granted permission to Respondent to use its mark in any way. Absent any affirmative evidence to the contrary, the Panel finds pursuant to Policy ¶ 4(c)(ii), that Respondent is not commonly known by the **<sperryshoes.com>** domain name. *See Tercent Inc. v. Lee Yi*, FA 139720 (Nat. Arb. Forum Feb. 10, 2003) (stating "nothing in Respondent's WHOIS information implies that Respondent is 'commonly known by' the disputed domain name" as one factor in determining that Policy ¶ 4(c)(ii) does not apply); *see also Compagnie de Saint Gobain v. Com-Union Corp.*, D2000-0020 (WIPO Mar. 14, 2000) (finding no rights or legitimate interest where the respondent was not commonly known by the mark and never applied for a license or permission from the complainant to use the trademarked name).

Respondent's **<sperryshoes.com>** domain name contains Complainant's mark in its entirety and resolves to a web directory that features links to various third-parties, many of which offer products and services in competition with those offered under Complainant's SPERRY mark. The Panel finds this to be neither a *bona fide* offering of goods or services pursuant to Policy ¶ 4 (c)(i) nor a legitimate noncommercial or fair use pursuant to Policy ¶ 4(c)(iii). *See eBay Inc. v. Hong*, D2000-1633 (WIPO Jan. 18, 2001) (stating that the respondent's use of the complainant's entire mark in domain names makes it difficult to infer a legitimate use); *see also TM Acquisition*

*Corp. v. Sign Guards*, FA 132439 (Nat. Arb. Forum Dec. 31, 2002) (finding that the respondent's diversionary use of the complainant's marks to send Internet users to a website which displayed a series of links, some of which linked to the complainant's competitors, was not a *bona fide* offering of goods or services); *see also Glaxo Group Ltd. v. WWW Zban*, FA 203164 (Nat. Arb. Forum Dec. 1, 2003) (finding that the respondent was not using the domain name within the parameters of Policy ¶ 4(c)(i) or (iii) because the respondent used the domain name to take advantage of the complainant's mark by diverting Internet users to a competing commercial site).

[2]

The Panel concludes that Complainant has satisfied Policy ¶ 4(a)(ii).

## Registration and Use in Bad Faith

Respondent's **<sperryshoes.com>** domain name features various links to third-parties, many of which offer services and products in direct competition with those offered under Complainant's mark.  The Panel finds this to establish Respondent's bad faith registration and use of the disputed domain name to disrupt Complainant's business pursuant to Policy ¶ 4(b)(iii).  *See S. Exposure v. S. Exposure, Inc*., FA 94864 (Nat. Arb. Forum July 18, 2000) (finding the respondent acted in bad faith by attracting Internet users to a website that competes with the complainant's business); *see also Disney Enters., Inc. v. Noel*, FA 198805 (Nat. Arb. Forum Nov. 11, 2003) ("Respondent registered a domain name confusingly similar to Complainant's mark to divert Internet users to a competitor's website. It is a reasonable inference that Respondent's purpose of registration and use was to either disrupt or create confusion for Complainant's business in bad faith pursuant to Policy ¶¶ 4(b)(iii) [and] (iv).").

Furthermore, the Panel presumes that Respondent is commercially benefiting from every misdirected Internet user who clicks on a link on Respondent's website that resolves from the disputed domain name through the use of "click-through" fees.  Consequently, the Panel finds this to be additional evidence of Respondent's bad faith registration and use pursuant to Policy ¶ 4(b)(iv).  *See Associated Newspapers Ltd. v. Domain Manager*, FA 201976 (Nat. Arb. Forum Nov. 19, 2003) ("Respondent's prior use of the <mailonsunday.com> domain name is evidence of bad faith pursuant to Policy ¶ 4(b)(iv) because the domain name provided links to Complainant's competitors and Respondent presumably commercially benefited from the misleading domain name by receiving 'click-through-fees.'"); *see also Kmart v. Khan*, FA 127708 (Nat. Arb. Forum Nov. 22, 2002) (finding that if the respondent profits from its diversionary use of the complainant's mark when the domain name resolves to commercial websites and the respondent fails to contest the complaint, it may be concluded that the respondent is using the domain name in bad faith pursuant to Policy ¶ 4(b)(iv)).

