DAVID J. STEELE, CA Bar No. 209797
Email: djslit@cph.com
CHRISTIE, PARKER & HALE, LLP
18101 Von Karman Avenue, Suite 1950
Irvine, California 92612
Telephone: (949) 476-0757
Facsimile: (949) 476-8640

HOWARD A. KROLL, CA Bar No. 100981
Email: howard.kroll@cph.com
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Pasadena, California 91105
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

SARAH B. DEUTSCH (admitted *pro hac vice*)
Email: sarah.b.deutsch@verizon.com
VERIZON CORPORATE RESOURCES GROUP LLC
1320 North Court House Road, Suite 900
Arlington, VA 22201
Telephone: (703) 351-3044
Facsimile: (703) 351-3670

Attorneys for Plaintiffs/Judgment Creditors
VERIZON CALIFORNIA INC.
VERIZON TRADEMARK SERVICES LLC
VERIZON LICENSING COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC.; VERIZON TRADEMARK SERVICES LLC; and VERIZON LICENSING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>LEAD NETWORKS DOMAINS PRIVATE LIMITED; NARESH MALIK a/k/a NICK M.; MAHESH MALIK; KEVIN DASTE; and DOES 1-100,<br><br>Defendants. | Case No. CV-09-00613 ABC (CWx)<br><br>***EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE REGARDING THE APPOINTMENT OF A PERMANENT RECEIVER;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION**<br><br>Hon. Audrey B. Collins |

CHRISTIE, PARKER & HALE, LLP

PLEASE TAKE NOTICE that Plaintiffs/Judgment Creditors Verizon California Inc., Verizon Trademark Services LLC, and Verizon Licensing Company (collectively, "Verizon"), pursuant to Rules 66 and 69(a)(1) of the Federal Rules of Civil Procedure, and Local Rules 66-1 through 66-8, make this *ex parte* application for an order to show cause regarding the appointment of a permanent receiver over the domain names owned by Lead Networks Domains Private Limited ("Lead Networks") and Naresh Malik a/k/a Nick M. (collectively, "Judgment Debtors") (the "Domain Name Assets") and Lead Networks' business for the purposes of ultimately liquidating these assets and applying the proceeds toward satisfaction of the Default Final Judgment in Verizon's favor.

Verizon furthers requests that the Court appoint Bret A. Fausett, Esq., who is currently serving as the temporary receiver of the Domain Name Assets and Lead Networks' business, as the permanent receiver.

This Application is based on the accompanying memorandum of points and authorities, the proposed order lodged herewith, the pleadings and papers on file, and such further written or oral evidence or argument as this Court may consider.

Dated: March 11, 2011            Respectfully submitted,

                                 CHRISTIE, PARKER & HALE, LLP

                                 By  /s/ David J. Steele
                                     David J. Steele
                                     Howard A. Kroll

                                 Attorneys for Plaintiffs/Judgment Creditors
                                 VERIZON CALIFORNIA INC.
                                 VERIZON TRADEMARK SERVICES LLC
                                 VERIZON LICENSING COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 1, 2009, this Court entered default final judgment (the "Judgment") (DE 87) in favor of Plaintiffs/Judgment Creditors Verizon California Inc., Verizon Trademark Services LLC, and Verizon Licensing Company (collectively, "Verizon") and against Lead Networks Domains Private Limited ("Lead Networks") and Naresh Malik (collectively, "Judgment Debtors"), in the amount of $23,800,000. Notwithstanding the judgment, Judgment Debtors have failed to make any payments.

In light of Judgment Debtors' history of deceptive practices designed to frustrate the enforcement of court orders and the orders of other tribunals, their disregard for this Court's orders, their established unwillingness to comply with the orders of this Court and other tribunals, and the likelihood that they would attempt to frustrate any efforts to satisfy the Judgment, on December 4, 2009, this Court appointed a temporary receiver to seize the domain names owned by the Judgment Debtors (the "Domain Name Assets") and the business operations of Lead Networks. (Order for Appointment of Receiver, DE 102, pg. 2.)

