1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC.; VERIZON TRADEMARK SERVICES LLC; and VERIZON LICENSING COMPANY, | Case No. CV-09-00613 ABC (CWx) |
| Plaintiffs, | [PROPOSED] ORDER TO SHOW CAUSE REGARDING THE APPOINTMENT OF PERMANENT RECEIVER |
| vs. | |
| LEAD NETWORKS DOMAINS PRIVATE LIMITED; NARESH MALIK a/k/a NICK M.; MAHESH MALIK; KEVIN DASTE; and DOES 1-100, | Hon. Audrey B. Collins |
| Defendants. | |

The Court has considered the *ex parte* application (the "Application") of Plaintiffs/Judgment Creditors Verizon California Inc., Verizon Trademark Services LLC, and Verizon Licensing Company (collectively, "Verizon") for an order to show cause regarding the appointment of a permanent receiver over the domain names owned by Judgment Debtors Lead Networks Domains Private Limited ("Lead Networks") and Naresh Malik a/k/a Nick M. ("Naresh Malik") (the "Domain Name Assets") and the business operations of Lead Networks for the purposes of liquidating these assets and applying the proceeds toward

satisfaction of the Judgment in Verizon's favor.  Verizon furthers requests that the Court appoint Bret A. Fausett, Esq. to serve as the receiver of the Domain Name Assets and Lead Networks.

The Court, having considered the interests of Verizon and the Judgment Debtors, and being cognizant of this Action as being in the nature of a collection action after default judgment, finds that:

(a) appointment of a permanent receiver is a reasonable method to obtain the fair and orderly satisfaction of the Judgment in this Action; and

(b) the potential harm to Verizon from not appointing a permanent receiver outweighs any harm to the Judgment Debtors from appointing a permanent receiver.

Therefore, pursuant to Rules 66 and 69(a)(1) of the Federal Rules of Civil Procedure, Local Civil Rules 66-1 through 66-8, and California Code of Civil Procedure Section 708.620.

**IT IS HEREBY ORDERED** that Verizon's Application is GRANTED;

**IT IS FURTHER ORDERED** that within 30 days, parties to the action and creditors of the Judgment Debtors show cause why a permanent receiver should not be appointed.

**IT IS FURTHER ORDERED** that, unless otherwise ordered by the Court, 30 days after the Court issues this order to show cause regarding the appointment of a permanent receiver:

1.      Bret A. Fausett, Esq., shall be appointed Receiver for: (a) Domain Name Assets, wherever located; and (b) the business of Lead Networks and all its assets, wherever located (collectively, "Lead Networks' Business"), including without limitation all domain names that are registered through Lead Networks as registrar (the "Registrar Domain Names"); the foregoing, along with all proceeds thereof, shall constitute the Receivership Estate.

2.      The Receiver shall:

a.  determine which of the Domain Name Assets may infringe third-parties' trademark rights and which are appropriate for liquidation;

b.  take the following steps with respect to the Domain Name Assets that may infringe third-parties' trademark rights:

   i.  identify each trademark that may be infringed by any of the Domain Name Assets;

   ii.  identify the trademark owner associated with each relevant trademark;

   iii.  contact each trademark owner whose rights may be infringed by the registration or use of any of the Domain Name Assets;

   iv.  offer each trademark owner the following options with respect to each of the Domain Name Assets that infringe its trademark:

      1.  the Receiver will facilitate the transfer of any infringing domain name for an administrative fee between $250 and $1,000 as determined by the Receiver based on the number of domain names so as to recover the costs associated with the identification and transfer; or

      2.  the Receiver will direct the registrar to expressly delete the registration of any of the infringing domain names.

   v.  facilitate the transfer of any infringing domain name if requested by the trademark owner under subparagraph iv(1), otherwise, direct the registrar to expressly delete the

registration under subparagraph iv(2); and

c.  liquidate those Domain Name Assets appropriate for liquidation.

