UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00613 ABC (CW) | Date | April 28, 2011 |
|---|---|---|---|
| Title | Verizon California, Inc. et al. v. Lead Networks Domains Private Limited et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **ORDER RE: Objection to Appointment of Permanent Receiver** (In Chambers)

  In this case, the Court entered default judgment against Defendants Lead Networks Domains Private Limited and Naresh Malik on October 1, 2009 and against Defendant Mahesh Malik on January 1, 2011.  (Docket Nos. 87, 129.)  On March 14, 2011, the Court ordered Defendants to show cause why a permanent receiver should not be appointed to liquidate Defendants' domain names and business assets.  Defendant Naresh Malik timely responded on April 13, 2011.  (Docket No. 138.)  On April 26, 2011, the Receiver responded to Defendant's objections as directed by the Court's April 18, 2011 Order.  (Docket Nos. 140, 142.)  Having considered the parties' submissions, the Court OVERRULES Defendant's objections.

  Defendant first objects that the Receiver improperly terminated arbitration proceedings between Lead Networks and ICANN because Lead Network's accreditation with ICANN was one of Lead Network's "most valuable assets."  However, the Receiver explains that he undertook extensive efforts to find value in Lead Network's assets, but, unable to do so, he determined that winding down the business was the best course.  Pursuant to the Court's July 14, 2010 Order authorizing him to formally dissolve Lead Networks, he properly terminated the arbitration with ICANN and began the winding-down process.

  Defendant further objects to the monetizing of the domain names at issue and that any revenue is being paid to the Receivership estate, instead of him.  Yet, the Receiver was required to monetize the domain names and channel the revenue to the estate in order to pay for the substantial costs being incurred by the Receivership estate in renewing the seized domain names.  Moreover, the Receiver is in the process of reviewing and transferring any domain names infringing on valid trademarks to the respective marks' owners.

  Finally, Defendant objects that some of the seized domain names have been sold and others have been transferred without compensation.  These complaints are factually incorrect because the Receiver has not sold any domain names, although offers to buy some domain names have been received.  The Receiver further explains that a tiny number of the seized domain names were inadvertently allowed to expire, but once the issue was discovered, the process of renewing the domain names was corrected to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00613 ABC (CW) | Date | April 28, 2011 |
|---|---|---|---|
| Title | Verizon California, Inc. et al. v. Lead Networks Domains Private Limited et al. | | |

prevent future errors.  The Receiver also indicates that 15 domain names have been transferred to companies that prevailed in other proceedings in accord with Lead Networks' contractual obligations as an ICANN registrar, all of whom had valid trademark rights.  There was nothing improper about the Receiver's actions in this regard.

     Therefore, the Court APPOINTS Bret A. Fausett, Esq., as the permanent receiver.  The terms of the Court's March 14, 2011 Order to Show Cause shall become effective as of the date of this Order.

     **IT IS SO ORDERED.**

                                                                                                   :

Initials of Preparer      AB