DIEMER, WHITMAN & CARDOSI, LLP
KATHRYN S. DIEMER, #133977
75 East Santa Clara Street, Suite 290
San Jose, California   95113
Telephone:  (408) 971-6270
Facsimile: (408) 971-6271

ATTORNEYS FOR
SHABOD RAESTEGAR AND METRIX 360, INC.
INTERESTED THIRD PARTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC., et al.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LEAD NETWORK DOMAINS PRIVATE LIMITED, et al.<br><br>　　　　　Defendants. | Case No. CV-09-00613 ABC (CWx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER<br><br>DATE: August 2, 2011<br>TIME: 10:00 AM<br>JUDGE: Magistrate Judge Carla Woehrie<br>COURTROOM: 640 |

I.    INTRODUCTION AND FACTS

This is an action by plaintiffs for cybersquatting.

The defendants in this action were Lead Networks Domains Private Limited, Mahesh Malik, Naresh Malik, and Kevin Daste.  Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.

On October 5, 2009 this court issued an order authorizing the Plaintiffs to serve discovery on third parties likely to have information reasonably calculated to lead to the identification of defendants named as DOES in this action. To date, no DOES have been named as additional defendants.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER

On December 4, 2009 Bret Fausett was appointed receiver for the domain name holdings of Naresh Malik and Lead Networks. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste.

On April 28, 2011, the court made Mr. Fausett the permanent receiver of the domain name holdings.

Judgment or dismissal has resolved all issues against the defendants, and there is no longer any pending active controversy or case.

On May 25, 2011, plaintiffs issued subpoenas to non-parties Metrix 360, Inc. and Shabod Raestegar. See Exhibits A and B to the Diemer declaration submitted herewith.

There does not appear to be any litigation pending before the court for which this discovery would be material or relevant. All issues before the court have been resolved by judgment or dismissal. Plaintiffs cannot demonstrate the high burden of relevance for nonparty discovery where there is no longer any controversy to justify any discovery from non-parties.

This is a motion for a protective order, quashing the subpoenas, or in the alterative for an order limiting the scope of the matters that may be discovered under those subpoenas. The subpoenas are not relevant to any pending issue in the case, are overbroad and seek production of confidential financial information. Unless a protective order is issued, Metrix 360, Inc. and Shabod Raestegar will be subject to an undue burden in responding to the discovery, and confidential personal financial information will be disclosed which is not relevant to a claim or defense, or relevant to the subject matter of this action.

By reason thereof, Metrix 360, Inc. and Shabod Raestegar have standing to bring this motion for a protective order, and the court should limit the scope of the subpoena pursuant to FRCP 26(c)(1).

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER

2

II. COURT MAY ISSUE A PROTECTIVE ORDER LIMITING THE SCOPE OF THE SUBPOENA FOR GOOD CAUSE

FRCP 26(c)(1) provides in pertinent part:

> [A]ny person from whom discovery is sought may move for a protective order in the court where the action is pending... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery...
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters..."

The court may for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. FRCP 26(c)(1). Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS (9th Cir. 1982) 666 Fd2d 364, 368-369. FRCP 26(c)(1) provides protection available by court order, including: forbidding discovery; and limiting the scope of the discovery to certain matters. The list is not exhaustive; the trial court has wide discretion to impose other limits on discovery. United States v. CBS, supra.

Under FRCP 26a plaintiff has a right to discovery of matter relevant to the plaintiff's claim and the subject matter involved in the action. Discovery should be denied where the information sought is remote to any matter involved in the case. Although liberal, the standard of relevancy is not unlimited. It does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. Factors to consider in determining whether to issue a protective order include whether the information is being sought for a legitimate purpose, whether the disclosure violates a privacy interest, and whether the sharing of information will promote fairness and efficiency in the litigation. See Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

Where discovery is sought from a nonparty, the necessary restriction of discovery is broader. There are strong considerations for discovery to be more limited to protect nonparties from

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER

3

1 harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v.
2 Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to
3 seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v.
4 Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or
5 documents sought are not relevant nor calculated to lead to the discovery of admissible evidence,
6 then any burden whatsoever imposed upon Acer would be by definition "undue". Compaq Computer
7 Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

8

9 III.  SHABOD RAESTEGAR AND METRIX 360, INC. HAVE STANDING TO BRING THIS MOTION FOR A PROTECTIVE ORDER
10
11   Movant has standing to object to the subpoena because it infringes on his right to financial
12 privacy in the records sought and it seeks disclosure of his financial, personal and business dealings
13 in detail. Chemical Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993); Chazin v. Lieberman, 129
14 F.R.D. 97, 98 (S.D.N.Y. 1990); see also Carey v. Berisford Metals Corp., 1991 U.S. Dist. LEXIS
15 3776 (S.D.N.Y. 1991).

