1  **DAVID J. STEELE, CA Bar No. 209797**
   **Email:  djslit@cph.com**
2  **CHRISTIE, PARKER & HALE, LLP**
   **3501 Jamboree Road, Suite 6000-North Tower**
3  **Newport Beach, CA  92660**
   **Telephone:  (949) 476-0757**
4  **Facsimile:  (949) 476-8640**

5  **[SEE SIGNATURE PAGE FOR FULL LISTING OF COUNSEL]**

6  Attorneys for Plaintiffs,
   VERIZON CALIFORNIA INC.,
7  VERIZON TRADEMARK SERVICES LLC,
   and VERIZON LICENSING COMPANY

8

                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11

12  VERIZON CALIFORNIA INC.;              Case No.  CV09-0613 ABC (CWx)
    VERIZON TRADEMARK SERVICES
13  LLC; and VERIZON LICENSING            **JOINT STIPULATION RE:**
    COMPANY,                              **VERIZON'S MOTION TO**
14                                        **ENFORCE AMENDED ORDER**
                    Plaintiffs,           **DATED OCTOBER 5, 2009**
15                                        **ENTERED BY CHIEF UNITED**
              vs.                         **STATES DISTRICT JUDGE**
16                                        **AUDREY B. COLLINS AND**
    LEAD NETWORKS DOMAINS                 **FOR CONTEMPT OF COURT**
17  PRIVATE LIMITED; NARESH MALIK
    a/k/a NICK M.; MAHESH MALIK;          **[Noticed to be heard by Hon.**
18  KEVIN DASTE; and DOES 1-100,          **Audrey B. Collins pursuant to**
                                          **L.R. 7-17]**
19                  Defendants.
                                          **DATE:  August 22, 2011**
20                                        **TIME:     10:00 a.m.**
                                          **CTRM:   640 (Roybal)**
21                                        **Hon. Audrey B. Collins**

22                                        **Discovery Cut-Off Date: none**
                                          **Pretrial Conference Date: none**
23                                        **Trial Date: none**

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

**PAGE(S)**

I.   VERIZON'S INTRODUCTORY STATEMENT ......................................... 1

II.  SHABOD   RAESTEGAR   AND   METRIX   360,   INC.'S INTRODUCTORY STATEMENT ...................................................... 4

III. THE PARTIES' CONTENTIONS AS TO THE SUBPOENAS AT ISSUE......................................................................................... 6

    A.   Document Subpoena Directed to Metrix 360 ...................................... 6

        1.   Document Request 1 Directed to Metrix 360........................ 6

            a)   Text of Request 1 Directed to Metrix 360 ...................... 6

            b)   Metrix 360's Response to Document Request 1 ............. 6

            c)   Verizon's Position ......................................................... 6

            d)   Metrix 360's Position .................................................. 18

        2.   Document Request 2 Directed to Metrix 360........................ 19

            a)   Text of Request 2 Directed to Metrix 360 .................... 19

            b)   Metrix 360's Response to Document Request 2 ........... 19

            c)   Verizon's Position ....................................................... 19

            d)   Metrix 360's Position .................................................. 20

        3.   Document Request 3 Directed to Metrix 360........................ 22

            a)   Text of Request 3 Directed to Metrix 360 .................... 22

            b)   Metrix 360's Response to Document Request 3 ........... 22

            c)   Verizon's Position ....................................................... 22

            d)   Metrix 360's Position .................................................. 23

        4.   Document Request 4 Directed to Metrix 360........................ 24

            a)   Text of Request 4 Directed to Metrix 360 .................... 24

            b)   Metrix 360's Response to Document Request 4 ........... 24

            c)   Verizon's Position ....................................................... 24

            d)   Metrix 360's Position .................................................. 25

i

5.  Document Request 5 Directed to Metrix 360.......................... 27

  a)  Text of Request 5 Directed to Metrix 360 .................... 27

  b)  Metrix 360's Response to Document Request 5 ........... 27

  c)  Verizon's Position ........................................................ 28

  d)  Metrix 360's Position .................................................... 29

6.  Document Request 6 Directed to Metrix 360.......................... 31

  a)  Text of Request 6 Directed to Metrix 360 .................... 31

  b)  Metrix 360's Response to Document Request 6 ........... 31

  c)  Verizon's Position ........................................................ 31

  d)  Metrix 360's Position .................................................... 32

7.  Document Request 7 Directed to Metrix 360.......................... 34

  a)  Text of Request 7 Directed to Metrix 360 .................... 34

  b)  Metrix 360's Response to Document Request 7 ........... 34

  c)  Verizon's Position ........................................................ 35

  d)  Metrix 360's Position .................................................... 36

8.  Document Request 8 Directed to Metrix 360.......................... 38

  a)  Text of Request 8 Directed to Metrix 360 .................... 38

  b)  Metrix 360's Response to Document Request 8 ........... 38

  c)  Verizon's Position ........................................................ 38

  d)  Metrix 360's Position .................................................... 39

9.  Document Request 9 Directed to Metrix 360.......................... 41

  a)  Text of Request 9 Directed to Metrix 360 .................... 41

  b)  Metrix 360's Response to Document Request 9 ........... 41

  c)  Verizon's Position ........................................................ 41

  d)  Metrix 360's Position .................................................... 42

10.  Document Request 10 Directed to Metrix 360........................ 44

  a)  Text of Request 10 Directed to Metrix 360 .................. 44

  b)  Metrix 360's Response to Document Request 10 .......... 44

ii

| | | c) | Verizon's Position ........................................................ 44 |
| | | d) | Metrix 360's Position ................................................... 45 |
| | 11. | | Document Request 11 Directed to Metrix 360 ........................ 47 |
| | | a) | Text of Request 11 Directed to Metrix 360 .................. 47 |
| | | b) | Metrix 360's Response to Document Request 11 .......... 47 |
| | | c) | Verizon's Position ........................................................ 47 |
| | | d) | Metrix 360's Position ................................................... 48 |
| | 12. | | Document Request 12 Directed to Metrix 360 ........................ 50 |
| | | a) | Text of Request 12 Directed to Metrix 360 .................. 50 |
| | | b) | Metrix 360's Response to Document Request 12 .......... 50 |
| | | c) | Verizon's Position ........................................................ 50 |
| | | d) | Metrix 360's Position ................................................... 51 |
| | 13. | | Document Request 13 Directed to Metrix 360 ........................ 53 |
| | | a) | Text of Request 13 Directed to Metrix 360 .................. 53 |
| | | b) | Metrix 360's Response to Document Request 13 .......... 53 |
| | | c) | Verizon's Position ........................................................ 53 |
| | | d) | Metrix 360's Position ................................................... 54 |
| | 14. | | Document Request 14 Directed to Metrix 360 ........................ 56 |
| | | a) | Text of Request 14 Directed to Metrix 360 .................. 56 |
| | | b) | Metrix 360's Response to Document Request 14 .......... 57 |
| | | c) | Verizon's Position ........................................................ 57 |
| | | d) | Metrix 360's Position ................................................... 58 |
| | 15. | | Document Request 15 Directed to Metrix 360 ........................ 60 |
| | | a) | Text of Request 15 Directed to Metrix 360 .................. 60 |
| | | b) | Metrix 360's Response to Document Request 15 .......... 60 |
| | | c) | Verizon's Position ........................................................ 60 |
| | | d) | Metrix 360's Position ................................................... 61 |
| | 16. | | Document Request 16 Directed to Metrix 360 ........................ 62 |

CHRISTIE, PARKER & HALE, LLP

|  |  | a) | Text of Request 16 Directed to Metrix 360 .................. 62 |
|--|--|----|-----------------------------------------------------------------|
|  |  | b) | Metrix 360's Response to Document Request 16.......... 62 |
|  |  | c) | Verizon's Position ...................................................... 62 |
|  |  | d) | Metrix 360's Position .................................................. 63 |
|  | 17. | | Document Request 17 Directed to Metrix 360........................ 64 |
|  |  | a) | Text of Request 17 Directed to Metrix 360 .................. 64 |
|  |  | b) | Metrix 360's Response to Document Request 17.......... 64 |
|  |  | c) | Verizon's Position ...................................................... 64 |
|  |  | d) | Metrix 360's Position .................................................. 65 |
|  | 18. | | Document Request 18 Directed to Metrix 360........................ 67 |
|  |  | a) | Text of Request 18 Directed to Metrix 360 .................. 67 |
|  |  | b) | Metrix 360's Response to Document Request 18.......... 67 |
|  |  | c) | Verizon's Position ...................................................... 67 |
|  |  | d) | Metrix 360's Position .................................................. 68 |
|  | 19. | | Document Request 19 Directed to Metrix 360........................ 69 |
|  |  | a) | Text of Request 19 Directed to Metrix 360 .................. 69 |
|  |  | b) | Metrix 360's Response to Document Request 19.......... 69 |
|  |  | c) | Verizon's Position ...................................................... 69 |
|  |  | d) | Metrix 360's Position .................................................. 70 |
|  | 20. | | Document Request 20 Directed to Metrix 360........................ 71 |
|  |  | a) | Text of Request 20 Directed to Metrix 360 .................. 71 |
|  |  | b) | Metrix 360's Response to Document Request 20.......... 72 |
|  |  | c) | Verizon's Position ...................................................... 72 |
|  |  | d) | Metrix 360's Position .................................................. 73 |
|  | 21. | | Document Request 21 Directed to Metrix 360........................ 74 |
|  |  | a) | Text of Request 21 Directed to Metrix 360 .................. 74 |
|  |  | b) | Metrix 360's Response to Document Request 21.......... 74 |
|  |  | c) | Verizon's Position ...................................................... 74 |

iv

CHRISTIE, PARKER & HALE, LLP

1            d)      Metrix 360's Position ....................................................... 75

2     B.    Document Subpoena Directed to Rastegar ........................................ 76

3         1.    Document Request 1 Directed to Rastegar ................................ 76

4             a)      Text of Request 1 Directed to Rastegar ....................... 76

5             b)      Rastegar's Response to Document Request 1 ................ 77

6             c)      Verizon's Position ....................................................... 77

7             d)      Rastegar's Position ...................................................... 82

8         2.    Document Request 2 Directed to Rastegar ............................... 83

9             a)      Text of Request 2 Directed to Rastegar ....................... 83

10             b)      Rastegar's Response to Document Request 2 ................ 84

11             c)      Verizon's Position ....................................................... 84

12             d)      Rastegar's Position ...................................................... 85

13         3.    Document Request 3 Directed to Rastegar ............................... 87

14             a)      Text of Request 3 Directed to Rastegar ....................... 87

15             b)      Rastegar's Response to Document Request 3 ................ 87

16             c)      Verizon's Position ....................................................... 87

17             d)      Rastegar's Position ...................................................... 88

18         4.    Document Request 4 Directed to Rastegar ............................... 90

19             a)      Text of Request 4 Directed to Rastegar ....................... 90

20             b)      Rastegar's Response to Document Request 4 ................ 91

21             c)      Verizon's Position ....................................................... 91

22             d)      Rastegar's Position ...................................................... 92

23         5.    Document Request 5 Directed to Rastegar ............................... 94

24             a)      Text of Request 5 Directed to Rastegar ....................... 94

25             b)      Rastegar's Response to Document Request 5 ................ 94

26             c)      Verizon's Position ....................................................... 94

27             d)      Rastegar's Position ...................................................... 95

28         6.    Document Request 6 Directed to Rastegar ............................... 97

CHRISTIE, PARKER & HALE, LLP

1               a)     Text of Request 6 Directed to Rastegar ........................ 97

2               b)     Rastegar's Response to Document Request 6 ............... 97

3               c)     Verizon's Position ........................................................ 97

4               d)     Rastegar's Position ...................................................... 98

5       7.     Document Request 7 Directed to Rastegar.............................. 99

6               a)     Text of Request 7 Directed to Rastegar ........................ 99

7               b)     Rastegar's Response to Document Request 7 ............... 99

8               c)     Verizon's Position ...................................................... 100

9               d)     Rastegar's Position .................................................... 101

10      8.     Document Request 8 Directed to Rastegar............................ 103

11             a)     Text of Request 8 Directed to Rastegar ...................... 103

12             b)     Rastegar's Response to Document Request 8 ............. 103

13              c)     Verizon's Position ...................................................... 103

14              d)     Rastegar's Position .................................................... 104

15       9.     Document Request 9 Directed to Rastegar............................ 106

16             a)     Text of Request 9 Directed to Rastegar ...................... 106

17              b)     Rastegar's Response to Document Request 9 ............. 106

18              c)     Verizon's Position ...................................................... 106

19              d)     Rastegar's Position .................................................... 107

20     10.   Document Request 10 Directed to Rastegar.......................... 109

21             a)     Text of Request 10 Directed to Rastegar .................... 109

22             b)     Rastegar's Response to Document Request 10 ........... 109

23              c)     Verizon's Position ...................................................... 109

24              d)     Rastegar's Position .................................................... 110

25     11.   Document Request 11 Directed to Rastegar.......................... 111

26             a)     Text of Request 11 Directed to Rastegar .................... 111

27             b)     Rastegar's Response to Document Request 11 ........... 111

28              c)     Verizon's Position ...................................................... 111

CHRISTIE, PARKER & HALE, LLP

d)      Rastegar's Position ........................................................ 112

12.     Document Request 12 Directed to Rastegar .......................... 114

a)      Text of Request 12 Directed to Rastegar .................... 114

b)      Rastegar's Response to Document Request 12............ 114

c)      Verizon's Position ........................................................ 115

d)      Rastegar's Position ........................................................ 115

13.     Document Request 13 Directed to Rastegar .......................... 117

a)      Text of Request 13 Directed to Rastegar .................... 117

b)      Rastegar's Response to Document Request 13............ 117

c)      Verizon's Position ........................................................ 118

d)      Rastegar's Position ........................................................ 118

14.     Document Request 14 Directed to Rastegar .......................... 120

a)      Text of Request 14 Directed to Rastegar .................... 120

b)      Rastegar's Response to Document Request 14............ 120

c)      Verizon's Position ........................................................ 120

d)      Rastegar's Position ........................................................ 121

15.     Document Request 15 Directed to Rastegar .......................... 122

a)      Text of Request 15 Directed to Rastegar .................... 122

b)      Rastegar's Response to Document Request 15............ 122

c)      Verizon's Position ........................................................ 123

d)      Rastegar's Position ........................................................ 123

16.     Document Request 16 Directed to Rastegar .......................... 125

a)      Text of Request 16 Directed to Rastegar .................... 125

b)      Rastegar's Response to Document Request 16............ 125

c)      Verizon's Position ........................................................ 125

d)      Rastegar's Position ........................................................ 126

17.     Document Request 17 Directed to Rastegar .......................... 127

a)      Text of Request 17 Directed to Rastegar .................... 127

vii

b)      Rastegar's Response to Document Request 17............ 127

c)      Verizon's Position ........................................................ 127

d)      Rastegar's Position ..................................................... 128

18.      Document Request 18 Directed to Rastegar........................... 129

a)      Text of Request 18 Directed to Rastegar .................... 129

b)      Rastegar's Response to Document Request 18............ 129

c)      Verizon's Position ........................................................ 129

d)      Rastegar's Position ..................................................... 130

C.      Deposition Subpoena Directed to Metrix 360 ................................. 132

1.      Deposition Topic 1 .......................................................... 132

a)      Text of Deposition Topic 1 ........................................ 132

b)      Metrix 360's Response to Deposition Topic 1 ............ 132

c)      Verizon's Position ........................................................ 132

d)      Metrix 360's Position ................................................... 137

2.      Deposition Topic 2 .......................................................... 137

a)      Text of Deposition Topic 2 ........................................ 137

b)      Metrix 360's Response to Deposition Topic 2 ............ 138

c)      Verizon's Position ........................................................ 138

d)      Metrix 360's Position ................................................... 138

3.      Deposition Topic 3 .......................................................... 139

a)      Text of Deposition Topic 3 ........................................ 139

b)      Metrix 360's Response to Deposition Topic 3 ............ 139

c)      Verizon's Position ........................................................ 139

d)      Metrix 360's Position ................................................... 139

4.      Deposition Topic 4 .......................................................... 141

a)      Text of Deposition Topic 4 ........................................ 141

b)      Metrix 360's Response to Deposition Topic 4 ............ 141

c)      Verizon's Position ........................................................ 141

CHRISTIE, PARKER & HALE, LLP

|  |  | d) | Metrix 360's Position .................................................... 141 |
| 5. | | | Deposition Topic 5 ........................................................ 143 |
|  |  | a) | Text of Deposition Topic 5 ........................................ 143 |
|  |  | b) | Metrix 360's Response to Deposition Topic 5 ............ 143 |
|  |  | c) | Verizon's Position ..................................................... 143 |
|  |  | d) | Metrix 360's Position ................................................ 144 |
| 6. | | | Deposition Topic 6 ........................................................ 145 |
|  |  | a) | Text of Deposition Topic 6 ........................................ 145 |
|  |  | b) | Metrix 360's Response to Deposition Topic 6 ............ 145 |
|  |  | c) | Verizon's Position ..................................................... 145 |
|  |  | d) | Metrix 360's Position ................................................ 146 |
| 7. | | | Deposition Topic 7 ........................................................ 148 |
|  |  | a) | Text of Deposition Topic 7 ........................................ 148 |
|  |  | b) | Metrix 360's Response to Deposition Topic 7 ............ 148 |
|  |  | c) | Verizon's Position ..................................................... 148 |
|  |  | d) | Metrix 360's Position ................................................ 148 |
| 8. | | | Deposition Topic 8 ........................................................ 149 |
|  |  | a) | Text of Deposition Topic 8 ........................................ 149 |
|  |  | b) | Metrix 360's Response to Deposition Topic 8 ............ 149 |
|  |  | c) | Verizon's Position ..................................................... 149 |
|  |  | d) | Metrix 360's Position ................................................ 150 |
| 9. | | | Deposition Topic 9 ........................................................ 151 |
|  |  | a) | Text of Deposition Topic 9 ........................................ 151 |
|  |  | b) | Metrix 360's Response to Deposition Topic 9 ............ 151 |
|  |  | c) | Verizon's Position ..................................................... 151 |
|  |  | d) | Metrix 360's Position ................................................ 151 |
| 10. | | | Deposition Topic 10 ...................................................... 152 |
|  |  | a) | Text of Deposition Topic 10 ...................................... 152 |

|  |  | b) | Metrix 360's Response to Deposition Topic 10 .......... 152 |
|  |  | c) | Verizon's Position ....................................................... 153 |
|  |  | d) | Metrix 360's Position .................................................. 153 |
|  | 11. |  | Deposition Topic 11 ............................................................. 154 |
|  |  | a) | Text of Deposition Topic 11 ........................................ 154 |
|  |  | b) | Metrix 360's Response to Deposition Topic 11 .......... 154 |
|  |  | c) | Verizon's Position ....................................................... 154 |
|  |  | d) | Metrix 360's Position .................................................. 154 |
|  | 12. |  | Deposition Topic 12 ............................................................. 156 |
|  |  | a) | Text of Deposition Topic 12 ........................................ 156 |
|  |  | b) | Metrix 360's Response to Deposition Topic 12 .......... 156 |
|  |  | c) | Verizon's Position ....................................................... 156 |
|  |  | d) | Metrix 360's Position .................................................. 157 |
|  | 13. |  | Deposition Topic 13 ............................................................. 159 |
|  |  | a) | Text of Deposition Topic 13 ........................................ 159 |
|  |  | b) | Metrix 360's Response to Deposition Topic 13 .......... 159 |
|  |  | c) | Verizon's Position ....................................................... 159 |
|  |  | d) | Metrix 360's Position .................................................. 159 |
|  | 14. |  | Deposition Topic 14 ............................................................. 160 |
|  |  | a) | Text of Deposition Topic 14 ........................................ 160 |
|  |  | b) | Metrix 360's Response to Deposition Topic 14 .......... 160 |
|  |  | c) | Verizon's Position ....................................................... 160 |
|  |  | d) | Metrix 360's Position .................................................. 161 |
|  | 15. |  | Deposition Topic 15 ............................................................. 162 |
|  |  | a) | Text of Deposition Topic 15 ........................................ 162 |
|  |  | b) | Metrix 360's Response to Deposition Topic 15 .......... 162 |
|  |  | c) | Verizon's Position ....................................................... 162 |
|  |  | d) | Metrix 360's Position .................................................. 162 |

x

1   16.   Deposition Topic 16 .......................................................... 163

2         a)   Text of Deposition Topic 16 .......................................... 163

3         b)   Metrix 360's Response to Deposition Topic 16 .......... 163

4         c)   Verizon's Position .......................................................... 163

5         d)   Metrix 360's Position .................................................... 164

6   17.   Deposition Topic 17 .......................................................... 165

7         a)   Text of Deposition Topic 17 .......................................... 165

8         b)   Metrix 360's Response to Deposition Topic 17 .......... 165

9         c)   Verizon's Position .......................................................... 165

10        d)   Metrix 360's Position .................................................... 165

11   D.   Deposition Subpoena Directed to Rastegar ...................................... 167

12   1.   Deposition Topic 1 ............................................................ 167

13        a)   Text of DepositionTopic 1 ............................................ 167

14        b)   Rastegar's Response to Deposition Topic 1 ................ 167

15        c)   Verizon's Position .......................................................... 167

16        d)   Rastegar's Position........................................................ 172

17   2.   Deposition Topic 2 ............................................................ 172

18        a)   Text of Deposition Topic 2 ............................................ 172

19        b)   Rastegar's Response to Deposition Topic 2 ................ 173

20        c)   Verizon's Position .......................................................... 173

21        d)   Rastegar's Position........................................................ 173

22   3.   Deposition Topic 3 ............................................................ 175

23        a)   Text of Deposition Topic 3 ............................................ 175

24        b)   Rastegar's Response to Deposition Topic 3 ................ 175

25        c)   Verizon's Position .......................................................... 175

26        d)   Rastegar's Position........................................................ 175

27   4.   Deposition Topic 4 ............................................................ 176

28        a)   Text of Deposition Topic 4 ............................................ 176

CHRISTIE, PARKER & HALE, LLP

b)      Rastegar's Response to Deposition Topic 4 ................ 176

c)      Verizon's Position ....................................................... 177

d)      Rastegar's Position ...................................................... 177

5.      Deposition Topic 5 ............................................................. 178

a)      Text of Deposition Topic 5 .......................................... 178

b)      Rastegar's Response to Deposition Topic 5 ................. 178

c)      Verizon's Position ....................................................... 178

d)      Rastegar's Position ...................................................... 178

6.      Deposition Topic 6 ............................................................. 179

a)      Text of Deposition Topic 6 .......................................... 179

b)      Rastegar's Response to Deposition Topic 6 ................. 179

c)      Verizon's Position ....................................................... 179

d)      Rastegar's Position ...................................................... 179

7.      Deposition Topic 7 ............................................................. 181

a)      Text of Deposition Topic 7 .......................................... 181

b)      Rastegar's Response to Deposition Topic 7 ................. 181

c)      Verizon's Position ....................................................... 182

d)      Rastegar's Position ...................................................... 182

8.      Deposition Topic 8 ............................................................. 183

a)      Text of Deposition Topic 8 .......................................... 183

b)      Rastegar's Response to Deposition Topic 8 ................. 183

c)      Verizon's Position ....................................................... 183

d)      Rastegar's Position ...................................................... 183

9.      Deposition Topic 9 ............................................................. 184

a)      Text of Deposition Topic 9 .......................................... 184

b)      Rastegar's Response to Deposition Topic 9 ................. 184

c)      Verizon's Position ....................................................... 184

d)      Rastegar's Position ...................................................... 184

CHRISTIE, PARKER & HALE, LLP

10. Deposition Topic 10 ................................................................ 186

    a) Text of Deposition Topic 10 ........................................ 186

    b) Rastegar's Response to Deposition Topic 10 ............. 186

    c) Verizon's Position ........................................................ 186

    d) Rastegar's Position ...................................................... 186

11. Deposition Topic 11 ................................................................ 187

    a) Text of Deposition Topic 11 ........................................ 187

    b) Rastegar's Response to Deposition Topic 11 ............. 187

    c) Verizon's Position ........................................................ 187

    d) Rastegar's Position ...................................................... 187

12. Deposition Topic 12 ................................................................ 188

    a) Text of Deposition Topic 12 ........................................ 188

    b) Rastegar's Response to Deposition Topic 12 ............. 189

    c) Verizon's Position ........................................................ 189

    d) Rastegar's Position ...................................................... 189

13. Deposition Topic 13 ................................................................ 191

    a) Text of Deposition Topic 13 ........................................ 191

    b) Rastegar's Response to Deposition Topic 13 ............. 191

    c) Verizon's Position ........................................................ 191

    d) Rastegar's Position ...................................................... 191

14. Deposition Topic 14 ................................................................ 192

    a) Text of Deposition Topic 14 ........................................ 192

    b) Rastegar's Response to Deposition Topic 14 ............. 193

    c) Verizon's Position ........................................................ 193

    d) Rastegar's Position ...................................................... 193

15. Deposition Topic 15 ................................................................ 194

    a) Text of Deposition Topic 15 ........................................ 194

    b) Rastegar's Response to Deposition Topic 15 ............. 194

xiii

1

c)      Verizon's Position ......................................................... 194

2

d)      Rastegar's Position ........................................................ 194

3

16.     Deposition Topic 16 ................................................................. 195

4

a)      Text of Deposition Topic 16 ........................................ 195

5

b)      Rastegar's Response to Deposition Topic 16 .............. 195

6

c)      Verizon's Position ......................................................... 195

7

d)      Rastegar's Position ........................................................ 196

8

17.     Deposition Topic 17 ................................................................. 197

9

a)      Text of Deposition Topic 17 ........................................ 197

10

b)      Rastegar's Response to Deposition Topic 17 .............. 197

11

c)      Verizon's Position ......................................................... 197

12

d)      Rastegar's Position ........................................................ 197

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

## I.   VERIZON'S INTRODUCTORY STATEMENT

On September 19, 2009, Plaintiffs Verizon California Inc., Verizon Trademark Services LLC and Verizon Licensing Company (collectively, "Verizon") asked this Court for permission to conduct third party discovery. On October 5, 2009, this Court entered a detailed Order specifically authorizing Verizon to engage in third party discovery to identify, among other things, potential Doe defendants. [Docket Entry 88 at 1:27-2:1] ("Third Party Discovery Order"). The Court's authority to enter the Third Party Discovery Order and the enforceability of that Order are now challenged (belatedly) by third parties Shabod Rastegar ("Rastegar") and his believed-to-be alter ego corporate entity Metrix 360 Inc. ("Metrix 360").[1]

Verizon acknowledges that this type of motion is typically heard by the Magistrate Judge assigned to the case.  However, because Metrix 360 and Rastegar directly challenge this Court's authority and the validity of this Court's Order authorizing third party discovery, Verizon's motion is properly brought before this Court.  Pursuant to L.R. 7-17, "[i]f any motion, application or petition has been made to any judge of this Court and has been denied in whole or in part or has been granted conditionally or on terms, any subsequent motion for the same relief in whole or in part, whether upon the same or any allegedly different state of facts, shall be presented to the same judge whenever possible."  The validity and enforceability of the Third Party Discovery Order including whether that Order is "too old" to enforce (as Metrix 360/Rastegar contend) are at issue. As such, this motion is a "subsequent motion for the same relief . . . in part," and Verizon is required by L.R. 7-17 to request this Court for the relief sought.

Verizon filed the Complaint For Cybersquatting and Contributory Cybersquatting [Docket Entry 1] in order to stop the blatant cybersquatting

---

[1] Because of the largely overlapping issues, and for judicial economy, Verizon combined its motions against Metrix 360 and Rastegar into one joint motion.

1

activities regarding over 238 domain names which infringe on Verizon's trademarks. [*Id.* at ¶ 82]. Verizon has already secured judgments against three of the defendants, Lead Networks Domains Private Limited and Naresh and Mahesh Malik, (the "Judgment Defendants") whose unlawful activities included providing a "service" to other cybersquatters to avoid detection and to frustrate the transfer of infringing domain names to the rightful trademark owners.

Although judgment was entered against three defendants, this case is certainly not closed. After the entry of the Third Party Discovery Order, Verizon served a number of third party subpoenas and has received thousands of documents from third parties, including many financial and banking records. Based on its analysis of these documents, it appears that funds totalling over $1 million, from the account of an owner of at least 117 of the 238 domain names that infringe on Verizon's trademarks, were transferred to the bank account of third parties Metrix 360/Rastegar. [Declaration of David J. Steele ("Steele Decl.") at ¶¶ 3-8.]

On May 27, 2011, Verizon served third party document subpoenas on Metrix 360 and Rastegar seeking to learn, among other things, why Rastegar/Metrix 360 received over $1 million in funds for the benefit of the owner of at least 117 of the 238 domain names. [Steele Decl. ¶¶ 3-9; Declaration of G. Warren Bleeker ("Bleeker Decl.") ¶ 3; Exhs. A, C]. Documents were due on June 27, 2011. Verizon also served deposition subpoenas requiring Metrix 360 and Rastegar to appear for deposition on June 30, 2011. [*Id.* Exhs. B, D.] To date, Metrix 360/Rastegar produced no documents, served no written objections, and failed to appear for their depositions. [*Id.* at ¶ 4].[2]

_____

[2] On June 24, 2011, only one business day before the documents were due, Metrix 360/Rastegar filed a "Motion For Protective Order" as to only two of the four subpoenas. [Docket Entry 145-1, 145-2] ("Motion"). Prior to filing the Motion, Metrix 360 and Rastegar failed to request or conduct a pre-filing conference of

Metrix 360/Rastegar now assert that Rule 45 does not apply and that the Third Party Discovery Order specifically authorizing the discovery at issue is "too old" to be enforced.   On July 6, 2011, after the deadlines for the document production and deposition appearances had passed, counsel for Metrix 360/Rastegar questioned this Court's authority to enter the Third Party Discovery Order, stating "there is not presently any controversy in the lawsuit that would justify any third party discovery at this time."  [Bleeker Decl. ¶ 12; Exh. G.]   In addition, counsel for Metrix 360/Rastegar has acknowledged the existence of the Third Party Discovery Order, but flippantly dismissed its validity, stating that it was "too old" to be enforced.    [Bleeker Decl.  ¶ 7.]    Counsel for Metrix 360/Rastegar also admitted he had no idea if his clients have begun any search for responsive information.   He further admitted he had no idea of the scope of responsive documents, what efforts it would take to search for and/or produce responsive documents, or if any responsive documents even existed. [*Id.* ¶ 6.]

It is undisputed that FRCP 45 permits the third party discovery sought by Verizon and the Third Party Discovery Order authorizing that discovery is valid and enforceable.  Metrix 360/Rastegar have failed to identify any plausible legal or factual basis to support their after-the fact excuses for not complying with the subpoenas.  Metrix 360 and Rastegar cannot seriously dispute that their refusal to comply is without justification.  Verizon now seeks to enforce these subpoenas, including an order compelling production of all responsive information (including all electronically stored information) and the depositions of Rastegar and Metrix 360, a finding of contempt under FRCP 45(e), and recovery of Verizon's costs including attorneys' fees incurred in bringing this motion.

counsel, and failed to file a joint stipulation in violation L.R. 37-1 through 37-4, 45-1. On July 8, 2011, Metrix 360 and Rastegar formally withdrew the Motion [Docket Entry 148].   Counsel for Metrix 360/Rastegar did call counsel for Verizon and inform him no documents would be produced and no witnesses would be produced. [Steele Decl. ¶ 13.]

3

## II.  SHABOD RAESTEGAR AND METRIX 360, INC.'S INTRODUCTORY STATEMENT

This is an action by plaintiffs for cybersquatting.

The defendants in this action were Lead Networks Domains Private Limited, Mahesh Malik, Naresh Malik, and Kevin Daste.  Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.

On October 5, 2009 this court issued an order authorizing the Plaintiffs to serve discovery on third parties likely to have information reasonably calculated to lead to the identification of defendants named as DOES in this action. To date, no DOES have been named as additional defendants.

On December 4, 2009 Bret Fausett was appointed receiver for the domain name holdings of Naresh Malik and Lead Networks. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste.

On April 28, 2011, the court made Mr. Fausett the permanent receiver of the domain name holdings.

Judgment or dismissal has resolved all issues against the defendants, and there is no longer any pending active controversy or case.

On May 25, 2011, plaintiffs issued subpoenas to non-parties Metrix 360, Inc. and Shabod Raestegar. See Exhibits A and B to the Diemer declaration submitted herewith.

There does not appear to be any litigation pending before the court for which this discovery would be material or relevant. All issues before the court have been resolved by judgment or dismissal.  Plaintiffs cannot demonstrate the

4

1    high burden of relevance for nonparty discovery where there is no longer any

2    controversy to justify any discovery from non-parties.

3         On June 24, 2011 counsel for Metrix 360 and Raestegar served a motion

4    for a protective order on counsel for Verizon relating to the records subpoena to

5    Metrix and the deposition of Raestager. [Diemer declaration, 1:22-23.]   Counsel

6    were unaware of the service of an additional document subpoena to Raestgar and

7    an additional subpoena for deposition against Metrix.   [Diemer declaration, 1:24-

8    2:6.]   (That motion was later withdrawn by stipulation of the parties without

9    waiving those objections.) Because counsel had only been informed of two of the

10   subpoenas, they did not make any other formal objection at that time. Raestgar

11   and Metrix did not intend to waive objections to those subpoenas. Because the

12   material in all for subpoenas was duplicative, Verizon had notice of the

13   responding parties objections.     [Diemer declaration, 1:24-2:6.]   Additionally,

14   those objections were subsequently laid out in the parties meet and confer.

15   Responding party respectfully requests that the court consider the merits of these

16   objections as there was no intention of waiver.

17        The court may for good cause issue an order to protect a party or person

18   from annoyance, embarrassment, oppression, or undue burden or expense. FRCP

19   26(c)(1). Protective orders provide a safeguard for parties and other persons in

20   light of the otherwise broad reach of discovery. United States v. CBS (9th Cir.

21   1982) 666 Fd2d 364, 368-369. FRCP 26(c)(1) provides protection available by

22   court order, including: forbidding discovery; and limiting the scope of the

23   discovery to certain matters. The list is not exhaustive; the trial court has wide

24   discretion to impose other limits on discovery. United States v. CBS, supra.

25        The subpoenas should be quashed or the scope of discovery limited . The

26   subpoenas are not relevant to any pending issue in the case, seek information well

27   beyond what might be material to issues in the case.

28

CHRISTIE, PARKER & HALE, LLP

III.   **THE PARTIES' CONTENTIONS AS TO THE SUBPOENAS AT ISSUE**

A.   **Document Subpoena Directed to Metrix 360**

1.   **Document Request 1 Directed to Metrix 360**

a)   **Text of Request 1 Directed to Metrix 360**

The Articles of Incorporation, operating agreements, and bylaws for Metrix 360, LLC ("METRIX").

b)   **Metrix 360's Response to Document Request 1**

Metrix 360 served no written objections and produced no responsive documents.

c)   **Verizon's Position**

**Factual Background**

Verizon filed the Complaint For Cybersquatting and Contributory Cybersquatting [Docket Entry 1] in order to stop the blatant cybersquatting activities regarding over 238 domain names which infringe on Verizon's trademarks.  [*Id.* at ¶ 82].  Verizon has already secured judgments against three of the defendants, Lead Networks Domains Private Limited and Naresh and Mahesh Malik, (the "Judgment Defendants") whose unlawful activities included providing a "service" to other cybersquatters to avoid detection and to frustrate the transfer of infringing domain names to the rightful trademark owners.

Although judgment was entered against three defendants, this case is certainly not closed.  Following default judgment against the first two defendants, Verizon sought and received specific approval from the Court to engage in third party discovery to locate and identify additional "Doe" defendants.  [*See* Docket Entry 88 at 1:27-2:1 ("Third Party Discovery Order")].

The Judgment Defendants engaged in numerous transactions with countless other cybersquatters, each of whom are independently liable under 15 U.S.C. § 1125(d).  Because the Judgment Defendants and their co-conspirators wish to

6

avoid detection, they hid the identity of the registrant(s) of the infringing domain names by using shell entities and fictitious businesses (domestically and abroad), and by providing false contact information in various public records.  It has therefore been difficult and time consuming for Verizon to identify entities potentially liable for cybersquatting and contributory cybersquatting.  Verizon has attempted to discover Doe defendants by following the numerous money trails related to the over 238 infringing domain names.

To date, Verizon has served third party subpoenas, obtained thousands of pages of financial records, and has identified others potentially involved in the registration, trafficking in, or use of the infringing domain names. This investigation has been accomplished, in part, by piecing together various financial transactions linked to accounts associated with the owners of one or more of the 238 domain names that infringe on Verizon's marks.  [Steele Decl. ¶ 3.]

Verizon served third party discovery on Name.com, the registrar for many of the 238 infringing domain names.  Representatives from Name.com confirmed that 117 of the 238 infringing domain names were registered to a customer that Name.com originally identified as "Customer No. 15" and later revealed is an entity known as "Softech."  Historic whois data also confirmed that "Softech" was the listed registrant for many of the infringing domain names in the Complaint. [*Id*. ¶¶ 4-5.]

Verizon obtained information about the financial transactions between Name.com and "Softech" which detailed funds incoming to Name.com for the benefit of "Softech," and funds outgoing from Name.com for the benefit of "Softech."  In many cases, Name.com received funds from, and transferred funds to, other persons and/or companies, for the benefit of "Softech."  [*Id*. ¶ 6.]

For example, Verizon learned that Name.com transferred funds to "Softech" totaling over $1 million, by wiring the funds to Shabod Rastegar. Name.com also provided the specific Bank of America account information,

7

1  including the account holder's name, "Shahbod Rastegar" and the complete
2  account number, "_____365." [*Id.* ¶ 7.][3]

3      After learning this information, Verizon subpoenaed bank records from
4  Bank of America, including records for that same account ending in the numbers
5  365 to which Name.com transferred over $1 million for the benefit of "Softech,"
6  and learned that that Bank of America account is held by Metrix 360, LLC
7  ("Metrix 360"), not Shabod Rastegar.  [*Id.* ¶ 8.][4]

8      The purpose for seeking third party discovery from Rastegar/Metrix 360 is
9  to determine why they received over $1 million in funds from Name.com for the
10 benefit of "Softech" (the owner of 117 of the 238 infringing domain names).
11 Verizon also seeks to find out the exact relationship between Rastegar, Metrix
12 360, and "Softech," what Rastegar/Metrix 360 did with the over $1 million, any
13 facts relating to the infringing domain names and Verizon's cybersquatting case.

14     On July 6, 2011, counsel for Verizon and counsel for Metrix 360/Rastegar
15 (John Cardosi of Diemer, Whitman and Cardosi) held a conference of counsel
16 regarding Verizon's motion to enforce the subpoenas, following Verizon's
17 service of a letter requesting the conference on July 1.  [Bleeker Decl. ¶¶ 5-6;
18 Exh. E.] During the conference, counsel for Metrix 360/Rastegar admitted that he
19 was not aware of any search for responsive documents.  He further admitted that
20 he had no idea of the scope of responsive documents, what efforts it would take to

_____

[3]  Verizon will provide the full account number and the accompanying
documentation to the Court under seal for its *in camera* review if the Court
believes it would be helpful.

[4] After Verizon subpoenaed the Bank of America records, counsel for Verizon
had a phone conversation with counsel for Rastegar/Metrix 360, Kathryn Diemer,
of Diemer, Whitman and Cardosi.  Ms. Diemer stated that she intended to object
to Bank of America's disclosure of her clients' bank records, but Verizon never
received any objection and Verizon received from Bank of America in due course
what appears to be full and complete copies of the requested bank records for
Rastegar/Metrix 360, which suggests that Rastegar/Metrix 360 did not formally
object to Bank of America producing their bank records.  [Steele Decl. ¶ 10.]

8

1   search for and/or produce responsive documents, or if any responsive documents

2   existed. [*Id.* ¶ 6].

3       The main justification offered by counsel for Metrix 360/Rastegar for his

4   clients' failure to comply with the subpoenas is that no third party discovery

5   should be permitted because judgment was entered against some (not all) of the

6   defendants.  [Bleeker Decl., ¶ 7.] Essentially, Metrix 360/Rastegar now asserts

7   that Rule 45 does not apply and that the Third Party Discovery Order specifically

8   authorizing the discovery at issue is "too old" to be enforced.  [*Id.*] Counsel for

9   Metrix 360/Rastegar failed to articulate ***any*** plausible legal or factual basis to

10  support these after-the fact excuses.[5]

11  **Verizon's Request Is Procedurally Proper And Seeks Relevant**

12  **Information**

13      Verizon is authorized under FRCP 45 and the Court's "Amended Order

14  Permitting Third Party Discovery" [Docket Entry 88] ("Third Party Discovery

15  Order") to discover background information on the corporate entity Metrix 360.

16      Under Federal Rule of Civil Procedure 45(a)(1)(C), any party may serve a

17  subpoena commanding a nonparty "to attend and give testimony or to produce

18  and permit inspection and copying of" documents.  The subpoena served may

19  command production of documents and other things that are relevant to the claim

20  or defense of any party and, if the Court has broadened the scope of discovery,

21  relevant to the subject matter involved in the action. *In re Dorothy Coan*, 2007

22  U.S. Dist. LEXIS 6288 *4-5 (N.D. Cal., Jan. 12, 2007); Schwarzer, *et al., Federal*

23  *Civil Procedure Before Trial* at ¶ 11:2305 (citing to FRCP 26(b)(1)).

24  _____

25  [5] Counsel for Rastegar and Metrix 360 also claimed the discovery is "overbroad"
(yet failed to propose any way to limit the requests) and not relevant (but did not

26  deny that the financial payments involving the infringing domain names passed
through his clients' accounts).  He also asserted that responsive information may

27  be confidential, and the parties resolved this by agreeing to stipulate to a
protective order regarding confidentiality. [Bleeker Decl., ¶¶ 8-10.].

28

9

CHRISTIE, PARKER & HALE, LLP

1    Further, Metrix 360 and Rastegar have already conceded that Verizon "has

2    a right to discovery of matter relevant to the plaintiff's claim and the subject

3    matter involved in the action."    [Docket Entry 145-1 at 3:15-16 (now

4    withdrawn)].

5    Moreover, this Court has the inherent authority to enter an order

6    authorizing third party discovery. *See, e.g.,* Fed. R. Civ. P. 26(b)(1). In the Third

7    Party Discovery Order, this Court states that Verizon may "serve discovery upon

8    third parties likely to have information reasonably calculated to lead to evidence

9    identifying any of the defendants named as Does in this action." [Third Party

10   Discovery Order at 1:27-2:1.]  As to the scope of third party discovery, the Order

11   states that "[b]y way of example, and not limitation, Plaintiffs may request

12   information identifying all parties who have received, since January 2006, any

13   payment in connection with the monetization of any of the [238 infringing]

14   domain names . . . regardless of whether the payment was made directly to any

15   Doe defendant or to any other party.  Plaintiffs may also request information

16   identifying all financial accounts associated with these payments, including by

17   way of example and not of limitation, bank names, routing numbers and account

18   numbers."  [Third Party Discovery Order at 2:10-17.]

19   The third party records already obtained by Verizon suggest Metrix

20   360/Rastegar received funds totalling over $1 million from the account of an

21   owner of at least 117 of the 238 domain names that infringe on Verizon's

22   trademarks.  Metrix 360 therefore is either a co-conspirator, or at the very least,

23   has knowledge regarding how and why it received these large sums of money, to

24   whom it sent these large sums of money, and why and in what context these

25   transfers occurred.  Cybersquatters generally, and the Judgment Defendants

26   specifically, concealed the identity of themselves and other cybersquatters, using

27   shell entities and fictitious businesses (domestically and abroad), and by

28   providing false contact information in various public records.

10

This specific request (No. 1), seeks documentation such as the articles of incorporation, operating agreements and bylaws that would help Verizon determine if Metrix 360 is a shell entity or fictitious business, or whether it operated under one or more other names.  This request is proper under FRCP 45 because it seeks information relevant to Verizon's claim that one or more Doe defendants who participated in the trafficking and/or operation of the infringing domain names is liable under 15 U.S.C. § 1125(d).  This request is also proper under the Court's Third Party Discovery Order because it is "reasonably calculated to lead to evidence identifying any of the defendants named as Does in this action" and also because its seeks "information identifying all parties who have received, since January 2006, any payment in connection with the monetization of any of the [238 infringing] domain names . . . ."

### **Metrix 360 Has Already Waived All Objections**

Under FRCP 45(c)(2)(B), a person commanded to produce documents may serve a written objection to the subpoena.  Any objections must be served within 14 days after service of the subpoena where the subpoena is served more than 14 days before the production date, as is the case here, where Metrix 360 was provided 31 days to produce documents.[6]  Thus, any written objections to the document subpoena were due by no later than June 10, 2011.

Metrix 360 already allowed Bank of America to produce its bank records to Verizon, without any apparent objection.  Metrix 360 similary served no written objections to the document subpoenas served on Metrix 360.  "Failure to serve timely objections waives all grounds for objection . . . ."  *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002).  "[A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege,

---

[6] All four subpoenas were personally served on May 27, 2011 and the documents were due 31 days later on June 27, 2011.

11

CHRISTIE, PARKER & HALE, LLP

has been waived." *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); *see also Enwere v. Terman Assocs., L.P.*, 2008 U.S. Dist. LEXIS 79085 *3 fn2 (N.D. Cal. Sept. 10, 2008) (failure to serve written objections to subpoena constitutes waiver of objections); *Schwarzer*, et al. *Federal Civil Procedure Before Trial* at ¶ 1:2293, citing to *Moon v. SCP Pool Corp.*, 232 FRD 633, 636 (C.D. Cal. 2005); *Whitlow v. Martin*, 263 FRD 507, 510 (C.D. Ill. 2009).

### Metrix 360's Argument That Verizon's Third Party Discovery To Uncover Doe Defendants Is Not Permitted in This Case is Frivolous And Asserted in Bad Faith

Metrix 360's main justification for failing to comply with the subpoena is that third party discovery is not allowed because judgment has been entered against some of the defendants and there is no controversy in the lawsuit that would justify any third party discovery. [Bleeker Decl. ¶ 7.]  This position is unjustifiable and frivolous.  Metrix 360 has failed to identify any legal authority or articulate any other legal or factual basis at all to support its position.

Metrix 360 cannot dispute that FRCP 45 on its face permits third party discovery in a pending federal civil action, including this case.  Verizon named as Defendants DOES 1-100 in its Complaint For Cybersquatting and Contributory Cybersquatting. [Docket Entry 1.]  This case remains open and pending, the discovery period is ongoing, and Verizon is fully entitled by FRCP 45 to serve subpoenas on third parties, including Metrix 360 and Rastegar.

Metrix 360 also cannot dispute this Court has already determined and ordered that Verizon is authorized to conduct third party discovery in its effort to uncover and identify Doe defendants, which is the precise purpose of Verizon's third party discovery directed to Metrix 360 and Rastegar.  Their asserted position that the Court's Third Party Discovery Order is "too old" to be enforced is frivolous.

12

1  The only conclusion that can be drawn from Metrix 360's and Rastegar's

2  refusal to comply with the subpoenas and frivolous excuses asserted after the fact

3  is that Metrix 360 and Rastegar are acting in bad faith.

4  **Metrix 360's Argument That This Request is "Overbroad" Holds No**

5  **Merit.**

6  This request seeks corporate formation documents directly relevant as to

7  the corporate status of Metrix 360, which is an important issue in cybersquatting

8  cases where the perpetrators are known to use shell companies and false

9  identities.  Metrix 360 failed to articulate how or why this specific request for

10  corporate formation documentation is overbroad and it failed to offer any

11  suggestion of how to limit the request.  Instead, counsel for Metrix 360 simply

12  demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9],

13  which suggests that Metrix 360's position lacks merit.

14  **Metrix 360's "Motion For Protective Order" Which is Now**

15  **Withdrawn, Is Not A Proper Response To A Subpoena**

16  Under FRCP 45, a third party may, in response to a subpoena, move to

17  quash the subpoena on four potential grounds, none of which is applicable here.

18  Under FRCP 45(c)(3)(A)(i), a third party may seek to quash or modify a

19  subpoena if it fails to allow a reasonable time to comply.  Service of subpoenas at

20  least ten days before the deposition or production is customary, but not

21  mandatory.  *Schwarzer,* et al. *Federal Civil Procedure Before Trial*, ¶ 11:227.

22  Here, Metrix 360 had thirty one days to comply with the document production

23  and an additional few days to appear for deposition.  Metrix 360 therefore had no

24  basis to complain that it did not receive adequate time.  Moreover, at no point did

25  Metrix 360 request additional time to comply.

26  Under FRCP 45(c)(3)(A)(ii), a third party may seek to quash or modify a

27  subpoena if it requires a person to travel more than 100 miles.  Metrix 360 and

28

Rastegar are located in Pacific Palisades, California.[7]  The document subpoena required documents to be produced at Verizon's counsel's office in Pasadena, CA, which is approximately 29 miles from Pacific Palisades. [Bleeker Decl. ¶ 11; Exh. F.]  The deposition subpoena required Metrix 360 and Rastegar to appear for deposition in Pasadena also.  Because Pasadena is less than 100 miles from Pacific Palisades, Metrix 360 and Rastegar had no basis to seek to quash or modify the subpoena on this basis.

Under FRCP 45(c)(3)(A)(iii), a third party may seek to quash or modify a subpoena if it requires disclosure of privileged information or other "protected matter" if no exception or waiver applies.  Metrix 360 and Rastegar have not asserted any privilege objection.  To the extent they are asserting confidentiality or privacy objections, during the pre-filing conference of counsel, the parties agreed to enter in to a stipulated protective order regarding confidentiality to address these concerns.  Thus, Metrix 360 and Rastegar had no basis to seek to quash or modify the subpoena on this basis.  In fact, if they had complied with L.R. 37-1 and had conducted any meet and confer at all prior to filing their "Motion for Protective Order," the parties could have addressed the confidentiality issue at that time, obviating any need for any motion on that ground.

Finally, under FRCP 45(c)(3)(A)(iv), a third party may seek to quash or modify a subpoena if it subjects a person to "undue burden."  Here, counsel for Metrix 360 and Rastegar has not even attempted to determine what would be required to respond to the subpoena. Thus, Metrix 360 and Rastegar have not articulated what the burden would be at all, let alone set forth a persuasive

---

[7] Metrix 360 also appears to own a post office box in Beverly Hills, CA.  To the extent that Metrix 360's post office box is its official address, Verizon asks the Court to take judicial notice that Beverly Hills, CA is less than one-hundred miles from Pasadena, CA.

14

argument for **undue** burden.  Counsel has been unable to articulate if there are responsive documents, how many responsive documents exist, or what burden at all would be required to comply with the subpoena.  Thus, Metrix 360 and Rastegar cannot establish any factual or legal basis to file a motion under this provision.

A motion to quash or modify "must be made promptly."  *In re Dorothy Coan*, 2007 U.S. Dist. LEXIS 6288 at *6.  Metrix 360 and Rastegar waited almost an entire month, and then, on the last business day prior to the date that documents were required under the subpoena, and without even attempting to comply with L.R. 37-1 through L.R. 37-4,[8] they filed a purported "Motion For Protective Order."  [Docket Entry 145-1, 145-2 (now withdrawn)] ("Motion").  This Motion sought relief regarding only two of the four subpoenas at issue—the document subpoena to Metrix 360 and the deposition subpoena to Rastegar.  The Motion does not address at all the document subpoena directed Rastegar or the deposition subpoena directed to Metrix 360.

Prior to filing this discovery motion, Metrix 360 and Rastegar failed to send any letter requesting a pre-filing conference of counsel, failed to conduct any pre-filing conference of counsel, failed to serve any portion of a joint stipulation on Verizon, failed to give Verizon any opportunity to participate in the drafting of a joint stipulation, and failed to file a joint stipulation, all in violation of the Central District of California's local rules regarding discovery motions.  *See* L.R. 37-1 through 37-4, 45-1.  Based simply on the failure to comply with the local rules, the Court would "not consider" this Motion as filed.  L.R. 37-2.4.  On July 8, 2011, Metrix 360 and Rastegar effectively conceded the impropriety of the motion by formally withdrawing the Motion (by stipulation, at their request).

---

[8] Central District Local Civil Rule 45-1 states that "L.R. 37 applies to motions relating to discovery subpoenas served on . . . (b) non-parties represented by counsel."

15

1   [Docket Entry 148].[9]

2       Thus, Metrix 360's and Rastegar's late-filed, procedurally defective

3   motion, which did not properly raise any of the statutory grounds to quash or

4   modify a subpoena under FRCP 45, which was only filed as to two of the four

5   outstanding subpoenas, and now is withdrawn, did not relieve Metrix 360 and

6   Rastegar from complying with any of the four subpoenas.  Moreover, because it

7   was filed on June 24, two weeks after the June 10 deadline for serving objections,

8   it cannot be considered a proper written objection to the document subpoenas

9   under FRCP 45(c)(2)(B).

10      **Verizon's Proposal To Resolve Disputes**

11      Local Rule 37-2.1 requires each party to state how it proposed to resolve

12  the dispute over that issue at the conference of counsel.  Metrix 360 and Rastegar

13  refused to even engage in any such discussion and instead took the hard-line

14  stance that ***no*** third party discovery is appropriate, period.  During the conference,

15  counsel for Verizon inquired whether Metrix 360 and Rastegar would agree to

16  produce information if Verizon agreed to limit the scope of any of the requests.

17  Counsel for Metrix 360 and Rastegar stated that no matter what Verizon offered,

18  Metrix 360 and Rastegar would not agree to comply with the subpoenas.

19  [Bleeker Decl. ¶ 7.]

20      **L.R. 7-17 Requires That This Court Hear This Motion**

21      Pursuant to L.R. 7-17, "[i]f any motion, application or petition has been

22  made to any judge of this Court and has been denied in whole or in part or has

23  been granted conditionally or on terms, any subsequent motion for the same relief

24  in whole or in part, whether upon the same or any allegedly different state of

25  _____

[9] On July 6, 2011, counsel for Metrix 360 and Rastegar served a letter requesting
26  a conference of counsel regarding a planned motion to quash the subpoenas.
[Bleeker Decl., Exh. G]  Such motion would be untimely, would not appear to be
27  based on any of the four statutory bases to quash a subpoena under FRCP 45, and
would be substantively without merit.

28

facts, shall be presented to the same judge whenever possible."  Here, Verizon previously sought and received the Court's permission to engage in third party discovery.  The third party subpoenas at issue here were served under the authority of the Court's Third Party Discovery Order, and the terms of that Order, and whether that Order is now "too old" to enforce (as contended by Metrix 360 and Rastegar) are now at issue.  As such, it is appropriate to notice this motion to be heard by Judge Collins.

### Relief Sought by Verizon

To the extent that Metrix 360's late-filed motion for protective order is deemed a proper objection to the document subpoena, Verizon moves to compel production of all responsive information (including all electronically stored information) pursuant to FRCP 45(c)(2)(B)(1).  To the extent that Metrix 360's failure to produce any documents and its filing of a defective motion, later withdrawn, is deemed as no response at all, Verizon asks this Court to hold Metrix 360 in contempt of Court pursuant to FRCP 45(e) and requests this Court to order Metrix 360 to fully comply with the document subpoena.  Verizon also seeks a ruling confirming that the Court's Third Party Discovery Order is operative and is not "too old" to enforce.

Verizon seeks to recover its costs including attorneys' fees associated with the filing of this motion to compel/motion for contempt, according to proof.  *See Collagen Nutraceuticals, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98228 *6-*7 (S.D. Cal. Sept. 20, 2010) (ordering third party to pay attorneys' fees of moving party for third party's failure to comply with subpoena); *In re Dorothy Coan*, 2007 U.S. Dist. LEXIS 6288 at *7 fn.3 (failure to comply with subpoena may result in award of attorneys' fees and costs to moving party); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 491, 494 (9th Cir. 1983) (district court has inherent power to impose sanctions where party acts in bad faith); *Tuttle v. Combined Ins. Co.*, 222 F.R.D. 424, 428 (E.D. Cal. 2004) (federal

17

1   courts have inherent power to award monetary sanctions where party acts in bad
2   faith).

### d)   <u>Metrix 360's Position</u>

4   The material requested (operational and corporate documents of Metrix) is
5   not material to any issue presently in the case.  The records requested do not
6   relate to any transaction with any of the named defendants or plaintiffs or the
7   domain names identified.

8   FRCP 26a plaintiff  has a right to discovery of matter relevant to the
9   plaintiff's claim and the subject matter involved in the action. Discovery should
10  be denied where the information sought is remote to any matter involved in the
11  case. Although liberal, the standard of relevancy is not unlimited. It does not
12  allow a party to explore matter which does not presently appear germane on the
13  theory that it might conceivably become so. <u>Food Lion Inc. V. United Food &</u>
14  <u>Comm'l Worker's Union</u> (DC Cir. 1997) 103 F3d 1007, 1012-1013; <u>Mack v.</u>
15  <u>Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. Factors to
16  consider in determining whether to issue a protective order include whether the
17  information is being sought for a legitimate purpose, whether the disclosure
18  violates a privacy interest, and whether the sharing of information will promote
19  fairness and efficiency in the litigation. See <u>Pansy v. Borough of Stroudsburg</u> (3rd
20  Cir. 1994) 23 F3d 772, 787-791.

21  Where discovery is sought from a nonparty, the necessary restriction of
22  discovery is broader. There are  strong considerations for discovery to be more
23  limited to protect nonparties from harassment, inconvenience, or disclosure of
24  confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d
25  646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information
26  from a non-party that is not relevant to the underlying case. <u>Arista Records LLC</u>
27  <u>v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)
28  Where information or documents sought are not relevant nor calculated to lead to

18

the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". *Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

The material requested is not material to any issue presently in the case. Moreover, the records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified..

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

## 2. Document Request 2 Directed to Metrix 360

### a) Text of Request 2 Directed to Metrix 360

All documents relating to meetings of the METRIX board of directors, including but not limited to minutes, agendas, announcements, invitations, and resolutions.

### b) Metrix 360's Response to Document Request 2

Metrix 360 served no written objections and produced no responsive documents.

### c) Verizon's Position

This request seeks information relating to the corporate governance of

19

Metrix 360 (a potential Doe defendant) to determine what role, if any, Metrix 360 played in the use and transfer of the infringing domain names.  These documents are also sought to determine if Rastegar and Metrix 360 are alter egos.   The requested information will identify whether corporate formalities were followed and whether the business was engaged in lawful activities or was simply a front for unlawful activity.  These documents are also reasonably calculated to lead to the discovery of the circumstances regarding transfer of over $1 million from an account linked to the owner of at least 117 infringing domain names and the other parties to those transfers, who could be potential Doe defendants.   This information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information.  Metrix 360 failed to even determine, let alone demonstrate, how or why its search for responsive information would be burdensome.   Metrix 360 also failed to articulate how or why the request is overbroad and it failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that Metrix 360's position lacks merit.

Regardless, Metrix 360 has already waived all objections and its after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Metrix 360 is acting in bad faith and should be sanctioned.

### d)   Metrix 360's Position

The material requested (minutes of the Metrix board of directors and operational corporate documents of Metrix) is not material to any issue presently in the case. The records requested do not relate to any transaction with any of the

20

named defendants or plaintiffs or the domain names identified.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

The material requested is not material to any issue presently in the case. Moreover, the records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified..

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the

21

scope of this subpoena and order that responding party need not produce document responsive to this category.

### 3. Document Request 3 Directed to Metrix 360

#### a) Text of Request 3 Directed to Metrix 360

All documents that identify any officer, director, shareholder, employee, subsidiary company, partner, agents, affiliate, joint venturer, member, organizer, manager, and office location of METRIX from 2006 to present.

#### b) Metrix 360's Response to Document Request 3

Metrix 360 served no written objections and produced no responsive documents.

#### c) Verizon's Position

This request seeks information relating to the officers, directors, employees, and affiliates of Metrix 360 (a potential Doe defendant) and the office location of Metrix 360. This information is relevant to determining who else might have information regarding the financial transactions surrounding the infringing domain names, who was on the receiving end of these funds, why the funds were transferred through these accounts, and whether Metrix 360 was Rastegar's alter ego. This information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information. Metrix 360 failed to even determine, let alone demonstrate, how or why its search for responsive information would be burdensome. Metrix 360 also failed to articulate how or why the request is overbroad and it failed to offer any suggestion of how to limit the request to cure the purported problem. Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that Metrix 360's position lacks merit.

Regardless, Metrix 360 has already waived all objections and its after-the-

22

1  fact excuses for refusing to produce these documents lack any merit.  Counsel for

2  Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it

3  was "too old" and that he did not need to follow it, which suggests Metrix 360 is

4  acting in bad faith and should be sanctioned.

5  ### d)   Metrix 360's Position

6  The material requested (identification of *all* Metrix officers, directors,

7  owners, subsidiaries, agents, managers and locations) is not material to any issue

8  presently in the case.  The records requested do not relate to any transaction with

9  any of the named defendants or plaintiffs or the domain names identified in the

10  complaint.

11  FRCP 26a does not allow a party to explore matter which does not

12  presently appear germane on the theory that it might conceivably become so.

13  Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

14  F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

15  871 F2d 179, 187. There are  strong considerations for discovery to be more

16  limited to protect nonparties from harassment, inconvenience, or disclosure of

17  confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

18  646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

19  from a non-party that is not relevant to the underlying case. Arista Records LLC

20  v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

21  Where information or documents sought are not relevant nor calculated to lead to

22  the discovery of admissible evidence, then any burden whatsoever imposed upon

23  a responding party  would be by definition "undue".  Compaq Computer Corp. v.

24  Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

25  There is not presently any controversy in the lawsuit that would justify any

26  third party discovery at this time. Default judgment was entered against

27  defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

28  10. 2011 a default judgment was entered against defendant Mahesh Malik. In

23

May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

The material requested is not material to any issue presently in the case. Moreover, the records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified..

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

### 4.   Document Request 4 Directed to Metrix 360

#### a)   Text of Request 4 Directed to Metrix 360

All documents that identify any party who has held any ownership or financial interest in METRIX from 2006 to present.

#### b)   Metrix 360's Response to Document Request 4

Metrix 360 served no written objections and produced no responsive documents.

#### c)   Verizon's Position

This request seeks information relating to those with ownership or financial interests in Metrix 360 (a potential Doe defendant).  It seeks to identify any other potential third parties who might have relevant information, or who might be Doe defendants, to identify whether Metrix 360 and Rastegar are alter egos, and to identify information regarding the financial transactions involving the infringing domain names.  This information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information.  Metrix 360 failed to even determine, let alone

24

1    demonstrate, how or why its search for responsive information would be

2    burdensome.   Metrix 360 also failed to articulate how or why the request is

3    overbroad and it failed to offer any suggestion of how to limit the request to cure

4    the purported problem.   Instead, counsel for Metrix 360 simply demanded that

5    Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

6    Metrix 360's position lacks merit.

7        Regardless, Metrix 360 has already waived all objections and its after-the-

8    fact excuses for refusing to produce these documents lack any merit.   Counsel for

9    Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it

10   was "too old" and that he did not need to follow it, which suggests Metrix 360 is

11   acting in bad faith and should be sanctioned.

12                        **d)      Metrix 360's Position**

13       The material requested (all records identifying anyone with an ownership

14   or financial interest in Metrix)  is not material to any issue presently in the case.

15   The records requested do not relate to any transaction with any of the named

16   defendants or plaintiffs or the domain names identified. The records also demand

17   production of financial information subject to responding party's right to financial

18   privacy.

19       FRCP 26a does not allow a party to explore matter which does not

20   presently appear germane on the theory that it might conceivably become so.

21   Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

22   F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

23   871 F2d 179, 187. There are  strong considerations for discovery to be more

24   limited to protect nonparties from harassment, inconvenience, or disclosure of

25   confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

26   646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

27   from a non-party that is not relevant to the underlying case. Arista Records LLC

28   v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

1   Where information or documents sought are not relevant nor calculated to lead to

2   the discovery of admissible evidence, then any burden whatsoever imposed upon

3   a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v.</u>

4   <u>Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

5        There is not presently any controversy in the lawsuit that would justify any

6   third party discovery at this time. Default judgment was entered against

7   defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

8   10. 2011 a default judgment was entered against defendant Mahesh Malik. In

9   May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

10   plaintiffs stipulated to the dismissal with prejudice of the complaint against

11   defendant Daste. No issue remains as to any named party in the case.

12        This category  requests information subject to responding party's right of

13   financial privacy and information about responding party's confidential business

14   dealings.  Federal courts generally recognize a right of privacy that can be raised

15   in response to discovery requests. <u>Johnson by Johnson v Thompson </u>(10th Cir.

16   1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y.

17   1990); <u>DeMasi v Weiss </u>(3rd Cir. 1982) 669 F2d 114, 119-120. When a protective

18   order is sought, the court should balance the need for the information against the

19   claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601,

20   604.

21        Here, good cause exists for the issuance of a protective order limiting the

22   personal financial information to be disclosed by the subpoena. There is no

23   legitimate purpose for requiring the complete disclosure of all the financial

24   transactions listed.  Balancing plaintiff's need for the discovery (which given the

25   procedural posture of the case, appears to be none) against the responding party's

26   privacy interest, production of such information will violate responding party's

27   privacy interest without any furtherance of the discovery of information related to

28   the claims asserted in this lawsuit.  <u>See Chazin v. Lieberman</u>, 129 F.R.D. 97, 98

26

(S.D.N.Y. 1990); and see <u>Pansy v. Borough of Stroudsburg</u> (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 5.   Document Request 5 Directed to Metrix 360

#### a)   Text of Request 5 Directed to Metrix 360

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to the REGISTRATION,[10] USE,[11] MONETIZATION,[12] or TRAFFICKING IN[13] of any domain name by METRIX.

#### b)   Metrix 360's Response to Document Request 5

Metrix 360 served no written objections and produced no responsive

---

[10] "REGISTRATION" shall refer to the registration or renewal of a registration for a domain name, or any other act that entitles a party to the exclusive control and use of a domain name for any length of time.

[11] "USE" shall mean using a domain name to provide a website accessible at that domain name, or configuring the domain name to redirect visitors to any other domain name or website, or authorizing any third party to use the domain name.

[12] "MONETIZATION" shall mean using a domain name to provide a website accessible at that domain name that displays links to advertisements, or that displays advertisements, or that displays or triggers pop-up or pop-under advertisements.

[13] "TRAFFICKING IN" shall mean any transaction including, but not limited to, sales, purchases, loans, pledges, license, exchanges of currency, and any other transfer for consideration or receipt in exchange for consideration.

27

1    documents.

2                          c)         **Verizon's Position**

3         This request seeks the documentation relating to Metrix 360's role in the

4    registration, use, trafficking and transfer of any of the infringing domain names,

5    and also in any other domain names.  This information is relevant to determine

6    how and why Metrix 360 was involved in the transactions, if there are any other

7    transactions involving infringing or other relevant domain names, who was on the

8    receiving end of these transactions, and whether Metrix 360 has any legitimate

9    business interests.  This information is discoverable under FRCP 45 and this

10   Court's Third Party Discovery Order.

11        Discovery regarding domain names other than the infringing domain names

12   (already known) is also directly relevant to Verizon's claims.  Under 25 U.S.C. §

13   1125(d)(1)(B), one of the factors to determine bad faith intent for cybersquatting

14   is whether a cybersquatter has registered or acquired other domain names that

15   would infringe on others' trademark rights.  Thus, if Metrix 360 is or was

16   trafficking in domain names that infringe on other famous marks other than the

17   Verizon marks, that fact is directly relevant to proving bad faith intent and is

18   therefore relevant to Verizon's claims against any Doe defendant involved,

19   including Metrix 360.

20        Metrix 360 has failed to articulate how or why this specific request does

21   not seek relevant information.  Metrix 360 failed to even determine, let alone

22   demonstrate, how or why its search for responsive information would be

23   burdensome.  Metrix 360 also failed to articulate how or why the request is

24   overbroad and it failed to offer any suggestion of how to limit the request to cure

25   the purported problem.  Instead, counsel for Metrix 360 simply demanded that

26   Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

27   Metrix 360's position lacks merit.

28        Regardless, Metrix 360 has already waived all objections and its after-the-

1  fact excuses for refusing to produce these documents lack any merit.  Counsel for

2  Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it

3  was "too old" and that he did not need to follow it, which suggests Metrix 360 is

4  acting in bad faith and should be sanctioned.

5  ### d)    Metrix 360's Position

6        The material requested (all records relating to *any* domain name of

7  responding party, including financial records relating to such domain names)  is

8  not material to any issue presently in the case.  The records requested do not

9  relate to any transaction with any of the named defendants or plaintiffs, and are

10  not limited to the domain names identified in the complaint. The records also

11  demand production of financial information subject to responding party's right to

12  financial privacy.

13        FRCP 26a does not allow a party to explore matter which does not

14  presently appear germane on the theory that it might conceivably become so.

15  Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

16  F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

17  871 F2d 179, 187. There are  strong considerations for discovery to be more

18  limited to protect nonparties from harassment, inconvenience, or disclosure of

19  confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

20  646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

21  from a non-party that is not relevant to the underlying case. Arista Records LLC

22  v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

23  Where information or documents sought are not relevant nor calculated to lead to

24  the discovery of admissible evidence, then any burden whatsoever imposed upon

25  a responding party  would be by definition "undue".  Compaq Computer Corp. v.

26  Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

27        There is not presently any controversy in the lawsuit that would justify any

28  third party discovery at this time. Default judgment was entered against

defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson </u>(10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss </u>(3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see <u>Pansy v. Borough of Stroudsburg </u>(3rd Cir. 1994) 23 F3d 772, 787-791.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce

30

document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 6.   Document Request 6 Directed to Metrix 360

#### a)   Text of Request 6 Directed to Metrix 360

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to the REGISTRATION, USE, MONETIZATION, or TRAFFICKING IN of any domain name by DEFENDANTS.[14]

#### b)   Metrix 360's Response to Document Request 6

Metrix 360 served no written objections and produced no responsive documents.

#### c)   Verizon's Position

This request seeks the documentation surrounding the registration, transfer, sale or use of any of the infringing domain names, and other relevant domain names by Defendants.  This information will identify other entities potentially involved in the cybersquatting activities.  This information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Discovery regarding domain names other than the infringing domain names (already known) is also directly relevant to Verizon's claims.  Under 25 U.S.C. § 1125(d)(1)(B), one of the factors to determine bad faith intent for cybersquatting is whether a cybersquatter has registered or acquired other domain names that would infringe on others' trademark rights.  Thus, if Metrix 360 is or was trafficking in domain names that infringe on other famous marks other than the

---

[14] "DEFENDANTS" shall mean, collectively and individually: Lead Networks Domains Private Limited, Naresh Malik a/k/a Nick M., Mahesh Malik, and Kevin Daste.

CHRISTIE, PARKER & HALE, LLP

1   Verizon marks, that fact is directly relevant to proving bad faith intent and is
2   therefore relevant to Verizon's claims against any Doe defendant involved,
3   including Metrix 360.

4        Metrix 360 has failed to articulate how or why this specific request does
5   not seek relevant information.  Metrix 360 failed to even determine, let alone
6   demonstrate, how or why its search for responsive information would be
7   burdensome.  Metrix 360 also failed to articulate how or why the request is
8   overbroad and it failed to offer any suggestion of how to limit the request to cure
9   the purported problem.  Instead, counsel for Metrix 360 simply demanded that
10  Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that
11  Metrix 360's position lacks merit.

12       Regardless, Metrix 360 has already waived all objections and its after-the-
13  fact excuses for refusing to produce these documents lack any merit.  Counsel for
14  Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it
15  was "too old" and that he did not need to follow it, which suggests Metrix 360 is
16  acting in bad faith and should be sanctioned.

17       **d)**    <u>**Metrix 360's Position**</u>

18       The material requested (all records, including financial records, relating to
19  any domain name of defendants) is not material to any issue presently in the case.
20  The records also demand production of financial information subject to
21  responding party's right to financial privacy.

22       FRCP 26a does not allow a party to explore matter which does not
23  presently appear germane on the theory that it might conceivably become so.
24  <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103
25  F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989)
26  871 F2d 179, 187. There are  strong considerations for discovery to be more
27  limited to protect nonparties from harassment, inconvenience, or disclosure of
28  confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d

32

646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995) There      is     not presently  any  controversy  in  the  lawsuit  that  would  justify  any  third  party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal  with  prejudice  of  the  complaint  against  defendant  Daste.  No  issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson </u>(10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss </u>(3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's

33

privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 7.   Document Request 7 Directed to Metrix 360

#### a)   Text of Request 7 Directed to Metrix 360

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to the REGISTRATION, USE, MONETIZATION, or TRAFFICKING IN of any domain name by OTHER PARTIES.[15]

#### b)   Metrix 360's Response to Document Request 7

Metrix 360 served no written objections and produced no responsive

---

[15] "OTHER PARTIES" shall mean, collectively and individually: Dale Begg-Smith; Jason Begg-Smith; Domaincannon.com L.L.C.; Name.com L.L.C., Name.net L.L.C., and Spot Domains L.L.C.; 19 Parking.com; AMG inc. a/k/a Alternative Marketing Group; Softech Ltd. a/k/a Softtech Ltd.; Hecta Media Inc. (now known as Top Level Domain Holdings Ltd.); and any and all employees, officers, owners, past and present domestic or foreign parents, subsidiaries, divisions, departments, sister entities, affiliates, partners of partnerships, predecessors or successors-in-interest, corporate subunits, partnerships, joint ventures, or other business entities.

1   documents.

2              c)        **Verizon's Position**

3        This request seeks documentation regarding the transfer of any of the

4   infringing domain names, and other relevant domain names regarding "OTHER

5   PARTIES" (as defined in the request and noted above).  The "other parties" are

6   persons and entities that Verizon believes, based on its investigation, participated

7   in the cybersquatting activities.   Production of this information is likely to

8   uncover more information regarding the transfer of domain names and would lead

9   to the identity of Doe defendants.  This information is discoverable under FRCP

10  45 and this Court's Third Party Discovery Order.

11       Discovery regarding domain names other than the infringing domain names

12  (already known) is also directly relevant to Verizon's claims.  Under 25 U.S.C. §

13  1125(d)(1)(B), one of the factors to determine bad faith intent for cybersquatting

14  is whether a cybersquatter has registered or acquired other domain names that

15  would infringe on others' trademark rights.   Thus, if Metrix 360 is or was

16  trafficking in domain names that infringe on other famous marks other than the

17  Verizon marks, that fact is directly relevant to proving bad faith intent and is

18  therefore relevant to Verizon's claims against any Doe defendant involved,

19  including Metrix 360.

20       Metrix 360 has failed to articulate how or why this specific request does

21  not seek relevant information.  Metrix 360 failed to even determine, let alone

22  demonstrate, how or why its search for responsive information would be

23  burdensome.   Metrix 360 also failed to articulate how or why the request is

24  overbroad and it failed to offer any suggestion of how to limit the request to cure

25  the purported problem.  Instead, counsel for Metrix 360 simply demanded that

26  Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

27  Metrix 360's position lacks merit.

28       Regardless, Metrix 360 has already waived all objections and its after-the-

1  fact excuses for refusing to produce these documents lack any merit.  Counsel for

2  Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it

3  was "too old" and that he did not need to follow it, which suggests Metrix 360 is

4  acting in bad faith and should be sanctioned.

### d)  <u>Metrix 360's Position</u>

6      The material requested, all records, including financial records,  relating to

7  transactions concerning domain names of eleven other nonparties and any of their

8  employees, agents, owners, officers, or affiliated companies, is not material to

9  any issue presently in the case.  These nonparties are defined as Dale Begg-

10  Smith;  Jason  Begg-Smith;  Domaincannon.com  LLC;   Name.com  L,L.C.

11  Name.net L.L.C., and Spot Dumains L.L.C.; 19 Parking.corn; A MG Inc. a/k/a

12  Alternative Marketing Group; Softech Ltd. A/k/a Softtech Ltd,; Hecta Media Inc.

13  (now known as Top Level Domain Holdings Ltd.); and any and all employees,

14  officers,  owners,  past  and  present  domestic  or  foreign  parents,  subsidiaries,

15  divisions,  departments,  sister  entities,  affiliates,  partners   of  partnerships,

16  predecessors  or  successors-in-interest,  corporate  subunits,  partnerships,  joint

17  ventures, or other business entities.  The records requested do not relate to any

18  transaction with any of the named defendants or plaintiffs or the domain names

19  identified in the complaint. The records also demand production of financial

20  information subject to responding party's right to financial privacy.

21      FRCP  26a  does  not  allow  a  party  to  explore  matter  which  does  not

22  presently appear germane on the theory that it might conceivably become so.

23  <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103

24  F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989)

25  871 F2d 179, 187. There are  strong considerations for discovery to be more

26  limited to protect nonparties from harassment, inconvenience, or disclosure of

27  confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d

28  646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

36

from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings. Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed. Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's

CHRISTIE, PARKER & HALE, LLP

privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

## 8. Document Request 8 Directed to Metrix 360

### a) Text of Request 8 Directed to Metrix 360

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to any of the INFRINGING DOMAIN NAMES.[16]

### b) Metrix 360's Response to Document Request 8

Metrix 360 served no written objections and produced no responsive documents.

### c) Verizon's Position

This request seeks documentation relating to the transfers of infringing domain names.  It is likely to reveal the identities of parties who trafficked in infringing domain names and would lead to the identification of Doe defendants. This information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

---

[16] The list of INFRINGING DOMAIN NAMES is attached as Exhibit B.

38

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information.  Metrix 360 failed to even determine, let alone demonstrate, how or why its search for responsive information would be burdensome.  Metrix 360 also failed to articulate how or why the request is overbroad and it failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that Metrix 360's position lacks merit.

Regardless, Metrix 360 has already waived all objections and its after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Metrix 360 is acting in bad faith and should be sanctioned.

### d) <u>Metrix 360's Position</u>

The material requested (all records, including financial records, relating to any infringing domain name) is not material to any issue presently in the case. The records also demand production of financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103 F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

1    Where information or documents sought are not relevant nor calculated to lead to

2    the discovery of admissible evidence, then any burden whatsoever imposed upon

3    a responding party  would be by definition "undue".  Compaq Computer Corp. v.

4    Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995) There     is     not

5    presently  any  controversy  in  the  lawsuit  that  would  justify  any  third  party

6    discovery at this time. Default judgment was entered against defendants Lead

7    Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default

8    judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs

9    settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the

10   dismissal  with  prejudice  of  the  complaint  against  defendant  Daste.  No  issue

11   remains as to any named party in the case.

12       This category  requests information subject to responding party's right of

13   financial privacy and information about responding party's confidential business

14   dealings.  Federal courts generally recognize a right of privacy that can be raised

15   in response to discovery requests. Johnson by Johnson v Thompson (10th Cir.

16   1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y.

17   1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective

18   order is sought, the court should balance the need for the information against the

19   claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601,

20   604.

21       Here, good cause exists for the issuance of a protective order limiting the

22   personal  financial  information  to  be  disclosed  by  the  subpoena.  There  is  no

23   legitimate  purpose  for  requiring  the  complete  disclosure  of  all  the  financial

24   transactions listed.  Balancing plaintiff's need for the discovery (which given the

25   procedural posture of the case, appears to be none) against the responding party's

26   privacy interest, production of such information will violate responding party's

27   privacy interest without any furtherance of the discovery of information related to

28   the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98

40

1    (S.D.N.Y. 1990); and see <u>Pansy v. Borough of Stroudsburg</u> (3rd Cir. 1994) 23 F3d

2    772, 787-791.

3    **Relief Requested by Responding Party**

4    Responding party request that the court issue a protective order quashing

5    the subpoena. Alternatively responding party requests that this court limit the

6    scope of this subpoena and order that responding party need not produce

7    document responsive to this category.

8    If disclosure is ordered, responding party requests that the court limit

9    disclosure of such information to counsel for plaintiffs only, unless broader

10   disclosure is later authorized by a further order of this court.

11   **9.    Document Request 9 Directed to Metrix 360**

12   **a)    Text of Request 9 Directed to Metrix 360**

13   All documents, including correspondence, contracts, payments, financial

14   documents, and complaints, relating to any other domain name.

15   **b)    Metrix 360's Response to Document Request 9**

16   Metrix 360 served no written objections and produced no responsive

17   documents.

18   **c)    Verizon's Position**

19   This request seeks documentation surrounding the registration, trafficking

20   in and/or transfer of any domain name other than the already known infringing

21   domain names.  This information is likely to identify other entities who bought

22   and sold domain names in connection with Metrix 360 and the context for those

23   transactions and is therefore reasonably calculated to identity Doe defendants.

24   Responsive documents will also help identify what role Metrix 360 played in

25   these financial transactions. This information is discoverable under FRCP 45 and

26   this Court's Third Party Discovery Order.

27   Under 25 U.S.C. § 1125(d)(1)(B), one of the factors to determine bad faith

28   intent for cybersquatting is whether a cybersquatter has registered or acquired

41

1   other domain names that would infringe on others' trademark rights.  Thus, if

2   Metrix 360 (or someone else) is or was trafficking in infringing domain names of

3   other famous marks other than the Verizon marks, that fact is directly relevant to

4   proving bad faith intent and is therefore relevant to Verizon's claims against any

5   Doe defendant involved, including Metrix 360.

6        Metrix 360 has failed to articulate how or why this specific request does

7   not seek relevant information.  Metrix 360 failed to even determine, let alone

8   demonstrate, how or why its search for responsive information would be

9   burdensome.  Metrix 360 also failed to articulate how or why the request is

10   overbroad and it failed to offer any suggestion of how to limit the request to cure

11   the purported problem.  Instead, counsel for Metrix 360 simply demanded that

12   Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

13   Metrix 360's position lacks merit.

14        Regardless, Metrix 360 has already waived all objections and its after-the-

15   fact excuses for refusing to produce these documents lack any merit.  Counsel for

16   Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it

17   was "too old" and that he did not need to follow it, which suggests Metrix 360 is

18   acting in bad faith and should be sanctioned.

19            **d)**     <u>**Metrix 360's Position**</u>

20        The material requested (all records relating to *any other* domain name,

21   including financial records relating to such domain names)  is not material to any

22   issue presently in the case.  The records requested do not relate to any transaction

23   with any of the named defendants or plaintiffs or the domain names identified in

24   the complaint. The records also demand production of financial information

25   subject to responding party's right to financial privacy.

26        FRCP 26a does not allow a party to explore matter which does not

27   presently appear germane on the theory that it might conceivably become so.

28   <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103

42

F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson</u> (10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the

43

personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 10.   Document Request 10 Directed to Metrix 360

#### a)   Text of Request 10 Directed to Metrix 360

All documents, including correspondence, contracts, payments, and financial documents, related to any agreement or transaction between METRIX and DEFENDANTS.

#### b)   Metrix 360's Response to Document Request 10

Metrix 360 served no written objections and produced no responsive documents.

#### c)   Verizon's Position

This request seeks information and written documentation relating to the relationship between Metrix 360 and the named Defendants, three of whom have

44

had judgment entered against them for cybersquatting.  This information will help Verizon understand the role of Metrix 360 in these transactions and will likely identify other parties involved in the transactions which could lead to the discovery of Doe defendants. This information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information.  Metrix 360 failed to even determine, let alone demonstrate, how or why its search for responsive information would be burdensome.  Metrix 360 also failed to articulate how or why the request is overbroad and it failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that Metrix 360's position lacks merit.

Regardless, Metrix 360 has already waived all objections and its after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Metrix 360 is acting in bad faith and should be sanctioned.

### d)     Metrix 360's Position

The material requested (all records, including financial records, relating to any transaction with defendants)  is not material to any issue presently in the case. The records also demand production of financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more

45

CHRISTIE, PARKER & HALE, LLP

limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson</u> (10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial

transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 11.   Document Request 11 Directed to Metrix 360

#### a)   Text of Request 11 Directed to Metrix 360

All documents, including correspondence, contracts, payments, and financial documents, related to any agreement or transaction between METRIX and OTHER PARTIES.

#### b)   Metrix 360's Response to Document Request 11

Metrix 360 served no written objections and produced no responsive documents.

#### c)   Verizon's Position

This request seeks information and documentation surrounding the transactions and communications between Metrix 360 and other entities that Verizon believes, based on its investigation, participated in the cybersquatting activities.  It is reasonably calculated to lead to the discovery of the identity of

47

Doe defendants who participated in cybersquatting activities. This information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information.  Metrix 360 failed to even determine, let alone demonstrate, how or why its search for responsive information would be burdensome.  Metrix 360 also failed to articulate how or why the request is overbroad and it failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that Metrix 360's position lacks merit.

Regardless, Metrix 360 has already waived all objections and its after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Metrix 360 is acting in bad faith and should be sanctioned.

### d)      Metrix 360's Position

The material requested, all records, including financial records,  relating to transactions between Metrix and eleven other nonparties,  and any of their employees, agents, owners, officers, or affiliated companies is not material to any issue presently in the case. . These nonparties are defined as Dale Begg-Smith; Jason Begg-Smith; Domaincannon.com LLC;   Name.com L,L.C.    Name.net L.L.C., and Spot Dumains L.L.C.; 19 Parking.corn; A MG Inc. a/k/a Alternative Marketing Group; Softech Ltd. A/k/a Softtech Ltd,; Hecta Media Inc. (now known as Top Level Domain Holdings Ltd.); and any and all employees, officers, owners, past and present domestic or foreign parents, subsidiaries, divisions, departments, sister entities, affiliates, partners  of partnerships, predecessors or successors-in-interest, corporate subunits, partnerships, joint ventures, or other business entities.  The records requested do not relate to any transaction with any

48

of the named defendants or plaintiffs or the domain names identified in the complaint. The records also demand production of financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

This category requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings. Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no

49

legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 12.   Document Request 12 Directed to Metrix 360

#### a)   Text of Request 12 Directed to Metrix 360

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to any business operations involving domain names of DEFENDANTS.

#### b)   Metrix 360's Response to Document Request 12

Metrix 360 served no written objections and produced no responsive documents.

#### c)   Verizon's Position

This request seeks information relating to the business operations of the named Defendants, three of whom have had judgment entered against them for cybersquatting.  It seeks to uncover additional parties involved in cybersquatting

50

1  activities and is reasonably calculated to identify Doe defendants. This

2  information is discoverable under FRCP 45 and this Court's Third Party

3  Discovery Order.

4       Metrix 360 has failed to articulate how or why this specific request does

5  not seek relevant information.  Metrix 360 failed to even determine, let alone

6  demonstrate, how or why its search for responsive information would be

7  burdensome.  Metrix 360 also failed to articulate how or why the request is

8  overbroad and it failed to offer any suggestion of how to limit the request to cure

9  the purported problem.  Instead, counsel for Metrix 360 simply demanded that

10  Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

11  Metrix 360's position lacks merit.

12       Regardless, Metrix 360 has already waived all objections and its after-the-

13  fact excuses for refusing to produce these documents lack any merit.  Counsel for

14  Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it

15  was "too old" and that he did not need to follow it, which suggests Metrix 360 is

16  acting in bad faith and should be sanctioned.

17            **d)     Metrix 360's Position**

18       The material requested (all records, including financial records, relating to

19  any business operations involving domain names of defendants) is not material to

20  any issue presently in the case.  The records also demand production of financial

21  information subject to responding party's right to financial privacy.

22       FRCP 26a does not allow a party to explore matter which does not

23  presently appear germane on the theory that it might conceivably become so.

24  Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

25  F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

26  871 F2d 179, 187. There are  strong considerations for discovery to be more

27  limited to protect nonparties from harassment, inconvenience, or disclosure of

28  confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's

52

privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 13.   Document Request 13 Directed to Metrix 360

#### a)   Text of Request 13 Directed to Metrix 360

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to any business operations involving domain names of OTHER PARTIES.

#### b)   Metrix 360's Response to Document Request 13

Metrix 360 served no written objections and produced no responsive documents.

#### c)   Verizon's Position

This request seeks information and documentation from Metrix 360 regarding the business operations of other entities that Verizon believes are involved in the cybersquatting activities based on Metrix 360's involvement in the transfer of the infringing domain names.  It is reasonably calculated to lead to the discovery of the information leading to the identity of Doe defendants. This information is discoverable under FRCP 45 and this Court's Third Party

53

1    Discovery Order.

2          Metrix 360 has failed to articulate how or why this specific request does

3    not seek relevant information.  Metrix 360 failed to even determine, let alone

4    demonstrate, how or why its search for responsive information would be

5    burdensome.  Metrix 360 also failed to articulate how or why the request is

6    overbroad and it failed to offer any suggestion of how to limit the request to cure

7    the purported problem.  Instead, counsel for Metrix 360 simply demanded that

8    Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

9    Metrix 360's position lacks merit.

10          Regardless, Metrix 360 has already waived all objections and its after-the-

11   fact excuses for refusing to produce these documents lack any merit.  Counsel for

12   Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it

13   was "too old" and that he did not need to follow it, which suggests Metrix 360 is

14   acting in bad faith and should be sanctioned.

15                    **d)**      **Metrix 360's Position**

16          The material requested, all records, including financial records, relating to

17   any business operations involving domain names of the eleven other nonparties,

18   and any of their employees, agents, owners, officers, or affiliated companies is

19   not material to any issue presently in the case.  These nonparties are defined as

20   Dale Begg-Smith; Jason Begg-Smith; Domaincannon.com LLC;   Name.com

21   L,L.C.   Name.net L.L.C., and Spot Dumains L.L.C.; 19 Parking.corn; A MG Inc.

22   a/k/a Alternative Marketing Group; Softech Ltd. A/k/a Softtech Ltd,; Hecta

23   Media Inc. (now known as Top Level Domain Holdings Ltd.); and any and all

24   employees, officers, owners, past and present domestic or foreign parents,

25   subsidiaries, divisions, departments, sister entities, affiliates, partners    of

26   partnerships, predecessors or successors-in-interest, corporate subunits,

27   partnerships, joint ventures, or other business entities.  The records requested do

28   not relate to any transaction with any of the named defendants or plaintiffs or the

domain names identified.. The records also demand production of financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y.

1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see <u>Pansy v. Borough of Stroudsburg</u> (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 14.    Document Request 14 Directed to Metrix 360

#### a)    Text of Request 14 Directed to Metrix 360

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to the transfer of business operations and/or assets of DEFENDANTS, OTHER PARTIES, and/or METRIX.

56

1

**b)**      <u>Metrix 360's Response to Document Request 14</u>

2

Metrix 360 served no written objections and produced no responsive

3

documents.

4

**c)**      <u>Verizon's Position</u>

5

This request seeks information relating to the transfer of business

6

operations and/or assets of the named Defendants, other entities that Verizon

7

believes are involved in the cybersquatting activities because of their involvement

8

in the transfer of the infringing domain names and Metrix 360. The discovery of

9

this information will allow Verizon to determine whether there has been any

10

transfer of assets or business operations between or among these entities.

11

Knowledge of such transfers of funds that might lead to liability by Doe

12

defendants. This discovery is also relevant to Verizon's enforcement of judgment

13

efforts against the Judgment Defendants. This information is discoverable under

14

FRCP 45 and this Court's Third Party Discovery Order.

15

Metrix 360 has failed to articulate how or why this specific request does

16

not seek relevant information. Metrix 360 failed to even determine, let alone

17

demonstrate, how or why its search for responsive information would be

18

burdensome. Metrix 360 also failed to articulate how or why the request is

19

overbroad and it failed to offer any suggestion of how to limit the request to cure

20

the purported problem. Instead, counsel for Metrix 360 simply demanded that

21

Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

22

Metrix 360's position lacks merit.

23

Regardless, Metrix 360 has already waived all objections and its after-the-

24

fact excuses for refusing to produce these documents lack any merit. Counsel for

25

Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it

26

was "too old" and that he did not need to follow it, which suggests Metrix 360 is

27

acting in bad faith and should be sanctioned.

28

57

### d)    Metrix 360's Position

The material requested (all records, including financial records, relating to any transfer of business operations or assets of defendant, the other eleven nonparties, and/or Metrix) is not material to any issue presently in the case. The records also demand production of financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of

58

financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson</u> (10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see <u>Pansy v. Borough of Stroudsburg</u> (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

59

### 15.   Document Request 15 Directed to Metrix 360

#### a)   Text of Request 15 Directed to Metrix 360

All documents relating to any claim of cybersquatting, trademark infringement, or trademark dilution made against METRIX, DEFENDANTS, and/or OTHER PARTIES.

#### b)   Metrix 360's Response to Document Request 15

Metrix 360 served no written objections and produced no responsive documents.

#### c)   Verizon's Position

This request seeks information relating to any claim of cybersquatting, trademark infringement or trademark dilution against possible Doe defendants and any possible new claims against the named Defendants.   Thus, it is reasonably calculated to lead to the discovery of the information relevant to Verizon's efforts to uncover Doe defendants.   Both FRCP 45 and the Court's Third Party Discovery Order permit this discovery.

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information.   Metrix 360 failed to even determine, let alone demonstrate, how or why its search for responsive information would be burdensome.   Metrix 360 also failed to articulate how or why the request is overbroad and it failed to offer any suggestion of how to limit the request to cure the purported problem.   Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that Metrix 360's position lacks merit.

Regardless, Metrix 360 has already waived all objections and its after-the-fact excuses for refusing to produce these documents lack any merit.   Counsel for Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Metrix 360 is acting in bad faith and should be sanctioned.

### d)   Metrix 360's Position

The material requested (all documents relating to any claim of cybersquatting or trademark infringement against Metrix, defendants or the eleven other nonparties) is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

The material requested is not material to any issue presently in the case. Moreover, the records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified..

CHRISTIE, PARKER & HALE, LLP

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

### 16.   Document Request 16 Directed to Metrix 360

#### a)   Text of Request 16 Directed to Metrix 360

All documents relating to any claim of cybersquatting, trademark infringement, or trademark dilution made against DEFENDANTS.

#### b)   Metrix 360's Response to Document Request 16

Metrix 360 served no written objections and produced no responsive documents.

#### c)   Verizon's Position

This request seeks information relating to any possible new claims against the named Defendants, and this information might identify other entities who participated in the cybersquatting activities.  Thus, it is reasonably calculated to lead to the discovery of admissible evidence. Both FRCP 45 and the Court's Third Party Discovery Order permit Verizon to conduct third party discovery relevant to Verizon's claims asserted in this case.

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information.  Metrix 360 failed to even determine, let alone demonstrate, how or why its search for responsive information would be burdensome.  Metrix 360 also failed to articulate how or why the request is overbroad and it failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

CHRISTIE, PARKER & HALE, LLP

1   Metrix 360's position lacks merit.

2       Regardless, Metrix 360 has already waived all objections and its after-the-

3   fact excuses for refusing to produce these documents lack any merit.  Counsel for

4   Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it

5   was "too old" and that he did not need to follow it, which suggests Metrix 360 is

6   acting in bad faith and should be sanctioned.

7                    d)     **Metrix 360's Position**

8       The material requested (all documents relating to any claim of

9   cybersquatting or trademark infringement against defendants) is not material to

10  any issue presently in the case.

11      FRCP 26a does not allow a party to explore matter which does not

12  presently appear germane on the theory that it might conceivably become so.

13  Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

14  F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

15  871 F2d 179, 187. There are  strong considerations for discovery to be more

16  limited to protect nonparties from harassment, inconvenience, or disclosure of

17  confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

18  646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

19  from a non-party that is not relevant to the underlying case. Arista Records LLC

20  v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

21  Where information or documents sought are not relevant nor calculated to lead to

22  the discovery of admissible evidence, then any burden whatsoever imposed upon

23  a responding party  would be by definition "undue".  Compaq Computer Corp. v.

24  Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

25      There is not presently any controversy in the lawsuit that would justify any

26  third party discovery at this time. Default judgment was entered against

27  defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

28  10. 2011 a default judgment was entered against defendant Mahesh Malik. In

1   May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,
2   plaintiffs stipulated to the dismissal with prejudice of the complaint against
3   defendant Daste. No issue remains as to any named party in the case.

4   The material requested is not material to any issue presently in the case.
5   Moreover, the records requested do not relate to any transaction with any of the
6   named defendants or plaintiffs or the domain names identified..

7   **Relief Requested by Responding Party**

8   Responding party request that the court issue a protective order quashing
9   the subpoena. Alternatively responding party requests that this court limit the
10  scope of this subpoena and order that responding party need not produce
11  document responsive to this category.

12  **17.   Document Request 17 Directed to Metrix 360**

13  **a)   Text of Request 17 Directed to Metrix 360**

14  All documents relating to any claim of cybersquatting, trademark
15  infringement, or trademark dilution made against OTHER PARTIES.

16  **b)   Metrix 360's Response to Document Request 17**

17  Metrix 360 served no written objections and produced no responsive
18  documents.

19  **c)   Verizon's Position**

20  This request seeks information relating to any claim of cybersquatting,
21  trademark infringement or trademark dilution against possible Doe defendants.
22  Both FRCP 45 and the Court's Third Party Discovery Order permit Verizon to
23  conduct third party discovery to identify Doe defendants.

24  Metrix 360 has failed to articulate how or why this specific request does
25  not seek relevant information.  Metrix 360 failed to even determine, let alone
26  demonstrate, how or why its search for responsive information would be
27  burdensome.  Metrix 360 also failed to articulate how or why the request is
28  overbroad and it failed to offer any suggestion of how to limit the request to cure

64

the purported problem.  Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that Metrix 360's position lacks merit.

Regardless, Metrix 360 has already waived all objections and its after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Metrix 360 is acting in bad faith and should be sanctioned.

### d)     Metrix 360's Position

The material requested, all records relating to any claim of cybersquatting or trademark infringement against the eleven other nonparties and any of their employees, agents, owners, officers, or affiliated companies is not material to any issue presently in the case. These nonparties are defined as Dale Begg-Smith; Jason Begg-Smith; Domaincannon.com LLC;   Name.com L,L.C.    Name.net L.L.C., and Spot Dumains L.L.C.; 19 Parking.corn; A MG Inc. a/k/a Alternative Marketing Group; Softech Ltd. A/k/a Softtech Ltd,; Hecta Media Inc. (now known as Top Level Domain Holdings Ltd.); and any and all employees, officers, owners, past and present domestic or foreign parents, subsidiaries, divisions, departments, sister entities, affiliates, partners  of partnerships, predecessors or successors-in-interest, corporate subunits, partnerships, joint ventures, or other business entities.  The records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of

65

confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson</u> (10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce

66

document responsive to this category.

### 18. Document Request 18 Directed to Metrix 360

#### a) Text of Request 18 Directed to Metrix 360

All documents filed in any action involving a domain name in which METRIX was a party that was filed with any United States court, regulatory agency, or arbitration panel.

#### b) Metrix 360's Response to Document Request 18

Metrix 360 served no written objections and produced no responsive documents.

#### c) Verizon's Position

This request seeks documents filed in any action where Metrix 360 was a party, and where that action involved a domain name. This documentation would reveal past cybersquatting and trademark accusations against Metrix 360 and other information that could be used to assert liability in this action against Metrix 360. Both FRCP 45 and the Court's Third Party Discovery Order permit Verizon to conduct third party discovery to identify Doe defendants.

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information. Metrix 360 failed to even determine, let alone demonstrate, how or why its search for responsive information would be burdensome. Metrix 360 also failed to articulate how or why the request is overbroad and it failed to offer any suggestion of how to limit the request to cure the purported problem. Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that Metrix 360's position lacks merit.

Regardless, Metrix 360 has already waived all objections and its after-the-fact excuses for refusing to produce these documents lack any merit. Counsel for Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Metrix 360 is

67

1  acting in bad faith and should be sanctioned.

2  ### d)   Metrix 360's Position

3  The material requested (all records relating to any action involving any

4  domain name in which Metrix was a party) is not material to any issue in this

5  case. The records requested do not relate to any transaction with any of the named

6  defendants or plaintiffs or the domain names identified.

7  FRCP 26a does not allow a party to explore matter which does not

8  presently appear germane on the theory that it might conceivably become so.

9  Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

10  F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

11  871 F2d 179, 187. There are  strong considerations for discovery to be more

12  limited to protect nonparties from harassment, inconvenience, or disclosure of

13  confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

14  646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

15  from a non-party that is not relevant to the underlying case. Arista Records LLC

16  v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

17  Where information or documents sought are not relevant nor calculated to lead to

18  the discovery of admissible evidence, then any burden whatsoever imposed upon

19  a responding party  would be by definition "undue".  Compaq Computer Corp. v.

20  Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

21  There is not presently any controversy in the lawsuit that would justify any

22  third party discovery at this time. Default judgment was entered against

23  defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

24  10. 2011 a default judgment was entered against defendant Mahesh Malik. In

25  May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

26  plaintiffs stipulated to the dismissal with prejudice of the complaint against

27  defendant Daste. No issue remains as to any named party in the case.

28  This category  requests information subject to responding party's right of

68

financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson</u> (10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

### 19.   Document Request 19 Directed to Metrix 360

#### a)   Text of Request 19 Directed to Metrix 360

All documents METRIX produced to any opposing party or third party in connection with any action involving a domain name that was filed with any United States court, regulatory agency, or arbitration panel.

#### b)   Metrix 360's Response to Document Request 19

Metrix 360 served no written objections and produced no responsive documents.

#### c)   Verizon's Position

This request seeks documents already produced by Metrix 360 in other related actions.  This request is designed to uncover cybersquatting and trademark activities by Metrix 360 and other information likely relevant to a potential claim by Verizon against Metrix 360s for cybersquatting, trademark infringement or trademark dilution. Both FRCP 45 and the Court's Third Party Discovery Order permit Verizon to conduct third party discovery to identify Doe defendants.

69

CHRISTIE, PARKER & HALE, LLP

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information. Metrix 360 failed to even determine, let alone demonstrate, how or why its search for responsive information would be burdensome. Metrix 360 also failed to articulate how or why the request is overbroad and it failed to offer any suggestion of how to limit the request to cure the purported problem. Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that Metrix 360's position lacks merit.

Regardless, Metrix 360 has already waived all objections and its after-the-fact excuses for refusing to produce these documents lack any merit. Counsel for Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Metrix 360 is acting in bad faith and should be sanctioned.

### d) <u>Metrix 360's Position</u>

The material requested (all records produced by Metrix in any action relating to any domain name) is not material to any issue in this case. The records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103 F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. There are strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

70

Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

### 20. <u>Document Request 20 Directed to Metrix 360</u>

#### a) <u>Text of Request 20 Directed to Metrix 360</u>

All declarations and affidavits filed by METRIX in connection with any

71

1  action involving a domain name that was filed with any United States court,

2  regulatory agency, arbitration panel, or panel hearing a complaint filed pursuant

3  to the Uniform Domain-Name Dispute-Resolution Policy.

4         b)      **Metrix 360's Response to Document Request 20**

5         Metrix 360 served no written objections and produced no responsive

6  documents.

7         c)      **Verizon's Position**

8         This request seeks all declarations and affidavits filed by Metrix 360 in

9  other related actions.   This request is designed to uncover facts regarding

10  cybersquatting and trademark accusations against Metrix 360 and other

11  information likely relevant to a potential claim by Verizon against Metrix 360 for

12  cybersquatting, trademark infringement or trademark dilution. Both FRCP 45 and

13  the Court's Third Party Discovery Order permit Verizon to conduct third party

14  discovery to identify Doe defendants.

15         Metrix 360 has failed to articulate how or why this specific request does

16  not seek relevant information.   Metrix 360 failed to even determine, let alone

17  demonstrate, how or why its search for responsive information would be

18  burdensome.   Metrix 360 also failed to articulate how or why the request is

19  overbroad and it failed to offer any suggestion of how to limit the request to cure

20  the purported problem.   Instead, counsel for Metrix 360 simply demanded that

21  Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

22  Metrix 360's position lacks merit.

23         Regardless, Metrix 360 has already waived all objections and its after-the-

24  fact excuses for refusing to produce these documents lack any merit.  Counsel for

25  Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it

26  was "too old" and that he did not need to follow it, which suggests Metrix 360 is

27  acting in bad faith and should be sanctioned.

28

72

1

d)        **Metrix 360's Position**

2

The material requested (all declarations filed by Metrix in any action

3

relating to any domain name)  is not material to any issue in this case. The records

4

requested do not relate to any transaction with any of the named defendants or

5

plaintiffs or the domain names identified.

6

FRCP 26a does not allow a party to explore matter which does not

7

presently appear germane on the theory that it might conceivably become so.

8

Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

9

F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

10

871 F2d 179, 187. There are  strong considerations for discovery to be more

11

limited to protect nonparties from harassment, inconvenience, or disclosure of

12

confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

13

646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

14

from a non-party that is not relevant to the underlying case. Arista Records LLC

15

v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

16

Where information or documents sought are not relevant nor calculated to lead to

17

the discovery of admissible evidence, then any burden whatsoever imposed upon

18

a responding party  would be by definition "undue".  Compaq Computer Corp. v.

19

Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

20

There is not presently any controversy in the lawsuit that would justify any

21

third party discovery at this time. Default judgment was entered against

22

defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

23

10. 2011 a default judgment was entered against defendant Mahesh Malik. In

24

May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

25

plaintiffs stipulated to the dismissal with prejudice of the complaint against

26

defendant Daste. No issue remains as to any named party in the case.

27

This category  requests information subject to responding party's right of

28

financial privacy and information about responding party's confidential business

73

dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

### 21.    Document Request 21 Directed to Metrix 360

#### a)    Text of Request 21 Directed to Metrix 360

All documents relating to any deposition of METRIX in any lawsuit concerning any domain name.

#### b)    Metrix 360's Response to Document Request 21

Metrix 360 served no written objections and produced no responsive documents.

#### c)    Verizon's Position

This request seeks documents relating to any depositions of Metrix 360 taken in other related actions.  This request is designed to uncover facts regarding cybersquatting and trademark accusations activities by Metrix 360 and other information likely relevant to a potential claim by Verizon against Metrix 360. Both FRCP 45 and the Court's Third Party Discovery Order permit Verizon to conduct third party discovery to identify Doe defendants.

Metrix 360 has failed to articulate how or why this specific request does not seek relevant information.  Metrix 360 failed to even determine, let alone

74

demonstrate, how or why its search for responsive information would be burdensome.  Metrix 360 also failed to articulate how or why the request is overbroad and it failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Metrix 360 simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that Metrix 360's position lacks merit.

Regardless, Metrix 360 has already waived all objections and its after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Metrix 360 was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Metrix 360 is acting in bad faith and should be sanctioned.

### d)    Metrix 360's Position

The material requested (all documents relating to any deposition of Metrix in any action relating to *any* domain name)  is not material to any issue in this case. The records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon

75

a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

**B.**   **Document Subpoena Directed to Rastegar**

**1.**   **Document Request 1 Directed to Rastegar**

**a)**   **Text of Request 1 Directed to Rastegar**

All documents that identify any entity which Shahbod Rastegar ("RASTEGAR") has been an officer, director, managing member, shareholder,

76

owner, or employee from 2006 to the present.

### b)      Rastegar's Response to Document Request 1

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

### c)      Verizon's Position

**Verizon's Request Is Procedurally Proper And Seeks Relevant Information**

Verizon is authorized under FRCP 45 and the Court's "Amended Order Permitting Third Party Discovery" [Docket Entry 88] ("Third Party Discovery Order") to seek information to determine if Rastegar's should be named a Doe defendant.

Under Federal Rule of Civil Procedure 45(a)(1)(C), any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents.  The subpoena served may command production of documents and other things that are relevant to the claim or defense of any party and, if the Court has broadened the scope of discovery, relevant to the subject matter involved in the action. *In re Dorothy Coan*, 2007 U.S. Dist. LEXIS 6288 *4-5 (N.D. Cal., Jan. 12, 2007); Schwarzer, *et al., Federal Civil Procedure Before Trial* at ¶ 11:2305 (citing to FRCP 26(b)(1)).

Metrix 360 and Rastegar have already conceded that Verizon "has a right to discovery of matter relevant to the plaintiff's claim and the subject matter involved in the action."   [Docket Entry 145-1 at 3:15-16 (now withdrawn)].

Moreover, this Court has the inherent authority to enter an order authorizing third party discovery. *See, e.g.,* Fed. R. Civ. P. 26(b)(1).  In the Third Party Discovery Order entered in this case, this Court states that Verizon may "serve discovery upon third parties likely to have information reasonably calculated to lead to evidence identifying any of the defendants named as Does in this action." [Third Party Discovery Order at 1:27-2:1.]  As to the scope of third

77

party discovery, the Order states that "[b]y way of example, and not limitation, Plaintiffs may request information identifying all parties who have received, since January 2006, any payment in connection with the monetization of any of the [238 infringing] domain names . . . regardless of whether the payment was made directly to any Doe defendant or to any other party.  Plaintiffs may also request information identifying all financial accounts associated with these payments, including by way of example and not of limitation, bank names, routing numbers and account numbers."  [Third Party Discovery Order at 2:10-17.]

The third party records obtained by Verizon reveal the transfer of over $1 million to Rastegar/Metrix 360 from an account linked to the owner of at least 117 infringing domain names. Rastegar may be a co-conspirator, and at the very least, has knowledge regarding from whom he received these large sums of money and to whom he sent these large sums of money and why and in what context these transfers—all related to the infringing domain names—occurred. Cybersquatters generally, and the Judgment Defendants specifically, concealed the identity of themselves and other cybersquatters, using shell entities and fictitious businesses (domestically and abroad), and by providing false contact information in various public records.

This specific request seeks information regarding Rastegar's employment and involvement in other corporate entities over the past five years.  This request is proper under FRCP 45 because it seeks information relevant to uncovering Rastegar's role at Metrix 360 and other possible Doe defendant entities, information directly relevant to determining liability of those who participated in the trafficking and/or operation of the infringing domain names under 15 U.S.C. § 1125(d).  This request is also proper under the Court's Third Party Discovery Order because it is "reasonably calculated to lead to evidence identifying any of the defendants named as Does in this action."

**Rastegar Waived All Objections**

78

1   Under FRCP 45(c)(2)(B), a person commanded to produce documents may

2   serve a written objection to the subpoena.  Any objections must be served within

3   14 days after service of the subpoena where the subpoena is served more than 14

4   days before the production date, as is the case here, where Rastegar was provided

5   31 days to produce documents.[17]  Thus, any written objections to the document

6   subpoena were due by no later than June 10, 2011.

7   Rastegar already allowed Bank of America to produce his bank records to

8   Verizon, without any apparent objection.  Rastegar similarly served no written

9   objections to the document subpoena served by Verizon.  "Failure to serve timely

10  objections waives all grounds for objection . . . ."  *United States ex rel. Schwartz*

11  *v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002).  "[A] nonparty's failure to

12  timely make objections to a Rule 45 subpoena duces tecum generally requires the

13  court to find that any objection, including attorney-client privilege, has been

14  waived."  *McCoy v. Southwest Airlines Co*., 211 F.R.D. 381, 385 (C.D. Cal.

15  2002); *see also Enwere v. Terman Assocs., L.P.*, 2008 U.S. Dist. LEXIS 79085 *3

16  fn2 (N.D. Cal. Sept. 10, 2008) (failure to serve written objections to subpoena

17  constitutes waiver of objections); *Schwarzer*, et al. *Federal Civil Procedure*

18  *Before Trial* at ¶ 1:2293, citing to *Moon v. SCP Pool Corp*., 232 FRD 633, 636

19  (C.D. Cal. 2005); *Whitlow v. Martin*, 263 FRD 507, 510 (C.D. Ill. 2009).

20  **Rastegar's Argument That Verizon's Third Party Discovery To**
21  **Uncover Doe Defendants Is Not Permitted in This Case is Frivolous**
22  **And Asserted in Bad Faith**

23  Rastegar's main justification for failing to comply with the subpoena is that

24  third party discovery is not allowed because judgment has been entered against

25  some of the defendants and there is no "controversy in the lawsuit that would

26  justify any third party discovery." [Bleeker Decl. ¶ 7.]   This position is

27  ---

[17] All four subpoenas were personally served on May 27, 2011 and the documents
28  were due 31 days later on June 27, 2011.

CHRISTIE, PARKER & HALE, LLP

1   unjustifiable and frivolous.  Rastegar has failed to identify any legal authority or

2   articulate any other legal or factual basis at all to support its position.

3        Rastegar cannot dispute that FRCP 45 on its face permits third party

4   discovery in a pending federal civil action, including this case.  Verizon named as

5   Defendants DOES 1-100 in its Complaint For Cybersquatting and Contributory

6   Cybersquatting. [Docket Entry 1.]   This case remains open and pending, the

7   discovery period is ongoing, and Verizon is fully entitled by FRCP 45 to serve

8   subpoenas on third parties, including Metrix 360 and Rastegar.

9        Rastegar also cannot dispute that this Court has already determined and

10  ordered that Verizon is authorized to conduct third party discovery in its effort to

11  uncover and identify Doe defendants, which is the precise purpose of Verizon's

12  third party discovery directed to Metrix 360 and Rastegar.  Metrix 360's and

13  Rastegar's position that the Court's Third Party Order is "too old" is frivolous.

14       The only conclusion that can be drawn from Metrix 360's and Rastegar's

15  refusal to comply with the subpoenas and frivolous excuses asserted after the fact

16  is that Metrix 360 and Rastegar are acting in bad faith.

17  **Rastegar's Argument That This Request is "Overbroad" Holds No**

18  **Merit.**

19       This request seeks employment and other information regarding Rastegar's

20  relationship to corporate entities for the past five years—the same general

21  timeframe as the cybersquatting involving the infringing domain names.  Rastegar

22  failed to articulate how or why this specific request is overbroad (as to either

23  subject matter or timeframe) and he failed to offer any suggestion of how to limit

24  the request to cure the overbroad objection.  Instead, counsel for Rastegar simply

25  demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9],

26  which suggests his position lacks merit. Rastegar also failed to even determine,

27  let alone demonstrate, how or why its search for responsive information would be

28  burdensome.

80

**Rastegar's "Motion For Protective Order" Which is Now Withdrawn, Is Not A Proper Response To A Subpoena**

As explained above, Metrix 360/Rastegar's "Motion For Protective Order, which has now been withdrawn from the Court's docket altogether, was substantively and procedurally defective.  [*See* Verizon's Position re: Document Subpoena Directed to Metrix 360, Request No. 1].   More importantly, that Motion did not even seek any relief regarding the document subpoena directed to Rastegar and is therefore irrelevant.

**Verizon's Proposal To Resolve Disputes**

Local Rule 37-2.1 requires each party to state how it proposed to resolve the dispute over that issue at the conference of counsel.  Metrix 360 and Rastegar refused to even engage in any such discussion and instead took the hard-line stance that ***no*** third party discovery is appropriate, period.  During the conference, counsel for Verizon inquired whether Metrix 360 and Rastegar would agree to produce information if Verizon agreed to limit the scope of any of the requests.  Counsel for Metrix 360 and Rastegar stated that no matter what Verizon offered, Metrix 360 and Rastegar would not agree to comply with the subpoenas.  [Bleeker Decl. ¶ 7.]

**Relief Sought by Verizon**

If Metrix 360's/Rastegar's late-filed, procedurally defective and withdrawn motion for protective order, which did not seek relief as to the document subpoena to Rastegar, is somehow deemed a proper objection to the document subpoena directed to Rastegar, Verizon moves to compel production of responsive documents pursuant to FRCP 45(c)(2)(B)(1).   To the extent that Rastegar is deemed to have failed to produce any documents or otherwise respond, Verizon asks this Court to hold Rastegar in contempt of Court pursuant to FRCP 45(e) and requests this Court to order Rastegar to fully comply with the document subpoena.   Verizon also seeks a ruling confirming that the Court's

81

1   Third Party Discovery Order is operative and is not "too old" to enforce.

2       Verizon also seeks to recover its costs including attorneys' fees associated

3   with the filing of this motion to compel/motion for contempt, according to proof.

4   *See Collagen Nutraceuticals, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98228

5   *6-*7 (S.D. Cal. Sept. 20, 2010) (ordering third party to pay attorneys' fees of

6   moving party for third party's failure to comply with subpoena);  *In re Dorothy*

7   *Coan*, 2007 U.S. Dist. LEXIS 6288 at *7 fn.3 (failure to comply with subpoena

8   may result in award of attorneys' fees and costs to moving party); *see also*

9   *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 491, 494 (9th Cir. 1983)

10  (district court has inherent power to impose sanctions); *Tuttle v. Combined Ins.*

11  *Co.*, 222 F.R.D. 424, 428 (E.D. Cal. 2004) (federal courts have inherent power to

12  award monetary sanctions).

13              **d)**     **Rastegar's Position**

14      The material requested (all documents identifying any entity in which

15  responding party has been an officer or owner since 2006) is not material to any

16  issue presently in the case.  The records requested do not relate to any transaction

17  with any of the named defendants or plaintiffs or the domain names identified.

18      FRCP 26a does not allow a party to explore matter which does not

19  presently appear germane on the theory that it might conceivably become so.

20  Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

21  F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

22  871 F2d 179, 187. There are  strong considerations for discovery to be more

23  limited to protect nonparties from harassment, inconvenience, or disclosure of

24  confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

25  646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

26  from a non-party that is not relevant to the underlying case. Arista Records LLC

27  v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

28  Where information or documents sought are not relevant nor calculated to lead to

the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

The material requested is not material to any issue presently in the case. Moreover, the records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified..

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

### 2. <u>Document Request 2 Directed to Rastegar</u>

#### a) <u>Text of Request 2 Directed to Rastegar</u>

All documents relating to any dividends, loans, capital contributions, or payments received by or made to RASTEGAR from or by any of the DEFENDANTS[18], or OTHER PARTIES.[19]

---

[18] "DEFENDANTS" shall mean, collectively and individually: Lead Networks Domains Private Limited, Naresh Malik a/k/a Nick M., Mahesh Malik, and Kevin Daste.

[19] "OTHER PARTIES" shall mean, collectively and individually: Metrix 360 L.L.C., Dale Begg-Smith; Jason Begg-Smith; Domaincannon.com L.L.C.; Name.com L.L.C., Name.net L.L.C., and Spot Domains L.L.C.; 19 Parking.com;

83

**b)** **Rastegar's Response to Document Request 2**

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

**c)** **Verizon's Position**

This request seeks information relating any financial transactions between Rastegar and the named Defendants and/or other parties involved in the cybersquatting activities.  As explained previously (*see* Verizon's Position as to Document Request 1 directed to Rastegar), Metrix 360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names.  Verizon therefore seeks to find out if Rastegar personally participated and/or profited from the cybersquatting activities.  This request seeks financial documents that would reveal any such participation and/or profits, and is therefore reasonably calculated to identify Doe defendants in this case.  It will also reveal facts relevant to whether Rastegar and Metrix 360 are alter egos. As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.  Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.  Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Rastegar simply demanded that

AMG inc. a/k/a Alternative Marketing Group; Softech Ltd. a/k/a Softtech Ltd.; Hecta Media Inc. (now known as Top Level Domain Holdings Ltd.); and any and all employees, officers, owners, past and present domestic or foreign parents, subsidiaries, divisions, departments, sister entities, affiliates, partners of partnerships, predecessors or successors-in-interest, corporate subunits, partnerships, joint ventures, or other business entities.

84

Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d) <u>Rastegar's Position</u>

The material requested (all records of financial transactions between Raestegar the defendants or the other eleven nonparties listed in the subpoena) is not material to any issue presently in the case.   The records also demand production of financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103 F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any

CHRISTIE, PARKER & HALE, LLP

third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the

86

scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 3. Document Request 3 Directed to Rastegar

#### a) Text of Request 3 Directed to Rastegar

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to the REGISTRATION,[20] USE,[21] MONETIZATION,[22] or TRAFFICKING IN[23] of any domain name by RASTEGAR.

#### b) Rastegar's Response to Document Request 3

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c) Verizon's Position

This request seeks information relating to Rastegar's personal involvement in cybersquatting activities. As explained previously (*see* Verizon's Position as

---

[20] "REGISTRATION" shall refer to the registration or renewal of a registration for a domain name, or any other act that entitles a party to the exclusive control and use of a domain name for any length of time.

[21] "USE" shall mean using a domain name to provide a website accessible at that domain name, or configuring the domain name to redirect visitors to any other domain name or website, or authorizing any third party to use the domain name.

[22] "MONETIZATION" shall mean using a domain name to provide a website accessible at that domain name that displays links to advertisements, or that displays advertisements, or that displays or triggers pop-up or pop-under advertisements.

[23] "TRAFFICKING IN" shall mean any transaction including, but not limited to, sales, purchases, loans, pledges, license, exchanges of currency, and any other transfer for consideration or receipt in exchange for consideration.

CHRISTIE, PARKER & HALE, LLP

to Document Request 1 directed to Rastegar), Metrix 360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names.  Verizon therefore seeks to find out what Rastegar's role was in the cybersquatting activities.  This request seeks documents that would identify his role, and is therefore reasonably calculated to identify Doe defendants in this case.  Responsive information would also be relevant to whether Metrix 360 and Rastegar are alter egos.  As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.  Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.  Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)      **Rastegar's Position**

The material requested (all documents relating to any domain name used by responding party, including financial records)  is not material to any issue presently in the case.  The records requested do not relate to any transaction with any of the named defendants or plaintiffs, and are not limited to  the domain

88

names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995)

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

The material requested is not material to any issue presently in the case. Moreover, the records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified..

This category requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings. Federal courts generally recognize a right of privacy that can be raised

89

in response to discovery requests. <u>Johnson by Johnson v Thompson</u> (10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see <u>Pansy v. Borough of Stroudsburg</u> (3rd Cir. 1994) 23 F3d 772, 787-791.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

**4.     <u>Document Request 4 Directed to Rastegar</u>**

**a)     <u>Text of Request 4 Directed to Rastegar</u>**

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to the REGISTRATION, USE,

90

1    MONETIZATION, or TRAFFICKING IN of any domain name by

2    DEFENDANTS[24].

### b) Rastegar's Response to Document Request 4

4    Rastegar served no written objections, produced no responsive documents

5    and filed no motion regarding this subpoena.

### c) Verizon's Position

7    This request seeks information Rastegar possesses regarding Defendants'

8    cybersquatting activities.  As explained previously (*see* Verizon's Position as to

9    Document Request 1 directed to Rastegar), Metrix 360/Rastegar appear to have

10   received over $1 million from a domain name registrar, and those funds were

11   received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the

12   infringing domain names.  Verizon therefore seeks to find out what other

13   information Rastegar possesses involving the transactions to determine who else

14   is involved.  This request, therefore, seeks documents that would identify other

15   Doe defendants in this case.  As explained fully above, this information is

16   discoverable under FRCP 45 and this Court's Third Party Discovery Order.

17   Rastegar has failed to articulate how or why this specific request does not

18   seek relevant information.  Rastegar failed to even determine, let alone

19   demonstrate, how or why his search for responsive information would be

20   burdensome.  Rastegar also failed to articulate how or why the request is

21   overbroad and he failed to offer any suggestion of how to limit the request to cure

22   the purported problem.  Instead, counsel for Rastegar simply demanded that

23   Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

24   his position lacks merit.

25   Regardless, Rastegar has already waived all objections and his after-the-

---

[24] "DEFENDANTS" shall mean, collectively and individually: Lead Networks Domains Private Limited, Naresh Malik a/k/a Nick M., Mahesh Malik, and Kevin Daste.

91

fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d) **Rastegar's Position**

The material requested (all records, including financial records, relating to use of any domain name by the defendants) is not material to any issue presently in the case.  The records also demand production of financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

92

1    plaintiffs stipulated to the dismissal with prejudice of the complaint against

2    defendant Daste. No issue remains as to any named party in the case.

3        This category  requests information subject to responding party's right of

4    financial privacy and information about responding party's confidential business

5    dealings.  Federal courts generally recognize a right of privacy that can be raised

6    in response to discovery requests. Johnson by Johnson v Thompson (10th Cir.

7    1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y.

8    1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective

9    order is sought, the court should balance the need for the information against the

10   claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601,

11   604.

12       Here, good cause exists for the issuance of a protective order limiting the

13   personal financial information to be disclosed by the subpoena. There is no

14   legitimate purpose for requiring the complete disclosure of all the financial

15   transactions listed.  Balancing plaintiff's need for the discovery (which given the

16   procedural posture of the case, appears to be none) against the responding party's

17   privacy interest, production of such information will violate responding party's

18   privacy interest without any furtherance of the discovery of information related to

19   the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98

20   (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d

21   772, 787-791.

22              **Relief Requested by Responding Party**

23       Responding party request that the court issue a protective order quashing

24   the subpoena. Alternatively responding party requests that this court limit the

25   scope of this subpoena and order that responding party need not produce

26   document responsive to this category.

27       If disclosure is ordered, responding party requests that the court limit

28   disclosure of such information to counsel for plaintiffs only, unless broader

93

disclosure is later authorized by a further order of this court.

### 5. Document Request 5 Directed to Rastegar

#### a) Text of Request 5 Directed to Rastegar

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to the REGISTRATION, USE, MONETIZATION, or TRAFFICKING IN of any domain name by OTHER PARTIES.[25]

#### b) Rastegar's Response to Document Request 5

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c) Verizon's Position

This request seeks information Rastegar possesses regarding the cybersquatting activities of other defined entities who Verizon believes were involved in the cybersquatting activities. As explained previously (*see* Verizon's Position as to Document Request 1 directed to Rastegar), Metrix 360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names. Verizon therefore seeks to find out what information Rastegar possesses involving the transactions to determine the role of other entities in the scheme. This request, therefore, seeks documents that would identify other Doe defendants in this case. As explained fully above, this

---

[25] "OTHER PARTIES" shall mean, collectively and individually: Dale Begg-Smith; Jason Begg-Smith; Domaincannon.com L.L.C.; Name.com L.L.C., Name.net L.L.C., and Spot Domains L.L.C.; 19 Parking.com; AMG inc. a/k/a Alternative Marketing Group; Softech Ltd. a/k/a Softtech Ltd.; Hecta Media Inc. (now known as Top Level Domain Holdings Ltd.); and any and all employees, officers, owners, past and present domestic or foreign parents, subsidiaries, divisions, departments, sister entities, affiliates, partners of partnerships, predecessors or successors-in-interest, corporate subunits, partnerships, joint ventures, or other business entities.

94

information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.   Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.   Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.   Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)   Rastegar's Position

The material requested (all records, including financial records, relating to use of any domain name by eleven nonparties) is not material to any issue presently in the case.   The records also demand production of financial information subject to responding party's right to financial privacy. The records requested do not relate to any transaction with any of the named defendants or plaintiffs, and are not limited to  the domain names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of

95

confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson </u>(10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss </u>(3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the

96

CHRISTIE, PARKER & HALE, LLP

procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 6.   Document Request 6 Directed to Rastegar

#### a)   Text of Request 6 Directed to Rastegar

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to any of the INFRINGING DOMAIN NAMES.[26]

#### b)   Rastegar's Response to Document Request 6

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c)   Verizon's Position

This request seeks information Rastegar possesses regarding the transactions regarding the infringing domain names.  As explained previously (see Verizon's Position as to Document Request 1 directed to Rastegar), Metrix

---

[26] The list of INFRINGING DOMAIN NAMES is attached as Exhibit B.

97

360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names.  Verizon therefore seeks to find out what other information Rastegar possesses involving these transactions to determine who else is involved.  This request, therefore, seeks documents that would identify other Doe defendants in this case.  As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.  Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.  Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d) <u>Rastegar's Position</u>

The material requested (all records relating to the infringing domain names) is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103 F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989)

98

871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

### 7.    Document Request 7 Directed to Rastegar

#### a)    Text of Request 7 Directed to Rastegar

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to any other domain name.

#### b)    Rastegar's Response to Document Request 7

Rastegar served no written objections, produced no responsive documents

99

and filed no motion regarding this subpoena.

### c)   **Verizon's Position**

This request seeks information Rastegar possesses regarding the transactions regarding relevant domain names other than the already known infringing domain names.  As explained previously (*see* Verizon's Position as to Document Request 1 directed to Rastegar), Metrix 360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names.  Verizon seeks to find out what information Rastegar possesses involving transactions for other relevant domain names, to identify the purpose of the transactions, the entities involved, etc.  As explained above, under 25 U.S.C. § 1125(d)(1)(B), one of the factors to determine bad faith intent for cybersquatting is whether a cybersquatter has registered or acquired other domain names that would infringe on others' trademark rights.  Thus, if a party is or was trafficking in infringing domain names of other famous marks other than the Verizon marks, that fact is directly relevant to proving bad faith intent and is therefore relevant to Verizon's claims against any Doe defendant involved, including Metrix 360.  Thus, as explained above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.  Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.  Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-

100

fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)    Rastegar's Position

The material requested (all documents relating to any other domain name used by responding party, including financial records)  is not material to any issue presently in the case.  The records requested do not relate to any transaction with any of the named defendants or plaintiffs, and are not limited to  the domain names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In

CHRISTIE, PARKER & HALE, LLP

May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

The material requested is not material to any issue presently in the case. Moreover, the records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified..

This category requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings. Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed. Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit. See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the

102

scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 8.   Document Request 8 Directed to Rastegar

#### a)   Text of Request 8 Directed to Rastegar

All documents, including correspondence, contracts, payments, and financial documents, related to any agreement or transaction between RASTEGAR and DEFENDANTS.

#### b)   Rastegar's Response to Document Request 8

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c)   Verizon's Position

This request seeks information Rastegar possesses regarding transactions and communications between him and the named Defendants.  As explained previously (*see* Verizon's Position as to Document Request 1 directed to Rastegar), Metrix 360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names.  Verizon therefore seeks to find out specific information regarding each transaction between Rastegar and Defendants to determine the role of Rastegar and Metrix 360 and other entities in this transactions.   This request, therefore, seeks documents that would lead to the identity of Doe defendants in this case.  As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.   Rastegar failed to even determine, let alone

demonstrate, how or why his search for responsive information would be burdensome.   Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.   Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)   **Rastegar's Position**

The material requested (all documents relating to transactions between responding party and defendants)  is not material to any issue presently in the case.   The records also demand production of financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon

104

1   a responding party would be by definition "undue".  Compaq Computer Corp. v.

2   Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

3        There is not presently any controversy in the lawsuit that would justify any

4   third party discovery at this time. Default judgment was entered against

5   defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

6   10. 2011 a default judgment was entered against defendant Mahesh Malik. In

7   May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

8   plaintiffs stipulated to the dismissal with prejudice of the complaint against

9   defendant Daste. No issue remains as to any named party in the case.

10        This category  requests information subject to responding party's right of

11   financial privacy and information about responding party's confidential business

12   dealings.  Federal courts generally recognize a right of privacy that can be raised

13   in response to discovery requests. Johnson by Johnson v Thompson (10th Cir.

14   1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y.

15   1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective

16   order is sought, the court should balance the need for the information against the

17   claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601,

18   604.

19        Here, good cause exists for the issuance of a protective order limiting the

20   personal financial information to be disclosed by the subpoena. There is no

21   legitimate purpose for requiring the complete disclosure of all the financial

22   transactions listed.  Balancing plaintiff's need for the discovery (which given the

23   procedural posture of the case, appears to be none) against the responding party's

24   privacy interest, production of such information will violate responding party's

25   privacy interest without any furtherance of the discovery of information related to

26   the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98

27   (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d

28   772, 787-791.

105

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 9. Document Request 9 Directed to Rastegar

#### a) Text of Request 9 Directed to Rastegar

All documents, including correspondence, contracts, payments, and financial documents, related to any agreement or transaction between RASTEGAR and OTHER PARTIES.

#### b) Rastegar's Response to Document Request 9

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c) Verizon's Position

This request seeks information Rastegar possesses regarding transactions and communications between Rastegar and entities that Verizon believes were involved in the cybersquatting activities.  As explained previously (*see* Verizon's Position as to Document Request 1 directed to Rastegar), Metrix 360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names.  Verizon therefore seeks to find out what other information Rastegar possesses with respect to other entities believed to be involved in unlawful transactions.  This request, therefore, seeks documents that would help explain why these transactions took place, the role of each party and would likely lead to the identity of Doe defendants in this case.  As explained

106

fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.   Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.   Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.   Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)      **Rastegar's Position**

The material requested (all records relating to any transactions between responding party and the eleven nonparties named in the subpoena, including financial records) is not material to any issue presently in the case.  The records requested do not relate to any transaction with any of the named defendants or plaintiffs, and are not limited to  the domain names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's

privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 10.   Document Request 10 Directed to Rastegar

#### a)   Text of Request 10 Directed to Rastegar

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to any business operations involving domain names of DEFENDANTS.

#### b)   Rastegar's Response to Document Request 10

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c)   Verizon's Position

This request seeks information Rastegar possesses regarding the business operations of the named Defendants relating to domain names.  The named Defendants are known cybersquatters.  Information regarding the business operations of the named Defendants would likely reveal the identity of other parties involved in cybersquatting activities, the nature and purpose behind financial transactions involving domain names, and Rastegar's role in any

109

unlawful activities.  This request seeks documents that would lead to the identity of Doe defendants in this case.  As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.  Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.  Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)    <u>Rastegar's Position</u>

The material requested (all records relating to any business operations involving any domain name of defendants)  is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so.  <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103 F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

110

from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

### 11.   <u>Document Request 11 Directed to Rastegar</u>

#### a)   <u>Text of Request 11 Directed to Rastegar</u>

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to any business operations involving domain names of OTHER PARTIES.

#### b)   <u>Rastegar's Response to Document Request 11</u>

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c)   <u>Verizon's Position</u>

This request seeks information Rastegar possesses regarding the business

111

CHRISTIE, PARKER & HALE, LLP

operations of the entities that Verizon believes were involved in cybersquatting activities.  Information regarding the business operations of these entities would likely reveal the identity of other parties involved in cybersquatting activities, the nature and purpose behind financial transactions involving domain names, and Rastegar's role in any unlawful activities.  This request seeks documents that would lead to the identity of Doe defendants in this case.  As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.  Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.  Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)   Rastegar's Position

The material requested (all records relating to any business operations involving any domain names of the  eleven nonparties named in the subpoena, including financial records) is not material to any issue presently in the case.  The records requested do not relate to any transaction with any of the named defendants or plaintiffs, and are not limited to  the domain names identified in the complaint.

112

1   FRCP 26a does not allow a party to explore matter which does not
2   presently appear germane on the theory that it might conceivably become so.
3   Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103
4   F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)
5   871 F2d 179, 187. There are  strong considerations for discovery to be more
6   limited to protect nonparties from harassment, inconvenience, or disclosure of
7   confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d
8   646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information
9   from a non-party that is not relevant to the underlying case. Arista Records LLC
10  v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)
11  Where information or documents sought are not relevant nor calculated to lead to
12  the discovery of admissible evidence, then any burden whatsoever imposed upon
13  a responding party  would be by definition "undue".  Compaq Computer Corp. v.
14  Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

15   There is not presently any controversy in the lawsuit that would justify any
16  third party discovery at this time. Default judgment was entered against
17  defendants Lead Networks and Narresh Malik on October 1, 2009.  On January
18  10. 2011 a default judgment was entered against defendant Mahesh Malik. In
19  May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,
20  plaintiffs stipulated to the dismissal with prejudice of the complaint against
21  defendant Daste. No issue remains as to any named party in the case.

22   This category  requests information subject to responding party's right of
23  financial privacy and information about responding party's confidential business
24  dealings.  Federal courts generally recognize a right of privacy that can be raised
25  in response to discovery requests. Johnson by Johnson v Thompson (10th Cir.
26  1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y.
27  1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective
28  order is sought, the court should balance the need for the information against the

113

claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 12.   Document Request 12 Directed to Rastegar

#### a)   Text of Request 12 Directed to Rastegar

All documents, including correspondence, contracts, payments, financial documents, and complaints, relating to the transfer of business operations and/or assets of DEFENDANTS, OTHER PARTIES, and/or RASTEGAR.

#### b)   Rastegar's Response to Document Request 12

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

114

CHRISTIE, PARKER & HALE, LLP

1

### c)    Verizon's Position

2    This request seeks information Rastegar possesses regarding the transfer of

3    business operations and/or assets of the named Defendants, other parties who

4    Verizon believes were involved in cybersquatting activities and/or Rastegar.  Any

5    recipients or participants in these transactions are potential Doe defendants.  This

6    discovery might also assist Verizon in enforcing its judgment against the

7    Judgment Defendants.  As explained fully above, this information is discoverable

8    under FRCP 45 and this Court's Third Party Discovery Order.

9    Rastegar has failed to articulate how or why this specific request does not

10    seek relevant information.   Rastegar failed to even determine, let alone

11    demonstrate, how or why his search for responsive information would be

12    burdensome.   Rastegar also failed to articulate how or why the request is

13    overbroad and he failed to offer any suggestion of how to limit the request to cure

14    the purported problem.   Instead, counsel for Rastegar simply demanded that

15    Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

16    his position lacks merit.

17    Regardless, Rastegar has already waived all objections and his after-the-

18    fact excuses for refusing to produce these documents lack any merit.  Counsel for

19    Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it

20    was "too old" and that he did not need to follow it, which suggests Rastegar is

21    acting in bad faith and should be sanctioned.

22

### d)    Rastegar's Position

23    The material requested (all records, including financial records, relating to

24    the transfer of business assets or operations of defendants, the eleven nonparties,

25    or responding party) is not material to any issue presently in the case.   The

26    records also demand production of financial information subject to responding

27    party's right to financial privacy.

28    FRCP 26a does not allow a party to explore matter which does not

115

presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601,

116

604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 13.    Document Request 13 Directed to Rastegar

#### a)    Text of Request 13 Directed to Rastegar

All documents relating to any claim of cybersquatting, trademark infringement, or trademark dilution made against RASTEGAR, DEFENDANTS, and/or OTHER PARTIES.

#### b)    Rastegar's Response to Document Request 13

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

117

### c)      Verizon's Position

This request seeks information Rastegar possesses regarding claims of cybersquatting, trademark infringement or trademark dilution against Rastegar, the named Defendants or other parties Verizon believes were involved in the cybersquatting scheme engaged in by the named Defendants.  Such information is directly related to Verizon's claims in this case.  As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.   Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.   Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.   Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)      Rastegar's Position

The material requested (all records relating to claims of cybersquatting, trademark infringement or trademark dilution against responding party, the defendants, or the eleven nonparties) are not related to any issues remaining in the case.   The records also demand production of financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not

118

presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601,

604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 14.   Document Request 14 Directed to Rastegar

#### a)   Text of Request 14 Directed to Rastegar

All documents relating to any claim of cybersquatting, trademark infringement, or trademark dilution made against DEFENDANTS.

#### b)   Rastegar's Response to Document Request 14

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c)   Verizon's Position

This request seeks information Rastegar possesses regarding claims of

120

cybersquatting, trademark infringement or trademark dilution against the named Defendants.  Such information is directly related to Verizon's claims in this case and is intended to identify Doe defendants.   As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.   Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.   Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.   Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)      <u>Rastegar's Position</u>

The material requested (all records relating to claims of cybersquatting, trademark infringement or trademark dilution against defendants)  is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. <u>Food Lion Inc. V. United Food & Comm'l Worker's Union </u>(DC Cir. 1997) 103 F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of

121

confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

**15. <u>Document Request 15 Directed to Rastegar</u>**

**a) <u>Text of Request 15 Directed to Rastegar</u>**

All documents relating to any claim of cybersquatting, trademark infringement, or trademark dilution made against OTHER PARTIES.

**b) <u>Rastegar's Response to Document Request 15</u>**

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

122

### c)   **Verizon's Position**

This request seeks information Rastegar possesses regarding claims of cybersquatting, trademark infringement or trademark dilution against other parties Verizon believes were involved in the cybersquatting scheme engaged in by the named Defendants.  Such information is directly related to Verizon's claims in this case and is intended to identify Doe defendants.  As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information.  Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome.  Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem.  Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit.  Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)   **Rastegar's Position**

The material requested (all records relating to claims of cybersquatting, trademark infringement or trademark dilution against the eleven nonparties named in the subpoena) is not material to any issue presently in the case.  The records requested do not relate to any transaction with any of the named defendants or plaintiffs, and are not limited to the domain names identified in the complaint.

123

CHRISTIE, PARKER & HALE, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103 F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

15
16
17
18
19
20
21

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

22

**Relief Requested by Responding Party**

23
24
25
26

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

27
28

124

### 16.   Document Request 16 Directed to Rastegar

#### a)   Text of Request 16 Directed to Rastegar

All documents filed in any action involving a domain name in which RASTEGAR was a party that was filed with any United States court, regulatory agency, or arbitration panel.

#### b)   Rastegar's Response to Document Request 16

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c)   Verizon's Position

This request seeks information from any other action involving Rastegar relating to a domain name. Such information is relevant to potential liability of Rastegar and possibly others, and evidence of bad faith. As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information. Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome. Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem. Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit. Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

125

CHRISTIE, PARKER & HALE, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

#### d)    **Rastegar's Position**

The material requested (all records relating to any action involving any domain name in which responding party was a party) is not material to any issue in this case. The records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing

126

the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

### 17. Document Request 17 Directed to Rastegar

#### a) Text of Request 17 Directed to Rastegar

All documents RASTEGAR produced to any opposing party or third party in connection with any action involving a domain name that was filed with any United States court, regulatory agency, or arbitration panel.

#### b) Rastegar's Response to Document Request 17

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c) Verizon's Position

This request seeks information Rastegar produced in any other action involving Rastegar relating to a domain name. Such information is relevant to potential liability of Rastegar and possibly others, and evidence of bad faith. As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not seek relevant information. Rastegar failed to even determine, let alone demonstrate, how or why his search for responsive information would be burdensome. Rastegar also failed to articulate how or why the request is overbroad and he failed to offer any suggestion of how to limit the request to cure the purported problem. Instead, counsel for Rastegar simply demanded that Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that his position lacks merit.

Regardless, Rastegar has already waived all objections and his after-the-fact excuses for refusing to produce these documents lack any merit. Counsel for Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it

127

was "too old" and that he did not need to follow it, which suggests Rastegar is acting in bad faith and should be sanctioned.

### d)   Rastegar's Position

The material requested (all records produced by responding party in any action relating to any domain name) is not material to any issue in this case. The records requested do not relate to any transaction with any of the named defendants or plaintiffs or the domain names identified.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

128

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson</u> (10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not produce document responsive to this category.

### 18.   Document Request 18 Directed to Rastegar

#### a)   Text of Request 18 Directed to Rastegar

All documents relating to any deposition of RASTEGAR in any lawsuit concerning any domain name.

#### b)   Rastegar's Response to Document Request 18

Rastegar served no written objections, produced no responsive documents and filed no motion regarding this subpoena.

#### c)   Verizon's Position

This request seeks information relating to any deposition taken in an action involving Rastegar relating to a domain name.  Such information is relevant to potential liability of Rastegar and possibly others, and evidence of bad faith.  As explained fully above, this information is discoverable under FRCP 45 and this Court's Third Party Discovery Order.

Rastegar has failed to articulate how or why this specific request does not

129

1   seek relevant information.   Rastegar failed to even determine, let alone

2   demonstrate, how or why his search for responsive information would be

3   burdensome.   Rastegar also failed to articulate how or why the request is

4   overbroad and he failed to offer any suggestion of how to limit the request to cure

5   the purported problem.   Instead, counsel for Rastegar simply demanded that

6   Verizon withdraw the request altogether [Bleeker Decl. ¶ 9], which suggests that

7   his position lacks merit.

8       Regardless, Rastegar has already waived all objections and his after-the-

9   fact excuses for refusing to produce these documents lack any merit.  Counsel for

10  Rastegar was fully aware of the Court's Third Party Discovery Order, but felt it

11  was "too old" and that he did not need to follow it, which suggests Rastegar is

12  acting in bad faith and should be sanctioned.

13              **d)      <u>Rastegar's Position</u>**

14      The material requested (all documents relating to any deposition of

15  responding party in any action relating to *any* domain name)  is not material to

16  any issue in this case. The records requested do not relate to any transaction with

17  any of the named defendants or plaintiffs or the domain names identified.

18      FRCP 26a does not allow a party to explore matter which does not

19  presently appear germane on the theory that it might conceivably become so.

20  <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103

21  F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989)

22  871 F2d 179, 187. There are  strong considerations for discovery to be more

23  limited to protect nonparties from harassment, inconvenience, or disclosure of

24  confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d

25  646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

26  from a non-party that is not relevant to the underlying case. <u>Arista Records LLC</u>

27  <u>v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

28  Where information or documents sought are not relevant nor calculated to lead to

130

1   the discovery of admissible evidence, then any burden whatsoever imposed upon

2   a responding party  would be by definition "undue".  Compaq Computer Corp. v.

3   Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

4          There is not presently any controversy in the lawsuit that would justify any

5   third  party  discovery  at  this  time.  Default  judgment  was  entered  against

6   defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

7   10. 2011 a default judgment was entered against defendant Mahesh Malik. In

8   May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

9   plaintiffs  stipulated  to  the  dismissal  with  prejudice  of  the  complaint  against

10  defendant Daste. No issue remains as to any named party in the case.

11         This category  requests information subject to responding party's right of

12  financial privacy and information about responding party's confidential business

13  dealings.  Federal courts generally recognize a right of privacy that can be raised

14  in  response  to  discovery  requests.  Johnson by Johnson v Thompson (10th Cir.

15  1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y.

16  1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective

17  order is sought, the court should balance the need for the information against the

18  claimed  privacy  right.  Ragge  v.  MCA/Universal  (CD  CA  1995)  165  FRD  601,

19  604.

20         **Relief Requested by Responding Party**

21         Responding party request that the court issue a protective order quashing

22  the subpoena. Alternatively responding party requests that this court limit the

23  scope  of  this  subpoena  and  order  that  responding  party  need  not  produce

24  document responsive to this category.

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

C.      **Deposition Subpoena Directed to Metrix 360**

1.      **Deposition Topic 1**

a)      **Text of Deposition Topic 1**

Documents produced by Metrix 360, LLC ("METRIX").

b)      **Metrix 360's Response to Deposition Topic 1**

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

c)      **Verizon's Position**

**Verizon's Deposition Subpoena Is Procedurally Proper And Seeks Relevant Information**

Verizon is authorized under FRCP 45 and the Court's "Amended Order Permitting Third Party Discovery" [Docket Entry 88] ("Third Party Discovery Order") to discover background information on the corporate entity Metrix 360.

Under Federal Rule of Civil Procedure 45(a)(1)(C), any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents.  The subpoena served may command production of documents and other things that are relevant to the claim or defense of any party and, if the Court has broadened the scope of discovery, relevant to the subject matter involved in the action. *In re Dorothy Coan*, 2007 U.S. Dist. LEXIS 6288 *4-5 (N.D. Cal., Jan. 12, 2007); Schwarzer, *et al., Federal Civil Procedure Before Trial* at ¶ 11:2305 (citing to FRCP 26(b)(1)).

Metrix 360 and Rastegar have already conceded that Verizon "has a right to discovery of matter relevant to the plaintiff's claim and the subject matter involved in the action."   [Docket Entry 145-1 at 3:15-16 (now withdrawn)].

Moreover, this Court has the inherent authority to enter an order authorizing third party discovery. *See, e.g.,* Fed. R. Civ. P. 26(b)(1).  In the Third Party Discovery Order entered in this case, this Court states that Verizon may "serve discovery upon third parties likely to have information reasonably

132

calculated to lead to evidence identifying any of the defendants named as Does in this action." [Third Party Discovery Order at 1:27-2:1.]  As to the scope of third party discovery, the Order states that "[b]y way of example, and not limitation, Plaintiffs may request information identifying all parties who have received, since January 2006, any payment in connection with the monetization of any of the [238 infringing] domain names . . . regardless of whether the payment was made directly to any Doe defendant or to any other party.  Plaintiffs may also request information identifying all financial accounts associated with these payments, including by way of example and not of limitation, bank names, routing numbers and account numbers."  [Third Party Discovery Order at 2:10-17.]

The third party records already obtained by Verizon indicate that Metrix 360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Metrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names.  Verizon seeks to determine why Metrix 360/Rastegar received over $1 million in funds for the benefit of the owner of 117 infringing domain names, the exact relationship between Rastegar, Metrix 360 and the entity known as "Softech," and facts relating to the infringing domain names and Verizon's cybersquatting case.

The deposition subpoena, therefore, seeks Metrix 360's corporate knowledge regarding these topics which relate back to Verizon's claims and the identification of Doe defendants.  The first stated deposition topic seeks Metrix 360's knowledge regarding the documents it produced in response to Verizon's document subpoena.  The specific relevance for each of the document requests is set forth above.  This request is proper under FRCP 45 because it seeks information relevant to Verizon's claim that one or more Doe defendants who participated in the trafficking and/or operation of the infringing domain names is liable under 15 U.S.C. § 1125(d).  This request is also proper under the Court's Third Party Discovery Order because it is "reasonably calculated to lead to

133

evidence identifying any of the defendants named as Does in this action" and also because its seeks "information identifying all parties who have received, since January 2006, any payment in connection with the monetization of any of the [238 infringing] domain names . . . ."

**Metrix 360 Failed To Properly Respond To The Deposition Subpoena**

A "deposition subpoena may only be challenged by moving to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving for a protective order pursuant to Rule 26(c)." *In re Coan*, 2007 U.S. Dist. LEXIS 6288 *6 (N.D. Cal. Jan. 12, 2007). A "motion to quash or modify 'must be made promptly, allowing it to be heard *and granted before* the scheduled deposition.'" *Id.* (quoting Schwarzer, *et al.* (Rutter Group) Federal Civil Procedure Before Trial 11:2288 (2006) (emphasis in original)). Instead of acting promptly, Metrix 360 waited almost an entire month after being served, and then filed a procedurally defective motion for protective order (now withdrawn) that did not even mention the deposition subpoena directed to Metrix 360, only a few days before the scheduled deposition. This does not constitute a timely motion.

**Metrix 360's Argument That Verizon's Third Party Discovery To Uncover Doe Defendants Is Not Permitted in This Case is Frivolous And Asserted in Bad Faith**

Metrix 360's main justification for failing to comply with the subpoena is that third party discovery is not allowed because judgment has been entered against some of the defendants and there is no controversy in the lawsuit that would justify any third party discovery. [Bleeker Decl. ¶ 7.] This position is unjustifiable and frivolous. Metrix 360 has failed to identify any legal authority or articulate any other legal or factual basis at all to support its position.

Metrix 360 cannot dispute that FRCP 45 on its face permits third party discovery in a pending federal civil action, including this case. Verizon named as

134

1   Defendants DOES 1-100 in its Complaint For Cybersquatting and Contributory

2   Cybersquatting. [Docket Entry 1.]   This case remains open and pending, the

3   discovery period is ongoing, and Verizon is fully entitled by FRCP 45 to serve

4   subpoenas on third parties, including Metrix 360 and Rastegar.

5        Metrix 360 also cannot dispute this Court has already determined and

6   ordered that Verizon is authorized to conduct third party discovery in its effort to

7   uncover and identify Doe defendants, which is the precise purpose of Verizon's

8   third party discovery directed to Metrix 360 and Rastegar.   Metrix 360 and

9   Rastegar's position that the Court's Third Party Order is "too old" is frivolous.

10        The only conclusion that can be drawn from Metrix 360's and Rastegar's

11   refusal to comply with the subpoenas and frivolous excuses asserted after the fact

12   is that Metrix 360 and Rastegar are acting in bad faith.

13   **Metrix 360 Had No Basis To Seek to Quash This Deposition Subpoena.**

14        As explained above, Metrix 360/Rastegar's "Motion For Protective Order,

15   which has now been withdrawn from the Court's docket altogether, was

16   substantively and procedurally defective.   More importantly, that Motion did not

17   even seek any relief regarding the deposition subpoena directed to Metrix 360 and

18   is therefore irrelevant to Verizon's motion to compel enforcement of that

19   subpoena.

20        Regardless, the deposition subpoena was not subject to any valid objection.

21   Under FRCP 45, a third party may, in response to a subpoena, move to quash on

22   four potential grounds, none of which is applicable here.

23        Under FRCP 45(c)(3)(A)(i), a third party may seek to quash or modify a

24   subpoena if it fails to allow a reasonable time to comply.   Service of subpoenas at

25   least ten days before the deposition or production is customary, but not

26   mandatory.   *Schwarzer,* et al. *Federal Civil Procedure Before Trial*, ¶ 11:227.

27   Here, Metrix 360 had thirty four days to prepare for deposition.   Metrix 360

28

135

therefore had no basis to complain that it did not receive adequate time. Moreover, at no point did Metrix 360 request additional time to comply.

Under FRCP 45(c)(3)(A)(ii), a third party may seek to quash or modify a subpoena if it requires a person to travel more than 100 miles. Metrix 360 and Rastegar are located in Pacific Palisades, California. The deposition subpoena required a corporate representative or representatives to appear for at Verizon's counsel's office in Pasadena, CA, which is approximately 29 miles from Pacific Palisades. [Bleeker Decl. ¶ 11; Exh. F.] Because Pasadena is less than 100 miles from Pacific Palisades, Metrix 360 and Rastegar had no basis to seek to quash or modify the subpoena on this basis.

Under FRCP 45(c)(3)(A)(iii), a third party may seek to quash or modify a subpoena if it requires disclosure of privileged information or other "protected matter" if no exception or waiver applies. Metrix 360 and Rastegar have not asserted any privilege objection. To the extent they are asserting confidentiality or privacy objections, that issue could have been dealt with during the deposition, or if raised beforehand, the parties could have agreed to a confidentiality order obviating any need for any motion on that ground.

Finally, under FRCP 45(c)(3)(A)(iv), a third party may seek to quash or modify a subpoena if it subjects a person to "undue burden." Here, counsel for Metrix 360 and Rastegar has never argued that appearing for deposition would cause any burden, let alone undue burden. Thus, Metrix 360 and Rastegar cannot establish any factual or legal basis to quash the deposition subpoenas.

### Relief Sought by Verizon

To the extent that Metrix 360's late-filed motion for protective order is deemed a timely and proper response the deposition subpoena, Verizon moves to compel the deposition of Metrix 360. To the extent that Metrix 360 is deemed to have failed to appear, Verizon asks this Court to hold Metrix 360 in contempt of Court pursuant to FRCP 45(e) and requests this Court to order Metrix 360 to

136

produce a corporate representative or representatives for deposition as to each of the topics listed in the deposition subpoena.   Verizon also seeks a ruling confirming that the Court's Third Party Discovery Order is operative and is not "too old" to enforce.

Verizon also seeks to recover its costs including attorneys' fees associated with the filing of this motion to compel/motion for contempt, according to proof. *See Collagen Nutraceuticals, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98228 *6-*7 (S.D. Cal. Sept. 20, 2010) (ordering third party to pay attorneys' fees of moving party for third party's failure to comply with subpoena);  *In re Dorothy Coan*, 2007 U.S. Dist. LEXIS 6288 at *7 fn.3 (failure to comply with subpoena may result in award of attorneys' fees and costs to moving party); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 491, 494 (9th Cir. 1983) (district court has inherent power to impose sanctions); *Tuttle v. Combined Ins. Co.*, 222 F.R.D. 424, 428 (E.D. Cal. 2004) (federal courts have inherent power to award monetary sanctions).

### d)    Metrix 360's Position

These issues relate to the points raised above in the discussion of the documents.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to documents to the same extent as any order limiting document production.

### 2.    Deposition Topic 2

### a)    Text of Deposition Topic 2

Formation of METRIX, including but not limited to, the reasons for the formation.

137

b)      **Metrix 360's Response to Deposition Topic 2**

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

c)      **Verizon's Position**

Metrix 360 is a potential Doe defendant. [*See* Verizon's Position re: Deposition Subpoena Directed to Metrix 360, Topic 1].   Thus, background information, including why Metrix 360 was formed, may lead to facts to prove liability against Metrix 360 (*e.g.,* Metrix 360 was formed solely to launder cybersquatting monies).  This information is discoverable under FRCP 45 and the Court's Third Party Discovery Order.  Metrix 360 has waived all objections.

d)      **Metrix 360's Position**

The topic (formation of Metrix and the reasons for the formation) is not material to any issue presently in the case. It does not  relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v.

138

CHRISTIE, PARKER & HALE, LLP

Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10, 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 3.   Deposition Topic 3

#### a)   Text of Deposition Topic 3

Corporate structure of METRIX.

#### b)   Metrix 360's Response to Deposition Topic 3

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c)   Verizon's Position

Metrix 360 is a potential Doe defendant. [*See* Verizon's Position re: Deposition Subpoena Directed to Metrix 360, Topic 1].  Thus, background information, including the corporate structure of Metrix 360, may lead to facts to prove liability against Metrix 360.  It is also relevant to whether Rastegar and Metrix 360 are alter egos.  This information is discoverable under FRCP 45 and the Court's Third Party Discovery Order.  Metrix 360 has waived all objections.

#### d)   Metrix 360's Position

The topic (corporate structure of Metrix) is not material to any issue

139

1  presently in the case. It does not relate to any transaction with any of the named

2  defendants or plaintiffs, and is not limited to the domain names identified in the

3  complaint.

4      FRCP 26a does not allow a party to explore matter which does not

5  presently appear germane on the theory that it might conceivably become so.

6  Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

7  F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

8  871 F2d 179, 187. There are  strong considerations for discovery to be more

9  limited to protect nonparties from harassment, inconvenience, or disclosure of

10 confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

11 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

12 from a non-party that is not relevant to the underlying case. Arista Records LLC

13 v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

14 Where information or documents sought are not relevant nor calculated to lead to

15 the discovery of admissible evidence, then any burden whatsoever imposed upon

16 a responding party  would be by definition "undue".  Compaq Computer Corp. v.

17 Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

18     There is not presently any controversy in the lawsuit that would justify any

19 third party discovery at this time. Default judgment was entered against

20 defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

21 10. 2011 a default judgment was entered against defendant Mahesh Malik. In

22 May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

23 plaintiffs stipulated to the dismissal with prejudice of the complaint against

24 defendant Daste. No issue remains as to any named party in the case.

25     **Relief Requested by Responding Party**

26     Responding party request that the court issue a protective order quashing

27 the subpoena. Alternatively responding party requests that this court limit the

28 scope of this subpoena and order that responding party need not answer questions

140

CHRISTIE, PARKER & HALE, LLP

related to this category.

### 4. Deposition Topic 4

#### a) Text of Deposition Topic 4

Business operations of METRIX.

#### b) Metrix 360's Response to Deposition Topic 4

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c) Verizon's Position

Metrix 360 is a potential Doe defendant. [*See* Verizon's Position re: Deposition Subpoena Directed to Metrix 360, Topic 1]. Thus, background information, including the business operations of Metrix 360, may lead to facts to prove liability against Metrix 360. It is also relevant to whether Rastegar and Metrix 360 are alter egos. This information is discoverable under FRCP 45 and the Court's Third Party Discovery Order. Metrix 360 has waived all objections.

#### d) Metrix 360's Position

The topic (business operations of Metrix) is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint. The topic also relates to financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

141

from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's

142

privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 5.   Deposition Topic 5

#### a)   Text of Deposition Topic 5

Business relationships between METRIX and DEFENDANTS[27].

#### b)   Metrix 360's Response to Deposition Topic 5

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c)   Verizon's Position

Metrix 360 is a potential Doe defendant. Metrix 360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names.  Metrix 360 is potentially a co-conspirator, and at the very least, has knowledge about these large financial transactions.  [See Verizon's Position re: Deposition Subpoena Directed to Metrix 360, Topic 1].

---

[27] "DEFENDANTS" shall mean, collectively and individually: Lead Networks Domains Private Limited, Naresh Malik a/k/a Nick M., Mahesh Malik, and Kevin Daste.

143

1   Thus, Metrix 360's relationship with the named Defendants is relevant to

2   potential liability of Metrix 360 and the identity of Doe defendants.   This

3   information is discoverable under FRCP 45 and the Court's Third Party

4   Discovery Order.  Metrix 360 has waived all objections.

5                    **d)**      **Metrix 360's Position**

6        The topic (business relationship between responding party and defendants)

7   is not material to any issue presently in the case.

8        FRCP 26a does not allow a party to explore matter which does not

9   presently appear germane on the theory that it might conceivably become so.

10  Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

11  F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

12  871 F2d 179, 187. There are  strong considerations for discovery to be more

13  limited to protect nonparties from harassment, inconvenience, or disclosure of

14  confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

15  646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

16  from a non-party that is not relevant to the underlying case. Arista Records LLC

17  v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

18  Where information or documents sought are not relevant nor calculated to lead to

19  the discovery of admissible evidence, then any burden whatsoever imposed upon

20  a responding party  would be by definition "undue".  Compaq Computer Corp. v.

21  Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

22       There is not presently any controversy in the lawsuit that would justify any

23  third party discovery at this time. Default judgment was entered against

24  defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

25  10. 2011 a default judgment was entered against defendant Mahesh Malik. In

26  May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

27  plaintiffs stipulated to the dismissal with prejudice of the complaint against

28  defendant Daste. No issue remains as to any named party in the case.

144

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 6.   Deposition Topic 6

#### a)   Text of Deposition Topic 6

Business relationships between METRIX and OTHER PARTIES.[28]

#### b)   Metrix 360's Response to Deposition Topic 6

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c)   Verizon's Position

Metrix 360 is a potential Doe defendant.  Verizon has identified other entities (defined by this request as noted above) which it believes were also involved in the named Defendants' cybersquatting activities.  Metrix 360's relationship with these other entities, therefore, may lead to a further understanding of the role(s) for each entity and therefore is calculated to lead to the identity of Doe defendants. This information is discoverable under FRCP 45 and the Court's Third Party Discovery Order.  Metrix 360 has waived all objections.

---

[28] "OTHER PARTIES" shall mean, collectively and individually: Dale Begg-Smith; Jason Begg-Smith; Domaincannon.com L.L.C.; Name.com L.L.C., Name.net L.L.C., and Spot Domains L.L.C.; 19 Parking.com; AMG inc. a/k/a Alternative Marketing Group; Softech Ltd. a/k/a Softtech Ltd.; Hecta Media Inc. (now known as Top Level Domain Holdings Ltd.); and any and all employees, officers, owners, past and present domestic or foreign parents, subsidiaries, divisions, departments, sister entities, affiliates, partners of partnerships, predecessors or successors-in-interest, corporate subunits, partnerships, joint ventures, or other business entities.

### d) **Metrix 360's Position**

The topic (business relationship between responding party and eleven nonparties identified in the subpoena) is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint. The topic related to responding party's financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

146

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. <u>Johnson by Johnson v Thompson</u> (10th Cir. 1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed under the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see <u>Pansy v. Borough of Stroudsburg</u> (3rd Cir. 1994) 23 F3d 772, 787-791.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of financial information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

147

CHRISTIE, PARKER & HALE, LLP

### 7.     Deposition Topic 7

#### a)     Text of Deposition Topic 7

The transfer of business operations and/or assets of METRIX, DEFENDANTS, and OTHER PARTIES.

#### b)     Metrix 360's Response to Deposition Topic 7

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c)     Verizon's Position

The named Defendants are known cybersquatters.  If they have transferred their business operations or assets to other entities, those entities may be identified as Doe defendants.  This information is therefore discoverable under FRCP 45 and the Court's Third Party Discovery Order.  Metrix 360 has waived all objections.

#### d)     Metrix 360's Position

The topic (transfer of business operations or assets of Metrix, defendants and the other eleven nonparties identified in the subpoena) is not material to any issue presently in the case.      FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible

CHRISTIE, PARKER & HALE, LLP

evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  _Compaq Computer Corp. v. Packard Bell Elecs._, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 8.   Deposition Topic 8

#### a)   Text of Deposition Topic 8

Any payments or agreements related to any of the INFRINGING DOMAIN NAMES.[29]

#### b)   Metrix 360's Response to Deposition Topic 8

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c)   Verizon's Position

Information regarding payments or agreements regarding the infringing domain names (as that term is defined in the request) may lead to information that would identify Doe defendants who participated in the unlawful scheme with the

---

[29] The list of INFRINGING DOMAIN NAMES is attached as Exhibit B.

149

named Defendants. This information is therefore discoverable under FRCP 45 and the Court's Third Party Discovery Order.   Metrix 360 has waived all objections.

### d)   Metrix 360's Position

The topic (any payments or agreements related to any of the infringing domain names) is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

150

CHRISTIE, PARKER & HALE, LLP

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 9. Deposition Topic 9

#### a) Text of Deposition Topic 9

Any payments or agreements related to any domain name other than the INFRINGING DOMAIN NAMES.

#### b) Metrix 360's Response to Deposition Topic 9

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c) Verizon's Position

Metrix 360's knowledge of payments or agreements related to other domain names is relevant to Verizon's potential cybersquatting claims against Doe defendants.   Under 25 U.S.C. § 1125(d)(1)(B), one of the factors to determine bad faith intent for cybersquatting is whether a cybersquatter has registered or acquired other domain names that would infringe on others' trademark rights.  Thus, if Metrix 360 (or another entity) is or was trafficking in domain names that infringe on other famous marks other than the Verizon marks, that fact is directly relevant to proving bad faith intent and is therefore relevant to Verizon's claims against any Doe defendant involved, including Metrix 360.

#### d) Metrix 360's Position

The topic (any payments or agreements related to any infringing domain name)is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

151

F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

**10.** **Deposition Topic 10**

**a)** **Text of Deposition Topic 10**

Agreements and/or transactions between METRIX and DEFENDANTS.

**b)** **Metrix 360's Response to Deposition Topic 10**

Metrix 360 served no written objections, filed no motion regarding this

152

1   subpoena, and failed to appear for deposition on June 30, 2011.

2                   **c)   Verizon's Position**

3         The named Defendants are known cybersquatters.  Metrix 360/Rastegar

4   appear to have received over $1 million from a domain name registrar, and those

5   funds were received by Matrix 360/Rastegar for the benefit of an entity that

6   owned 117 of the infringing domain names.  Verizon therefore seeks to learn of

7   all  agreements  and  transactions  between  Metrix  360  and  the  known

8   cybersquatters to determine if Metrix 360 (and/or others) should be named as Doe

9   defendants.  This information is therefore discoverable under FRCP 45 and the

10  Court's Third Party Discovery Order.  Metrix 360 has waived all objections.

11                  **d)   Metrix 360's Position**

12        The  topic  (agreements  or  transactions  between  responding  party  and

13  defendants)  is not material to any issue presently in the case.

14        FRCP 26a does not allow a party to explore matter which does not

15  presently appear germane on the theory that it might conceivably become so.

16  Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

17  F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

18  871 F2d 179, 187. There are  strong considerations for discovery to be more

19  limited to protect nonparties from harassment, inconvenience, or disclosure of

20  confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

21  646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

22  from a non-party that is not relevant to the underlying case. Arista Records LLC

23  v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

24  Where information or documents sought are not relevant nor calculated to lead to

25  the discovery of admissible evidence, then any burden whatsoever imposed upon

26  a responding party  would be by definition "undue".  Compaq Computer Corp. v.

27  Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

28        There is not presently any controversy in the lawsuit that would justify any

                                        153

third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 11. Deposition Topic 11

#### a) Text of Deposition Topic 11

Agreements and/or transactions between METRIX and OTHER PARTIES.

#### b) Metrix 360's Response to Deposition Topic 11

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c) Verizon's Position

Metrix 360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names. Verizon therefore seeks to learn of all agreements and transactions between Metrix 360 and other parties believed to be involved in the cybersquatting scheme at issue to determine if Metrix 360 (and/or others) should be named as Doe defendants. This information is therefore discoverable under FRCP 45 and the Court's Third Party Discovery Order. Metrix 360 has waived all objections.

#### d) Metrix 360's Position

The topic (agreements or transactions between responding party and the

154

eleven nonparties identified in the subpoena) is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions

155

related to this category.

### 12.   Deposition Topic 12

#### a)   Text of Deposition Topic 12

The REGISTRATION,[30] USE,[31] MONETIZATION,[32] or TRAFFICKING IN[33] of any domain name by METRIX.

#### b)   Metrix 360's Response to Deposition Topic 12

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c)   Verizon's Position

Metrix 360/Rastegar appear to have received over $1 million from a domain name registrar, and those funds were received by Matrix 360/Rastegar for the benefit of an entity that owned 117 of the infringing domain names.  Verizon therefore seeks to learn of all Metrix 360's activities relating to domain names to determine if Metrix 360 (and/or others) should be named as Doe defendants.  This information is therefore discoverable under FRCP 45 and the Court's Third Party Discovery Order.  Metrix 360 has waived all objections.

---

[30] "REGISTRATION" shall refer to the registration or renewal of a registration for a domain name, or any other act that entitles a party to the exclusive control and use of a domain name for any length of time.

[31] "USE" shall mean using a domain name to provide a website accessible at that domain name, or configuring the domain name to redirect visitors to any other domain name or website, or authorizing any third party to use the domain name.

[32] "MONETIZATION" shall mean using a domain name to provide a website accessible at that domain name that displays links to advertisements, or that displays advertisements, or that displays or triggers pop-up or pop-under advertisements.

[33] "TRAFFICKING IN" shall mean any transaction including, but not limited to, sales, purchases, loans, pledges, license, exchanges of currency, and any other transfer for consideration or receipt in exchange for consideration.

d)      **Metrix 360's Position**

The topic (use of any domain name by responding party) is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint.  The topic is related to responding party's financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of

157

1   financial privacy and information about responding party's confidential business

2   dealings.  Federal courts generally recognize a right of privacy that can be raised

3   in response to discovery requests. <u>Johnson by Johnson v Thompson</u> (10th Cir.

4   1982) 971 F2d 1487-1497; <u>Chazin v. Lieberman</u>, 129 F.R.D. 97, 98 (S.D.N.Y.

5   1990); <u>DeMasi v Weiss</u> (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective

6   order is sought, the court should balance the need for the information against the

7   claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601,

8   604.

9       Here, good cause exists for the issuance of a protective order limiting the

10   personal financial information to be disclosed under the subpoena. There is no

11   legitimate purpose for requiring the complete disclosure of all the financial

12   transactions listed.  Balancing plaintiff's need for the discovery (which given the

13   procedural posture of the case, appears to be none) against the responding party's

14   privacy interest, production of such information will violate responding party's

15   privacy interest without any furtherance of the discovery of information related to

16   the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98

17   (S.D.N.Y. 1990); and see <u>Pansy v. Borough of Stroudsburg</u> (3rd Cir. 1994) 23 F3d

18   772, 787-791.

19       **Relief Requested by Responding Party**

20       Responding party request that the court issue a protective order quashing

21   the subpoena. Alternatively responding party requests that this court limit the

22   scope of this subpoena and order that responding party need not answer questions

23   related to this category.

24       If disclosure is ordered, responding party requests that the court limit

25   disclosure of financial information to counsel for plaintiffs only, unless broader

26   disclosure is later authorized by a further order of this court.

27

28

### 13.    Deposition Topic 13

#### a)    Text of Deposition Topic 13

The REGISTRATION, USE, MONETIZATION, or TRAFFICKING IN of any domain name by DEFENDANTS.

#### b)    Metrix 360's Response to Deposition Topic 13

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c)    Verizon's Position

The named Defendants are known cybersquatters. Verizon seeks to learn of all the activities involving domain names engaged in by the named Defendants to determine which other parties, if any, should be named as Doe defendants.  This information is therefore discoverable under FRCP 45 and the Court's Third Party Discovery Order.  Metrix 360 has waived all objections.

#### d)    Metrix 360's Position

The topic (use of any domain name by defendants) is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon

a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 14.   Deposition Topic 14

#### a)   Text of Deposition Topic 14

The REGISTRATION, USE, MONETIZATION, or TRAFFICKING IN of any domain name by OTHER PARTIES.

#### b)   Metrix 360's Response to Deposition Topic 14

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c)   Verizon's Position

Verizon has identified other parties (defined by the request) that Verizon believes are involved in the cybersquatting activities at issue.  Verizon seeks to learn of all the activities involving domain names engaged in by these other entities to determine which other parties, if any, should be named as Doe defendants.  This information is therefore discoverable under FRCP 45 and the Court's Third Party Discovery Order.  Metrix 360 has waived all objections.

160

1

#### d)   <u>Metrix 360's Position</u>

2      The topic (use of any domain name by any of the eleven nonparties
3  identified in the subpoena) is not material to any issue presently in the case. It
4  does not relate to any transaction with any of the named defendants or plaintiffs,
5  and is not limited to the domain names identified in the complaint.

6      FRCP 26a does not allow a party to explore matter which does not
7  presently appear germane on the theory that it might conceivably become so.
8  <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103
9  F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989)
10 871 F2d 179, 187. There are  strong considerations for discovery to be more
11 limited to protect nonparties from harassment, inconvenience, or disclosure of
12 confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d
13 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information
14 from a non-party that is not relevant to the underlying case. <u>Arista Records LLC
15 v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)
16 Where information or documents sought are not relevant nor calculated to lead to
17 the discovery of admissible evidence, then any burden whatsoever imposed upon
18 a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v.
19 Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

20     There is not presently any controversy in the lawsuit that would justify any
21 third party discovery at this time. Default judgment was entered against
22 defendants Lead Networks and Narresh Malik on October 1, 2009.  On January
23 10. 2011 a default judgment was entered against defendant Mahesh Malik. In
24 May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,
25 plaintiffs stipulated to the dismissal with prejudice of the complaint against
26 defendant Daste. No issue remains as to any named party in the case.

27     **Relief Requested by Responding Party**

28     Responding party request that the court issue a protective order quashing

161

the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 15. Deposition Topic 15

#### a) Text of Deposition Topic 15

Claims of cybersquatting, trademark infringement, or trademark dilution made against METRIX, DEFENDANTS, and OTHER PARTIES.

#### b) Metrix 360's Response to Deposition Topic 15

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c) Verizon's Position

Verizon seeks to find out if Metrix 360 has knowledge of other claims of cybersquatting, trademark infringement, or trademark dilution made against itself, the named Defendants or the other involved parties. This information is relevant to the issue of intent and also liability for Doe defendants and is discoverable under FRCP 45 and the Court's Third Party Discovery Order. Metrix 360 has waived all objections.

#### d) Metrix 360's Position

The topic (claims of cybersquatting, trademark infringement or trademark dilution against responding party, the defendants, or the eleven nonparties) are not related to any issues remaining in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

**16.    <u>Deposition Topic 16</u>**

**a)    <u>Text of Deposition Topic 16</u>**

Claims of cybersquatting, trademark infringement, or trademark dilution made against DEFENDANTS.

**b)    <u>Metrix 360's Response to Deposition Topic 16</u>**

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

**c)    <u>Verizon's Position</u>**

Verizon seeks to find out if Metrix 360 has knowledge of other claims of

163

cybersquatting, trademark infringement, or trademark dilution made against the named Defendants.  Such information might lead to the identities of other parties involved in the Defendants' cybersquatting schemes which could lead to the identity of Doe defendants.  This information is discoverable under FRCP 45 and the Court's Third Party Discovery Order.  Metrix 360 has waived all objections.

### d)     Metrix 360's Position

The topic (claims of cybersquatting, trademark infringement or trademark dilution against the defendants) are not related to any issues remaining in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

164

plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 17.   Deposition Topic 17

#### a)   Text of Deposition Topic 17

Claims of cybersquatting, trademark infringement, or trademark dilution made against OTHER PARTIES.

#### b)   Metrix 360's Response to Deposition Topic 17

Metrix 360 served no written objections, filed no motion regarding this subpoena, and failed to appear for deposition on June 30, 2011.

#### c)   Verizon's Position

Verizon seeks to find out if Metrix 360 has knowledge of claims of cybersquatting, trademark infringement, or trademark dilution made against the other related parties.  Such information might lead to the identities of other parties involved in the Defendants' cybersquatting scheme which could lead to the identity of Doe defendants.  This information is discoverable under FRCP 45 and the Court's Third Party Discovery Order.  Metrix 360 has waived all objections.

#### d)   Metrix 360's Position

The topic (claims of cybersquatting, trademark infringement or trademark dilution against the eleven nonparties named in the subpoena)  is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not

165

presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

166

### D.   Deposition Subpoena Directed to Rastegar

#### 1.   Deposition Topic 1

##### a)   Text of DepositionTopic 1

Documents produced by Shahbod Rastegar ("RASTEGAR")

##### b)   Rastegar's Response to Deposition Topic 1

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

##### c)   Verizon's Position

Verizon is authorized under FRCP 45 and the Court's "Amended Order Permitting Third Party Discovery" [Docket Entry 88] ("Third Party Discovery Order") to discover background information on Rastegar, and to find out Rastegar's knowledge regarding other potential Doe defendants and the financial transactions involving the infringing domain names and other relevant domain names.

Under Federal Rule of Civil Procedure 45(a)(1)(C), any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents.  The subpoena served may command production of documents and other things that are relevant to the claim or defense of any party and, if the Court has broadened the scope of discovery, relevant to the subject matter involved in the action. *In re Dorothy Coan*, 2007 U.S. Dist. LEXIS 6288 *4-5 (N.D. Cal., Jan. 12, 2007); Schwarzer, *et al., Federal Civil Procedure Before Trial* at ¶ 11:2305 (citing to FRCP 26(b)(1)).

Metrix 360 and Rastegar have already conceded that Verizon "has a right to discovery of matter relevant to the plaintiff's claim and the subject matter involved in the action."   [Docket Entry 145-1 at 3:15-16 (now withdrawn)].

Moreover, this Court has the inherent authority to enter an order authorizing third party discovery. *See, e.g.,* Fed. R. Civ. P. 26(b)(1).  In the Third Party Discovery Order entered in this case, this Court states that Verizon may

167

1   "serve discovery upon third parties likely to have information reasonably
2   calculated to lead to evidence identifying any of the defendants named as Does in
3   this action." [Third Party Discovery Order at 1:27-2:1.]  As to the scope of third
4   party discovery, the Order states that "[b]y way of example, and not limitation,
5   Plaintiffs may request information identifying all parties who have received, since
6   January 2006, any payment in connection with the monetization of any of the
7   [238 infringing] domain names . . . regardless of whether the payment was made
8   directly to any Doe defendant or to any other party.  Plaintiffs may also request
9   information identifying all financial accounts associated with these payments,
10   including by way of example and not of limitation, bank names, routing numbers
11   and account numbers."  [Third Party Discovery Order at 2:10-17.]

12       The third party records already obtained by Verizon from other third
13   parties indicate that Metrix 360/Rastegar appear to have received over $1 million
14   from a domain name registrar, and those funds were received by Matrix
15   360/Rastegar for the benefit of an entity that owned 117 of the infringing domain
16   names.  Rastegar therefore is potentially a co-conspirator, and at the very least,
17   has knowledge regarding from whom he received these large sums of money and
18   to whom he sent these large sums of money and why and in what context these
19   transfers occurred.  Cybersquatters generally, and the Judgment Defendants
20   specifically, concealed the identity of themselves and other cybersquatters, using
21   shell entities and fictitious businesses (domestically and abroad), and by
22   providing false contact information in various public records.

23       The deposition subpoena, therefore, seeks Rastegar's knowledge regarding
24   issues related to Verizon's claims and the identification of Doe defendants.  This
25   request is proper under FRCP 45, and is also proper under the Court's Third Party
26   Discovery Order because it is "reasonably calculated to lead to evidence
27   identifying any of the defendants named as Does in this action" and also because
28   its seeks "information identifying all parties who have received, since January

2006, any payment in connection with the monetization of any of the [238 infringing] domain names . . . ."

### Rastegar Failed To Properly Respond To The Deposition Subpoena

A "deposition subpoena may only be challenged by moving to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving for a protective order pursuant to Rule 26(c)." *In re Coan*, 2007 U.S. Dist. LEXIS 6288 *6 (N.D. Cal. Jan. 12, 2007). A "motion to quash or modify 'must be made promptly, allowing it to be heard *and granted before* the scheduled deposition.'" *Id.* (quoting Schwarzer, *et al.* (Rutter Group) Federal Civil Procedure Before Trial 11:2288 (2006) (emphasis in original)). Instead of acting promptly, Rastegar waited almost an entire month after being served, and then filed a procedurally defective motion for protective order (now withdrawn) only a few days before his scheduled deposition.   This does not constitute a timely motion.

### Rastegar's Argument That Verizon's Third Party Discovery To Uncover Doe Defendants Is Not Permitted in This Case is Frivolous And Asserted in Bad Faith

Rastegar's main justification for failing to comply with the subpoena is that third party discovery is not allowed because judgment has been entered against some of the defendants and there is no controversy in the lawsuit that would justify any third party discovery. [Bleeker Decl. ¶ 7.]   This position is unjustifiable and frivolous.  Rastegar has failed to identify any legal authority or articulate any other legal or factual basis at all to support its position.

Rastegar cannot dispute that FRCP 45 on its face permits third party discovery in a pending federal civil action, including this case.  Verizon named as Defendants DOES 1-100 in its Complaint For Cybersquatting and Contributory Cybersquatting. [Docket Entry 1.]   This case remains open and pending, the discovery period is ongoing, and Verizon is fully entitled by FRCP 45 to serve

1    subpoenas on third parties, including Metrix 360 and Rastegar.

2         Rastegar also cannot dispute this Court has already determined and ordered

3    that Verizon is authorized to conduct third party discovery in its effort to uncover

4    and identify Doe defendants, which is the precise purpose of Verizon's third party

5    discovery directed to Metrix 360 and Rastegar.   Metrix 360's and Rastegar's

6    position that the Court's Third Party Discovery Order is "too old" is frivolous.

7         The only conclusion that can be drawn from Metrix 360's and Rastegar's

8    refusal to comply with the subpoenas and frivolous excuses asserted after the fact

9    is that Metrix 360 and Rastegar are acting in bad faith.

10        **Rastegar Had No Basis To Seek to Quash This Deposition Subpoena.**

11        As explained above, Metrix 360/Rastegar's "Motion For Protective Order,

12   which has now been withdrawn from the Court's docket altogether, was

13   substantively and procedurally defective.

14        Regardless, the deposition subpoena was not subject to any valid objection.

15   Under FRCP 45, a third party may, in response to a subpoena, move to quash on

16   four potential grounds, none of which is applicable here.

17        Under FRCP 45(c)(3)(A)(i), a third party may seek to quash or modify a

18   subpoena if it fails to allow a reasonable time to comply.  Service of subpoenas at

19   least ten days before the deposition or production is customary, but not

20   mandatory.  *Schwarzer,* et al. *Federal Civil Procedure Before Trial*, ¶ 11:227.

21   Here, Rastegar had thirty four days to prepare for deposition.  Rastegar therefore

22   had no basis to complain that it did not receive adequate time.  Moreover, at no

23   point did Rastegar request additional time to comply.

24        Under FRCP 45(c)(3)(A)(ii), a third party may seek to quash or modify a

25   subpoena if it requires a person to travel more than 100 miles.  Metrix 360 and

26   Rastegar are located in Pacific Palisades, California.  The deposition subpoena

27   required Rastegar to appear for at Verizon's counsel's office in Pasadena, CA,

28   which is approximately 29 miles from Pacific Palisades. [Bleeker Decl. ¶ 11;

Exh. F.]  Because Pasadena is less than 100 miles from Pacific Palisades, Metrix 360 and Rastegar had no basis to seek to quash or modify the subpoena on this basis.

Under FRCP 45(c)(3)(A)(iii), a third party may seek to quash or modify a subpoena if it requires disclosure of privileged information or other "protected matter" if no exception or waiver applies.  Metrix 360 and Rastegar have not asserted any privilege objection.  To the extent they are asserting confidentiality or privacy objections, that issue could have been dealt with during the deposition, or if raised beforehand, the parties could have agreed to a confidentiality order obviating any need for any motion on that ground.

Finally, under FRCP 45(c)(3)(A)(iv), a third party may seek to quash or modify a subpoena if it subjects a person to "undue burden."  Here, counsel for Metrix 360 and Rastegar has never argued that appearing for deposition would cause any burden, let alone undue burden. Thus, Metrix 360 and Rastegar cannot establish any factual or legal basis to quash the deposition subpoena[34]

**Relief Sought by Verizon**

To the extent that Rastegar's late-filed motion for protective order is deemed a timely and proper response the deposition subpoena, Verizon moves to compel the deposition of Rastegar. To the extent that Rastegar is deemed to have failed to appear, Verizon asks this Court to hold Rastegar in contempt of Court

---

[34] Even though the deposition subpoena served on Rastegar lists various deposition topics, there is no requirement for Verizon to articulate the topics for an individual deposition beforehand, unlike a corporate deposition subpoena, where the corporation is required to know the topics ahead of time so that it can prepare one or more witnesses on the various topics.  Verizon, therefore, will not lengthen this already lengthy joint stipulation further by providing its position for each topic directed to Rastegar, an individual.  Because these topics generally track the deposition topics directed to Metrix 360, Verizon's position as to each topic is already identified in Verizon's Position as to the Deposition Subpoena Directed to Metrix 360, Deposition Topics 1-17.

pursuant to FRCP 45(e) and requests this Court to order Rastegar to appear for deposition.  Verizon also seeks a ruling confirming that the Court's Third Party Discovery Order is operative and is not "too old" to enforce.

Verizon also seeks to recover its costs including attorneys' fees associated with the filing of this motion to compel/motion for contempt, according to proof. *See Collagen Nutraceuticals, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98228 *6-*7 (S.D. Cal. Sept. 20, 2010) (ordering third party to pay attorneys' fees of moving party for third party's failure to comply with subpoena);  *In re Dorothy Coan*, 2007 U.S. Dist. LEXIS 6288 at *7 fn.3 (failure to comply with subpoena may result in award of attorneys' fees and costs to moving party); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 491, 494 (9th Cir. 1983) (district court has inherent power to impose sanctions); *Tuttle v. Combined Ins. Co.*, 222 F.R.D. 424, 428 (E.D. Cal. 2004) (federal courts have inherent power to award monetary sanctions).

### d)      Rastegar's Position

These issues relate to the points raised above in the discussion of the documents.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to documents to the same extent as any order limiting document production.

### 2.      Deposition Topic 2

### a)      Text of Deposition Topic 2

Business operations of RASTEGAR.

CHRISTIE, PARKER & HALE, LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### b)      Rastegar's Response to Deposition Topic 2

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

### c)      Verizon's Position

Verizon's position is set forth fully above.

### d)      Rastegar's Position

The topic (business operations of Raestegar) is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint. The topic also relates to financial information subject to responding party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed by the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

CHRISTIE, PARKER & HALE, LLP

If disclosure is ordered, responding party requests that the court limit disclosure of such information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 3.  Deposition Topic 3

#### a)  Text of Deposition Topic 3

Business operations of DEFENDANTS[35].

#### b)  Rastegar's Response to Deposition Topic 3

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

#### c)  Verizon's Position

Verizon's position is set forth fully above.

#### d)  Rastegar's Position

The topic (business operations of defendants) is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to

---

[35] "DEFENDANTS" shall mean, collectively and individually: Lead Networks Domains Private Limited, Naresh Malik a/k/a Nick M., Mahesh Malik, and Kevin Daste.

175

1  the discovery of admissible evidence, then any burden whatsoever imposed upon

2  a responding party would be by definition "undue".  Compaq Computer Corp. v.

3  Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

4         There is not presently any controversy in the lawsuit that would justify any

5  third party discovery at this time. Default judgment was entered against

6  defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

7  10. 2011 a default judgment was entered against defendant Mahesh Malik. In

8  May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

9  plaintiffs stipulated to the dismissal with prejudice of the complaint against

10  defendant Daste. No issue remains as to any named party in the case.

11  **Relief Requested by Responding Party**

12         Responding party request that the court issue a protective order quashing

13  the subpoena. Alternatively responding party requests that this court limit the

14  scope of this subpoena and order that responding party need not answer questions

15  related to this category.

16              4.    **Deposition Topic 4**

17                   a)    **Text of Deposition Topic 4**

18  Business operations of OTHER PARTIES.[36]

19                   b)    **Rastegar's Response to Deposition Topic 4**

20         Rastegar served no written objections and failed to appear for deposition on

21  June 30, 2011.

22  _____

23  [36] "OTHER PARTIES" shall mean, collectively and individually: Dale Begg-Smith; Jason Begg-Smith; Domaincannon.com L.L.C.; Name.com L.L.C.,

24  Name.net L.L.C., and Spot Domains L.L.C.; 19 Parking.com; AMG inc. a/k/a Alternative Marketing Group; Softech Ltd. a/k/a Softtech Ltd.; Hecta Media Inc.

25  (now known as Top Level Domain Holdings Ltd.); and any and all employees, officers, owners, past and present domestic or foreign parents, subsidiaries,

26  divisions, departments, sister entities, affiliates, partners of partnerships,

27  predecessors or successors-in-interest, corporate subunits, partnerships, joint ventures, or other business entities.

28

176

### c)     <u>Verizon's Position</u>

Verizon's position is set forth fully above.

### d)     <u>Rastegar's Position</u>

The topic (business operations of the eleven nonparties identified in the subpoena) is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103 F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. There are strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 5.   Deposition Topic 5

#### a)   Text of Deposition Topic 5

Business relationships between RASTEGAR and DEFENDANTS.

#### b)   Rastegar's Response to Deposition Topic 5

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

#### c)   Verizon's Position

Verizon's position is set forth fully above.

#### d)   Rastegar's Position

The topic (business relationship between responding party and defendants) is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon

178

a responding party would be by definition "undue". *Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

**6.** **Deposition Topic 6**

**a)** **Text of Deposition Topic 6**

Business relationships between RASTEGAR and OTHER PARTIES.

**b)** **Rastegar's Response to Deposition Topic 6**

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

**c)** **Verizon's Position**

Verizon's position is set forth fully above.

**d)** **Rastegar's Position**

The topic (business relationship between responding party and eleven nonparties identified in the subpoena) is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint. The topic related to responding party's financial information subject to responding

179

party's right to financial privacy.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category  requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings.  Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective

180

order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed under the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed.  Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of financial information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 7.   Deposition Topic 7

#### a)   Text of Deposition Topic 7

The transfer of business operations and/or assets of RASTEGAR, DEFENDANTS, and OTHER PARTIES.

#### b)   Rastegar's Response to Deposition Topic 7

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

c)      **Verizon's Position**

Verizon's position is set forth fully above.

d)      **Rastegar's Position**

The topic (transfer of business operations or assets of Raestegar, defendants and the other eleven nonparties identified in the subpoena) is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 8. Deposition Topic 8

#### a) Text of Deposition Topic 8

Any payments or agreements related to any of the INFRINGING DOMAIN NAMES.[37]

#### b) Rastegar's Response to Deposition Topic 8

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

#### c) Verizon's Position

Verizon's position is set forth fully above.

#### d) Rastegar's Position

The topic (any payments or agreements related to any of the infringing domain names) is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011)

---

[37] The list of INFRINGING DOMAIN NAMES is attached as Exhibit B.

183

Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 9.    <u>Deposition Topic 9</u>

#### a)    <u>Text of Deposition Topic 9</u>

Any payments or agreements related to any domain name other than the INFRINGING DOMAIN NAMES.

#### b)    <u>Rastegar's Response to Deposition Topic 9</u>

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

#### c)    <u>Verizon's Position</u>

Verizon's position is set forth fully above.

#### d)    <u>Rastegar's Position</u>

The topic (any payments or agreements related to any infringing domain name)is not material to any issue presently in the case.

184

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

CHRISTIE, PARKER & HALE, LLP

**10.   Deposition Topic 10**

**a)   Text of Deposition Topic 10**

Agreements   and/or   transactions   between   RASTEGAR   and DEFENDANTS.

**b)   Rastegar's Response to Deposition Topic 10**

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

**c)   Verizon's Position**

Verizon's position is set forth fully above.

**d)   Rastegar's Position**

The topic (agreements or transactions between responding party and defendants) is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against

186

defendants Lead Networks and Narresh Malik on October 1, 2009. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 11. Deposition Topic 11

#### a) Text of Deposition Topic 11

Agreements and/or transactions between RASTEGAR and OTHER PARTIES.

#### b) Rastegar's Response to Deposition Topic 11

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

#### c) Verizon's Position

Verizon's position is set forth fully above.

#### d) Rastegar's Position

The topic (agreements or transactions between responding party and the eleven nonparties identified in the subpoena) is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

187

871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. <u>Arista Records LLC v. Lime Group LLC</u>, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  <u>Compaq Computer Corp. v. Packard Bell Elecs.</u>, 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 12.   <u>Deposition Topic 12</u>

#### a)   <u>Text of Deposition Topic 12</u>

The REGISTRATION,[38] USE,[39] MONETIZATION,[40] or TRAFFICKING

---

[38] "REGISTRATION" shall refer to the registration or renewal of a registration for a domain name, or any other act that entitles a party to the exclusive control and use of a domain name for any length of time.

1    IN[41] of any domain name by RASTEGAR.

2           **b)      Rastegar's Response to Deposition Topic 12**

3    Rastegar served no written objections and failed to appear for deposition on

4    June 30, 2011.

5           **c)      Verizon's Position**

6    Verizon's position is set forth fully above.

7           **d)      Rastegar's Position**

8           The topic (use of any domain name by responding party) is not material to

9    any issue presently in the case. It does not relate to any transaction with any of the

10   named defendants or plaintiffs, and is not limited to the domain names identified

11   in the complaint.  The topic is related to responding party's financial information

12   subject to responding party's right to financial privacy.

13          FRCP 26a does not allow a party to explore matter which does not

14   presently appear germane on the theory that it might conceivably become so.

15   Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103

16   F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

17   871 F2d 179, 187. There are  strong considerations for discovery to be more

18   limited to protect nonparties from harassment, inconvenience, or disclosure of

19   confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d

20   646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information

21   _____

22   [39] "USE" shall mean using a domain name to provide a website accessible at that domain name, or configuring the domain name to redirect visitors to any other domain name or website, or authorizing any third party to use the domain name.

23   [40] "MONETIZATION" shall mean using a domain name to provide a website accessible at that domain name that displays links to advertisements, or that displays advertisements, or that displays or triggers pop-up or pop-under advertisements.

24   [41] "TRAFFICKING IN" shall mean any transaction including, but not limited to, sales, purchases, loans, pledges, license, exchanges of currency, and any other transfer for consideration or receipt in exchange for consideration.

CHRISTIE, PARKER & HALE, LLP

from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party would be by definition "undue". Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009. On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

This category requests information subject to responding party's right of financial privacy and information about responding party's confidential business dealings. Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. Johnson by Johnson v Thompson (10th Cir. 1982) 971 F2d 1487-1497; Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); DeMasi v Weiss (3rd Cir. 1982) 669 F2d 114, 119-120. When a protective order is sought, the court should balance the need for the information against the claimed privacy right. Ragge v. MCA/Universal (CD CA 1995) 165 FRD 601, 604.

Here, good cause exists for the issuance of a protective order limiting the personal financial information to be disclosed under the subpoena. There is no legitimate purpose for requiring the complete disclosure of all the financial transactions listed. Balancing plaintiff's need for the discovery (which given the procedural posture of the case, appears to be none) against the responding party's privacy interest, production of such information will violate responding party's

privacy interest without any furtherance of the discovery of information related to the claims asserted in this lawsuit.  See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); and see Pansy v. Borough of Stroudsburg (3rd Cir. 1994) 23 F3d 772, 787-791.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

If disclosure is ordered, responding party requests that the court limit disclosure of financial information to counsel for plaintiffs only, unless broader disclosure is later authorized by a further order of this court.

### 13.   Deposition Topic 13

#### a)   Text of Deposition Topic 13

The REGISTRATION, USE, MONETIZATION, or TRAFFICKING IN of any domain name by DEFENDANTS.

#### b)   Rastegar's Response to Deposition Topic 13

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

#### c)   Verizon's Position

Verizon's position is set forth fully above.

#### d)   Rastegar's Position

The topic (use of any domain name by defendants) is not material to any issue presently in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989)

191

871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 14. <u>Deposition Topic 14</u>

#### a) <u>Text of Deposition Topic 14</u>

The REGISTRATION, USE, MONETIZATION, or TRAFFICKING IN of any domain name by OTHER PARTIES.

192

### b)      Rastegar's Response to Deposition Topic 14

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

### c)      Verizon's Position

Verizon's position is set forth fully above.

### d)      Rastegar's Position

The topic (use of any domain name by any of the eleven nonparties identified in the subpoena) is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In

193

May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 15. <u>Deposition Topic 15</u>

#### a) <u>Text of Deposition Topic 15</u>

Claims of cybersquatting, trademark infringement, or trademark dilution made against RASTEGAR, DEFENDANTS, and OTHER PARTIES.

#### b) <u>Rastegar's Response to Deposition Topic 15</u>

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

#### c) <u>Verizon's Position</u>

Verizon's position is set forth fully above.

#### d) <u>Rastegar's Position</u>

The topic (claims of cybersquatting, trademark infringement or trademark dilution against responding party, the defendants, or the eleven nonparties) are not related to any issues remaining in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. <u>Food Lion Inc. V. United Food & Comm'l Worker's Union</u> (DC Cir. 1997) 103 F3d 1007, 1012-1013; <u>Mack v. Great Atlantic & Pacific Tea Co.</u> (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. <u>Dart Industries Co. v. Westwood Chemical Co.</u>, 649 F.2d

194

646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

**Relief Requested by Responding Party**

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the scope of this subpoena and order that responding party need not answer questions related to this category.

### 16. <u>Deposition Topic 16</u>

#### a) <u>Text of Deposition Topic 16</u>

Claims of cybersquatting, trademark infringement, or trademark dilution made against DEFENDANTS.

#### b) <u>Rastegar's Response to Deposition Topic 16</u>

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

#### c) <u>Verizon's Position</u>

Verizon's position is set forth fully above.

195

### d)     Rastegar's Position

The topic (claims of cybersquatting, trademark infringement or trademark dilution against the defendants) are not related to any issues remaining in the case.

FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the underlying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon a responding party  would be by definition "undue".  Compaq Computer Corp. v. Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

There is not presently any controversy in the lawsuit that would justify any third party discovery at this time. Default judgment was entered against defendants Lead Networks and Narresh Malik on October 1, 2009.  On January 10. 2011 a default judgment was entered against defendant Mahesh Malik. In May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010, plaintiffs stipulated to the dismissal with prejudice of the complaint against defendant Daste. No issue remains as to any named party in the case.

### Relief Requested by Responding Party

Responding party request that the court issue a protective order quashing the subpoena. Alternatively responding party requests that this court limit the

scope of this subpoena and order that responding party need not answer questions related to this category.

### 17.   Deposition Topic 17

#### a)   Text of Deposition Topic 17

Claims of cybersquatting, trademark infringement, or trademark dilution made against OTHER PARTIES.

#### b)   Rastegar's Response to Deposition Topic 17

Rastegar served no written objections and failed to appear for deposition on June 30, 2011.

#### c)   Verizon's Position

Verizon's position is set forth fully above.

#### d)   Rastegar's Position

The topic (claims of cybersquatting, trademark infringement or trademark dilution against the eleven nonparties named in the subpoena)  is not material to any issue presently in the case. It does not relate to any transaction with any of the named defendants or plaintiffs, and is not limited to the domain names identified in the complaint.

 FRCP 26a does not allow a party to explore matter which does not presently appear germane on the theory that it might conceivably become so. Food Lion Inc. V. United Food & Comm'l Worker's Union (DC Cir. 1997) 103 F3d 1007, 1012-1013; Mack v. Great Atlantic & Pacific Tea Co. (1st Cir. 1989) 871 F2d 179, 187. There are  strong considerations for discovery to be more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646, 649 (9th Cir. Cal. 1980). A party should not be permitted to seek information from a non-party that is not relevant to the lying case. Arista Records LLC v. Lime Group LLC, 2011 U.S. Dist. LEXIS 22426 (W.D. Wash. Feb. 9, 2011) Where information or documents sought are not relevant nor calculated to lead to

197

1   the discovery of admissible evidence, then any burden whatsoever imposed upon

2   a responding party  would be by definition "undue".  Compaq Computer Corp. v.

3   Packard Bell Elecs., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995).

4        There is not presently any controversy in the lawsuit that would justify any

5   third party discovery at this time. Default judgment was entered against

6   defendants Lead Networks and Narresh Malik on October 1, 2009.  On January

7   10. 2011 a default judgment was entered against defendant Mahesh Malik. In

8   May of 2009 plaintiffs settled with defendant Daste, and on February 19, 2010,

9   plaintiffs stipulated to the dismissal with prejudice of the complaint against

10  defendant Daste. No issue remains as to any named party in the case.

11       **Relief Requested by Responding Party**

12       Responding party request that the court issue a protective order

13  quashing the subpoena. Alternatively responding party requests that this court

14  limit the scope of this subpoena and order that responding party need not answer

15  questions related to this category.

16

17  DATED:  August 1, 2011                    Respectfully submitted,

18                                            CHRISTIE, PARKER & HALE, LLP

19

20                                            By */s/ David J. Steele*
                                                 David J. Steele

21  **DAVID J. STEELE, CA Bar No. 209797**
22  **Email:  djslit@cph.com**
    **CHRISTIE, PARKER & HALE, LLP**
23  **3501 Jamboree Road, Suite 6000-North Tower**
    **Newport Beach, CA  92660**
24  **Telephone:  (949) 476-0757**
    **Facsimile:  (949) 476-8640**
25
    **HOWARD A. KROLL, CA Bar No. 100981**
26  **Email:  howard.kroll@cph.com**
    **G. WARREN BLEEKER, CA Bar No. 210834**
27  **Email: warren.bleeker@cph.com**
    **CHRISTIE, PARKER & HALE, LLP**
28  **350 West Colorado Boulevard, Suite 500**

1  **Pasadena, California 91105**
   **Telephone:  (626) 795-9900**
2  **Facsimile:  (626) 577-8800**

3  **SARAH B. DEUTSCH (admitted pro hac vice)**
   **Email:  sarah.b.deutsch@verizon.com**
4  **VERIZON CORPORATE RESOURCES GROUP LLC**
   **1320 North Court House Road, Suite 900**
5  **Arlington, VA  22201**
   **Telephone: (703) 351-3044**
6  **Facsimile: (703) 351-3670**

7
   Attorneys for Plaintiffs,
8  VERIZON CALIFORNIA INC., VERIZON TRADEMARK SERVICES LLC,
   and VERIZON LICENSING COMPANY
9

10
   DATED:  August 1, 2011              DIEMER, WHITMAN & CARDOSI, LLP
11
                                       By: */s/ John P. Cardosi*                      .
12                                         John P. Cardosi

13
                                       Attorneys for SHABOD RASTEGAR
14                                     AND METRIX 360, INC.

15
16 **DIEMER, WHITMAN & CARDOSI, LLP**
   **KATHRYN S. DIEMER, #133977**
17 **JOHN P. CARDOSI, #111381**
   **75 East Santa Clara Street, Suite 290**
18 **San Jose, California 95113**
   **Telephone: (408) 971-6270**
19 **Facsimile: (408) 971-6271**
20
21 ATTORNEYS FOR
   SHABOD RASTEGAR AND METRIX 360, INC.
22 INTERESTED THIRD PARTIES
23
24 SCL PAS1126954.1-*-08/1/11 1:42 PM
25
26
27
28
                                       199