**DAVID J. STEELE**, CA Bar No. 209797
Email: djslit@cph.com
**CHRISTIE, PARKER & HALE, LLP**
3501 Jamboree Road, Suite 6000-North Tower
Newport Beach, CA 92660
Telephone: (949) 476-0757
Facsimile: (949) 476-8640

**HOWARD A. KROLL**, CA Bar No. 100981
Email: howard.kroll@cph.com
**G. WARREN BLEEKER**, CA Bar No. 210834
Email: warren.bleeker@cph.com
**CHRISTIE, PARKER & HALE, LLP**
350 West Colorado Boulevard, Suite 500
Pasadena, California 91105
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

**SARAH B. DEUTSCH** (admitted pro hac vice)
Email: sarah.b.deutsch@verizon.com
**VERIZON CORPORATE RESOURCES GROUP LLC**
1320 North Court House Road, Suite 900
Arlington, VA 22201
Telephone: (703) 351-3044
Facsimile: (703) 351-3670

Attorneys for Plaintiffs,
VERIZON CALIFORNIA INC.,
VERIZON TRADEMARK SERVICES LLC,
and VERIZON LICENSING COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERIZON CALIFORNIA INC.; VERIZON TRADEMARK SERVICES LLC; and VERIZON LICENSING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>LEAD NETWORKS DOMAINS PRIVATE LIMITED; NARESH MALIK a/k/a NICK M.; MAHESH MALIK; KEVIN DASTE; and DOES 1-100,<br><br>Defendants. | Case No. CV09-0613 ABC (CWx)<br><br>**DECLARATION OF DAVID J. STEELE IN SUPPORT OF VERIZON'S MOTION TO ENFORCE AMENDED ORDER DATED OCTOBER 5, 2009 ENTERED BY CHIEF UNITED STATES DISTRICT JUDGE AUDREY B. COLLINS AND FOR CONTEMPT OF COURT** |

I, David J. Steele, declare as follows:

1. I make this declaration of my personal knowledge, and if sworn could competently testify to each of the following facts:

2. I am a partner with the law firm of Christie, Parker & Hale, LLP, attorneys of record for Plaintiffs and Judgment Creditors Verizon California Inc., Verizon Trademark Services LLC, and Verizon Licensing Company (collectively "Verizon").

3. I have overseen the investigative efforts on behalf of Verizon to discover other possible defendants in this matter. To date, Verizon has served third party subpoenas, obtained thousands of pages of financial records, and has identified others potentially involved in the registration, trafficking in, or use of the infringing domain names. This investigation has been accomplished, in part, by piecing together various financial transactions linked to accounts associated with the owners of one or more of the 238 domain names that infringe on Verizon's marks.

4. We served third party discovery on Name.com, the registrar for many of the 238 infringing domain names. Representatives from Name.com confirmed that 117 of the 238 infringing domain names were registered to a customer that Name.com originally identified as "Customer No. 15" and later revealed is an entity known as "Softech."

5. Historic whois data also confirmed that "Softech" was the listed registrant for many of the infringing domain names in the complaint.

6. We obtained information about the financial transactions between Name.com and "Softech" which detailed funds incoming to Name.com for the benefit of "Softech," and funds outgoing from Name.com for the benefit of "Softech." In many cases, Name.com received funds from, and transferred funds to, other persons and/or companies, for the benefit of "Softech."

7. For example, we learned that Name.com transferred funds to

"Softech" totaling over $1 million, by wiring the funds to Shabod Rastegar. Name.com also provided the specific Bank of America account information, including the account holder's name, "Shahbod Rastegar" and the complete account number, "_____365."[1]

8. After learning this information, Verizon subpoenaed bank records from Bank of America, including records for that same account ending in the numbers 365 to which Name.com transferred over $1 million for the benefit of "Softech," and learned that that Bank of America account is held by Metrix 360, LLC ("Metrix 360"), not Shabod Rastegar.

9. The purpose for seeking third party discovery from Mr. Rastegar and Metrix 360, LLC, therefore, is to determine why Rastegar/Metrix 360 received over $1 million in funds from Name.com, for the benefit of "Softech" (the owner of 117 of the 238 infringing domain names). Verizon also seeks to find out the exact relationship between Rastegar, Metrix 360, and "Softech," what Rastegar / Metrix 360 did with the over $1 million, any facts relating to the infringing domain names and Verizon's cybersquatting case.

10. Shortly after Verizon subpoenaed the Bank of America records for Mr. Rastegar and Metrix 360 in May of last year, I had a telephone conversation with counsel for Mr. Rastegar and Metrix 360, Kathryn Diemer, of Diemer, Whitman and Cardosi. During that phone conversation, Ms. Diemer stated that she intended to object to Bank of America's disclosure of her clients' bank records. Following that phone conference, however, we never received any objections from Ms. Diemer and in due course we received what appears to be full and complete copies of the requested bank records from Bank of America.

11. In addition, during that same timeframe in 2010, Ms. Diemer

---

[1] Only the last three digits of the account number of provided in this Declaration. Verizon will provide this information to the Court under seal for its *in camera* review if the Court believes it would be helpful.

acknowledged to me that she had reviewed a discovery order from the Court (which I believe to be Judge Fischer's Amended Order Permitting Third Party Discovery [Docket No. 88] ("Third Party Discovery Order")), and that she did not believe the Third Party Discovery Order authorized Verizon to seek Mr. Rastegar's or Metrix 360's bank account information from Bank of America. Verizon disagrees. Of note, the Third Party Discovery Order states, in part: "**IT IS FURTHER ORDERED** that Plaintiffs may immediately serve discovery upon third parties likely to have information reasonably calculated to lead to evidence identifying any of the defendants named as Does in this action." *See* Third Party Discovery Order at 1:27-2:1.

12. During that timeframe in 2010, Ms. Diemer did not assert that the Third Party Discovery Order was "too old" to be enforced. However, after Verizon served Mr. Rastegar and Metrix 360 directly with subpoenas, Ms. Diemer's partner, John Cardosi, also of Diemer, Whitman and Cardosi, did not assert that the Third Party Discovery Order does not authorize discovery from Mr. Rastegar and Metrix 360. Instead, Mr. Cardosi informed us during our pre-filing conference of counsel on July 6, 2011, that Mr. Rastegar and Metrix 360 now assert that the Third Party Discovery Order is simply "too old" to enforce, but he was unable to identify any legal authority to support this assertion.

13. Prior to the date that Mr. Rastegar and Metrix 360 were required to produce documents, counsel for Mr. Rastegar and Metrix 360 informed me that no documents would be produced and that Mr. Rastegar and Metrix 360 would not appear for deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed this 21st day of July, 2011.

                                            */s/ David J. Steele*
                                            David J. Steele