[3]

The Panel concludes that Complainant has satisfied Policy ¶ 4(a)(iii).

**DECISION**

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<sperryshoes.com>** domain name be **TRANSFERRED** from Respondent to Complainant.

Bruce E. Meyerson, Panelist
Dated:  December 3, 2007

Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page

**NATIONAL ARBITRATION FORUM**

---

[1]
     Respondent states that "Sperry" is "such a common word that the complainant cannot claim any rights to the said word."  Respondent's argument ignores that fact that Complaint has established its rights within the meaning of Policy ¶ 4(a)(i) by registration with the USPTO.
[2]
     Respondent states that it has a legitimate interest in the domain name because "as they have paid a huge sum to purchase the domain from the previous owner."  This is not a reason that qualifies under the Policy as constituting "rights or legitimate interests."
[3]
     Respondent denies that it is using the site as claimed in the Complaint.  An inspection of the site reveals that this statement is false.

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 238 of 258    Page ID #:3220

TrafficZ    **DomainTools**    LeaseThis.com                    Welcome                    My Account



# Sperryshoes.com on 2008-03-31 - Domain History

« Previous                                                                    Next »

**Domain:**              **sperryshoes.com** - Domain History

**Cache Date:**          2008-03-31

**Registrar:**           **LEAD NETWORKS DOMAINS PVT. LTD.**

**Registrant Search:**   Click on an email address we found in this whois record
                         to see which other domains the registrant is associated with:
                         contact@comdotservices.com

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138


Domain Name: SPERRYSHOES.COM

Registrant:
     COMDOT INTERNET SERVICES PRIVATE LIMITED.
     COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
     18/20 Akshay Co-Op. Soc,
     S.V. Patel Nagar,Mahada Versova,
     Andheri (W)
     Mumbai
     Maharashtra,000000
     IN
     Tel. +91.000000


Creation Date: 29-Sep-2000
Expiration Date: 29-Sep-2008

Domain servers in listed order:
     dns10.leadnetworks.com
     dns9.leadnetworks.com


Administrative Contact:
     COMDOT INTERNET SERVICES PRIVATE LIMITED.
     COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
     18/20 Akshay Co-Op. Soc,
     S.V. Patel Nagar,Mahada Versova,
```

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 239 of 258    Page ID #:3221

```
        Andheri (W)
        Mumbai
        Maharashtra,000000
        IN
        Tel. +91.000000


Technical Contact:
        COMDOT INTERNET SERVICES PRIVATE LIMITED.
        COMDOT INTERNET SERVICES PRIVATE LIMITED.          (contact@comdotservices.com)
        18/20 Akshay Co-Op. Soc,
        S.V. Patel Nagar,Mahada Versova,
        Andheri (W)
        Mumbai
        Maharashtra,000000
        IN
        Tel. +91.000000


Billing Contact:
        COMDOT INTERNET SERVICES PRIVATE LIMITED.
        COMDOT INTERNET SERVICES PRIVATE LIMITED.          (contact@comdotservices.com)
        18/20 Akshay Co-Op. Soc,
        S.V. Patel Nagar,Mahada Versova,
        Andheri (W)
        Mumbai
        Maharashtra,000000
        IN
        Tel. +91.000000


Status:LOCKED
```

Exhibit 26
Page 694

Case 2:09-cv-00642-ABC-CW   Document 122-5   Filed 12/03/10   Page 240 of 258   Page ID #:3222

# High Court of Judicature at Bombay

## CASE DETAILS

### Bench:-Bombay

| | | | | | | |
|---|---|---|---|---|---|---|
| **Lodging No.:-** | SL/3716/2007 | **Filing Date:-** | 14/12/2007 | **Reg. No.:-** S/1387/2008 | **Reg. Date:-** | 23/04/2008 |

**Petitioner:-** COMDOT INTERNET SERVICES PRIVATE LII  **Respondent:-** SR HOLDINGS INC. AND 2 ORS. -

**Petn.Adv.:-** ABHAY P. PANDE

**District:-** BOMBAY

**Bench:-** SINGLE

**Status:-** Pre-Admission

**Last Date:-** 12/02/2008

**Last Coram:-** REGISTRAR(OS)/PROTHONOTARY & SR. MASTER

**Category:-** SUITS FOR DAMAGES

**Stage:-** PLAINTS FOR REJECTION U/R 986 OF THE H.C.(O.S.)RULES 1980

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

 **TrafficZ**    **DomainTools**    LeaseThis.com        Welcome        **My Account**



# Woolrichhome.com on 2007-02-03 - Domain History

Next »

| | |
|---|---|
| **Domain:** | **woolrichhome.com** - Domain History |
| **Cache Date:** | 2007-02-03 |
| **Registrar:** | CAPITOLDOMAINS, LLC |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: click@clickconsultingltd.com |

```
Registrant:
    Click Cons. Ltd (WOOLRICHHOME-COM-DOM)
    Kings Court, Bay Street
    P.O. Box N-3944
    Nassau,
    BS
    +852.30178436
    +852.30178436
    click@ClickConsultingLtd.com

    Domain Name: WOOLRICHHOME.COM
    Status: PROTECTED

    Administrative Contact:
        Click Cons. Ltd click@ClickConsultingLtd.com
        Kings Court, Bay Street
        P.O. Box N-3944
        Nassau,
        BS
        +852.30178436
        Fax- +852.30178436

    Technical Contact, Zone Contact:
        Click Cons. Ltd click@ClickConsultingLtd.com
        Kings Court, Bay Street
        P.O. Box N-3944
        Nassau,
        BS
```

Exhibit 26
Page 696

```
                    +852.30178436
                    Fax- +852.30178436


          Record last updated on 03-Feb-2007.
          Record expires on 06-Oct-2007.
          Record created on 06-Oct-2006.


          Domain servers in listed order:
               Name Server: NS1.NICEUROPE.COM
               Name Server: NS2.NICEUROPE.COM
               Name Server: NS3.NICEUROPE.COM
```

 **TrafficZ**  **DomainTools**  LeaseThis.com          Welcome            My Account



# Woolrichhome.com on 2008-02-20 - Domain History

« Previous                                                      Next »

**Domain:**              **woolrichhome.com** - Domain History

**Cache Date:**          2008-02-20

**Registrar:**           **LEAD NETWORKS DOMAINS PVT. LTD.**

**Registrant Search:**   Click on an email address we found in this whois record
to see which other domains the registrant is associated with:
p309208044@privatewhois.in

---

```
Registration Service Provided By: LEAD NETWORKS DOMAINS PVT. LTD
Contact: +91.2226300138

Domain Name: WOOLRICHHOME.COM

Registrant:
     Private Whois Escrow Domains Private Limited.
     PRIVATE WHOIS FOR P309208044       (P309208044@privatewhois.in)
     707,C-Wing,7th Floor,The Neptune Versova Society,
     Lokhandwala Complex,4th Cross Road,
     Andheri (West)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.02226300138
     Fax. +91.02226311820

Creation Date: 06-Oct-2006
Expiration Date: 06-Oct-2009

Domain servers in listed order:
     ns1.niceurope.com
     ns3.niceurope.com
     ns2.niceurope.com

Administrative Contact:
     Private Whois Escrow Domains Private Limited.
     PRIVATE WHOIS FOR P309208044       (P309208044@privatewhois.in)
```

Exhibit 26
Page 698

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 244 of 258    Page ID
                                    #:3226

```
                707,C-Wing,7th Floor,The Neptune Versova Society,
                Lokhandwala Complex,4th Cross Road,
                Andheri (West)
                Mumbai
                Maharashtra,400053
                IN
                Tel. +91.02226300138
                Fax. +91.02226311820


    Technical Contact:
                Private Whois Escrow Domains Private Limited.
                PRIVATE WHOIS FOR P309208044          (P309208044@privatewhois.in)
                707,C-Wing,7th Floor,The Neptune Versova Society,
                Lokhandwala Complex,4th Cross Road,
                Andheri (West)
                Mumbai
                Maharashtra,400053
                IN
                Tel. +91.02226300138
                Fax. +91.02226311820


    Billing Contact:
                Private Whois Escrow Domains Private Limited.
                PRIVATE WHOIS FOR P309208044          (P309208044@privatewhois.in)
                707,C-Wing,7th Floor,The Neptune Versova Society,
                Lokhandwala Complex,4th Cross Road,
                Andheri (West)
                Mumbai
                Maharashtra,400053
                IN
                Tel. +91.02226300138
                Fax. +91.02226311820


    Status:ACTIVE
```

Exhibit 26
Page 699



## NATIONAL ARBITRATION FORUM

## DECISION

John Rich & Sons Investment Holding Company v. COMDOT INTERNET SERVICES PRIVATE LIMITED
Claim Number: FA0804001177529

## PARTIES

Complainant is **John Rich & Sons Investment Holding Company** ("Complainant"), represented by **Jeffrey S. Habib**, of **Hooker & Habib, P.C.**, Pennsylvania, USA.  Respondent is **COMDOT INTERNET SERVICES PRIVATE LIMITED** ("Respondent"), India.

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<woolrichhome.com>**, registered with **Lead Networks Domains Pvt. Ltd**.

## PANEL

The undersigned certifies that he has acted independently and impartially and to the best of his knowledge has no known conflict in serving as Panelist in this proceeding.

Bruce E. Meyerson as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to the National Arbitration Forum electronically on April 11, 2008; the National Arbitration Forum received a hard copy of the Complaint on April 14, 2008.

On April 22, 2008, Lead Networks Domains Pvt. Ltd. confirmed by e-mail to the National Arbitration Forum that the **<woolrichhome.com>** domain name is registered with Lead Networks Domains Pvt. Ltd. and that Respondent is the current registrant of the name.  Lead Networks Domains Pvt. Ltd. has verified that Respondent is bound by the Lead Networks Domains Pvt. Ltd. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On May 28, 2008, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of June 17, 2008 by which Respondent could file a response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@woolrichhome.com by e-mail.

Having received no response from Respondent, the National Arbitration Forum transmitted to the parties a Notification of Respondent Default.

On June 19, 2008, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed Bruce E. Meyerson as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the National Arbitration Forum has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent."  Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the National Arbitration Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

**RELIEF SOUGHT**

Complainant requests that the domain name be transferred from Respondent to Complainant.

**PARTIES' CONTENTIONS**

A.  Complainant makes the following assertions:

1.   Respondent's **<woolrichhome.com>** domain name is confusingly similar to Complainant's WOOLRICH mark.

2.   Respondent does not have any rights or legitimate interests in the **<woolrichhome.com>** domain name.

3.   Respondent registered and used the **<woolrichhome.com>** domain name in bad faith.

B.  Respondent failed to submit a Response in this proceeding.

**FINDINGS**

Complainant, John Rich & Sons Investment Holding Company, has provided home-related goods since 1929 under the WOOLRICH mark (Reg. No. 1,617,668, issued October 16, 1990), which is registered with the United States Patent and Trademark Office ("USPTO").

Respondent registered the **<woolrichhome.com>** domain name on October 6, 2006, and currently uses the disputed domain name to resolve to a website that features third-party links and advertisements.  Some of these third-party links lead Internet users to producers of home-related goods which are Complainant's direct competitors.

**DISCUSSION**

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

In view of Respondent's failure to submit a response, the Panel shall decide this administrative

Exhibit 26
Page 701

proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e), 14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to paragraph 14(b) of the Rules.  The Panel is entitled to accept all reasonable allegations and inferences set forth in the Complaint as true unless the evidence is clearly contradictory.  *See Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31, 2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response, it is appropriate to accept as true all allegations of the Complaint.").

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

### Identical and/or Confusingly Similar

Complainant has asserted rights in the WOOLRICH mark through its registration of the mark with the USPTO.  Complainant's mark was registered almost 16 years prior to Respondent's registration of the disputed domain name in 2006.  As such, Complainant's rights in the mark clearly predate Respondent's registration of the disputed domain name.  Moreover, registration with a national regulatory authority such as the USPTO indicates that the mark has already been found to be inherently distinctive.  Thus, the Panel therefore finds that Complainant has sufficient rights in its WOOLRICH mark pursuant to Policy ¶ 4(a)(i).  *See Men's Wearhouse, Inc. v. Wick*, FA 117861 (Nat. Arb. Forum Sept. 16, 2002) ("Under U.S. trademark law, registered marks hold a presumption that they are inherently distinctive [or] have acquired secondary meaning."); *see also Janus Int'l Holding Co. v. Rademacher*, D2002-0201 (WIPO Mar. 5, 2002) ("Panel decisions have held that registration of a mark is *prima facie* evidence of validity, which creates a rebuttable presumption that the mark is inherently distinctive.").

Respondent's **<woolrichhome.com>** domain name includes the entire and unaltered form of Complainant's WOOLRICH mark, along with the generic word "home," and the generic top-level domain ("gTLD") ".com."  Because a top-level domain is required of all domain names, Respondent's addition of a gTLD to the disputed domain names in this case is irrelevant.  *Rollerblade, Inc. v. McCrady*, D2000-0429 (WIPO June 25, 2000) (finding that the top level of the domain name such as ".net" or ".com" does not affect the domain name for the purpose of determining whether it is identical or confusingly similar).

The Panel is thus left with the sole addition of the generic word "home."  Ordinarily, panels will find that a generic word affixed to a disputed domain name fails to distinguish said disputed domain name, as the mark remains the predominant element.  This conclusion is particularly appropriate where the generic word describes Complainant or its operations.  In this case, Complainant operates its long-standing business as a manufacturer of home-related items, and thus it is fair for an Internet user to assume that the disputed domain name would in some way relate to Complainant.  Thus, the word "home" therefore fairly describes Complainant and its operations.  Accordingly, pursuant to Policy ¶ 4(a)(i), the Panel thus finds that the **<woolrichhome.com>** domain name is confusingly similar to Complainant's WOOLRICH mark.  *See Brown & Bigelow, Inc. v. Rodela*, FA 96466 (Nat. Arb. Forum Mar. 5, 2001) (finding

that the <hoylecasino.net> domain name is confusingly similar to the complainant's HOYLE
mark, and that the addition of "casino," a generic word describing the type of business in which
the complainant is engaged, does not take the disputed domain name out of the realm of
confusing similarity).

The Panel finds that Policy ¶ 4(a)(i) has been satisfied.

### Rights or Legitimate Interests

Complainant retains the initial burden in asserting a sufficient *prima facie* case supporting its
allegations.  Complainant has indeed asserted that Respondent lacks rights and legitimate
interests in the **<woolrichhome.com>** domain name under Policy ¶ 4(a)(ii).  Because
Respondent failed to answer the Complaint, the Panel presumes that Respondent lacks all rights
and legitimate interests in the disputed domain name.  *See American Express Co. v. Fang
Suhendro*, FA 129120 (Nat. Arb. Forum Dec. 30, 2002) ("[B]ased on Respondent's failure to
respond, it is presumed that Respondent lacks all rights and legitimate interests in the disputed
domain name."); *see also Desotec N.V. v. Jacobi Carbons AB*, D2000-1398 (WIPO Dec. 21,
2000) (finding that failing to respond allows a presumption that the complainant's allegations are
true unless clearly contradicted by the evidence).  Nevertheless, the Panel will examine all
evidence in the record to determine if Respondent does have rights or legitimate interests in the
disputed domain name under Policy ¶ 4(c).
Complainant contends that Respondent is not commonly known by the **<woolrichhome.com>**
domain name.  Complainant asserts that Respondent has never been authorized to use the
WOOLRICH mark.  Complainant contends that Respondent does not own any trademarks or
service marks reflecting the disputed domain name.  With no evidence to the contrary, the Panel
finds that Respondent has no trademark or service mark rights in the WOOLRICH mark
pursuant to Policy ¶ 4(c)(i).  *See Meow Media Inc. v. Basil*, FA 113280 (Nat. Arb. Forum Aug.
20, 2002) (finding that there was no evidence that Respondent was the owner or beneficiary of a
mark that is identical to the <persiankitty.com> domain name); *see also Pepsico, Inc. v Becky*,
FA 117014 (Nat. Arb. Forum Sept. 3, 2002) (holding that because Respondent did not own any
trademarks or service marks reflecting the <pepsicola.us> domain name, it had no rights or
legitimate interests pursuant to UDRP ¶ 4(c)(i)).

There is no evidence that Respondent has ever been commonly known by the disputed domain
name.  Further, the WHOIS information does not indicate that Respondent is commonly known
by the disputed domain name.  Thus, the Panel finds that Respondent is not commonly known by
the **<woolrichhome.com>** domain name pursuant to Policy ¶ 4(c)(iii).  *See Tercent Inc. v. Lee
Yi*, FA 139720 (Nat. Arb. Forum Feb. 10, 2003) (stating "nothing in Respondent's WHOIS
information implies that Respondent is 'commonly known by' the disputed domain name" as one
factor in determining that UDRP ¶ 4(c)(ii) does not apply); *see also Gallup, Inc. v. Amish
Country Store*, FA 96209 (Nat. Arb. Forum Jan. 23, 2001) (finding that the respondent does not
have rights in a domain name when the respondent is not known by the mark).

Respondent's **<woolrichhome.com>** domain name resolves to a website, aptly described by
Complainant as a "link farm," whose sole feature appears to be to display third-party
advertisements and links.  Some of these links lead Internet users to Complainant's competitors
within the home-related goods industry.  Such use is not a *bona fide* offering of goods or services
under Policy ¶ 4(c)(i).  Moreover, Respondent presumably receives referral fees of some sort for
the placement of these advertisements on the corresponding website—which the Panel notes is
intrinsically tied to the disputed domain name.  Thus the disputed domain name does not
represent a legitimate noncommercial or fair use under Policy ¶ 4(c)(iii).  The Panel therefore

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 249 of 258   Page ID
#:3231

finds that Respondent lacks rights and legitimate interests in the disputed domain name under
Policy ¶¶ 4(c)(i) and (iii).  *See Bank of Am. Corp. v. Northwest Free Cmty. Access*, FA 180704
(Nat. Arb. Forum Sept. 30, 2003) ("Respondent's demonstrated intent to divert Internet users
seeking Complainant's website to a website of Respondent and for Respondent's benefit is not a
bona fide offering of goods or services under Policy ¶ 4(c)(i) and it is not a legitimate
noncommercial or fair use under Policy ¶ 4(c)(iii)."); *see also Computer Doctor Franchise Sys.,
Inc. v. Computer Doctor*, FA 95396 (Nat. Arb. Forum Sept. 8, 2000) (finding that the
respondent's website, which is blank but for links to other websites, is not a legitimate use of the
domain names).

The Panel finds that Policy ¶ 4(a)(ii) has been satisfied.

### Registration and Use in Bad Faith

Respondent's use of the disputed domain name involves a corresponding website which provides
an Internet billboard for third-party advertisements and links.  Internet users seeking
Complainant would be diverted to this website and be confronted with links for businesses that
compete with Complainant.   The Panel therefore finds that Respondent has engaged in bad faith
registration and use of the disputed domain name under Policy ¶ 4(b)(iii).  *See S. Exposure v. S.
Exposure, Inc*., FA 94864 (Nat. Arb. Forum July 18, 2000) (finding the respondent acted in bad
faith by attracting Internet users to a website that competes with the complainant's business).

This Panel has found that the **<woolrichhome.com>** domain name is confusingly similar to
Complainant's WOOLRICH mark under Policy ¶ 4(a)(i), for the reasons listed in that section.
Internet users seeking Complainant's products or services would be likely to attempt to locate
Complainant on the Internet.  It is quite foreseeable that these Internet users may choose the
disputed domain name for their Internet search, in the hopes of reaching Complainant.  Such
Internet users would, by Respondent's design, be routed away from Complainant and to
Respondent's corresponding website.  To then be confronted with third-party advertisements,
some of which compete with Complainant, would be both confusing and potentially frustrating.
In the interim, Respondent presumably benefits from this diversion through referral fees
received, should the Internet user attempt to navigate the myriad of links populating
Respondent's corresponding website.  Respondent has therefore created a substantial possibility
of a likelihood of confusion as to Complainant's source, endorsement, affiliation, and
sponsorship of the disputed domain name and corresponding website.  The Panel thus finds that
Respondent has engaged in bad faith registration and use under Policy ¶ 4(b)(iv).  *See Associated
Newspapers Ltd. v. Domain Manager*, FA 201976 (Nat. Arb. Forum Nov. 19, 2003)
("Respondent's prior use of the <mailonsunday.com> domain name is evidence of bad faith
pursuant to Policy ¶ 4(b)(iv) because the domain name provided links to Complainant's
competitors and Respondent presumably commercially benefited from the misleading domain
name by receiving 'click-through-fees.'").

The Panel finds that Policy ¶ 4(a)(iii) has been satisfied.

Exhibit 26
Page 704

**DECISION**

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<woolrichhome.com>** domain name be **TRANSFERRED** from Respondent to Complainant.


Bruce E. Meyerson, Panelist
Dated:  July 3, 2008


Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page

**NATIONAL ARBITRATION FORUM**

Exhibit 26
Page 705

Case 2:09-cv-00613-ABC-CW    Document 122-5    Filed 12/03/10    Page 251 of 258    Page ID
#:3233

TrafficZ   **DomainTools**   LeaseThis.com          Welcome             My Account



## Woolrichhome.com on 2008-06-06 - Domain History

« Previous                                                          Next »

| | |
|---|---|
| **Domain:** | **woolrichhome.com** - Domain History |
| **Cache Date:** | 2008-06-06 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: contact@comdotservices.com |

```
Registration Service Provided By: PRIVATE WHOIS
Contact: +91.000000000000
Website: http://www.privatewhois.in

Domain Name: WOOLRICHHOME.COM

Registrant:
     COMDOT INTERNET SERVICES PRIVATE LIMITED.
     COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
     Room No.30, Fatima Bibi Chawl,
     Gulshan Nagar,Behram Baug,
     Jogeshwari (W),
     Mumbai
     Maharashtra,400102
     IN
     Tel. +91.9322160169

Creation Date: 06-Oct-2006
Expiration Date: 06-Oct-2009

Domain servers in listed order:
     dns16.leadnetworks.com
     dns15.leadnetworks.com

Administrative Contact:
     COMDOT INTERNET SERVICES PRIVATE LIMITED.
     COMDOT INTERNET SERVICES PRIVATE LIMITED.        (contact@comdotservices.com)
     Room No.30, Fatima Bibi Chawl,
```

```
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Technical Contact:
        COMDOT INTERNET SERVICES PRIVATE LIMITED.
        COMDOT INTERNET SERVICES PRIVATE LIMITED.          (contact@comdotservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Billing Contact:
        COMDOT INTERNET SERVICES PRIVATE LIMITED.
        COMDOT INTERNET SERVICES PRIVATE LIMITED.          (contact@comdotservices.com)
        Room No.30, Fatima Bibi Chawl,
        Gulshan Nagar,Behram Baug,
        Jogeshwari (W),
        Mumbai
        Maharashtra,400102
        IN
        Tel. +91.9322160169


Status:LOCKED
```

Exhibit 26
Page 707

Case 2:09-cv-00613-ABC-CW   Document 133-5   Filed 12/03/10   Page 253 of 258   Page ID #:3235

# High Court of Judicature at Bombay

## CASE DETAILS

### *Bench:-Bombay*

| | | | | | |
|---|---|---|---|---|---|
| *Lodging No.:-* | SL/2163/2008 | *Filing Date:-* | 09/07/2008 | *Reg. No.:-* S/2743/2008 | *Reg. Date:-* 11/09/2008 |

*Petitioner:-* COMDOT INTERNET SERVICES PRIVATE LII   *Respondent:-* JOHN RICH AND SONS INVESTMENT HOLD

*Petn.Adv.:-* ABHAY P. PANDE.

*District:-* BOMBAY

*Bench:-* SINGLE

*Status:-* Pre-Admission     *Category:-* SUITS FOR DAMAGES

| Office Information | Connected Matters | Application cases | Listing Dates | Orders/Judgme |
|---|---|---|---|---|

*PLEASE NOTE: FUTURE DATES IN CASE OF PRE-ADMITTED CASES ARE COMPUTER GENERATED PROVISIONAL DATES OF LISTING EXCEPT WHERE HON'BLE COURTS HAVE GIVEN DUE DATES. THE PROVISIONAL DATES MAY CHANGE, SUBJECT TO LISTING DIRECTIONS OF THE RESPECTIVE HON'BLE COURTS FROM TIME TO TIME. PLEASE MONITOR DAILY CAUSELISTS FOR CONFIRMED LISTINGS.*

 

Exhibit 27

Please mark corrections, if any, alongside respective item and submit this document along with supporting documentary evidence for updation at the following address:

**Registrar of Companies**
**RoC-Mumbai**
Everest , 100, Marine Drive
Mumbai
Maharashtra-400002
INDIA

[The persons requiring physical documents should be submitted as "Application for Company Master Data Correction Request"]

## Company Master Details

| Subject | Company Details/Particulars | Verification/Corrections, if any |
|---|---|---|
| CIN | : U72900MH2007PTC175088 | |
| Company Name | : COMDOT INTERNET SERVICES PRIVATE LIMITED | |
| ROC Code | : RoC-Mumbai | |
| Registration Number | : 175088 | |
| Company Category | : Company limited by shares | |
| Company Subcategory | : Indian Non-Government Company | |
| Class of Company | : Private | |
| Authorised Capital(in Rs.) | :100,000 | |
| Paid up capital(in Rs.) | :00 | |
| Number of Members(Applicable only in case of company without Share Capital) | : 0 | |
| Date of Incorporation | : 16-10-2007 | |
| Address of registered office | : 5/2, STARSWAY SOCIETY, JUHU ROAD,, JUHU, MUMBAI Maharashtra-400049 INDIA | |
| Email Id | : mahesh.m@dotnamemail.com | |
| Whether listed or not | : Unlisted | |
| Date of Last AGM | : | |
| Date of Balance sheet | : | |
| Company Status(for efiling) | : Active | |

Exhibit 27
Page 709

Exhibit 28

TrafficZ   **DomainTools**   LeaseThis.com       Welcome      My Account



# Dotnamemail.com on 2006-07-11 - Domain History

« Previous                            Next »

| | |
|---|---|
| **Domain:** | **dotnamemail.com** - Domain History |
| **Cache Date:** | 2006-07-11 |
| **Registrar:** | **LEAD NETWORKS DOMAINS PVT. LTD.** |
| **Registrant Search:** | Click on an email address we found in this whois record to see which other domains the registrant is associated with: nick@lincwise.com |

```
Registration Service Provided By: WATCH MY DOMAIN
Contact: +91.9820133497
Website: http://www.WatchMyDomain.com

Domain Name: DOTNAMEMAIL.COM

Registrant:
     Watch My Domain
     Nick M.           (nick@lincwise.com)
     522 Shantivan, MHADA
     Oshiwara, Andheri (w)
     Mumbai
     Maharashtra,400053
     IN
     Tel. +91.9820133497
     Fax. +91.2226322043

Creation Date: 20-Nov-2000
Expiration Date: 20-Nov-2007

Domain servers in listed order:
     48086.mars.orderbox-dns.com
     48086.earth.orderbox-dns.com
     48086.venus.orderbox-dns.com
     48086.mercury.orderbox-dns.com

Administrative Contact:
     Watch My Domain
     Nick M.           (nick@lincwise.com)
     522 Shantivan, MHADA
     Oshiwara, Andheri (w)
```

Exhibit 28
Page 710

Case 2:09-cv-00613-ABC-CW   Document 122-5   Filed 12/03/10   Page 258 of 258   Page ID #:3240

```
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.9820133497
        Fax. +91.2226322043


Technical Contact:
        Watch My Domain
        Nick M.         (nick@lincwise.com)
        522 Shantivan, MHADA
        Oshiwara, Andheri (w)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.9820133497
        Fax. +91.2226322043

Billing Contact:
        Watch My Domain
        Nick M.         (nick@lincwise.com)
        522 Shantivan, MHADA
        Oshiwara, Andheri (w)
        Mumbai
        Maharashtra,400053
        IN
        Tel. +91.9820133497
        Fax. +91.2226322043


Status:LOCKED
```

Exhibit 28
Page 711