The moving papers and supporting documents filed in connection with the appointment of a temporary receiver, (the "Temporary Receiver Documents") (DE 91 to 102) were filed under seal because any notice to Judgment Debtors was likely to cause Judgment Debtors to move or hide the Domain Name Assets and the assets of Lead Networks. (See, e.g., DE 100, pgs. 11-12.) Because the appointment of a temporary receiver was made under seal, the Court has not yet issued an order to show cause why a permanent receiver should not be appointed pursuant to L.R. 66-3.

The Receiver has now advised Verizon that the Domain Name Assets and

the business operations of Lead Networks have been transferred into his control.[1] On January 14, 2011, Verizon filed a notice indicating the conclusion of the seal period regarding docket entries 91 to 102. (DE 132.) On January 18, 2011, the Court ordered that the Temporary Receiver Documents be removed from under seal. (DE 133.) On January 20, 2011, the Clerk unsealed the Temporary Receiver Documents. (See Docket Report for DE 91 to 102.)

Therefore, a permanent receiver should now be appointed to obtain a fair and orderly satisfaction of the judgment in this action.

## II. IT IS REASONABLE TO APPOINT A RECEIVER TO ASSIST WITH THE LIQUIDATION OF JUDGMENT DEBTORS' DOMAIN NAME ASSETS

### A. Domain Names Are Personal Property Which May Be Levied Against

As previously stated to the Court in Verizon's Ex Parte Application for Appointment of Receiver and Order to Show Cause (DE 100) and in the supporting Declaration of David J. Steele (DE 97) ("Steele Dec."), Lead Networks is the registrant (owner) of at least 10,758 domain names. (DE 100, pg. 5; Steele Dec. at ¶ 3.) Naresh Malik is the registrant of at least 118 domain names. *Id.* Under California law, these Domain Name Assets constitute personal property, and may be levied upon under a writ of execution like any other personal property. *See Kremen v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2003) ("like other forms of property, domain names are valued, bought and sold, often for millions of dollars (citation omitted), and they are now even subject to *in rem* jurisdiction, see 15 U.S.C. §1125(d)(2)."); *see also Office Depot, Inc. v. Zuccarini*, No. C 06-mc-80356 SI, 2007 U.S. DIST. LEXIS 69774, at *8-9 (N.D. Cal. Sept. 10, 2007) (appointing receiver to liquidate domain name holdings);

---

[1] The Receiver also advised Verizon that the business operations of Lead Networks have been wound down.

*Bosh v. Zavala*, Case No. 08-CV-04851-FMC-MANx (C.D. Cal. Sept. 24, 2009) (ordering the turnover of domain names pursuant to California Code of Civil Procedure §699.040(a) so that they may be sold to satisfy a judgment).

### B. Appointing a Receiver is a Reasonable Way To Ensure That The Liquidation Of The Domain Name Assets Is Fair And Orderly

The appointment of a receiver is a reasonable way to ensure that the liquidation of the Domain Name Assets is fair and orderly. *See* Cal. Code Civ. Proc. § 708.620 (receiver may be appointed where "the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment"). In *Office Depot*, the plaintiff obtained a judgment for $105,600 against the defendant, John Zuccarini, then obtained a writ of execution and sought appointment of a receiver to aid in the turnover of domain names in "Zuccarini's substantial domain name portfolio." *Office Depot*, 2007 U.S. DIST. LEXIS 69774, at *1-2. Judge Illston of the Northern District ordered that a receiver be appointed, noting that the "[judgment creditor] has shown that, 'considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver [typographical error omitted] is a reasonable method to obtain the fair and orderly satisfaction of the judgment.'" *Id*. at *13-14 (quoting Cal. Code Civ. Proc. § 708.620).

### C. Judgment Debtors' History In This Matter Strongly Supports The Appointment Of A Receiver

The appointment of a receiver is particularly appropriate where Judgment Debtors refuse to assist in the liquidation process or where the sale of the assets for maximum value requires specialized knowledge. *See e.g.*, *Tucker v. Fontes*, 70 Cal. App. 2d 768, 772 (Cal. App. 1945) (courts may order sale of judgment debtor's property by court-appointed receiver); *Macmorris Sales Corp. v. Kozak*, 249 Cal. App. 2d 998, 1000, 58 Cal. Rptr. 92 (1967) (receiver appointed to operate automobile sales businesses; "the [lower] court instructed the receiver to

liquidate the automobiles on hand 'in a manner designed to realize the maximum sum therefor'").

Judgment Debtors are professional cybersquatters and their history in this matter makes clear that it is highly unlikely they will preserve their assets or assist in the process of liquidating their assets to satisfy the Judgment. Moreover, Judgment Debtors have already established their unwillingness to comply with the orders of this Court and with other tribunals. Further, although this Court's order to appear for discovery was personally served on Naresh Malik in this District, Naresh Malik fled the country and failed to appear. (DE 100, pg. 6; Steele Dec. at ¶ 5.) Finally, Judgment Debtors failed to comply with this Court's Judgment ordering them to transfer to Verizon the domain names they hold that infringe Verizon's trademark rights, and Verizon instead was required to obtain the transfer of the domain names directly from the registry operator, VeriSign, Inc. (DE 100, pg. 6; Steele Dec. at ¶ 6.) Lastly, despite the Judgment, Judgment Debtors have not made any payments.

### D. A Receiver Can Efficiently Liquidate Judgment Debtors' Registrant Domain Name Portfolios Without Infringing Third-Party Trademarks

Verizon's trademarks are not the only ones being infringed by Judgment Debtors' domain name portfolios. As more fully described in Verizon's Motion for Default Judgment (DE 72, at pgs. 1-2), Judgment Debtors have orchestrated a scheme to hide the identity of cybersquatters whose domain names are confusingly similar to, and infringe the world's most well-known trademarks. In fact, many of the Domain Name Assets are confusingly similar to, and infringe the world's most well-known trademarks. (DE 100, pg. 7, Steele Dec. at ¶ 3.); *see also*, Verizon's Motion for Default Judgment (DE 72, at pg. 5).

In order to safeguard the rights of other trademark owners in the sale of the

Domain Name Assets, Mr. Fausett[2] has proposed that the liquidation be performed as a multi-step process. (See DE 100, pg. 6, and corresponding Declaration of Bret A. Fausett, DE 101, "Fausett Dec." at ¶ 14.) First, the Receiver would have the Domain Name Assets transferred to a new domain name registrar and into an account that he controls. (DE 101, pg. 6; Fausett Dec. at ¶ 14.) Next, the Receiver would analyze the domain names in the portfolio to identify which domain names may infringe the rights of third parties. (*Id.*) After the Court issues an Order to Show Cause allowing any third-party or other affected party an opportunity to object to the proposed process, the Receiver will offer each potentially infringing domain name to the owners of the relevant trademark at a nominal cost to cover the domain name transfer fees and the Receiver's time. (*Id.*) And finally, the Receiver will sell the remaining, non-infringing, domain names in the portfolio in order to help satisfy the Judgment. (*Id.*) The Receiver's technical sophistication and understanding of the domain name market will ensure the Domain Name Assets are liquidated for maximum value.

### III. AN ORDER TO SHOW CAUSE REQUIRING THE PARTIES IN THIS ACTION AND CREDITORS OF THE DEFENDANT TO SHOW CAUSE WHY A PERMANENT RECEIVER SHOULD NOT BE APPOINTED SHOULD BE ISSUED

L.R. 66-3 states that, "concurrently with appointment of a temporary receiver, the Court shall issue an order to show cause requiring the parties and the creditors of the defendant to show cause why a permanent receiver should not be appointed."

On December 4, 2009, this Court found that "appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the Judgment in

---

[2] As discussed in detail below, Verizon proposes that Mr. Fausett serve as the Permanent Receiver in this matter.

this action."[3] (DE 102, pg. 2.) However, because the Temporary Receiver Documents previously remained under seal, the Court has not issued an order to show cause why a permanent receiver should not be appointed.

Subsequently, the Receiver obtained control of the Domain Name Assets and Verizon has concurrently requested that the Temporary Receiver Documents be unsealed. Upon issuing an order to unseal the Temporary Receiver Documents, Verizon respectfully requests that the Court issue an order to show cause why a permanent receiver should not be appointed in order to ultimately liquidate Domain Name Assets and the business operations of Lead Networks and apply the proceeds toward the satisfaction of the Default Final Judgment.

## IV. **BRET A. FAUSETT, ESQ. SHOULD BE APPOINTED AS PERMANENT RECEIVER TO ENSURE THE LIQUIDATION OF ASSETS AND APPLY THE PROCEEDS TOWARD SATISFACTION OF THE JUDGMENT**

Because of the high-level of technical expertise required to liquidate for maximum value the Domain Name Assets the Court should appoint a permanent receiver experienced with the sale of domain names and the registrar business.

On December 4, 2009, this Court assigned Bret A. Fausett, Esq., to be the temporary receiver in this matter (DE 102, pg. 2).

Since December 4, 2009, Mr. Fausett has served as the temporary receiver and obtained control over the Domain Name Assets and the business operations of Lead Networks. Verizon respectfully requests that Mr. Fausett be appointed as the permanent receiver to continue assisting in the satisfaction of the Judgment in Verizon's favor.

---

[3] Verizon's reasons for requesting a receiver are discussed in detail in Verizon's Ex Parte Application for Appointment of Receiver and Order to Show Cause (DE 100, pgs. 5-8).

Mr. Fausett is not a party, an attorney of a party, a person with interests in this Action, or related to any judge of this Court. (DE 100, pg. 9; Fausett Dec. at ¶ 19.) He has familiarized himself with the relevant receivership statutes and in his declaration has sworn to perform his duties as receiver faithfully, impartially, and in accordance with the law. (DE 100, pg. 9; Fausett Dec. at ¶¶ 20-21.)

Mr. Fausett's *curriculum vitae* is attached as Exhibit A to his declaration. (DE 100, pg.9; Fausett Dec. at ¶ 3; and DE 101 Exh. A.) Mr. Fausett is of counsel to the law firm of AlvaradoSmith, APC[4], and has extensive experience practicing in the emerging law of domain names. (*Id.*)  He is a lawyer with over twenty years of experience, and was one of the country's first lawyers to focus on the intellectual property aspects of Internet law. (*Id.* at ¶ 4.) He represents several Internet registrars, and is the principal legal counsel for Tucows Inc., one of the top ten Internet registrars, for whom he handles substantially all of the company's legal matters. (*Id.* at ¶ 5.) He is familiar with the day-to-day operations of a registrar business and how its registrar accreditation may be procured, maintained, and transferred. (*Id.*) He is an award-winning columnist and blogger on issues in this area. (*Id.* at ¶ 6.) Mr. Fausett thus commands specialized knowledge and skills that make him far better suited to serve as a receiver in this specialized industry than ordinary commercial or financial receivers, though he is free to employ additional personnel as necessary for their commercial or financial skills. (*Id.* at ¶ 10.)

In another case in the U.S. District Court for the Northern District of California, Judge Fogel appointed Mr. Fausett as receiver for the purpose of assisting the Court in evaluating whether a registrar had complied with the Court's orders. *See Verizon California, Inc. v. OnlineNIC, Inc.,* Case No. C 08-2832-JF (N.D. Cal. May 13, 2009) (DE 109). (*Id.* at ¶ 11.)  Mr. Fausett has more

---

[4] Mr. Fausett was formerly with Adorno Yoss Alvarado & Smith which transitioned to AlvaradoSmith, APC on November 8, 2010.

recently been appointed by the Southern District of Florida in *Neiman Marcus Group, Inc. v. Rivard*, Case No. 09-CV-60594 (S.D. Fla. Sept. 23, 2009) (unsealed Nov. 9, 2009) (DE 42), as a receiver to take possession of a judgment debtor's substantial domain name holdings for purposes of preservation and then liquidation in order to satisfy a judgment. (DE 100, pg. 9; Fausett Dec. at ¶ 12.) Mr. Fausett has formulated a plan for purging trademark infringement from Judgment Debtors' domain name portfolios and then liquidating the non-infringing domain names for purposes of satisfying, in whole or in part, the Judgment. (*Id*. at ¶¶ 13-18.)

In view of Mr. Fausett's experience with the industry and familiarity with this matter, Verizon urges Mr. Fausett be appointed as the permanent receiver in order to efficiently liquidate the Domain Name Assets and the business operations of Lead Networks to assist with satisfaction of the Judgment in Verizon's favor.

## V. POST-JUDGMENT COLLECTION REQUESTS MAY BE HEARD *EX PARTE*

California courts[5] permit post-judgment collection requests to be heard without advance notice to the judgment debtor. S*ee Wyshak v. Wyshak*, 70 Cal. App. 3d 384, 388, 138 Cal. Rptr. 811, (1977) (writs of execution and other post-judgment collection procedures do not require notice to debtor under California law; collecting California cases); *accord Gonzalez v. Toews*, 111 Cal. App. 4th 977, 982, 4 Cal. Rptr. 3d 434 (2003); *see also Citronelle-Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180, 1189 (11th Cir. 1991) (receiver may be appointed without full evidentiary hearing); *Endicott Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285, 288, 45 S. Ct. 61, 69 L. Ed. 288 (1924)

---

[5] Federal money judgments may be collected under state-law procedures pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure. However, Federal Rule of Civil Procedure 66 asserts the primacy of federal law over state law in the appointment of a receiver. *See New York Life Ins. Co. v. Watt W. Inv. Corp.*, 755 F. Supp. 287, 289-90 (E.D. Ca. 1991).

(no requirement "that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment").[6] Moreover, entry of the default in this Action cut off any rights the served defendants may have had to appear or present evidence. *See Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927); *In re Uranium Antitrust Litig.*, 473 F. Supp. 382, 386 (D.C. Ill. 1979).

## VI. CONCLUSION

For all the reasons given above, Verizon respectfully requests the Court issue an order to show cause why a permanent receiver over the Domain Name Assets and Lead Networks' registrar business should not be appointed to liquidate those assets to assist with satisfaction of the Judgment in Verizon's favor. Verizon also respectfully requests that the Court appoint Mr. Fausett as the permanent receiver, effective 30 days after the order to show cause is issued, unless otherwise ordered by the court.

Dated: March 11, 2011

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By  /s/ David J. Steele
David J. Steele
Howard A. Kroll

Attorneys for Plaintiffs/Judgment Creditors
VERIZON CALIFORNIA INC.
VERIZON TRADEMARK SERVICES LLC
VERIZON LICENSING COMPANY

LLB IRV1120153.2-*-03/11/11 4:15 PM

---

[6] While the *Endicott* rule has been narrowed as to a judgment debtor's exempt property, its preference for the judgment creditor's expedient collection over redundant notice to the judgment debtor remains valid and viable. *See, e.g., Morrell v. Mock*, 270 F.3d 1090, 1096-97 (7th Cir. 2001); *McCahey v. L.P. Investors*, 774 F.2d 543, 547-48 (2d Cir. 1985); *Dionne v. Bouley*, 757 F.2d 1344, 1352 (1st Cir. 1985).