**IT IS FURTHER ORDERED** that the Receiver:

3.     Shall have full authority and power, with all of the usual, necessary and incidental powers of a receiver, to manage and to liquated the Lead Networks' Business and otherwise to carry out the Receiver's duties, including without limitation all authority and power provided by Federal Rule of Civil Procedure 66 and California Code of Civil Procedure Sections 564 through 570, 708.610, and 708.620, and including without limitation, authority and power to exercise Lead Networks' legal or corporate power under any and all contracts, accreditations, memoranda of understanding, letters of credit, bank accounts, books of account, or other legal instruments;

4.     Shall have the power and authority if necessary or advisable to request from this Court, with notice to the parties or *ex parte*, and on a regular, summary, or expedited basis, any order or orders as may expedite the carrying out of the Receiver's duties;

5.     Shall be entitled to employ attorneys, accountants, and investigators;

6.     Shall be entitled to deposit funds and establish and maintain bank and financial accounts in the name of Lead Networks or in his own name for the benefit of Lead Networks;

7.     Shall be entitled to bring suit in aid of collection or administration of Lead Networks;

8.     Shall, upon the winding up and disposition of the Receivership Estate, file with the Court a verified final report and accounting (the "Final Report") and an application for approval of the Final Report and discharge as receiver;

9.      Shall be entitled to charge as fees for services his and/or his staff's standard hourly rate, not to exceed $425, plus reimbursement of costs expended, and shall be entitled to draw such fees on a monthly basis from Lead Networks;

10.     Shall be entitled to act in any district or jurisdiction, and to file any paperwork in any district or jurisdiction as provided by 28 U.S.C. § 754 or other statute, law, or rule; and

11.     Shall serve without bond or undertaking; the receiver's oath taken by Mr. Fausett in his declaration to the Court is hereby noted and accepted.

**IT IS FURTHER ORDERED** that the Receiver:

12.     Shall prepare and lodge with the Court a brief report detailing the status of above actions within 120 days of the date of this Order, and if possible make a recommendation to the Court regarding whether the Lead Networks' Business should continue in operation or be liquidated.

**IT IS FURTHER ORDERED** that all persons receiving notice of this Order, including without limitation all domain name registrars and all domain name registry operators, for example Verisign, Inc., shall comply promptly with the Receiver's directives as provided for in this Order, including without limitation any directives by the Receiver to transfer any and all domain names between registrants, or between registrars, or the reassignment of the registrant or registrar of any domain names.

**IT IS FURTHER ORDERED** that Verizon may advance to the Receiver any necessary costs for the performance of his duties under this Order, and any such costs and advances shall be included by the Receiver in the Final Report.

**IT IS FURTHER ORDERED** that the Receiver's fees and costs, including any costs advanced by Verizon, shall constitute taxable costs pursuant to Local Civil Rule 54-4.10 and shall be added to the Judgment.

**IT IS FURTHER ORDERED** that all current officers, directors, managers, agents, employees, and/or attorneys of or for Lead Networks and all

persons in active concert with any of the foregoing (collectively, "Relieved Management") be, and hereby are, relieved of any and all authority or power to bind or act for or on behalf of Lead Networks, including any authority or power to exercise any of Lead Networks' legal or corporate power under any and all contracts, accreditations, memoranda of understanding, letters of credit, bank accounts, books of account, or other legal instruments, and Relieved Management and each of them are hereby enjoined and restrained from attempting to so bind or act for or on behalf of Lead Networks.

**IT IS FURTHER ORDERED** that any acts attempted or purported to be taken on behalf of Lead Networks by Relieved Management or any of them on and after the date of this Order, shall be, and hereby are, deemed null and void *ab initio* and performed without legal authority.

**IT IS FURTHER ORDERED** that Lead Networks and Naresh Malik shall indemnify and hold harmless any person who, after receiving notice of this Order, refuses to transact with or honor the attempted acts of Relieved Management or any of them for or on behalf of Lead Networks.

**IT IS FURTHER ORDERED** that to the extent the provisions of this Order conflict with the provisions of the Local Civil Rules, the provisions of this Order shall control.

Dated: _____March  14, 2011_____          _____

                                     Hon. Audrey B. Collins
                                     Chief United States District Judge

LLB IRV1120154.1-*-03/11/11 4:09 PM