16
17 IV.  THE SUBPOENAS ARE NOT RELEVANT TO ANY ISSUE REMAINING IN THE CASE, ARE OVERBROAD, BURDENSOME, AND SEEKS PRIVATE FINANCIAL INFORMATION
18
19   The subpoena to Metrix 360, Inc. requires production of all corporate documents of Mertix
20 360; documents identifying all officers shareholders, and employees of Metrix 360 for the last five
21 years; all documents identifying any person who has had an ownership or financial interest in Metrix
22 360 for the last five years; all documents (including financial documents) relating to *any* domain
23 name by Metrix, regardless of any connection to the domain names that were at issue in the case;
24 documents relating to transactions with eleven other nonparties[1], including financial dealings with

25 ---
26 [1] Defined in the subpoenas as "OTHER PARTIES." These nonparties are defined as Dale Begg-Smith; Jason Begg-Smith; Domaincannon.com LLC; Name.com L,L.C. Name.net L.L.C., and Spot Dumains L.L.C.; 19 Parking.corn; A MG Inc. a/k/a Alternative Marketing Group; Softech
27 Ltd. A/k/a Softtech Ltd,; Hecta Media Inc. (now known as Top Level Domain Holdings Ltd.); and
(continued...)
28 MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER

4

these other nonparties, regardless of the connection to the issues or parties named in the case; claims made against the other non-parties; any action involving any domain name brought against Metrix; and any document produced bu Metrix in any such proceeding; any declarations filed in any such proceedings.

The subpoena served on Raestegar states the topics of the deposition will include: Business operations of RASTEGAR; the Business operations of the other nonparties, listed above; the business relationships between RASTEGAR and those other nonparties; the transfer of business operations and/or assets of RASTEGAR, and the other nonparties; Any payments or agreements related to any of the INFRINGING DOMAIN NAMES; Any payments or agreements related to any domain name other than the INFRINGING DOMAIN NAMES; Agreements and/or transactions between RASTEGAR and DEFENDANTS; Agreements and/or transactions between RASTEGAR and the other nonparties; and information concerning any domain name ever used by RASTEGAR.

The litigation started by plaintiffs before this court appears to have been concluded by way of judgment and dismissal. There are judgments or dismissals of all named defendants. No DOE defendants have been named. The are no issues left before the court for which this discovery would be material or relevant. There is no longer any controversy before the court that would justify any discovery from non-parties. The subpoenas are oppressive in that they are so overbroad it will result in the disclosure of a multitude of personal financial transactions unrelated to the claims asserted in this lawsuit.

Under these circumstances, a protective order should issue to protect Metrix 360, Inc. and Shabod Raestegar from the burden of responding to this discovery. The information sought is remote to any matter now involved in the case and does no presently appear germane on the theory that it might conceivably becomes so.

The subpoenas also request information subject to movants' right of financial privacy and

---

[1](...continued)
any and all employees, officers, owners, past and present domestic or foreign parents, subsidiaries, divisions, departments, sister entities, affiliates, partners of partnerships, predecessors or successors-in-interest, corporate subunits, partnerships, joint ventures, or other business entities.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER

5

information about movants confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson</u> (10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the movants' privacy interest, production of such information will violate movants' privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see <u>Pansy v. Borough of Stroudsburg</u> (3rd Cir. 1994) 23 F3d 772, 787-791.

For these reasons movants ask the court to issue an order quashing the subpoenas. In the alternative, movants request the court issue a protective order imposing limits on the subpoenas and the deposition so as to restrict their scope.

Dated: June 24, 2011

DIEMER, WHITMAN & CARDOSI, LLP

By: _____
Kathryn S. Diemer
Attorneys for SHABOD RAESTEGAR AND
METRIX 360, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER